UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT
## CONCERNING LOCAL RULE 116.5(A)

The parties respectfully submit this joint status report concerning the issues raised by Local Rule 116.5(A) in anticipation of the April 6, 2004 initial status conference in this case:

1. The defendant requests that its Local Rule 116.3 discovery deadlines be extended until May 7, 2004 to permit him time to review the contents of a computer hard drive produced by the government that the defendant has not yet been able to access due to technical issues and password protections. The government has no objection to this request.

2. The defendant requests discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(G) and agrees to provide reciprocal expert discovery to the government pursuant to Fed. R. Crim. P. 16(b)(1)(C). The government shall make its expert disclosures sixty days prior to trial. The defendant shall make his expert disclosures thirty days prior to trial.

3. The government does not anticipate providing additional discovery as a result of the receipt of information, documents, or reports of examinations or tests, except to the extent witnesses provide additional documents during the course of trial preparation. Any additional documents provided to the government will be shared with opposing counsel promptly.

The defendant does not anticipate providing additional discovery as a result of his future

receipt of information, documents, or reports of examinations or tests, other than what might arise in connection with analysis of the hard drive produced by the government, the review of which has not yet been conducted due to the above-noted technical issues.

4.  The defendant contemplates filing dispositive motions and requests until April 29, 2004 to do so. The government has no objection to the defendant's proposed deadline.

5.  In addition to the time period encompassed by the Court's February 24, 2004 Order on Excludable Time, the parties request that the Court exclude, for purposes of the Speedy Trial Act, the period from Wednesday, March 24, 2004 through the date on which the defendant files his dispositive motion (see paragraph 4, above). The parties request this exclusion in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8)(A) in order to provide defense counsel with time to review the computer hard drive produced by the government and prepare and file the defendant's dispositive motion.

6.  The parties anticipate a trial in this matter. The government estimates that it will need ten to fifteen days to present its case in chief. The defendant, based upon the information available to him at present, estimates that he will need five days to present his defense.

7.  The parties request that the Court set a Final Status Conference for early June 2004, at which time the Court also could hear argument on any pending motions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Michael J. Pineault
Assistant U.S. Attorney

*Evan Georgopoulos (myp)*
A. John Pappalardo
BBO# 338760
Evan Georgopoulos
BBO# 628480
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Counsel for Arthur Goodwin

Date: April 1, 2004