ꞏꞏꞏꞏ ꞏꞏ  COURT
ꞏꞏ.ꞏꞏ OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 MAY 27  P ꞏ 08

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO   FILED |
| | ) |    ꞏꞏ   ꞏꞏN'S OFFICE |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(C)

Pursuant to Local Rule 116.5(C), the parties hereby submit this Joint Memorandum in

connection with the Final Status Conference to be held in this matter on June 3, 2004.  The

parties state as follows:

(1)    Outstanding discovery issues:  By letter dated May 27, 2004, defendant has

requested the following discovery.  The government's response is due June 10, 2004:

> a.    Copies of the tax returns of the exchangors referenced in the indictment
> for the years 2000 through and including 2003;

> b.    A detailed listing of the occasions on which the government has
> communicated with Mr. John Koresko in connection with the above-
> captioned action, and with respect to each such communication: its
> author(s) or participants; its substance; and, where the communication was
> by telephone, who initiated such call;

> c.    Disclosure of the identities of persons called to testify before the Grand
> Jury in connection with the investigation giving rise to the indictment in
> the above-captioned matter;

> d.    Access to the original Martin Paley hard drive at a mutually agreeable
> time and subject to mutually agreeable conditions to resolve issues
> regarding deleted or otherwise inaccessible files;

> e.    Confirmation from the government as to whether the pertinent FBI "I-
> Drive" storage system contains any electronic files relating to this matter,
> and whether such files have been searched consistent with the
> government's disclosure and discovery obligations.

(2)     The government does not anticipate providing additional discovery as a result of the receipt of information, documents, reports of examinations or tests, except to the extent witnesses provided additional documents during the course of trial preparation.  Any additional documents provided to counsel for the government will be shared with opposing counsel promptly.

(3)     The defendant does not intend to raise a defense of insanity or public authority.

(4)     The government requests that the defendant provide notice of any alibi.

(5)     The defendant filed a motion to dismiss the indictment on May 6, 2004.  The defendant does not intend to file any other pretrial motion requiring a ruling by the District Court other than such discovery motions, if any, as may be necessary to resolve outstanding discovery issues and motions in limine filed in advance of trial.

(6)     The defendant has requested a hearing on his motion to dismiss the indictment. No schedules need be set concerning any other matter in the case.

(7)     Based on their discussions, the parties do not believe this matter will be resolved through a plea.

(8)     By Orders dated February 24, 2004 and April 7, 2004, the Court has excluded the time periods from February 24, 2004 (date of arraignment) through March 23, 2004 and from April 6, 2004 through June 3, 2004 under the Speedy Trial Act.  As of June 3, the scheduled date of the final status conference, the total amount of time to proceed to trial is 57 days.

(9)     The parties anticipate that a trial of this matter will take approximately 15-20 days.

Respectfully submitted,

DANIEL E. CARPENTER

By his attorneys,

MICHAEL J. SULLIVAN

United States Attorney

Evan Georgopoulos (Mejo)

A. John Pappalardo
BBO# 338760
Evan Georgopoulos
BBO# 628480
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Michael J. Pineault
Assistant U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Dated: May 27, 2004

3