

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

_____

*Main Reception: (617) 748-3100*                              *United States Courthouse, Suite 9200*
                                                             *1 Courthouse Way*
                                                             *Boston, Massachusetts 02210*


June 10, 2004


BY FAX and FIRST CLASS MAIL


Evan Georgopoulos, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

             Re:    United States v. Carpenter, No. 04-10029-GAO

Dear Mr. Georgopoulos:

        Pursuant to Local Rule 116.3(A), the United States submits the following response to the
discovery requests set forth in your letter of May 27, 2004:

        Request No. 1

        Copies of the tax returns of the exchangors referenced in the indictment in the above
captioned action for the years 2000 through and including 2003.

        Response No. 1

        The United States has produced and/or offered to make available for the defendant's
inspection all documents obtained from the victims (i.e., the exchangors), their representatives,
the Benistar entities, and former employees of the Benistar entities. To the extent there is any
tax return information in these materials, it has been produced.

        That is all that is in the government's possession with respect to the subject matter of
your request. The government did not independently seek or obtain copies of the victims' tax
returns from the Internal Revenue Service. To the extent you are now requesting that the
government do so, the United States respectfully objects and notes that the confidentiality of
such returns is protected by statute. See 26 U.S.C. § 6103.

Request No. 2

A detailed listing of the occasions on which the government has communicated with Mr. John Koresko in connection with the above captioned action, and with respect to each such communication: its author(s) or participants; its substance; and, where the communication was by telephone, who initiated such call.

Response No. 2

The United States objects to this request. Mr. Koresko is one of the attorneys representing the plaintiffs in ERISA actions that were filed against the defendant in the United States District Court for the Eastern District of Pennsylvania, captioned Sanchez & Daniels, et als. v. Daniel Carpenter, et als., No. 02-CV-8213, and in the United States District Court for the Northern District of Illinois, captioned Daniels, et als. v. Bursey, et als., No. 03-CV-1550. Although I have not kept abreast of the details of these cases, it is my understanding that the allegations relate to ERISA matters involving a separate and distinct Benistar entity. Neither case, to my knowledge, involves Benistar Property Exchange Trust Co. or any funds entrusted to the defendant in connection with Section 1031 property exchanges.

The rules governing criminal discovery do not obligate the government to list the dates, participants and substance of all occasions on which it has communicated with third parties. To the extent the substance of such communications entails witness statements encompassed by 18 U.S.C. § 3500 or exculpatory information encompassed by Local Rule 116.2, they will be produced as and when required by the governing rules.

Request No. 3

The identities of persons called to testify before the Grand Jury in connection with the investigation giving rise to the indictment in the above captioned matter.

Response No. 3

The United States objects to this request. The rules governing criminal discovery do not obligate the government to identify, at this stage of the case, the witnesses who testified before the grand jury. To the extent there was testimony before the grand jury that constitutes witness statements encompassed by 18 U.S.C. § 3500 or exculpatory information encompassed by Local Rule 116.2, such testimony will be produced as and when required by the governing rules.

With respect to the Martin Paley hard drive, I will ask the computer expert at the FBI who provided you with copies of that drive to telephone the technician whose name you recently gave to me. Hopefully, they can work out the technical issues/questions that you have raised.

Finally, I will send you under separate cover the letter that you requested concerning the so-called "I-drive."

Sincerely,


Michael J. Pineault

cc:     Clerk's Office