UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10029-GAO

UNITED STATES OF AMERICA

v.

DANIEL E. CARPENTER

ORDER OF EXCLUDABLE TIME AND
<u>FINAL STATUS REPORT</u>

July 9, 2004

COHEN, M.J.

A Final Status Conference was held before this court on Thursday, July 8, 2004, pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and/orders, to wit:

1. All discovery is complete;

2. The defendant has already filed one motion to dismiss (# 13), and that motion is currently pending. He requested additional time within which to file another motion to dismiss *vis a vis* certain counts for want of proper venue. That request was allowed by this court, directing any such motion be filed on or before August 20, 2004, and directing a response to any

   such motion on or before September 10, 2004;

3. There will be a trial in this case.[1] The parties estimate that the trial will last some fifteen to twenty days;

4. As of the date of the Final Status Conference, this court finds and concludes that only thirteen (13) days has elapsed on the Speedy Trial clock;

5. This court finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice--*i.e.*, in this case, to provide defendant additional time to file another motion to dismiss out of time -- outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing July 8, 2004, and

---

[1] Counsel for the defendant reports that there will be a trial in this case, even if the motion to dismiss is denied.

concluding September 10, 2004, the end of the briefing schedule as set forth in Paragraph 2 above;[2]

6. Based upon prior orders of the Court and orders entered contemporaneously herewith, all parties agree that, at the time of the Initial Status Conference, there were 28 days of Excludable Time under the Speedy Trial Act;

7. The file is hereby ordered returned to the district judge to whom this case is assigned for such further proceedings deemed appropriate on or after September 10, 2004, the end of the briefing schedule as set forth in Paragraph 2 above.

 

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).