UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>DANIEL E. CARPENTER,    )<br>)<br>Defendant.   )<br>) | CRIMINAL NO. 04-10029-GAO |

**NOTIFICATION BY UNITED STATES
OF SUPERSEDING INDICTMENT**

The United States hereby notifies the Court that the grand jury has returned a superseding indictment in the above matter.  The principal purpose of the superseding indictment is to add an additional paragraph, at page 32, that alleges the factual enhancements relevant to computing the defendant's sentence under the Sentencing Guidelines.  Due to scheduling issues relating to the grand jury, it was not possible to wait for the Supreme Court to address the applicability of Blakely v. Washington, 124 S. Ct. 2531 (2004), to the federal Guidelines during the upcoming October term, which hopefully will shed light on the necessity (or not) of including such allegations in the indictment.

The superseding indictment also contains the following additional changes:

1.    The indictment now specifically uses the word "material" in describing the false representations that were made to clients to induce them to entrust their funds to the defendant and his company.  As the government has stated in earlier pleadings, the allegations of the initial indictment made plain the materiality of the false assurances that were given to clients.  E.g., Indictment ¶ 27.  The superseding indictment, however, now explicitly utilizes the word "material" in describing the false representations.  See Superseding Indictment ¶¶ 27, 29, 41, 49,

101, 103, 105.

2. The charts listing the substantive wire and mail fraud counts were previously organized so as to set forth the client name and property address for only the first count relating to that client and property. Any subsequent counts pertaining to the same client and property did not repeat the names and addresses; instead, they just listed the dates and descriptions of the additional wires (or mailings). The superseding indictment now lists the full client name and full property address for each count. See Superseding Indictment ¶¶ 103, 105.

3. Paragraph 15 has been amended to allege that: "CARPENTER opened and controlled the BPE accounts at Merrill Lynch and at PaineWebber . . . ."

4. Paragraphs 32 and 33 have been amended to clarify that the defendant's sale of "puts" is just one example of the aggressive, high risk options trading in which he engaged.

5. Line 6 of paragraph 105 has been revised to correct a typographical omission. The words "such scheme and artifice" have been added after "for the purpose of executing."

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:

    __/s/ Michael J. Pineault_____
    Michael J. Pineault
    Assistant U.S. Attorney

Date: September 23, 2004