UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**DEFENDANT'S MOTION FOR THE ISSUANCE OF A RULE 17 SUBPOENA *DUCES TECUM* TO THE GOVERNMENT'S EXPERT WITNESS FOR THE PRE-TRIAL PRODUCTION OF CERTAIN DOCUMENTS AND DATA**

Now comes defendant Daniel E. Carpenter and respectfully moves this Court for the issuance of a subpoena *duces tecum* to the government's proposed expert witness for the pre-trial production of certain documents and data pursuant to Fed. R. Crim. P. 17(c)(1).

As reason therefor, defendant states that:

1. The government has disclosed, pursuant to Fed. R. Crim. P. 16(a)(1)(G), that it intends to call Mr. J. Marc Allaire ("Allaire") as its expert witness in this case.

2. Allaire is offered as an expert on stock option investing.

3. Allaire is expected to testify that: (a) "the defendant traded extensively in options"; (b) "the frequency and magnitude of his trading was high"; (c) "the defendant took larger positions in the options market during the latter part of the year 2000, despite his mounting losses"; (d) "the defendant's trading strategy was mostly 'bullish'"; (e) "it was highly leveraged through the use of option strategies"; (f) "the resulting risk level was materially higher than the stock market's overall risk"; and (g) "the

1

defendant incurred substantial losses during the relevant time period." See Gov. Expert Discl. at 2 (Feb. 3, 2005), a copy of which is attached as **Exhibit A**.

4. However, during the **exact** same time period that the defendant was investing the funds held by Benistar Property Exchange Trust Co., Inc. ("BPE") in stock options (October 1998 through December 2000), Allaire was an Options Strategist at a Bermuda-based hedge fund called Barrington Investments Ltd. ("Barrington"), where he invested client funds (and perhaps Barrington's funds) in stock options.[1]

5. Defendant seeks information regarding how Allaire invested in stock options during the exact same time period in which BPE incurred losses in its investment accounts, with particular emphasis on whether Allaire's stock options investments suffered losses "during the latter part of the year 2000."

6. Additionally, defendant seeks to determine if Allaire also "took larger positions in the options market during the latter part of the year 2000, despite his mounting losses."

7. According to his CV, Allaire's employment with Barrington was terminated in December 2000 – the same month in which BPE's investment accounts at PaineWebber were liquidated and the $9 million loss was incurred. Defendant seeks information as to whether the reason Allaire's employment with Barrington was terminated in December 2000

---

[1] Allaire's employment history is contained in his curriculum vitae ("CV"), a copy of which is attached as **Exhibit B**.

had anything to do with Allaire's stock options investment strategy having suffered large losses at that time.

8. Defendant seeks this information, among other reasons, to test whether Allaire truly qualifies as an expert in stock option investing.[2]

9. The documents sought are not otherwise procurable reasonably in advance of trial (which is scheduled to begin April 4, 2005).

As further reason therefor, defendant respectfully refers this Court to the following Memorandum of Law incorporated herein.

### REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on the within motion at the final pre-trial conference scheduled for **Thursday, March 24, 2005 at 2:00 p.m.**

Dated: March 17, 2005

DANIEL E. CARPENTER,
By his attorneys,

A. John Pappalardo, Esq. (BBO # 338760)
Evan Georgopoulos, Esq. (BBO# 628480)
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000

---

[2] For example, if Allaire's stock options investments while at Barrington suffered large losses during the latter part of 2000, he would hardly qualify as an "expert" to critique the defendant's stock options investments as "risky" or "unreasonable" during the same time period.

3

*Of Counsel*:

Alan M. Dershowitz, Esq.
1563 Massachusetts Avenue
Cambridge, MA 02138
(617) 496-2187

Edward A. McDonald, Esq.
Nelson A. Boxer, Esq.
Michael J. Gilbert, Esq.
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3500

Richard S. Order, Esq.
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that a good faith attempt to resolve or narrow the issues raised in the above motion, pursuant to L.R. 7.1, was made with AUSA Michael Pineault, but counsel were unable to resolve the issue raised by this motion.

_____
Evan Georgopoulos

## CERTIFICATE OF SERVICE

I, Evan Georgopoulos, hereby certify that a true and accurate copy of the foregoing was served on the government's attorney as appears below by hand delivery on this 17th day of March, 2005:

Michael J. Pineault, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

_____
Evan Georgopoulos

4