UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR THE ISSUANCE OF A RULE 17 SUBPOENA *DUCES TECUM* TO THE GOVERNMENT'S EXPERT WITNESS FOR THE PRE-TRIAL PRODUCTION OF CERTAIN DOCUMENTS AND DATA**

Defendant Daniel E. Carpenter ("Carpenter") respectfully moves this Court for the issuance of a subpoena *duces tecum* to the government's proposed expert witness, J. Marc Allaire, for the pre-trial production of certain documents and data pursuant to Fed. R. Crim. P. 17(c)(1). In support of his motion, Carpenter submits the following Memorandum of Law:

## ARGUMENT

### POINT I

### THE COURT SHOULD PERMIT THE ISSUANCE OF THE REQUESTED PRETRIAL SUBPOENA

Rule 17(c)(1) of the Federal Rules of Criminal Procedure states:

A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." United States v. Nixon, 418 U.S. 683, 702

(1974). "The moving party must show, among other things, that the material he seeks is evidentiary and relevant." United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979), cert. denied, 444 U.S. 1019 (1980).

Specifically, in Nixon, the Court stated:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. at 699-700.

"In short, the Court explained that the [movant] was required to clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988) (affirming issuance of Rule 17 subpoena). See also Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951) ("any document or other materials, admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena.").

Specifically, defendant seeks from Allaire: (a) his stock options trading records or data regarding his stock options investment performance while at Barrington for the year 2000, the fourth quarter of 2000, and December 2000 – including specific stock options trades performed or suggested by Allaire (including the same data for Barrington if based on Allaire's investment advice); and (b) all documents relating to the reasons for termination of Allaire's employment from Barrington in December 2000.

"If a satisfactory showing is made, the court, at its discretion, may issue the subpoena, require pre-trial production, and permit pre-trial inspection by one or more of

2

the parties." United States v. Beckford, 964 F. Supp. 1010, 1031 (E.D. Va. 1997). In this case, a satisfactory showing is apparent because all three hurdles (relevancy, admissibility and specificity) are easily met with respect to the requested information. See United States v. King, 194 F.R.D. 569, 575 (E.D. Va. 2000) (holding that request for Rule 17 subpoena satisfies three prongs of Nixon).

The requested information is clearly relevant, admissible and specific because it goes directly to the qualifications of Allaire to testify as an expert witness pursuant to Fed. R. Evid. 702 and to his critique of the defendant's stock options investment strategy and performance during the same time that Allaire himself was trading stock options.

When faced with a proffer of expert testimony, the district court must determine whether the expert witness is qualified and has specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. First, the court has broad discretionary powers in determining whether or not the proposed expert is qualified by "knowledge, skill, experience, training, or education." Id.; see generally Richmond Steel, Inc. v. Puerto Rico Am. Ins. Co., 954 F.2d 19, 21 (1st Cir. 1992). Next, the court decides if the proposed subject matter of the expert opinion properly concerns "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. Finally, the court performs a gate-keeping function to ascertain whether the testimony is helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case. Vadala v. Teledyne Indus., Inc., 44 F.3d 36, 39 (1st Cir. 1995).

It is clear that the defendant (and this Court) need the requested information to determine if Allaire satisfies the standards for qualification as an expert witness on stock

3

option investing (*i.e.*, whether Allaire also suffered heavy losses in stock options during the latter part of 2000 and was terminated from Barrington as a result). The requested information will shed light on whether Allaire has any significant and **successful** experience in investing in stock options. See Bogosian v. Mercedes-Benz of North Am., Inc., 104 F.3d 472, 477 (1st Cir. 1997) (upholding preclusion of expert testimony due to expert lacking "any significant expertise" in relevant area).

An expert is defined as a person "who, through education or experience, has developed skill or knowledge in a particular subject, so that he or she may form an opinion that will assist the fact-finder." *Black's Law Dictionary* at 619 (8th ed. 1999). However, if Allaire suffered large losses in his stock options investments while at Barrington during the latter part of the year 2000, or if Allaire's employment with Barrington was terminated in December 2000 due to his large losses, he would hardly qualify as an "expert" in stock option investing -- let alone be in a position to opine on the reasonableness of the defendant's stock option investment strategy. See United States v. Moses, 137 F.3d 894, 899 (6th Cir. 1998) (reversing child abuse conviction because social worker lacked expertise of psychiatrist, psychologist, or other children's mental health specialist, which was required to support an opinion that alleged victim of child abuse would suffer "trauma" caused by facing alleged abuser in courtroom during cross-examination).

In Forbro Design Corp. v. Raytheon Co., 532 F.2d 758, 762 (1st Cir. 1976), the First Circuit upheld the qualification of an expert witness because of the "working proficiency he had attained" in the relevant area. Here, the opposite is in issue. Defendant seeks to determine whether Allaire has any "working proficiency" in stock

4

options investing (*i.e.*, making money), especially during the severe market downturn that occurred in the latter part of the year 2000. The only way to determine Allaire's "working proficiency" in this specific area (stock options investing) at this specific time (August-December 2000) is to subpoena the requested documents and data.

If Allaire's stock options investment experience at Barrington during the latter part of the year 2000 was similar to or worse than that of the defendant, *any* opinion that Allaire might give would be "grounded primarily in anecdotal experiences and [would be] speculative at best." United States v. Sebaggala, 256 F.3d 59, 66 (1st Cir. 2001). Put another way, if Allaire suffered losses in stock options investments while at Barrington during the latter part of 2000 and was terminated as a result, "[h]is skill, experience, training and education as [an investor does] not make him any more qualified to testify as an expert on [stock options] than a lay person who [also invests in stock options]." United States v. Paul, 175 F.3d 906, 912 (11th Cir. 1999).

Neither the defendant nor the Court should be forced to wait until the trial to determine whether Allaire qualifies as an expert.

## **CONCLUSION**

For all of the foregoing reasons, defendant Daniel E. Carpenter respectfully requests that the Court grant his motion for the issuance of a Rule 17 subpoena *duces tecum* requiring J. Marc Allaire to produce in court on or before March 31, 2005 the following documents: (a) his stock options trading records or data regarding his stock options investment performance while at Barrington for the year 2000, the fourth quarter of 2000, and December 2000 – including specific stock options trades performed or suggested by Allaire (including the same data for Barrington if based on Allaire's

investment advice); and (b) all documents relating to the reasons for termination of Allaire's employment from Barrington in December 2000.

Dated: March 17, 2005

          DANIEL E. CARPENTER,
          By his attorneys,

          _/s/_____
          A. John Pappalardo, Esq. (BBO # 338760)
          Evan Georgopoulos, Esq. (BBO# 628480)
          GREENBERG TRAURIG LLP
          One International Place, 20th Floor
          Boston, MA 02110
          (617) 310-6000

*Of Counsel*:

Alan M. Dershowitz, Esq.
1563 Massachusetts Avenue
Cambridge, MA 02138
(617) 496-2187

Edward A. McDonald, Esq.
Nelson A. Boxer, Esq.
Michael J. Gilbert, Esq.
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3500

Richard S. Order, Esq.
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that a good faith attempt to resolve or narrow the issues raised in the above motion, pursuant to L.R. 7.1, was made with AUSA Michael Pineault, but counsel were unable to resolve the issue raised by this motion.

_____
Evan Georgopoulos

## CERTIFICATE OF SERVICE

I, Evan Georgopoulos, hereby certify that a true and accurate copy of the foregoing was served on the government's attorney as appears below by hand delivery on this 17th day of March, 2005:

Michael J. Pineault, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

_____
Evan Georgopoulos