UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL E. CARPENTER )<br>) | CRIMINAL NO. 04-10029-GAO<br><br>Hearing Date: **March 31, 2005**<br>Hearing Time: **1:45 p.m.** |

### DEFENDANT'S *EMERGENCY* MOTION FOR ADDITIONAL TRIAL CONTINUANCE BASED ON THE NECESSITY TO SUBSTITUTE LEAD TRIAL COUNSEL

Now comes defendant Daniel E. Carpenter and respectfully files this *emergency* motion for an additional trial continuance from May 9, 2005 to December 2005 based on the necessity to substitute lead trial counsel. This emergency motion was necessitated by statements made, **in the defendant's absence**, by his lead trial counsel (A. John Pappalardo, Esq. of the law firm Greenberg Traurig, LLP) at the pre-trial conference held on Monday, March 28, 2005 – **from which the defendant was excluded by his own attorney** – the substance of which the defendant learned only yesterday when he read a transcript of the hearing (which the defendant, not his lead trial counsel, ordered).

In the hearing transcript, the defendant learned for the first time that his lead trial counsel represented to the Court that he (Attorney Pappalardo) did not "know how much time I'm going to spend dealing with this case or in this country between now and May 9th." See Mar. 28, 2005 Hrg. Tr. at 4. Furthermore, at the March 24th pre-trial conference (also not attended by the defendant), Attorney Pappalardo requested a continuance "not on behalf of this case or Mr. Carpenter," but "for personal reasons." Mar. 24, 2005 Hrg. Tr. at 4.

1

Attorney Pappalardo's admitted unavailability during the critical 30-day period prior to trial, caused by his substantial, ever-expanding and highly unpredictable trial responsibilities in a major case in Russia, would constitute a clear violation of Mr. Carpenter's Sixth Amendment right to the effective assistance of counsel absent the granting of the requested additional continuance.

Moreover, once Attorney Pappalardo advised the Court that he could not guarantee being able to spend *any* time on Mr. Carpenter's case between now and May 9th, there was no colloquy to determine whether (1) Mr. Carpenter was aware of Attorney Pappalardo's unavailability (which Mr. Carpenter was not); and (2) whether Mr. Carpenter knowingly and voluntarily waived his Sixth Amendment right to the effective assistance of counsel (which Mr. Carpenter has not).

In light of the foregoing, it is readily apparent that a substitution in lead trial counsel is absolutely necessary in order for the defendant to have effective assistance of counsel in this case. Furthermore, as the Court is undoubtedly aware, the most critical time period in any criminal trial is the 30-day period just prior to trial. However, as is evident from the pre-trial conference held on March 28th, defendant's lead trial counsel plans to spend most of the next month working on the Russian case in Russia as opposed to working on Mr. Carpenter's case here in Boston.

Current lead trial counsel's general unavailability, including the resultant inability to provide the defendant with the full-time attention necessary to mount a vigorous defense in this highly complex white-collar mail and wire fraud case (in which the government has disclosed 27 witnesses), negatively impacts the defendant's right to the effective assistance of counsel under the Sixth Amendment.

Additional reasons for a trial continuance until at least December 2005 include the fact that it will take several months for substitute counsel to adequately prepare and mount a vigorous defense, as well as an NASD arbitration proceeding involving the defendant, Benistar Property Exchange Trust Co., Inc. ("BPE"), UBS PaineWebber, Inc. ("PaineWebber"), and the alleged "victims" listed in the superseding indictment – concerning the very subject matter of this criminal case – which is scheduled to commence in late September 2005.

Defendant respectfully submits that the requested additional continuance not only implicates the defendant's right to the effective assistance of counsel under the Sixth Amendment, but that "the ends of justice served by [such a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).[1]

As further reason therefor, defendant respectfully refers this Court to the following Memorandum of Law incorporated herein.

## REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on the within motion on an emergency basis at the earliest possible date.

## LOCAL RULE 7.1(A)(2) STATEMENT

Defendant's co-counsel, Alan M. Dershowitz, Esq., has conferred with Michael J. Pineault, AUSA, in a good faith but unsuccessful attempt to resolve or narrow the issue.

---

[1] If the requested additional continuance is granted, the defendant hereby agrees to exclude all Speedy Trial Act time up through and including the date chosen for jury selection pursuant to such additional continuance.

## **MEMORANDUM OF LAW**

### I. **DEFENDANT'S RIGHTS UNDER THE SIXTH AMENDMENT AND THE ENDS OF JUSTICE WEIGH IN FAVOR OF AN ADDITIONAL TRIAL CONTINUANCE BASED ON THE NECESSITY TO SUBSTITUTE LEAD TRIAL COUNSEL.**

#### A. **Background**

The government began issuing grand jury subpoenas in this case in early 2001. Three years later, the original indictment in this case was returned in February 2004 (and a superseding indictment was returned in September 2004). All seven alleged "victims" in this case commenced state court civil actions against the defendant and others in early 2001, which were consolidated into a single trial that resulted in entry of a $20 million judgment against the defendant and others in November 2004. Two of the "victims" settled with the defendant just before trial.

At a status conference held on November 15, 2004, in light of Speedy Trial Act concerns, the Court set a tentative trial date of December 6, 2004. Shortly thereafter, the parties filed a joint motion for excludable delay seeking a trial date in April 2004 – based in large part on the government's attorney having a trial date in another case set for February 2005 (since continued). The Court granted that motion on November 29, 2004.

At the final pre-trial conference in this case held on March 24, 2005, defendant's current lead trial counsel (A. John Pappalardo, Esq. of the law firm Greenberg Traurig, LLP) advised the Court that he was seeking a continuance "for personal reasons" and that the requested continuance was "not on behalf of this case or Mr. Carpenter." Mar. 24, 2005 Hrg. Tr. at 4. The reasons for the continuance had to do with Attorney Pappalardo's substantial, significant, ever-growing and unpredictable trial responsibilities regarding criminal proceedings involving "the richest person in Russia and the largest company in

4

Russia." Id. When asked by the Court whether other defense attorneys could handle Mr. Carpenter's case, Attorney Pappalardo responded that he <u>alone</u> "would be the one trying the case." Id. at 9. He also stated that "I am really the only one in a position to try the case at this juncture." Id.[2]

Although the Court announced its inclination to continue the trial until May 9, 2005, the Court adjourned the pre-trial conference until the following Monday, March 28th, to give the Court and the parties an opportunity to confirm their availability.

Mr. Carpenter and his wife traveled from Simsbury, Connecticut to Boston on March 28th for the special purpose of attending the adjourned pre-trial conference. However, at the behest of trial counsel, Mr. Carpenter reluctantly absented himself from the pre-trial conference. Consequently, Mr. Carpenter did not hear the statement made by lead trial counsel at the hearing that lead trial counsel could not commit to spending *any* time on Mr. Carpenter's case between now and May 9th. Furthermore, lead counsel advised the Court that most of the next month would probably be spent in Russia and not in preparation of Mr. Carpenter's trial. Therefore, lead trial counsel would be absent during the most critical 30-day period of Mr. Carpenter's trial.

At the March 28th adjourned hearing, after the Court asked whether anything had changed in Attorney Pappalardo's Russia timetable, Attorney Pappalardo stated as follows:

> Final arguments began today in Moscow. The government started. I don't know how long they're going to argue, **but the worst fears that I had have come to fruition**. The government has begun. There's no sense of how long they will continue, there's no sense how much they're going to read as opposed to argue, and there's also no sense when the defense will begin . . .

---

[2] Attorney Pappalardo also stated, in response to a question by the Court regarding the role of other defense counsel: "I will tell you that the Dechert lawyers are not involved in the case in terms of being trial counsel and neither is Mr. Dershowitz. The trial counsel you're looking at, your Honor." Id. at 10.

5

*   *   *

>If the Court orders us to go forward, I'll go forward. **I don't know how much time I'm going to spend dealing with this case or in this country between now and May 9th** given the accelerated pace of the trial that we had no idea was going to take this course.

Mar. 28, 2005 Hrg. Tr. at 3-4 (emphasis added).

In light of (a) Attorney Pappalardo's stated inability to devote the necessary time and commitment to Mr. Carpenter's case between now and May 9th; (b) the fact that Mr. Carpenter was not present in the courtroom (at the behest of counsel) to voice his concerns regarding such a statement; and (c) the fact that Mr. Carpenter's life and liberty are at stake by virtue of the government's superseding indictment charging him with 19 counts of mail and wire fraud; it is clear that Mr. Carpenter must be granted sufficient additional time both to obtain new lead trial counsel and for that new counsel to be able to adequately prepare and mount a vigorous defense. Mr. Carpenter not only deserves, but has a Constitutional right, to not only have the counsel of his choice, but to ensure that counsel is fully prepared and focused and can make the time commitment necessary to mount a vigorous defense to the government's charges.

In light of Attorney Pappalardo's representations to the Court regarding events in Russia and his inability to commit to devote *any* time to Mr. Carpenter's case between now and May 9th, it is readily apparent that Attorney Pappalardo can no longer render effective assistance of counsel in this case. Consequently, the defendant must seek an additional continuance to at least December 2005 to obtain substitute counsel and to provide substitute counsel with sufficient time to prepare for the trial of this very complex case.

### B.     The "Ends of Justice" Require An Additional Continuance

An additional continuance of the trial date from May 9, 2005 to December 2005 would clearly serve the "ends of justice" for several reasons.

First, as described above, Mr. Carpenter must now appoint an entirely new lead defense team, who will need substantial time (measured in terms of months, not weeks) to learn this complex and factually-extensive white-collar mail and wire fraud case. The government has already stated on the record that its case-in-chief is expected to last at least two weeks. See Mar. 24, 2005 Hrg. Tr. at 9. The government has already identified 27 witnesses and over 200 exhibits that it currently plans to utilize (with perhaps more to come). Mr. Carpenter's new lead trial counsel will have to become knowledgeable regarding all of the documentary and testimonial evidence, including deposition and civil trial testimony, of each of the government's witnesses (virtually all of whom were deposed and/or testified in the civil trial).

In fact, since the government's witness and exhibit lists show that it intends to rely heavily on the civil case, Mr. Carpenter's new lead defense counsel will have to "learn" the entire civil case -- with its over 20,000 pages of documents, numerous witnesses, and variegated legal theories. Obviously, all of this necessary work and preparation cannot be accomplished by May 9th -- or even November 9th.

A continuance based on the "ends of justice" is appropriate when:

> The case is so unusual or so complex, due to the . . . nature of the prosecution, or the existence of novel questions of fact and law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161 (h) (8) (B) (ii).

7

As this Court is well aware from the motion to dismiss the indictment, this case presents novel questions of law for which newly acquired lead defense counsel will require substantial preparation.

Second, the trial of this case will take at least a month (including the defendant's case-in-chief, if necessary), will involve dozens of witnesses and the admission into evidence of several hundred exhibits.[3] Substitution of new lead defense counsel in such a significant and extensive case is a sufficient reason for a continuance that tolls the running of the Speedy Trial Act clock pursuant to the "ends of justice" exception under 18 U.S.C. § 3161(h)(8)(A). See United States v. DiTommaso, 817 F.2d 201, 210 (2d Cir. 1987) (affirming the district court's grant of a 7-week suspension of the running of the speedy trial clock due to the ill health of the chief prosecutor, in order to enable other prosecutors to prepare for trial, which would have been proper under § 3161 (h) (8) (A) to satisfy the "ends of justice"); United States v. Thai, 1996 WL 623053, *1 (9th Cir. 1996) (where the

---

[3] A continuance would also be appropriate pursuant to 18 U.S.C. § 3161(h)(8)(B)(i) to prevent a "miscarriage of justice" under the circumstances of this case and pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), which provides that an "ends of justice" continuance is appropriate when:

> the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, . . or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv). Given the enormous volume of documents and other evidence that Mr. Carpenter's new lead defense team must digest from scratch, seven months is a reasonable time for effective preparation for the trial.

principal reason for a continuance was to give a newly-assigned Assistant U.S. Attorney time to prepare for trial, the "ends of justice" were served by the grant of the continuance).[4]

There can be no doubt that the complexity of this case not only requires substitute counsel, but that substitute counsel be allotted sufficient time (*i.e.*, several months) to prepare. See United States v. Lattany, 982 F.2d 866, 868 (3d Cir. 1993) (district court granted multiple open-ended continuances which extended the commencement of trial for over one year based on, *inter alia*, the substitution of new defense counsel); United States v. Williams, 717 F.2d 473, 475 (9th Cir. 1983) (district court properly granted a mistrial after allowing defense counsel to withdraw, where new counsel needed a lengthy delay in order to prepare for a complex case).

Third, the government's inability to demonstrate any prejudice from the proposed additional continuance militates strongly in favor of granting Carpenter's motion. See United States v. Washington, 48 F.3d 73, 77 (2d Cir. 1995) (rejecting a Speedy Trial Act challenge to a continuance granted pursuant to 18 U.S.C. § 3161(h)(8)(b)(iii), based on the complexity of the proceedings, because the defendant did "not satisfy the required showing of prejudice"). All the government points to in arguing against an additional continuance is the alleged age and infirmity of some of its witnesses. See Mar. 24, 2005 Hrg. Tr. at 7-8. However, the defendant has already agreed that the government can take and display at trial the videotaped depositions of any witnesses who the government believes may not

---

[4] The Speedy Trial Act requires that an "ends of justice" exclusion may not be granted "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). However, a district court need not recite any "magic words" in support of an "ends of justice" continuance, but must merely establish on the record that "the proper concerns were taken into account and the proper balancing of interests occurred." United States v. Paul, 326 F.Supp.2d 382, 388 (E.D.N.Y. 2004).

9

survive a longer adjournment and that, if such witnesses are available at trial, they can testify in person.[5]

Fourth, although a district court's denial of a motion for a trial continuance is clearly reviewed for an abuse of discretion, United States v. Flecha-Maldonado, 373 F.3d 170, 175 (1st Cir. 2004), the totality of the circumstances involved in this case raises the issue of an additional continuance to Constitutional proportions. The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." It is clear that, due to pressing matters in Russia, Attorney Pappalardo cannot adequately prepare for trial and conduct the trial in this case. In fact, he stated as much at the March 28th pre-trial conference in the absence of the defendant (whose presence was discouraged). As a result, Mr. Carpenter is now forced to find substitute counsel who can make the time and other commitments necessary to present an effective defense. This can only be accomplished with a seven-month continuance to December 2005. Absent such an additional continuance, Mr. Carpenter would be denied his Constitutional right to the effective assistance of counsel.

Courts and counsel do not operate most effectively under unnecessary time pressures. Particularly because time pressures are inevitable in a complex and lengthy trial (involving complex and highly technical matters such as like-kind exchanges under 26 U.S.C. § 1031, stock option investments, etc.), matters that can be handled in a systematic manner should be. There is no reason to rush to trial in this case on May 9th when Mr.

---

[5] The government's only other objection is that certain of these witnesses, the alleged "victims," have a right to testify to the jury in person. See Mar. 24, 2005 Hrg. Tr. at 8 ("it's in their interests to see justice done from their perspective in their lifetimes."). However, aside from the fact that it is Mr. Carpenter's Constitutional rights implicated here, not those of the alleged "victims," all of the alleged "victims" either settled with Mr. Carpenter or obtained a $20 million civil judgment against him. Consequently, they have already had their "day in court."

10

Carpenter's current lead trial counsel is unable to prepare and render effective assistance of counsel on such a date, and when his attention and attendance during a trial commencing on May 9th may very well be questionable in light of his other commitments to an unpredictable Russian court system dealing with a case of international importance. Since Mr. Carpenter cannot and should not be expected to rely on Attorney Pappalardo continuing to serve as lead trial counsel under these unfortunate circumstances, there is also no reason to force Mr. Carpenter's substitute counsel into a trial without adequate time necessary for preparation.

While certain of the government's witnesses may be aged and infirm, it must be remembered that the government spent three years investigating this case before bringing an indictment, knowing full well the ages and physical condition of its witnesses, and then, on the eve of trial in November 2004, requested a continuance until April 2005.

Finally, the NASD arbitration involving the defendant, BPE, PaineWebber, and all of the alleged "victims" is scheduled to commence on September 19, 2005. All of the issues in that arbitration are directly relevant to the allegations in this case, particularly because all of the $9 million was lost in a two-week period at PaineWebber and the arbitration proceeding will involve many of the same witnesses and documents that the government plans to utilize in this criminal case. The outcome of that arbitration, in which BPE has assigned $44 million in claims against PaineWebber to the civil plaintiffs (most of the seven "victims" listed in the indictment) will necessarily have a direct and substantial bearing on the preparations for and developments in this criminal case. Consequently, a new trial date in December 2005 will give all of the parties and witnesses

11

sufficient time to digest the results of the PaineWebber arbitration and its impact on this criminal case.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that this Court continue the commencement of the trial in this case to at least December 2005 so as to give Mr. Carpenter the opportunity to obtain new lead trial counsel and rule that the period of time between May 9, 2005 and the new trial date is excludable for purposes of the Speedy Trial Act.[6]

Dated: March 31, 2005

                         DANIEL E. CARPENTER,
                         By his attorneys,

                         /s/ Alan M. Dershowitz
                         Alan M. Dershowitz, Esq. (BBO#121200)
                         1563 Massachusetts Avenue
                         Cambridge, MA 02138
                         (617) 496-2187

*Of Counsel*:

Edward A. McDonald, Esq.
Nelson A. Boxer, Esq.
Michael J. Gilbert, Esq.
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3500

Richard S. Order, Esq.
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

---

[6] On March 30, 2005, the parties filed a joint motion for excludable delay to May 9, 2005, the date currently set for trial.

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the government's attorney as appears below by hand delivery on this 31st day of March, 2005:

Michael J. Pineault, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

/s/ Alan M. Dershowitz
Alan M. Dershowitz, Esq.