UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY
MOTION FOR ADDITIONAL TRIAL CONTINUANCE**

The United States opposes defendant Daniel E. Carpenter's ("Carpenter's") motion to further continue the trial in this case by an additional <u>seven months</u>. Because of the shortness of time between Carpenter's filing of his motion and the time set for hearing, the government limits this pleading to a succinct listing of the factual and legal deficiencies in the defendant's arguments:

1. Attorney Pappalardo never stated that he was unprepared to try this case. He requested a continuance based solely on a last-minute scheduling conflict that arose with the initial April 4, 2005 trial date.

2. Attorney Pappalardo never stated that he would be unprepared to begin trial on May 9, 2005. He is still in Boston. It is conceivable that he will only be in Moscow for one or two weeks between now and May 9. In addition, defense counsel presumably have already completed a substantial amount of their trial preparation. The parties were only 11 days away from trial at the time of Mr. Pappalardo's oral motion to continue. Further, defense counsel now have not only the government's 21-day disclosure materials, its <u>Jencks</u> production, its witness list, and its anticipated exhibits but also five additional weeks in which to digest that material.

3. Mr. Pappalardo is not the sole defense attorney in this case. Evan Georgopoulos, at the same firm, is a 10-year member of the bar and has been working on this case since at least the date of the indictment. Richard Order, who is listed as "of counsel" on the docket, tried a parallel civil case that the victims filed in Suffolk Superior Court, involving the same witnesses and exhibits. Mr. Order is intimately familiar with the facts of the case, more so even than government counsel. Other defense attorneys, also listed as "of counsel," have entered appearances at discrete junctures and for discrete purposes.

4. The case is not complex. Seven victims entrusted $9 million dollars to the defendant and his company based on representations that the funds would be held in escrow. Instead, Carpenter gambled and lost the money in the options market. The government's trial witnesses will be: (a) the victims, (b) former employees of Carpenter's company, (c) Carpenter's stockbrokers (and their supervisors); and (d) two summary/expert witnesses who will testify concerning what happened to the money. The government's exhibits will consist of: (a) the written representations and agreements that each of the victims received, which are largely identical, (b) Carpenter's brokerage statements and account records, and (c) various summary charts. All of this is familiar to Carpenter and his attorneys from the civil trial. There are no surprises.

5. The victims in this case have rights, too – to attend the trial and testify to a jury of their peers (not a camera), to be present when the verdict is returned, to speak at sentencing, and, if there is a conviction, to have a hope of receiving restitution in their lifetimes. Three victims are over 70. Two are in their mid- or late 80's. Another witness is ill and very likely will not live to the fall.

6.  The Sixth Amendment does not vest the defendant with the unqualified right to discharge his counsel shortly before trial and thereby obtain a (further) continuance that will frustrate the public's (including the victims') interest in the prompt, fair and ethical administration of justice.  Where, as here, the request is: (a) made at the last minute; (b) grounded in an argument – lack of preparedness – that is unsupported by the record; and (c) would result in undue delay, the trial court has extensive discretion to deny the request.  E.g., United States v. Woodard, 291 F.3d 95, 106-09 (1st Cir. 2002); United States v. Poulack, 556 F.2d 83, 86 (1st Cir. 1977) (the right of an accused to choose his own counsel "cannot be insisted upon in a manner that will obstruct reasonable and orderly court procedure"); United States v. Hallock, 941 F.2d 36, 44 (1st Cir. 1991)("a defendant has no right to representation by a particular attorney when such representation would require undue delay."); United States v. Richardson, 894 F.2d 492, 498 (1st Cir. 1990)(defendant cannot manipulate his right to counsel of choice to delay proceedings); United States v. Allen, 789 F.2d 90, 92, n.4 (1st Cir. 1986) (defendant's right is to effective counsel, not to counsel of his own choice at any cost in terms of delay); Maynard v. Meachum, 545 F.2d 273, 278 (1st Cir. 1976) (court need not tolerate unwarranted delays and may require a defendant to proceed to trial even if he is not entirely satisfied with his attorney).

7.  The government has doubts about the tactical motives that it suspects may be driving the defendant's request for a continuance.  Nothing about this case necessitates seven months to prepare for trial.

8.  In light of the above, the government requests that the Court deny Carpenter's motion and that trial commence, as currently scheduled, on May 9.  The defendant can either

3

proceed with Attorney Pappalardo, use one of the other defense attorneys who has entered his appearance, or retain new counsel. In either event, five weeks are sufficient time to prepare.

                                                       Respectfully submitted,

                                                       MICHAEL J. SULLIVAN
                                                       United States Attorney

By:

                                         **/s/ Michael J. Pineault**
                                                       Michael J. Pineault
                                                       Jonathan Mitchell
                                                       Assistant U.S. Attorney
                                                       U.S. Courthouse, Suite 9200
                                                       1 Courthouse Way
                                                       Boston, MA 02210

Date: March 31, 2005