UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**DECLARATION OF JOHN F. ASHLEY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR PRODUCTION OF DISCOVERY REGARDING ACCESS TO THE *ORIGINAL* PALEY/JOKINEN HARD DRIVE**

1.  I, John Frederick Ashley, am over 18 years of age and currently serve as the Chief Technology Officer at CoreFacts LLC, 14030 Thunderbolt Place, Suite 700, Chantilly, Virginia 20151 (www.corefacts.net). Corefacts, which specializes in computer forensics and the recovery of digital data, maintains one of the largest corporate computer forensics laboratories on the East Coast.

**GENERAL BACKGROUND**

2.  I was formerly the head of the Greater Manchester (U.K.) Police Department's Computer Examination Unit, which at the time was the largest criminal computer forensics unit in Europe. I was responsible for all computer examinations in Manchester, England, North Wales, and the Isle of Man. I was also the first police officer in the United Kingdom to investigate computer pornography. On many occasions, I was requested by other jurisdictions to conduct and supervise their electronic retrieval projects and to advise prosecutors on issues involving electronic evidence collection.

3.  I have taught courses on computer evidence recovery at Bramshill Police Staff College, the British Computer Society, and at various universities. In January and June 2001, I appeared on the television news program "60 Minutes" in connection with

1

techniques I used to successfully prosecute a high profile mass murder case in the United Kingdom. My curriculum vitae, which is annexed hereto, provides more details about my professional background and experience, including my experience as an expert consultant and witness in matters related to computer forensics.

## COMPUTER FORENSICS

4.    Computer evidence tends to reside mostly on magnetic media, usually hard drives, diskettes, or tape. Magnetic media of these kinds are designed to retain their information for long periods, typically many years, without change, unless their contents are overwritten with new data. Even computer files that have been deliberately deleted in the course of normal operations leave their data on the medium where they resided, after deletion, until such time as the space that data occupies is overwritten with new information. Accordingly, computer data can exist in a recoverable form that is capable of yielding admissible, relevant, probative evidence at any time after it has been created.

5.    I am highly confident that I can retrieve all such files utilizing the mechanisms, processes, equipment, software and staff available at the Corefacts laboratory, which is one of the largest corporate computer forensics laboratories on the East Coast.

## EXAMINATION OF THE PALEY/JOKINEN HARD DRIVE

6.    I have been informed that the *original* Paley/Jokinen Hard Drive (as defined in the defendant's motion) contains many files that have been password-protected or encrypted and the passwords were not provided to the defendant – meaning that the affected files have not yet been retrieved. I have also been informed that numerous other files have been deleted and could not be retrieved through prior efforts.

2

7. In my expert opinion, unless I (through my firm Corefacts, LLC) have direct and unfettered access at the Corefacts laboratory, free from the supervision and observation of government agents, to the *original* Paley/Jokinen Hard Drive, I will be unable to determine exactly which files have been deleted nor can I attempt to recover them. Nor will I be able to gain access to the files that have been password-protected or encrypted.

8. Unless I am granted direct and unfettered access, free from government supervision or observance, of the *original* Paley/Jokinen Hard Drive, my efforts would be substantially hindered because I intend to perform numerous forensic analyses of the Paley/Jokinen Hard Drive using leading forensic software.

9. I intend to take a forensic bitstream image of the total data content of the Paley/Jokinen Hard Drive with full verification. I intend to fully investigate the data content of that verified image, to access the password-protected or encrypted files, to retrieve all recoverable deleted files, and fully investigate partially overwritten and fragmented data that reside in unallocated space.

10. I plan to utilize various workstations, desktops, laptops, servers, and software packages to examine the Paley/Jokinen Hard Drive. I estimate that the examination will take approximately 40 hours of work. This time estimate is dependant on the length of time it takes to decrypt the considerable number of encrypted files that are believed to exist on this drive. The decryption process utilized by CoreFacts requires a network of up to 25 computers and a dedicated server.

11. I plan to conduct an extensive forensic analysis of the Paley/Jokinen Hard Drive that cannot be completed in a single visit to an FBI lab. Because the Corefacts lab is

one of the largest corporate computer forensics labs on the East Coast, I need to use my own tools in my own lab in order to maximize the probability of success of the data retrieval mission. It is unlikely that the FBI would make available the necessary hardware and software to facilitate this level of investigation. Moreover, because my lab is located in Virginia, making repeated trips to an FBI facility in Massachusetts (or elsewhere) would be unreasonably burdensome.

12. If I am required to conduct my tests at an FBI facility, it would be impossible to maintain confidentiality because (a) defense counsel would be precluded from consulting freely with me during the examination, and (b) any tests conducted on an FBI computer would potentially leave a digital roadmap of the processes employed.

13. In light of my substantial experience and reputation in the field (including work performed for prosecutors, police, the FBI, US Customs, and New Scotland Yard), I can assure the Court that the original Paley/Jokinen Hard Drive can be entrusted to my possession, custody and control. Furthermore, I will safe-keep it using a fireproof safe and other means by which I will be able to ensure the complete safety and integrity of the Paley/Jokinen Hard Drive while it is in my possession, custody and control.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

_____
JOHN F. ASHLEY

Dated: April 27, 2005

4

# CURRICULUM VITAE

| | |
|---|---|
| Name: | John F. Ashley |
| Address: | CoreFacts, LLC |
| | 14030 Thunderbolt Place, Suite 700 |
| | Chantilly, Virginia 20151 |
| Telephone: | 703.375.4345 |
| E-mail | jashley@corefacts.net |
| D/O/B | December 18, 1951 |
| Nationality: | British |
| Marital Status: | Married |

## Professional Experience

**July 2000 to December 2000 - CoreFacts Resources, Director of Electronic Evidence Group**

**January 2001 to present – CoreFacts LLC, Chief Technology Officer**

Responsible for designing, equipping and supervising one of the largest corporate computer forensics laboratories on the East Coast. Forensic computer hardware configured to optimize leading forensic software.

Case Studies

- Representation of plaintiff corporation in a contractual dispute with federal government requiring the restoration of 40 back-up tapes held on three different types of magnetic media, containing the Emails and user created data of a staff of 160 persons. The data had been created over a 30-month period and total data size was 183 gigabytes. Three Email packages, MS Outlook, Netscape and ccMail were successfully investigated.

- Defense representation in a software trade secrets dispute requiring the capture of 14 terabytes of data within a 45-day period, without interrupting client's workflow. Data from 320 NT workstations, 90 NT laptops and 15 servers was forensically captured. In excess of 300 search terms were run across the encapsulated data, all relevant Email folders and electronic documents were hosted on secure web servers and reviewed by more than 50 attorneys throughout the United States.

- Plaintiff representation in a breach of fiduciary duty, contract, trade secret and misappropriation of confidential information case requiring the capture of data from five NT laptops and the restoration of six months backup of Email data for five former employees.

- Plaintiff representation in a financial mismanagement case requiring the imaging and investigation of 71 laptop drives.

**1998 to July 2000 - Greater Manchester Police, Computer Examination Unit, Unit Head**
- Responsible for forensic data retrieval from all computers used in crime, covering a population of 3.5 million people.

- Managed workload increase from 153 cases in 1997 to 263 cases in 1999.

- Designed and installed Microsoft NT4 networks of investigation machines.
- Given additional responsibility for the forensic examination of all computers seized in North Wales and the Isle of Man.

- Wide experience of covert intrusion investigations involving imaging, monitoring and surveillance techniques.

- Employed on a consultative basis to manage the establishment of a number of computer forensics units for a variety of UK police forces.

- Provided vulnerability advice to various public bodies.

- Considerable fraud investigation experience involving the majority of accountancy software packages.

- Advised and assisted in technical interviews of computer skilled offenders on many occasions.

**1996 to 1998 - GMP Computer Examination Unit, Senior Forensic Investigator**
- Managed the accreditation of the Unit to the internationally accepted ISO 9002 standard.

- Designed and Installed a Novell network of investigation machines.

- Interviewed, appointed and trained forensic investigation detectives.

**1989-1996 - GMP Obscene Publications Unit, Supervisor / Investigator**
- The first police officer in the UK to investigate computer pornography.

- Responsible for data retrieval from pornographers' and pedophiles' computer systems.

- Investigated all forms of technical crime involving computers: hacking, cracking, virus writing, phreaking, mobile phone cloning and credit card duplication.

- Lead investigator in a number of international obscenity and pedophile cases.

**Expert Witness Testimony**

- Expert witness in the investigation and prosecution of Dr. Harold Shipman for the murder of 15 patients. Testified in relation to 12 of the 15 victims regarding the forensic investigation of a complex computer network that revealed back-dated and falsely inserted records leading to the identification of victims who were subsequently exhumed. Provided 500 exhibits and 120 witness statements relating to the suspicious deaths of patients. Shipman found guilty on all counts. Filmed and interviewed in the UK by Ed Bradley for CBS's "60 Minutes" regarding the computer forensics skills deployed in this case. The program was screened in January and June 2001. Filmed and interviewed in the UK by The Learning Channel regarding the

6

computer forensics skills deployed in this case. The program was screened in the US in March 2001.

- Expert witness for the prosecution in a trial involving the large-scale theft of hard drives from Quantum. Performed a forensic financial analysis of the suspect's corporate server accounting packages. Investigation revealed a wide distribution network throughout Europe. Testified in Wolverhampton Crown Court over a five-day period. All five defendants found guilty.

- Expert witness for the prosecution in a trial involving the theft of corporate computers throughout the north of England. Conducted forensic analysis of residual data found on a large number of re-formatted stolen hard disk drives assisted in identifying the original owners of recovered computer equipment. Testified in Manchester Crown Court over a five-day period. Defendant found guilty.

- Expert witness for the prosecution in a trial involving the running of an electronic bulletin board system that was the UK gateway to an international network involved in the worldwide electronic distribution of obscene material. Testified in Maidstone Crown Court. Two defendants found guilty.

- Expert witness for the prosecution in a trial involving the blackmail of 17 individuals. Forensic examination of a word processing system revealed systematic threat letters held in hidden and limbo files. Testified at Manchester Crown Court. Two defendants found guilty.

- Expert witness for the prosecution in a trial involving international disk-based distribution of obscene material. Testified at Swindon Crown Court. Defendant found guilty.

- Expert witness for the prosecution in a North Wales case involving distribution of pedophilic material via the Internet. Forensic examination of a computer hard drive refuted defense testimony that an unknown person had used Back Orifice 2000 and Netbus to gain control of the defendant's machine.

**Notable Cases**

- On behalf of the Securities and Futures Authority, assisted Guernsey Police and a team of forensic accountants in the forensic on-site imaging and investigation of two computer networks comprising a total of 22 machines in relation to the Sumitomo Corporation $2.6 billion copper fraud.

- On behalf of the FBI, carried out UK Home Office authorized house searches relating to the recovery of computer-related data from laptops and other storage media in the possession of two Libyan males suspected of involvement in the bombing of US Embassies in Africa.

- On behalf of the Isle of Man Police, investigated a laptop computer that had been surrendered by the user who had found that he was being anonymously blackmailed via Email. Forensic examination uncovered evidence that the user had gained employment within the IT section of a major offshore bank and had accessed customer's private identification information, which was then provided to a criminal group in Belgium. This group had subsequently blackmailed him via an Email service provider in Texas when he had refused to assist them further with their criminal activity.

7

- In conjunction with the US Customs and Postal Service, forensically investigated the electronic contents of 18 hard drives used in Denmark to run two pedophile electronic bulletin board systems. Recovered evidence led to the identification of individuals who had downloaded pedophilia in the US and the UK.

- Forensic examination of two encrypted hard drives found evidence that led to the simultaneous worldwide arrest of 120 pedophiles. Many of the individuals involved were exchanging digital images of their actual abuse of children via secure web servers, one of which was known as "Wonderland" and was located in Boston, Massachusetts.

- Forensic examination of a suspect's computer revealed 35 live viruses and plans to infect viruses in a number of UK corporations. Further analysis revealed the breach of a US-based grocery company's customer credit card database, where customer credit card details had been posted on bulletin boards and used by group members for international communication. This led to the simultaneous arrest of five individuals who were collectively known as "ArcV," a high profile virus-writing group.

- Forensic examination of a re-formatted hard drive revealed more than 100 fraudulent Internet credit card purchase transactions and the distribution network for the illegally purchased goods.

- On behalf of New Scotland Yard gained access to a number of electronic bulletin boards that were distributing pedophilia. Subsequently provided evidence and assistance to their technical experts and the Metropolitan Police Computer Crime Unit.

**Speaking Engagements**

- Appeared on a number of television and radio programs in the UK in relation to computer forensics and communications investigation work.

- Profiled on British weekly prime time show "The Cook Report" regarding techniques used in identifying English users of a Danish pedophile Internet bulletin board.

- Lectured on Computer Forensics at Merseyside Police Training College.

- Lectured on Computer Crime at Bramshill Police Staff College.

- Guest speaker at the British Computer Society.

- Lectured on Computer Pornography at the University of Central Lancashire.

- Lectured on Computer Crime at the University of Manchester Institute of Science and Technology.

- Consultant to the Association of Chief Police Officer's Working Group into Computer Pornography.

- Presentations given at the Houses of Parliament and in Manchester to the Home Affairs Select Committee that led to amendments to UK law in relation to the sentencing of child offenders and the creation of a new offence in relation to electronic pseudo photographs.
- Lectured on Computer Forensics to the F3 Forum, a group comprising the majority of UK law enforcement and corporate computer forensic experts.
- Lectured on Computer Forensics at the American University, Washington D.C.
- Lectured on Computer Fraud to the Virginia Society of Certified Public Accountants.

## **Education**

- Educated at Sir John Deane's Grammar School, Northwich, Cheshire graduating in 1969 with Certificates in Mathematics, English Language, Geography and French.
- July 1969 Cheshire Constabulary Police Cadet graduate.
- January to April 1971 Police Training Center Constable graduate.
- October 1977 examination qualification to the rank of Sergeant.
- October 1980 examination qualification to the rank of Inspector.
- November 1989 to December 1993 in force computer investigation training with ongoing IS specialist support.
- 1990 to 1994 various UK based data retrieval and network training seminars.
- 1995 Computer Forensics software and hardware training provided by Computer Forensics Ltd.
- 1996 Advanced Computer Forensics software and hardware training provided by Computer Forensics Ltd.
- 1996 Computer Forensics software and hardware training provided by Authentic Data Recovery specialists.
- 1997 Advanced Computer Forensics techniques software and hardware training provided by Vogon International Ltd.
- 1998 Data Networks and Communications training seminars provided by CLC.
- Computer Forensics experiential learning throughout the period 1989 to 2005.

**U.S. Expert Deposition and Testimony**

December 2000, selected as an independent computer forensics expert by the federal district court in Alexandria, Virginia, to assist in an intellectual property dispute that centered on verifying the electronic time and date stamp information of the plaintiff's software prototypes and supporting

electronic presentations. Subsequently deposed at length by the plaintiff's attorney. Four days into trial, the case settled at the plaintiff's request, a day prior to my scheduled testimony. Fordham v. OneSoft Corporation, et al., Civil Action No. 00-1078-A (E.D. Va.).

June 2001, testified and cross-examined as the defendant's computer forensics expert, before the judicial court of Harris County, Texas, in support of a defendant corporation's motion to mirror image and investigate the plaintiff's electronic storage devices. Motion granted. Gyrodata Inc. v. Baker Hughes Inc. et al., Cause No. 2000-40391 (Harris County, Texas 127th Judicial District).

August 2001, United States District Court for the Eastern District of Virginia, deposed as the plaintiff's computer forensics expert in a multi-defendant unsolicited bulk email litigation. Provided expert opinion based on analysis of more than 125,000 member complaints. AOL v. Netvision Audiotext, et al., Civil Action No. 99-1186-A (E.D. Va.).

September 2001, testified and cross-examined as the defendant's computer forensics expert, before the judicial court of Harris County, Texas, in support of a defendant corporation's rebuttal of a motion alleging spoliation of electronic evidence. Gyrodata Inc. v. Baker Hughes Inc. et al., Cause No. 2000-40391 (Harris County, Texas 127th Judicial District).

October 2001, United States District Court for the Eastern District of Virginia, deposed as the defendants' and counter-plaintiffs' computer forensics expert in a breach of contract, breach of fiduciary duty, theft of trade secrets and violation of the Electronic Communications Privacy Act litigation. Beyond Technology Corp. v. WebMethods, Inc. et al., Civil Action No. 01-655-A (E.D. Va.).

October 2001, 53rd District Court of Travis County, Texas, deposed as the plaintiff's computer forensics expert in an employee solicitation and theft of trade secrets case. Advanced Fibre Communications v. Calix Networks, Inc. et al., Cause No.GN102712 (53rd District Court of Travis County, Texas).

June 2002, United States District Court for the Middle District of Florida, Fort Myers Division, deposed as the defendants' and counter-plaintiffs' computer forensics expert in a defamation and tortious interference with business relationships litigation. Gary Van Meer et al. v. Stryker Sales Corp., Civil Action No. 2:00-CV-454-FTM-29D (M.D. Fla.).

June 2002, testified and cross-examined as a computer forensics expert, before the United States District Court for the Middle District of Florida, Fort Myers Division, in support of defendants' and counter-plaintiffs' motion alleging spoliation of electronic evidence. Gary Van Meer et al. v. Stryker Sales Corp., Civil Action No. 2:00-CV-454-FTM-29D (M.D. Fla.).

September 2002, testified and cross-examined as the plaintiff's computer forensics expert before the United States District Court for the Southern District of Florida, Miami Division, in support of plaintiff's motion for contempt alleging spoliation of electronic evidence and support of plaintiff's rebuttal of defendant's motion to dismiss preliminary injunction and temporary restraining order. Plaintiff's motion for contempt upheld, with the defendant being ordered to pay all of the plaintiff's attorney's and expert's fees which were incurred during the investigation and presentation of the contempt motion. Four Seasons Hotels and Resorts B.V. et al. v. Consorcio Barr, S.A. et al., Case No. 01-4572 CIV-MOORE (S.D.Fla.).

October 2002, United States District Court for the Eastern District of Virginia, deposed as the plaintiff's computer forensics expert in litigation concerning unsolicited bulk email. I provided

expert opinion concerning the persons responsible for the transmission of tens of millions of unsolicited bulk commercial emails. Verizon Internet Services, Inc. v. Alan Ralsky, et al., Civil Action No. 01-0432-A (E.D. Va.).

October 2002, testified as the defendant's computer forensics expert, before the United States District Court for the Middle District of Florida, Fort Myers Division, in response to plaintiffs' motion alleging spoliation of electronic evidence. Gary Van Meer et al. v. Stryker Sales Corp., Civil Action No. 2:00-CV-454-FTM-29D (M.D. Fla.).

November 2002, testified and cross-examined as the defendant's computer forensics expert, before the United States District Court for the Middle District of Florida, Fort Myers Division, in rebuttal of plaintiffs' computer forensics expert's evidence supporting a motion alleging spoliation of electronic evidence. Gary Van Meer et al. v. Stryker Sales Corp., Civil Action No. 2:00-CV-454-FTM-29D (M.D. Fla.).

January 2003, testified and cross-examined, at trial, as plaintiff's computer forensics expert, before the United States District Court for the Southern District of Florida, Miami Division. Testimony encompassed Computer Fraud and Abuse, Electronic Communication Interception, and Trade Secret Theft. Four Seasons Hotels and Resorts B.V. et al. v. Consorcio Barr, S.A. et al., Case No. 01-4572 CIV-MOORE (S.D. Fla.).

January 2003, rebuttal testimony and cross-examination, at trial, as plaintiff's computer forensics expert, before the United States District Court for the Southern District of Florida, Miami Division. Testimony encompassed Computer Fraud and Abuse, Electronic Communication Interception, and Trade Secret Theft. Rebuttal testimony proved that one of the defendant's key electronic exhibits was not original, but had been fabricated in an attempt to deceive the court. Final Judgement issued May 9, 2003 awarded plaintiffs $4,877,600.00 in damages. Four Seasons Hotels and Resorts B.V. et al. v. Consorcio Barr, S.A. et al., Case No. 01-4572 CIV-MOORE (S.D. Fla.).

May 2003, United States District Court for the District of Columbia, deposed as the defendant's computer forensics expert in litigation alleging racial bias and discrimination. Provided testimony in relation to the alteration, fabrication and authentication of email. Plaintiff withdrew his allegations a short time later and the case settled. Timothy Dean et al. v. Starwood Hotels & Resorts Worldwide Inc., Civil Action No. 1:02CV00867 (D. D.C.).

July 2003, testified and cross-examined, at trial, as plaintiff's computer forensics expert, before the United States District Court for the Eastern District of Virginia, Alexandria Division. Testimony encompassed tortious interference with business relationships, breach of contract, civil conspiracy and spoliation of data. Plaintiff awarded in excess of $565,000 in damages. CACI Dynamic Systems, Inc. v. Delphinus Engineering, Inc. et al., Civil Action No. 02-1454-A (E.D. Va.).

January 2004, testified and cross-examined, in arbitration, as claimant's computer forensics expert, before a tribunal of the American Arbitration Association in Charleston, South Carolina. Testimony encompassed tortious interference with business relationships, breach of contract and spoliation of data. Arbitrator subsequently awarded claimant $10,567,478 and reimbursement of claimant's arbitration costs. CACI Dynamic Systems, Inc. v. V. Allen Spicer, AAA Case No. 16 160 00725 02.

March 2004, United States District Court for the Southern District of New York, deposed as the defendant's computer forensics expert in litigation alleging unfair dismissal. Provided testimony in relation to the creation and authentication of a document produced in paper form by the plaintiff.

Michelle Bell v. Davis & Partners, LLC et al., Civil Action No. 03CV4175 (S.D.N.Y.).

November 2004, testified and cross-examined as plaintiff's computer forensics expert at a preliminary injunction hearing before the United States District Court for the District of Maryland, Northern Division. Testimony encompassed the defendants' coordinated use of data destruction utilities to prevent the discovery of the plaintiff's stolen source code and proprietary information. Bowe Bell + Howell Company v. Document Services Inc. et al., Civil Action No. 043418 (D. Md.).

November 2004, testified and cross-examined as plaintiff's computer forensics expert, in rebuttal to counter-defendants' testimony and provide pattern analysis to show the extent of defendants' data destruction efforts, at a preliminary injunction hearing, before the United States District Court for the District of Maryland, Northern Division. The Judge granted the plaintiff broad injunctive relief and found that the defendants had intentionally destroyed relevant documents and indicated that an adverse inference instruction will likely be given to the jury as a sanction. Bowe Bell + Howell Company v. Document Services Inc. et al., Civil Action No. 043418 (D. Md.).

March 2005, provided testimony, in arbitration, as respondent's computer forensics expert, before a tribunal of the American Arbitration Association in Philadelphia, Pennsylvania. Testimony encompassed the restoration of Lotus Notes e-mail and attachments from multiple back-up tapes. Boston Power Group v. Alstom Power, Inc., AAA Case No. 14-Y-110-01410-03.

March 2005, testified and cross-examined as plaintiff's computer forensics expert, at a preliminary injunction hearing, before the United States District Court for the Eastern District of Michigan, Southern Division. Testimony encompassed the defendants' theft of trade secrets and proprietary information and the defendants' spoliation of evidence. The Judge granted the plaintiff broad injunctive relief and scheduled a spoliation hearing for April 2005. Henkel Corporation v. Charles K. Cox et al., Civil Action No. 050735 (E.D. Mich.).

April 2005, United States District Court for the Eastern District of Michigan, Southern Division, deposed as the plaintiff's computer forensics expert. Testimony encompassed the defendants' theft of trade secrets, theft of proprietary information and spoliation of evidence. Henkel Corporation v. Charles K. Cox et al., Civil Action No. 050735 (E.D. Mich.).