UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>DANIEL E. CARPENTER )<br>) | CRIMINAL NO. 04-10029-GAO |

## DEFENDANT'S *EMERGENCY* MOTION FOR FURTHER TRIAL CONTINUANCE TO NOVEMBER 2005

Defendant Daniel E. Carpenter respectfully files this *emergency* motion for a further trial continuance from July 11, 2005 to November 2005 based on the defendant's Sixth Amendment right to effective assistance of counsel in this case, the fact the defendant is now without any prepared and experienced criminal trial counsel, as well as newly-discovered information occasioned by the recent preliminary investigation of the case by defendant's contemplated new trial counsel – Martin G. Weinberg, Esq. ("Attorney Weinberg").

Most of the grounds advanced in support of this motion are described in detail in the unsealed Declaration of Attorney Weinberg (the "Weinberg Declaration"), which is annexed hereto as **Exhibit A**. Additional, sensitive information is described in the *Ex Parte*, Sealed Supplemental Declaration of Martin G. Weinberg attached to the accompanying Motion for Leave to File *Ex Parte*, Sealed Supplemental Declaration of Martin G. Weinberg.

In further support hereof, the defendant states the following::

1.  Due to a complete breakdown in communications between the defendant and his former trial counsel (Greenberg Traurig, LLP), former trial counsel filed a motion

1

to withdraw on March 31, 2005 (Docket No. 55). By electronic order issued that same day, the Court granted the withdrawal motion and also set a new trial date of July 11, 2005.

2. At the March 31st hearing, undersigned counsel (who is not trial counsel) informed the Court that the defendant intended to retain Attorney Weinberg as trial counsel, subject to Attorney Weinberg's ability to first determine the extent of pretrial preparations that would be required and then to determine whether he could, in the time allotted prior to trial, adequately and effectively prepare for trial.

3. As explained in Attorney Weinberg's Declaration, he first met Mr. Carpenter on March 29, 2005. Attorney Weinberg was also present in Court at the March 31, 2005 hearing when the Court granted prior trial counsel's motion to withdraw. On April 1, 2005, Attorney Weinberg began to receive and review case-related materials to assess whether he could enter an appearance and assume trial responsibilities consistent with the July 11, 2005 trial date set by the Court.

4. Between April 2, 2005 and April 13, 2005, Attorney Weinberg conducted an intensive review of a wide variety of legal materials provided to him by Mr. Carpenter and his attorney in the related civil litigation (Richard S. Order, Esq.). Attorney Weinberg has concluded that he cannot ethically and in good conscience undertake to represent the defendant unless the trial is continued until November 2005 because his preliminary review of the pertinent materials and issues reveals such a volume of pages and tasks that he cannot possibly be an effective advocate should trial proceed as scheduled on July 11, 2005. For example, he has identified over **31,000 pages** of documents produced by the government in **17 boxes**, an additional **ten boxes** of documents received from prior trial counsel (Greenberg Traurig), **6,000 pages** of documents produced by Benistar to the

2

government, **3,300 pages** of transcripts from the three-week civil trial, **four boxes** of civil trial exhibits (325 trial exhibits), **5,300** pages of deposition transcripts in the civil trial, and **over 12,000 pages** of documents exchanged among the parties during discovery in the civil case. He has also identified at least 12 motions in limine and numerous tasks requiring extensive factual and legal research to adequately prepare for trial. Further details are set forth in Attorney Weinberg's Declaration. Nevertheless, Attorney Weinberg has committed to entering an appearance for the defendant and proceeding to trial if the trial is continued to November 2005 (or October, if another case of his is concluded without proceeding to the scheduled trial in September).

     5.     The roles of remaining counsel who have appeared and/or assisted in this case to date are limited in scope, and none of them are prepared and/or qualified to conduct the trial of this case. Attorney Order, who has filed an appearance in this case *pro hac vice*, is a civil litigator with a firm in Hartford, Connecticut. However, Attorney Order has never tried a criminal case before, nor has he ever assisted in the defense of a criminal case. Attorney Order's role has always been limited solely to assisting Mr. Carpenter and his lead criminal defense counsel with the multitude of documents and issues arising from the related civil litigation. The role of undersigned counsel in this case is likewise circumscribed and is limited to providing advice regarding Constitutional issues and to serve as potential appellate counsel. Undersigned counsel is not a trial lawyer, but is a full-time law professor who limits his professional work to appellate practice and consultation. Finally, attorneys from the law firm of Dechert LLP in New York, New York, have never appeared in Court in this case and merely provide limited services to the defendant in an *of counsel* role.

As further reason therefore, defendant respectfully refers this Court to the following Memorandum of Law incorporated herein.

### REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on the within motion at the earliest possible date.

### LOCAL RULE 7.1(A)(2) STATEMENT

Defendant's counsel, Alan M. Dershowitz, Esq., has conferred with Michael J. Pineault, AUSA, in a good faith but unsuccessful attempt to resolve or narrow the issue.

### MEMORANDUM OF LAW

### I. THIS COURT SHOULD EXERCISE ITS DISCRETION AND GRANT A FOUR-MONTH TRIAL CONTINUANCE TO NOVEMBER 2005.

The district court has broad discretion to grant or deny continuances. United States v. Brand, 80 F.3d 560, 564 (1st Cir. 1996). That discretion is nonetheless limited by the defendant's constitutional rights to effective assistance of counsel and to the testimony of defense witnesses. United States v. Soldevila-Lopez, 17 F.3d 480, 487 (1st Cir. 1994). An "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" constitutes an abuse of discretion. United States v. Lussier, 929 F.2d 25, 28 (1st Cir. 1991).

"Among the factors to be considered in reviewing a denial of a motion for a continuance are the amount of time necessary for trial preparation, the amount of time actually available for preparation, the defendant's diligence, the inconvenience to the court and other parties, the likely utility of a continuance, and any unfair prejudice caused by the denial." United States v. Orlando-Figueroa, 229 F.3d 33, 40 (1st Cir. 2000). Here, all six

factors weigh heavily in favor of granting a further continuance *for only four months* to November 2005.

1. **Amount of Time Necessary for Trial Preparation.**

The amount of time necessary for trial preparation in this case, as described in the Weinberg Declaration, is measured in months and not weeks. Attorney Weinberg estimates that it will take *six months* to master all of the necessary materials and issues and to prepare for trial, thereby placing the trial in November 2005. The sheer volume of the documents involved and the numerous factual, evidentiary and legal issues that need to be addressed clearly show that an additional four-month continuance is not only necessary, but prudent.

2. **Amount of Time Actually Available for Preparation.**

Given the volume of information that must be mastered by Attorney Weinberg in order to effectively represent the defendant in this matter, the amount of time actually available to prepare for the trial in this case is extremely limited, even with the present request for a four-month continuance, especially considering other professional commitments that must be met in the interim. Nevertheless, if the Court continues the trial to November, Attorney Weinberg has committed to undertaking the necessary preparation for a trial at that time.

3. **Defendant's Diligence.**

As soon as the defendant discovered in late March 2005 that his former trial counsel had conflicting commitments to a case in Russia, the defendant *immediately* took the necessary steps which led to the withdrawal of his former trial counsel and the involvement of Attorney Weinberg. All of these recent events have taken place over the

last four weeks. Clearly, the defendant has been diligent in his efforts to interview with Attorney Weinberg and have him accept the case and conduct the defense.

### 4. Inconvenience to the Court, Parties & Witnesses.

The only potential objection to a further continuance is the government's concern that, due to the ill health or age of certain of the government's witnesses, a further continuance may deprive the government of the ability to present their testimony at trial. See 3/28/05 Hrg. Tr. at 5 (AUSA Pineault: "I literally have people who may not be alive for very much longer."). However, being sensitive to the government's concern in this regard, the defendant has consented to allow the videotaped testimony of such witnesses to be conducted **on May 5-6, 2005**.[1] Consequently, there can be no meritorious objection by the government to the requested four-month continuance.

### 5. The Likely Utility of a Continuance.

As detailed in the Weinberg Declarations, the defendant's proposed new trial counsel needs the additional time to conduct numerous tasks vital to the defendant's Sixth Amendment right to the effective assistance of counsel, including the task of reviewing and learning the tens of thousands of pages of documents that are involved in this case, filing numerous pretrial motions *in limine* and addressing other substantial legal issues. Consequently, a four-month continuance in this case will not only have utility but is vital to the defendant's right and ability to present an effective defense.

---

[1] In light of this scheduled testimony, the defendant has filed simultaneously herewith an emergency motion for additional discovery for the production of a computer hard drive whose contents were created and/or maintained by Linda Jokinen – the witness whose testimony will be videotaped on May 6, 2005.

6

## 6. Unfair Prejudice Caused by the Denial.

This is perhaps the most important of the six factors, because the defendant's Sixth Amendment right to a fair trial and to the effective assistance of counsel at his trial is implicated. Absent the requested continuance, the defendant will be unable to put on an effective defense for several reasons:

(a) Attorney Weinberg, the defendant's trial counsel of choice, will **not** be able to represent the defendant as his trial counsel;

(b) The defendant would then be left with **no** criminal trial counsel able to provide him with effective assistance of counsel because Attorney Order is a civil litigator and undersigned counsel is an appellate advocate; and

(c) The immense factual investigation that is required in this case regarding (i) tens of thousands of pages of documents, (ii) almost 30 government witnesses, (iii) accessing deleted and encrypted files from a very important computer hard drive used by Paley and Jokinen, (iv) drafting and filing numerous pretrial motions *in limine* (as well as other motions), and (v) preparing a defense case-in-chief, will not be possible to complete (or at least will be substantially curtailed).

Should the Court deny the instant motion, the resulting trial in this case would be chaotic and fundamentally unfair to the defendant, who is now without competent criminal trial counsel to provide effective representation in this matter.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that this Court grant a four-month continuance of the trial to November 2005.

DANIEL E. CARPENTER,
By his attorney,

_____
Alan M. Dershowitz, Esq.
(BBO #121200)
1563 Massachusetts Avenue
Cambridge, MA 02138
(617) 496-2187

Dated: April 29, 2005

### CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the foregoing Motion and Unsealed Declaration were served by hand delivery on this 29th day of April, 2005 on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

_____
Alan M. Dershowitz, Esq.

8