UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S "EMERGENCY"**
**MOTION FOR PRODUCTION OF DISCOVERY**

The United States opposes defendant Daniel E. Carpenter's "emergency" discovery

motion on the following grounds:

1.      The government has fully complied with its discovery obligations with respect to

the computer hard drive referenced in the defendant's motion.  Carpenter's current expert states

that he wants a forensic bitstream image of the total data content of the hard drive.  See Def.

Motion, Exhibit 1, at ¶ 9.  The defendant, however, should already have it.  Government counsel

is informed that the FBI took precisely such an image and produced the imaged drive to

Carpenter's then-defense counsel, Greenberg Traurig, a full year ago.  The FBI subsequently

produced a second drive to Greenberg Traurig, in an alternative format, when Greenberg stated

that it lacked the forensic software needed to access the initial imaged drive that the FBI had

produced   In the ensuing months, counsel does not recall Greenberg raising any further issues

with respect to the hard drive.

2.      Defendant failed to comply with Local Rule 116.3 before filing his current

motion, which is styled as a *pro se* submission.  He submitted no written request seeking

additional discovery with respect to the hard drive.  Although he claims that his civil attorney,

Richard Order, conferred with government counsel, no such conversation took place until today,

*after* the defendant had signed, filed and served his motion (by overnight mail).  When Attorney

Order raised the issue and claimed a need to take possession of the original hard drive,

government counsel requested that the defendant have his expert contact his counterpart at the

FBI, discuss any technical issues – including the adequacy (or not) of the imaged drives that the

FBI already produced to Greenberg Traurig -- and see what, if any, matters still needed to be

resolved.  Until that conversation takes place, it is unclear whether there is even a discovery

issue requiring the court's intervention.  It is possible, for example, that Carpenter's current

expert was not aware of or provided with the first imaged drive that the FBI produced to

Greenberg Traurig and would be satisfied with that drive.[1]  The government is unaware of any

technical reason why a forensic bitstream image of the drive would be insufficient.  Indeed, that

is exactly what the defendant's expert says he will make.

    3.    No justification existed for the defendant to file a Friday afternoon "emergency"

motion.  He has known about the hard drive – and possessed imaged copies of it – for over a

year.  He has known about the government's desire to depose Linda Jokinen – due to the

defendant's requested trial continuances – for a month.  He could – and should – have raised this

issue sooner.  Now that he has, the government suggests that the proper course is for the two

forensic experts to confer and see if they can resolve any technical issues that might exist

concerning the hard drive.  If they cannot, the government will submit a supplemental brief

---

[1] In that regard, the government notes that it met with Attorneys Weinberg and Dershowitz on Monday of this week (April 25) concerning other matters involving this case. When they mentioned at the end of the meeting, for the first time, a possible issue regarding the hard drive, government counsel inquired whether they were in receipt of the imaged drives that had been produced to Greenberg Traurig.  They were unsure.

detailing any issues that remain in dispute.

WHEREFORE, for the foregoing reasons, the government requests that the defendant's "emergency" motion be denied, without prejudice to the defendant's filing a further discovery motion in the event that issues concerning the hard drive remain in dispute after the parties complete their consultation.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

  _/s/ **Michael J. Pineault**_____
Michael J. Pineault
Jonathan Mitchell
Assistant U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: April 29, 2005