UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10029-GAO

UNITED STATES OF AMERICA

v.

DANIEL E. CARPENTER,
Defendant.

ORDERS ON PENDING MOTIONS
May 4, 2005

O'TOOLE, D.J.

The following orders are made with respect to pending motions:

1. The defendant's motion to file an ex parte declaration in support of his motion to continue the trial date (docket no. 57) is GRANTED.

2. The defendant's motion for production of discovery (docket no. 58) is GRANTED. The government shall provide the computer hard drive to the defendant subject to such provisions relating to the custody, security, and redelivery of the drive as the parties may agree to. In the absence of agreement, I will set such terms.

I note that the motion is signed by the defendant himself. The defendant is represented by counsel who have previously entered general appearances in this case. In the interests of practicality, I will not strike the motion, though I would be justified in doing so. But the defendant is advised that so long as he is represented by counsel of record, in the future no filing will be accepted on his behalf unless signed by counsel of record or unless leave to file pro se is obtained upon the showing of cause why counsel is unable to sign it.

3. The defendant's motion to continue the trial until November 2005 (docket no. 59) is DENIED. The motion seeks simply to revisit issues already resolved on the prior motion to continue (docket no. 53) which was granted to the extent that the trial date was continued from May 9, 2005 to July 11, 2005. The continuance already granted accommodates the defendant's decision to discharge his prior trial counsel and his need to arrange for successor trial counsel. This Court is not obliged to set a trial date that suits the schedule of any particular potential successor counsel. As noted, the defendant is currently represented by counsel in the case, and

even if neither Mr. Dershowitz nor Mr. Order intend to try the case, they are obviously available to provide great assistance in preparing for trial to any new counsel who may appear. I note in addition that the defense team includes Edward A. McDonald, Esq., an experienced criminal trial practitioner, who, according to the papers of record, has apparently represented the defendant since at least the time the original indictment was returned, although it does not appear that he has formally appeared in the case. Whether he ultimately does or not, he, too, is plainly a valuable resource for any successor counsel. At the hearing on March 31, 2005, I explained my decision to continue the case to July 11, rather than to a later date. I adhere to my reasons for that decision, remaining convinced that the trial date now established takes balanced account of the several competing considerations that bear on the matter.

4. The defendant's motion for leave to file a limited appearance for the purpose of representing the defendant at the deposition scheduled for May 6, 2005 (docket no. 61) is GRANTED.

It is SO ORDERED.

_May 4, 2005_
DATE

_/s/ [signature]_
DISTRICT JUDGE