UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL E. CARPENTER, | : |
| Plaintiff, | : |
| v. | : 3:05CV172(AWT) |
| UNITED STATES DEPARTMENT OF JUSTICE and THE UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS, | : |
| Defendants. | : |

## ORDER TRANSFERRING VENUE

The defendants have moved pursuant to 28 U.S.C. § 1404(a) for transfer of venue of this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the District of Massachusetts. For the reasons set forth below, the defendants' motion is being granted.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 1993 & Supp. 2004). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A plaintiff's choice of forum is "presumptively entitled to

substantial deference." Gross v. British Broadcasting Corp., 386 F.3d 224, 230 (2d Cir. 2004) (citation omitted); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). However, "the district court must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Org., Inc. 487 U.S. at 30.

The plaintiff resides in Simsbury, Connecticut and also has his principal place of business in that town. The plaintiff's FOIA request is directed to the United States Attorney for the District of Massachusetts, and it seeks any documents provided by a certain third party to Assistant United States Attorney Michael J. Pineault in the District of Massachusetts. The documents sought are directly connected to a pending criminal matter in the District of Massachusetts in which the plaintiff is the sole defendant and AUSA Pineault is the lead prosecutor.

The FOIA venue provision provides in relevant part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are located, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to

>        order the production of any agency records
>        improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B). Thus, venue is proper either in this district or in the District of Massachusetts.

In terms of the convenience of the parties, the parties here are already involved in a related litigation, i.e. the criminal case, in the District of Massachusetts. Thus, while it would clearly be more convenient for the plaintiff to pursue this action in the District of Connecticut because that is where he is located, a transfer to the District of Massachusetts does not result in his being sent off to some district with which he has no connection.[1] On the other hand, the United States Attorney for the District of Massachusetts and Assistant United States Attorney Pineault appear to have no connection with the District of Connecticut other than the fact that they have been sued here.

In addition, it is very significant that here the plaintiff is, in substance, seeking discovery in his criminal case in the District of Massachusetts. The Federal Rules of Criminal Procedure, and frequently the local rules of each district court, provide for what discovery is available to the defendant in a criminal proceeding. Because of the interplay between this case and the pending criminal case, the court that is in the best

---

[1] The court notes that presumably the plaintiff has been aware throughout the pendency of his criminal case of his rights under Rule 21 of the Federal Rules of Criminal Procedure.

3

position to evaluate the plaintiff's FOIA request is the district court in the District of Massachusetts. Thus, this court concludes that a transfer to the District of Massachusetts is appropriate in light of public interest factors of systemic integrity and fairness, which in this case should be given substantially greater weight than the plaintiff's choice of forum.

The plaintiff argues that he has sought to access documents through the FOIA process in the hope of minimizing any inappropriate impact the information contained therein may have on the criminal case against him and that having the same judge who is presiding over the criminal case also preside over this action creates the risk of injecting those documents into the criminal case, thereby compounding the harm the documents have allegedly already caused the plaintiff in the context of the criminal investigation. The court finds this argument unpersuasive because the only reasonable conclusion is that if the plaintiff can find a way of using any such documents to his advantage, he will inject them into the criminal case himself.

Accordingly, Defendants' Motion for Transfer of Venue (Doc. No. 6) is hereby GRANTED, and this case is hereby transferred to the District of Massachusetts.

In transmitting the case file in this matter, the Clerk shall notify the District of Massachusetts that this case is

related to a criminal matter pending there, i.e. United States v. Carpenter, Crim. No. 04-10029-GAO.

It is so ordered.

Dated this 28th of April 2005, in Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge