UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S "EMERGENCY" MOTION TO TRANSFER VENUE TO THE DISTRICT OF CONNECTICUT

The United States opposes what constitutes the third "emergency" motion that the defendant Daniel E. Carpenter ("Carpenter") has filed in the past five days – this time seeking the transfer of this case to the District of Connecticut. The reasons for the government's opposition, put succinctly, are as follows:

1.    The Constitution provides for crimes to be tried in the state in which they were committed. Defendants have no constitutional right to be tried in their home districts. Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245 (1964). Here, the criminal conduct alleged in the indictment occurred substantially in Massachusetts. With one exception, the victims resided and did business in Massachusetts. The false representations that were made to them, with Carpenter's knowledge, were made to them in Massachusetts. And the mailings and the wires through which the victims transmitted their fraudulently induced funds to Carpenter-controlled accounts were sent from Massachusetts. Trial should therefore take place here, in Massachusetts.[1]

---

[1] The Court previously denied the defendant's motion to dismiss the indictment for lack of venue. See Order dated November 9, 2004 (Dkt. 44).

2.      The bulk of the evidence is in Massachusetts, including all of the documents and the majority of the percipient fact witnesses.[2]  The Massachusetts-based witnesses include: (a) all but one of the victims, most of whom had direct dealings with Benistar Property Exchange Trust Co. ("BPE"); (b) representatives (primarily lawyers) who also had dealings with BPE on behalf of their clients; and (c) the former employees of BPE's Newton office.  By contrast, only three percipient fact witnesses are based in Connecticut.[3]  Most of the remaining witnesses are New York-based brokers, who will testify concerning their knowledge of Carpenter's trading activity.[4]

3.      Considerations of burden, accessibility, and expense weigh in favor of conducting the trial in Massachusetts.  Several of the government's Massachusetts-based witnesses are aged and/or infirm, including three who are over the age of 70, a fourth who is younger but seriously ill and residing in a nursing home, and a fifth who is a paraplegic.  Two of these five are presently incapable of getting themselves to the courthouse in Boston:  door-to-door transportation needs to be provided for them.  Relocating the trial to Hartford would impose a significantly greater burden on them.  It also would impose a greater burden and expense on the other witnesses from Massachusetts and on the Boston-based prosecutors and case agents.

---

[2] The government has attached a copy of its current witness list at Exhibit A.

[3] Two of the three Connecticut witnesses are former administrative employees of Benistar, Ltd. who handled clerical matters involving the brokerage accounts into which BPE client funds were deposited.  Contrary to the defendant's characterization (Motion at 3), the United States would not classify either as a "chief" government witness.

[4] Carpenter states that he presently intends to call over a dozen additional witnesses from Connecticut.  (Motion at n.2).  Presumably, most of these would be character witnesses.  The government would like an opportunity to be heard, at the appropriate time, concerning the number of character witnesses that Carpenter will be permitted to call, and the scope of permitted direct and cross-examination.

By contrast, judging from the size and make-up of Carpenter's defense team, expense does not seem to be a pressing issue for him. Multiple sets of lawyers, and now experts, have vigorously litigated this case in Boston for over a year, without once claiming (until now) that the location created an undue burden. Defendant similarly has been litigating the parallel civil fraud case in Massachusetts for over four years, including sending his lawyers to numerous Massachusetts depositions and a multi-week trial in Suffolk Superior Court.[5]

4.     Judicial efficiency and economy also favor Massachusetts over Connecticut. This Court is familiar with the case. Discovery is complete. Dispositive motions have been filed and decided. Trial is set to commence on July 11. Transferring the case to Connecticut would send it to a new judge and postpone the trial to some uncertain future date. Indeed, the government suspects that the latter objective is the motivating force behind the defendant's motion, particularly given the timing of its filing, immediately after the Court denied Carpenter's most recent continuance request.

5.     In short, save for the personal inconvenience to the defendant and his family of having to drive to Boston rather than to Hartford to attend the trial, the substantial majority of relevant factors and considerations support maintaining venue in Massachusetts. E.g., United States v. Perry, 152 F.3d 900, 904 (8th Cir. 1998) (defendant charged with mail/wire fraud not entitled to transfer of venue to his district of residence when most of witnesses, victims, and documents were located in district of indictment); see also United States v. Peterson, 357

---

[5] It is unclear that the choice of Boston over Hartford makes a material difference to the New York-based brokers. On the one hand, the flight to Boston is marginally longer, but presumably made more frequently. On the other hand, and more significantly, the government notes that the outside lawyers who are representing the brokers in this matter are based in Boston.

F.Supp.2d 748, 750-51 (S.D.N.Y. 2005).

<u>CONCLUSION</u>

For all of the foregoing reasons, the government requests that the Court deny the defendant's motion to transfer venue to the District of Connecticut.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

 **/s/ Michael J. Pineault**
Michael J. Pineault
Assistant U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: May 6, 2005