UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**<u>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE TIME FROM MAY 9 TO JULY 11, 2005</u>**

The government's motion to exclude time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, from May 9 to July 11, 2005, should be denied primarily because if the defendant's emergency motion to transfer venue is granted, time will be excluded *automatically* pursuant to 18 U.S.C. § 3161 (h) (1) (G) while the case file is transferred to the District of Connecticut, the case is docketed and assigned to a district judge, and the judge conducts a status conference to assess the procedural posture of the case. It is at this juncture that the judge to whom the case is assigned can deal with all STA issues in light of the circumstances then existing.

Consequently, there is no need for the Court to exclude any additional time under the STA. Transfer of the case to the District of Connecticut pursuant to Fed. R. Crim. P. 21(b) will *automatically* result in the exclusion of whatever amount of time is necessary for the transferee district to assume control of the case.

Additional reasons for denying the government's motion are as follows:

1. The defendant's first motion for a continuance, filed on March 31, 2005 (Dkt. 53), sought a continuance until "at least December 2005 so as to give Mr. Carpenter the opportunity to obtain new lead trial counsel." Motion at 12. The motion also stated

1

that, *if* the requested continuance were granted, the defendant would agree to exclude time under the STA from May 9, 2005 to that date. However, the Court denied the motion in part, setting instead a trial date of July 11, 2005.

2.  Contrary to the government's assertion, the defendant did *not* agree to waive his rights under the STA if *any* continuance were granted – but only if the requested continuance to December 2005 were granted. Such a continuance, however, was not granted.

3.  Delay is excluded if it results from "a continuance granted by any judge . . ., *if* the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h) (8) (A) (emphasis added). However, when the Court continued the trial to July 11th, the Court did not make any findings on the record. Effectively conceding this point, the government has filed the instant motion.

4.  Because it is already May 9th, the government's motion seeks, in essence, retroactive applicability.

5.  An issue now appears to exist regarding the order of the Court entered on April 29, 2005 granting a "Joint Motion" excluding time from April 4th (the original trial date) through May 9th. (Dkt. 50.) Upon information and belief, the defendant neither consented to such a motion being filed on his behalf, nor was consulted prior to such motion being filed.

In light of the totality of the circumstances, especially regarding the automatic exclusion of time if the case is transferred, the Court should deny the government's motion.

DANIEL E. CARPENTER,
By his attorney,


**/s/  Jack E. Robinson**
Jack E. Robinson, Esq. (BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
Tel:  (203) 425-4500
Fax:  (203) 425-4555
E-mail:  Robinsonesq@aol.com

Dated:  May 9, 2005