UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>DANIEL E. CARPENTER  )<br>) | CRIMINAL NO. 04-10029-GAO |

## DEFENDANT'S *ALTERNATIVE* EMERGENCY MOTION TO TRANSFER VENUE TO THE WESTERN DIVISION OF THIS COURT

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully files this emergency motion to transfer this case in its entirety to the **Western Division of the District of Massachusetts in Springfield** pursuant to Local Rule 40.1(F), in the event the Court is reluctant to grant the defendant's original emergency motion to transfer venue to the District of Connecticut. (Dkt. No. 66.)

As further reason in support hereof, defendant respectfully refers this Court to his verified emergency motion to transfer venue (Dkt. No. 66) and his verified reply brief in further support thereof (Dkt. No. 69), both of which are expressly incorporated herein. The defendant also relies on the following Memorandum of Law incorporated herein.

## LOCAL RULE 7.1(A)(2) STATEMENT

Defendant's counsel have conferred with AUSA Michael J. Pineault, inquiring whether he would assent to this motion. AUSA Pineault advised that he did not assent.

1

**MEMORANDUM OF LAW**

I. **IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS**

Local Rule 40.1(F) states:

**(F) Transfer Between Divisions**. Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.

Local Rule 40.1(F).

For the same reasons that the defendant sought transfer to the District of Connecticut, the defendant now, in the alternative and in the interests of judicial economy and reasonableness, respectfully submits that good cause exists to transfer this case to the Western Division of the District of Massachusetts in Springfield. The primary reason is that the defendant's home and place of business in Simsbury, Connecticut are only slightly further from the federal courthouse in Springfield than they are from the federal courthouse in Hartford.[1]  See United States v. Herold, 309 F. Supp. 997, 998 (E.D. Wis. 1970) (transferring case from the Eastern District of Wisconsin to the Western District of Wisconsin *solely* because the defendant lived and worked there).

The same Platt factors that favor transfer to the District of Connecticut also favor transfer to the Western Division of this Court in Springfield. See Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240 (1964). For example:

---

[1] According to MapQuest (www.mapquest.com), while the defendant's home in Simsbury, Connecticut is 12 miles and 28 minutes from the Hartford courthouse, it is only 31 miles and 47 minutes from the Springfield courthouse. By comparison, however, Simsbury is 112 miles and – at best – more than two hours from the Boston courthouse (and three hours with rush hour traffic).

1. **Springfield more convenient and less costly for defendant than Boston**.

Although the defendant's home, businesses and family are all located in Simsbury, Connecticut, the defendant would be able to easily commute to and attend trial in Springfield each day, return home each night with his family, and also continue to operate his businesses located in Simsbury, Connecticut if the trial were held in Springfield.  Furthermore, the defendant's wife and daughter would be able to attend each day of the trial in Springfield (or Hartford).  However, none of this would be possible if the trial is held in Boston, primarily because the defendant's wife must run and manage an 80-employee company based in Simsbury, Connecticut on a daily basis.  Also, the defendant's estimated $250,000 in additional expenses required to accommodate himself and his defense team in Boston hotels for at least a month would be eliminated by a transfer to Springfield.

2. **Springfield more convenient for the witnesses**.  Because the majority of the witnesses live in Connecticut, New York and New Jersey, a trial in Springfield would be much more convenient for them than a trial in Boston.  Furthermore, Springfield is close enough to Hartford that there is a strong likelihood that some of the defendant's proposed character witnesses and the schools they head would be known by jurors from Western Massachusetts.

3. **Location of Events Likely To Be At Issue.**  Even though all of the defendant's alleged criminal conduct occurred in or was directed from Connecticut (and none from Massachusetts), which clearly favors Hartford for purposes of venue, Simsbury – as the locus of the alleged crime – is much closer to Springfield (31 miles) than to Boston (112 miles).

4.  **Location of Documents**.  The government contends that all of the documents are located in Massachusetts while the defendant asserts that all of his documents are located in Simsbury, Connecticut.  If the government is correct, then the documents are just as accessible in Springfield as they are in Boston.  Nor does the defendant object to carting his documents from Simsbury, Connecticut to Springfield.

5.  **Disruption of Defendant's Business**.  Mr. Carpenter's current businesses, including an employee benefit consulting business and managing and overseeing litigation against PaineWebber and other parties arising from the civil case, all conducted from his office in Simsbury, Connecticut, will only be minimally disrupted if the trial is held in Springfield.  However, a trial in Boston would completely disrupt the defendant's businesses for at least a month.  **Regardless of the outcome of the trial, the government has no right under any circumstances to impose such harsh conditions on Mr. Carpenter's ability to keep his businesses running and to earn a living while defending himself**.  See United States v. Herold, supra.

6.  **Expense to the Parties**.  As stated earlier, transferring the case to Springfield will save the defendant at least $250,000 in travel, accommodations, *per diem*, and related expenses.  Similarly, the government – which maintains an office in Room 310 of the Springfield courthouse – will not incur *any* additional expense if the case is transferred to Springfield.

7.  **Location of Counsel**.  All of the defendant's attorneys are located in Connecticut and New York, making Springfield much more convenient for them than Boston.  Furthermore, as stated above, the U.S. Attorney for the District of Massachusetts maintains an

office in Room 310 of the Springfield courthouse. Consequently, Springfield is just as convenient for the government as is Boston.

8. **Relative Accessibility of Place of Trial & Docket Condition of Each District**. As demonstrated above, the Western Division of this Court is much more accessible to Mr. Carpenter and the majority of the witnesses than the Eastern Division. Furthermore, the docket in the Western Division is much less crowded than that of the Eastern Division.[2] To the extent the currently presiding judge believes that he has invested so much time in the substance of the case to make transfer impracticable from the viewpoint of judicial economy, His Honor can consider transferring both this criminal case and the FOIA case (see below) to the Western Division and continuing to preside over both cases, thereby keeping the currently scheduled July 11th trial date.

9. **FOIA Case**.

The case that the defendant commenced against the Justice Department under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in the District of Connecticut, was recently transferred to the District of Massachusetts and marked as "related" to the pending criminal case. The entire case file was transferred from Hartford to Boston on May 10, 2005. See Carpenter v. U.S. Dept. of Justice, No. 05-CV-00172 (AWT) (Dkt. No. 11) (D. Conn. May 10, 2005) (transferring docket and case file to D. Mass.). In the interests of judicial economy, this Court should transfer the FOIA case to Springfield at the same time it transfers this pending criminal case to Springfield.

---

[2] In fact, it can be argued that the docket in the Eastern Division is at least *11 times busier* than the docket in the Western Division, in view of there being eleven non-senior district judges assigned to Boston and only one non-senior district judge assigned to Springfield.

10. **Improper Venue**. Venue remains improper with respect to Counts 3 and 4 of the Superseding Indictment (alleging wire fraud relating to transmissions sent from New Hampshire to Pennsylvania). Consequently, as part of its transfer order, this Court should dismiss Counts 3 and 4 for improper venue.

## CONCLUSION

In light of the foregoing, this Court should (i) immediately transfer this case to the Western Division of the District of Massachusetts; (ii) transfer the FOIA case to the Western Division of the District of Massachusetts and mark the FOIA case as "related" to the criminal case; (iii) dismiss Counts 3 and 4 of the Superseding Indictment for lack of venue; and (iv) **if** this motion is granted, deny – with the defendant's consent – the defendant's verified emergency motion to transfer venue to the District of Connecticut. (Dkt. No. 66.)

Dated: May 12, 2005

DANIEL E. CARPENTER,
By his attorney,

**/s/ Jack E. Robinson**
Jack E. Robinson, Esq. (BBO # 559683)
2187 Atlantic Street
Stamford, CT 06902
Tel: (203) 425-4500
Fax: (203) 425-4555
E-mail: Robinsonesq@aol.com