UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO EXCLUDE TIME FROM MAY 9 TO JULY 11, 2005**

In his Opposition, filed May 9, 2005, the defendant: (a) opposes the government's motion to exclude, under the Speedy Trial Act, the two month continuance (May 9 to July 11) that the Court granted in response to the defendant's second motion to continue the trial; and (b) questions the legitimacy of an earlier joint motion to exclude the one month continuance (April 4 to May 9) that the Court granted in response to the defendant's first motion to continue. (Opposition at ¶ 5) (Dkt. 70).

The United States submits this reply memorandum to make two points in response: (1) the defendant's Opposition contradicts his previous representations to the Court; and (2) separate and apart from the defendant's past representations, the ends of justice warrant excluding the time encompassed by each of his requested continuances.

I.  **Defendant's Opposition Contradicts His Previous Representations to the Court**

Both of the Speedy Trial Act exclusions that Carpenter now appears to be positioning himself to challenge involve trial continuances that *he* sought and received. Moreover, at the time of each continuance request, defense counsel explicitly stated that the defendant would agree to the exclusion of the requested time under the Act.

A.  Defendant's First Continuance Request

On March 24, 2005, at what was scheduled to be the final pre-trial conference in this case, Carpenter's then-counsel, Attorney John Pappalardo of Greenberg Traurig, orally moved to continue the April 4, 2005 trial date based on a court conflict that had unexpectedly arisen in another of his cases. In making the request, Mr. Pappalardo stated that he had discussed the matter with Carpenter and that:

> He is fully aware of my situation. He wants me to be involved in the trial of his case, and he indicated that if the Court were to see fit to grant a continuance here, that of course there would be – he would agree to excludable time until the case was tried.

See Transcript, 3/24/05 Conference, at 7 - 8, attached at Exhibit A (Dkt. 51).

In response, at a further conference held on March 28, 2005, the Court granted the defendant's oral motion and ordered that the trial be continued to May 9, 2005. That same day, government counsel prepared a joint motion to exclude the time from the initial trial date (April 4) to the new trial date (May 9). Defense counsel assented to the filing of the motion. See E-mails to/from Assistant U.S. Attorney Pineault and Attorney Georgopoulos, attached at Exhibit B. The government filed the joint motion on March 30, 2005. (Dkt. 50). The Court allowed it by electronic order dated April 29, 2005.

B.  Defendant's Second Continuance Request

On March 31, 2005, another of the defendant's attorneys, Alan Dershowitz, filed an emergency motion stating that Carpenter had just terminated the services of Attorney Pappalardo, that the defendant was in the process of retaining successor counsel, and that he urgently required a further continuance in the trial date to permit time for successor counsel to be retained and to prepare for trial. In the motion, Attorney Dershowitz stated:

2

> If the requested additional continuance is granted, the defendant
> hereby agrees to exclude all Speedy Trial Act time up through and
> including the date chosen for jury selection pursuant to such
> additional continuance.

(Motion at 3 n.1.) (Dkt. 53).

In an accompanying memorandum, Attorney Dershowitz asserted that: "[s]ubstitution of new lead defense counsel in such a significant and extensive case is a sufficient reason for a continuance that tolls the running of the Speedy Trial Act clock pursuant to the "ends of justice" exception under 18 U.S.C. § 3161(h)(8)(A)." (Memorandum at 8, citing cases). He also noted, without expressing any objection or concern, the joint motion that the parties had filed to exclude the time encompassed by Carpenter's first continuance request. (Memorandum at 12 n.6).

At an emergency hearing conducted on March 31, the Court granted a further continuance of the trial, from May 9 to July 11, 2005. Government counsel then prepared and filed a corresponding motion to exclude. (Dkt. 68). It is that motion that Carpenter now opposes.

As the above discussion indicates, Carpenter's Opposition violates the representations that his attorneys made in requesting each of the trial continuances that the Court has granted. Carpenter appears to be positioning himself in such a way as to (now) condition his assent to a Speedy Trial Act exclusion on the Court's willingness to transfer this case to Connecticut (Opposition at 1) – a transfer that the government opposes. Absent such a transfer, Carpenter seems to be laying the groundwork to challenge the exclusion of the time that is encompassed by the trial continuances that *he* requested.

If that is the game that Carpenter is playing, the Court should not countenance it. Carpenter cannot sandbag the Court and the prosecution by moving for continuances, representing that he will agree to exclude the time encompassed by the requested continuances,

3

and then reneging on those representations after the Court has postponed the trial.[1]  E.g., United States v. Pringle, 751 F.2d 419, 434 (1st Cir. 1984) ("Defense counsel may not simultaneously use the [Speedy Trial] Act as a sword and a shield.  We think it unethical and dishonest for defense counsel to waive the Act in the trial court and then disclaim such waiver upon appeal."); United States v. Rush, 738 F.2d 497, 508 (1st Cir. 1984) (defendants may not deliberately obtain a continuance for their own convenience in the face of speedy trial concerns articulated by the trial court and then later claim that the court abused its discretion in granting the requested continuance); see also United States v. Maxwell, 351 F.3d 35, 41 (1st Cir. 2003) ("'The assertion of a defendant's speedy trial rights should not be a game in which the defendant attempts to engineer a basis to argue that the STA or the Sixth Amendment has been violated.'") (quoting from the district court's opinion, citation omitted).

II.     The "Ends of Justice" Warrant Excluding the Time Encompassed by Each of the Defendant's Requested Continuances

Separate and apart from the representations that defense counsel previously have made to this Court, the "ends of justice" provision in the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), justifies excluding the periods of time encompassed by each of Carpenter's requested continuances.

The first continuance resulted from a court scheduling conflict that rendered Carpenter's

---

[1] Carpenter denies any contradiction in his position as to the second continuance request, claiming that he only agreed to a Speedy Trial Act exclusion if the Court continued the trial to December, not if the Court granted a shorter continuance. (Opposition at ¶ 2).  Defendant's assertion borders on the frivolous.  If, as Carpenter vigorously contended in his March 31 motion to continue, the ends of justice supported the seven month postponement that he requested, then plainly the same ends of justice support the two month continuance that the Court allowed.  See also Part II, below.

then-lead counsel unable to commence trial on April 4.  The unavailability of defense counsel is an accepted basis for a continuance and an "ends of justice" exclusion.  E.g., United States v. Pringle, 751 F.2d at 432 ("The legislative history of the Speedy Trial Act Amendments Act of 1979 indicates that scheduling conflicts of either defense or government counsel were intended by Congress to be legitimate grounds for granting a continuance under § 3161(h)(8).").

The second continuance resulted from Carpenter's sudden termination of his lead counsel and his emergency motion seeking time to: (a) retain substitute counsel, and (b) permit substitute counsel to prepare for trial.  Such circumstances also constitute an accepted basis for a continuance and an "ends of justice" exclusion.  E.g., United States v. Papaleo, 853 F.2d 16, 20 (1st Cir. 1988) (delay attributable to continuance granted to allow defendant time to obtain successor counsel was excludable under Speedy Trial Act).

Carpenter nonetheless asserts that the Court "did not make any findings on the record" regarding the ends of justice.  (Opposition at ¶ 3).  He further claims that the government impermissibly is seeking "retroactive applicability."  (Opposition at ¶ 4).  Both contentions are meritless.

First, where, as here, the bases for the continuance request(s) were articulated in detail in pleadings and/or on the record, a district court need not set forth the reasons again in a separate decision.  E.g., United States v. Rush, 738 F.2d at 507; United States v. Bruckman, 874 F.2d 57, 62 (1st Cir. 1989) ("[w]here the motion sets forth the basic facts, and they are obvious, it is not necessary for the court to articulate them.") (internal citations omitted).  Given, however, Carpenter's apparently shifting positions on excludable time, the government respectfully requests that the Court consider issuing a written memorandum and order setting forth its

5

findings and reasoning under the Speedy Trial Act. It is permissible for the Court to do so subsequent to the issuance of its orders granting each of Carpenter's continuance motions. E.g., United States v. Rush, 738 F.2d at 507 (the reasons for an (h)(8) continuance need not be given by the district court at the time the continuance is granted, but may be elaborated by the court at a later date).

Second, there is nothing retroactive about the government's motion to exclude. It was filed on May 9 for the purpose of excluding a prospective period of time – namely the period encompassed by Carpenter's second requested continuance (May 9 to July 11, 2005).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court exclude under the Speedy Trial Act, in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8)(A), the period from May 9 to July 11, 2005 and set forth in a written memorandum and order the reasons for its exclusion of this time, and also the reasons for its previous exclusion of the time from April 4 to May 9, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

  /s/ **Michael J. Pineault**         
Michael J. Pineault
Jonathan Mitchell
Assistant U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Dated: May 12, 2005                             Boston, MA 02210