UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
ALTERNATIVE "EMERGENCY" MOTION TO TRANSFER
VENUE TO THE WESTERN DIVISION OF MASSACHUSETTS**

The United States opposes the defendant's alternative "emergency" transfer motion, which seeks to send this case to Springfield if the Court is disinclined to transfer it to Hartford. The government objects to Springfield for the same reasons that it objects to Hartford.

1.  This case has no connection to the Western Division of Massachusetts. None of the victims or witnesses reside there. None of the relevant events occurred there. No mailings or wires originated from or were sent there. None of the evidence is located there.

2.  Springfield is no more convenient than Hartford for the majority of the percipient fact witnesses. It is approximately 90 miles from Boston to Springfield, as compared to 100 miles from Boston to Hartford. As indicated on the Government's Witness List, the majority of the prosecution's witnesses are from Massachusetts and reside in the eastern part of the state. See Exhibit A. It will be equivalently burdensome for them to have to journey to Springfield as to Hartford. Most of the government's remaining witnesses will be flying to Boston from New York City.

3.  Springfield is likewise no more convenient or less expensive for the government.

The prosecutors assigned to this case work out of Boston, as does the case agent. They would need to relocate to Springfield for the duration of the trial, just as they would need to relocate to Hartford if the case were transferred there.

      4.      Judicial economy and efficiency also favor Boston over Springfield, just as they favor Boston over Hartford, and for the same reasons. This case was indicted in Boston, litigated in Boston, and has a firm July 11 trial date in Boston, before a judge who is familiar with the case. None of that is true for Springfield or for Hartford. The defendant's suggestion that the Court could rectify those problems by relocating itself and its staff to Springfield is wholly impracticable.

      5.      In short, the crimes charged in the indictment occurred substantially in eastern Massachusetts; the majority of the fact witnesses reside here; the case was investigated and indicted here; the prosecution team is based here; the evidence is here; the Court is here; and we have a July 11 trial date here. To ignore all of that, disregard the trial date, and relocate virtually everything either to Springfield or Hartford at this late date – based on the defendant's belated assertions of inconvenience – makes no sense.

CONCLUSION

For all of the foregoing reasons, the government requests that the Court deny the defendant's "alternative" motion to transfer venue to the Western Division of Massachusetts.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: |  |
|  | **/s/ Michael J. Pineault**<br>Michael J. Pineault<br>Assistant U.S. Attorney<br>U.S. Courthouse, Suite 9200<br>1 Courthouse Way |
| Dated: May 13, 2005 | Boston, MA 02210 |