UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER   ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ALTERNATIVE MOTION TO TRANSFER VENUE TO THE WESTERN DIVISION**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully submits this reply in further support of his alternative motion to transfer venue to the Western Division of the District of Massachusetts dated May 12, 2005 (Dkt. No. 71), and in response to the government's opposition dated May 13, 2005. (Dkt. No. 74.)

The only thing that "makes no sense" (Gov. Opp. 2) is to conduct a trial of this case in Boston. The Platt factors clearly, heavily and unequivocally favor transfer of venue to the District of Connecticut.

However, in an attempt at compromise and to be sensitive to the government's professed concerns about maintaining the July 11th trial date at all costs, the defendant filed his supplemental emergency motion to, in the alternative, transfer this case to the Western Division of this Court in Springfield. In response, the government's position on this issue is essentially "Boston or bust." Unfortunately for the government, however, the law favors transfer of this case no matter how unyielding the government's position is about demanding that a trial occur in Boston.

1.  At the risk of being redundant, it is the convenience of and cost to the defendant and *all* of the witnesses that is of paramount concern, not the convenience to the

1

prosecution team or *some* of the *government's* witnesses. A trial in Hartford or – to a lesser degree – Springfield would be much more convenient for and less costly to the defendant and the majority of the witnesses in this case (who live outside Massachusetts, with most living in Connecticut) than a trial in Boston.

2. The government's witnesses who are "flying to Boston from New York City" (Gov. Opp. 1) can just as easily fly from New York City to Bradley International Airport, which is situated between and serves both Hartford and Springfield, or take a train or drive to Hartford or Springfield.

3. The fact that the criminal case was indicted and the civil case litigated in Boston is totally irrelevant and is not one of the governing <u>Platt</u> factors (nor is the Court's familiarity with the case or that a July 11th trial date has been set). Furthermore, neither the defendant nor his wife attended the civil trial in Boston because of their contention (to be pursued on appeal of the civil case) that the Massachusetts state court lacked personal jurisdiction over them. Moreover, the government's opposition completely ignores the defendant's argument that the U.S. Attorney for the District of Massachusetts should have referred the exchangors' complaints in this matter to the U.S. Attorney for the District of Connecticut for investigation. The government cannot now use its failure to do so as a bootstrap for the argument that its inappropriate investigation in the District of Massachusetts justifies maintaining venue in the District of Massachusetts (or Boston).

4. All of the acts alleged to be criminal and committed by the defendant occurred in Connecticut. However, the defendant is willing to be flexible and defend himself in Springfield. The government, more concerned about convenience to the prosecution team and

2

an FBI case agent than about any of the Platt factors that control the issue, nevertheless demands that the trial occur in Boston.

5.  The crimes charged in the indictment occurred, if at all, in the Hartford area or in New York City, and certainly more witnesses are located in the Hartford and New York City areas than all of Massachusetts combined. Even a cursory reading of the indictment in this case shows that the only alleged crimes were (a) the defendant's reviewing and editing of certain documents or (b) the defendant's investing the funds in stock options in BPE's accounts at Merrill Lynch and PaineWebber. If the former, then the editing and reviewing occurred in Connecticut. If the latter, the investments were all directed from Connecticut and were made in BPE's accounts at brokerage firms located in New York City. Therefore, if any crime was committed, it was committed in the District of Connecticut or in the Southern District of New York.[1]

6.  Furthermore, the prosecution team has an office and the Court has an *empty* courtroom in Springfield.[2] The evidence can be accessed just as easily in Springfield as in Boston, the July 11th trial date can still be accomplished in Springfield and, as the government seems to forget, the entire Commonwealth of Massachusetts comprises a single federal judicial district. See Local Rule 40.1(C).

7.  **Consequently, the alternative motion to transfer to the Western Division is *not* a motion to transfer from one judicial district to another, and, as a result, the standard for an intra-district transfer is much lower than the *Platt* standard (which the**

---

[1] Which explains why attorneys from the New York City office of the Dechert law firm have been informally monitoring certain developments in this case – although they have not filed appearances in this case.

[2] Undersigned counsel has conferred with the Deputy Clerk in Springfield and was informed that only two of the three courtrooms in Springfield are currently being used by Judge Ponsor and Magistrate Judge Neiman.

**defendant has satisfied in any event).** To ignore this in the face of the substantial cost and inconvenience to be suffered by the defendant and the majority of the witnesses if they are forced to participate in this case in Boston really "makes no sense."

8. The government's attempts to obfuscate the simple truth that 8 out of the 10 Platt factors weigh heavily in favor of transfer should not be countenanced. Nor should the defendant's genuine attempt to provide a satisfactory compromise alternative in Springfield be dismissed as some sort of game. Justice requires that the defendant's Constitutional rights take precedence over any slight inconveniences that may be encountered by two Assistant United States Attorneys and an FBI agent.

## **CONCLUSION**

For all of the foregoing reasons, the defendant respectfully requests that the Court grant the defendants' motions to transfer this case to the District of Connecticut or, in the alternative, the Western Division of the District of Massachusetts.

        Respectfully submitted,

        DANIEL E. CARPENTER,
        By his attorney,


        **/s/ Jack E. Robinson**
        Jack E. Robinson, Esq. (BBO # 559683)
        2187 Atlantic Street
        Stamford, CT 06902
        Tel: (203) 425-4500
        Fax: (203) 425-4555
        E-mail: Robinsonesq@aol.com

May 13, 2005