UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**DEFENDANT'S SUR-REPLY TO GOVERNMENT'S MOTION TO EXCLUDE TIME FROM MAY 9 TO JULY 11, 2005**

Defendant Daniel E. Carpenter respectfully submits this sur-reply in further opposition to the government's motion to exclude time under the Speedy Trial Act ("STA") from May 9 to July 11, 2005 (Dkt. No. 68), and particularly in response to the government's reply dated May 12, 2005. (Dkt. No. 73).

**ARGUMENT**

**THERE IS NO JUSTIFICATION FOR EXCLUDING TIME**

Contrary to the government's argument, the defendant is not playing any "game" or attempting to "sandbag" (Gov. Reply 3) the government or the Court. Rather, the defendant now finds himself in the untenable position of being forced to defend himself on July 11th in an inconvenient (and costly) forum where he is not alleged to have committed any act and to do so without competent and prepared trial counsel of his choosing. Under such unique circumstances, there is no basis or justification for excluding time under the STA.

If this is a "game," it is one of Constitutional proportions because it implicates the defendant's right to receive a fair trial – which the government appears intent on preventing. After leisurely investigating this case for over three years (including waiting another year after conclusion of the civil jury trial), the government is now trying to rush to trial as a means

1

of taking advantage of the defendant's unique predicament. In its haste, however, the government has overlooked defendant's STA rights and is now asking the Court to shore up the government's oversight by granting the pending motion to exclude time.

The defendant is not at all attempting to renege on knowing and voluntary waivers under the STA. See, e.g., Dkt. Nos. 43, 46. The issue is whether, and to what extent, any such waivers were knowingly and voluntarily made. In light of all the circumstances, the government is jumping to conclusions when it assumes that the defendant himself made informed waivers of the STA.

1. The defendant was not present in Court at the March 24, 2005 status conference where his former trial counsel stated:

> I am here today to ask for a continuance of the trial date. And I should underscore that **it is for personal reasons**. **It's not on behalf of this case or Mr. Carpenter**.

See Transcript, 3/24/05 Conference at 5 (emphasis added). Consequently, the initial continuance was sought not due to the defendant – but to alleviate the scheduling conflicts faced by defendant's counsel.

2. At the same March 24th conference, defendant's counsel also stated:

> It would be impossible for me to [try the Khodorkovsky case in Russia] and try Mr. Carpenter's case at the same time . . . Mr. Carpenter who, as the Court knows, is interested in receiving a speedy trial.

See Transcript, 3/24/05 Conference at 7-8. Because the defendant was not present at the March 24th conference, he was not necessarily aware what STA representations were being made on his behalf and whether, and to what extent, his counsel would be able to spend the amount of time necessary to prepare for trial.

2

3. Nor was the defendant present in Court at the March 28, 2005 status conference. Consequently, the defendant did not hear this statement made by prior trial counsel:

> If the Court orders us to go forward [on May 9th], I'll go forward. I don't know how much time I'm going to spend dealing with this case or in this country between now and May 9th. . .

See Transcript, 3/28/05 Conference at 4. Thereafter, without inquiring of defendant's counsel whether the defendant was expressly aware that counsel could not commit to prepare to try the defendant's case by May 9th, the Court set a May 9th trial date.

4. Immediately after the March 28th conference, the defendant ordered the transcripts from both conferences that led the defendant to have serious concerns about the ability of former trial counsel to prepare for, and represent the defendant at, trial.

5. The defendant also was not informed in advance of the "Joint Motion" to exclude time from April 4th to May 9th that was filed by the government on March 30, 2005 (Dkt. No. 50).

6. A second continuance to late 2005 was sought at an emergency hearing held on March 31, 2005, but the Court, to everyone's surprise, set a July 11th trial date even though the defendant requested a trial date later in the Fall and even though the Court had stated at the March 28th conference that the only two possible ranges of time for continuing the trial would be May or in the Fall.[1] As it so happens, defendant's civil counsel, Richard S. Order, Esq. (on whose supposed familiarity with the case the government places such emphasis), is the lead trial counsel in a federal antitrust trial in Hartford beginning on July 14th.

---

[1] The Court: "And the problem is that if because of our schedule, if we don't do it in May, it's going to be the Fall." See Transcript, 3/28/05 Conference at 9.

3

7. Finally, notwithstanding the foregoing, all of the government's concerns regarding the STA can be easily resolved by this Court granting the defendant's emergency motion to transfer.

## CONCLUSION

The defendant, facing 19 counts of mail and wire fraud, is in no position to play a "game" or "sandbag" anyone. Nor are the defendant's Constitutional rights under the STA "frivolous." (Gov. Reply 4, n.2.) This Court should deny the motion to exclude time and transfer the case as previously requested.

Respectfully submitted,

DANIEL E. CARPENTER,
By his attorney,

**/s/ Jack E. Robinson**
Jack E. Robinson, Esq. (BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
Tel: (203) 425-4500
Fax: (203) 425-4555
E-mail: Robinsonesq@aol.com

Dated: May 16, 2005