UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER   ) | |

**DEFENDANT'S MOTION TO INSPECT GRAND JURY SELECTION RECORDS PURSUANT TO THE JURY SELECTION AND SERVICE ACT**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves to inspect all grand jury selection records available under the Jury Selection and Service Act of 1968 (the "Act"), 28 U.S.C. §§ 1861 et seq. Because Mr. Carpenter's request satisfies the Act's requirements for access to grand jury selection records by a criminal defendant under 28 U.S.C. § 1867, this Court should grant the motion and provide Mr. Carpenter, his attorneys and his jury consultant with immediate access to all of the documents relating to the impaneling of the grand jury or grand juries (collectively, the "Grand Jury") that returned the indictment against Mr. Carpenter on February 4, 2004 (Dkt. #1) and the superseding indictment docketed on September 24, 2004 (Dkt. #34).

This motion is made in anticipation of further motions to (i) inspect the Grand Jury minutes, (ii) challenge the Grand Jury selection process, and (iii) dismiss the superseding indictment for Grand Jury bias.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the Court's earliest convenience, but in no event later than the final pre-trial conference scheduled for **Thursday, June 30, 2005, at 2:00 p.m.**

1

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

**I.    THE GRAND JURY SELECTION RECORDS MUST BE PRODUCED BEFORE TRIAL**

Section 1867(f) of the Act provides, in pertinent part:

The contents of the records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under . . . this section . . . **The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion**.

28 U.S.C. § 1867(f) (emphasis added).

This provision makes clear that a criminal defendant "has essentially an *unqualified* right to inspect jury lists . . . Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." Test v. United States, 420 U.S. 28, 30 (1975) (emphasis in original).  See also United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996) ("We adhere to and apply the Supreme Court's determination that a defendant . . . challenging the jury selection procedures has an **unqualified** right to inspect jury records") (emphasis added); United States v. Orlando-Figueroa, 229 F.3d 33, 41 (1st Cir. 2000) ("Criminal defendants have an **absolute** right to inspect jury selection records pursuant to 28 U.S.C. § 1867(f).") (emphasis added).

Because the Act provides Mr. Carpenter with an unqualified and absolute right to access Grand Jury selection records, Mr. Carpenter respectfully requests that the Court enter

2

an order immediately granting Mr. Carpenter, his counsel and his jury consultant access to all materials under the Act including, but not limited to, the following:

- all records that will establish the race, sex, age, ethnicity, economic status, education level and city or town (including duration in such city or town) for all persons who served on the Grand Jury;

- all juror qualification forms submitted by persons who served on the Grand Jury;

- the method of selection of all persons who served on the Grand Jury;

- the method of selection of each foreperson who chaired the Grand Jury and the juror qualification form for each such person; and

- any and all documents regarding the selection of the Grand Jury maintained by the Clerk pursuant to the United States District Court for the District of Massachusetts Plan for Random Selection of Jurors, as amended November 2000 (a copy of which is annexed hereto as **Exhibit 1**).

Dated:  June 10, 2005

DANIEL E. CARPENTER,
By his attorney,


**/s/ Jack E. Robinson**
Jack E. Robinson, Esq.
(BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
(203) 425-4500
Robinsonesq@aol.com