# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## PLAN FOR RANDOM SELECTION OF JURORS
## (AS REVISED NOVEMBER 2000)

Pursuant to the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. §1863, the Court adopts the following Plan for the Random Selection of Jurors (the "Plan").

This court utilizes the one-step summoning and qualification procedure, as authorized by 28 U.S.C. §1878. Accordingly, jurors shall be qualified and summoned in a single procedure.

1. **DEFINITIONS**

For purposes of the Plan, the Clerk shall mean the Clerk of the Court, any authorized deputy clerks, and any other person authorized by the Court to assist the Clerk in the performance of functions under this Plan. The "Jury Commissioner" shall mean the Jury Commissioner for the Commonwealth of Massachusetts or his designees. The Jury Commissioner is hereby authorized to assist the Clerk in the performance of producing the master jury wheel.

2. **APPLICABILITY**

Pursuant to 28 U.S.C. S1869(e), the Master Jury Wheel for the District of Massachusetts is hereby divided into three divisions for petit and grand jury selection, as follows:

**Eastern Division**: The Counties of Essex, Middlesex, Suffolk, Norfolk, Bristol, Plymouth, Barnstable, Dukes, Nantucket.

**Central Division**: The County of Worcester.

**Western Division**: The Counties of Franklin, Hampshire, Hampden and Berkshire.

3.  **DISCRIMINATION PROHIBITED**

No citizen shall be excluded from service as a grand or petit juror on account of race, color, religion, sex, national origin or economic status.

4.  **MANAGEMENT AND SUPERVISION OF JURY SELECTION PROCESS**

The Clerk shall manage the jury selection process under the general supervision of the Chief Judge or his designee.

5.  **RANDOM SELECTION FROM LOCAL RESIDENT LISTS**

(a) It is the policy of this Court that all citizens of this district shall have the opportunity to be considered for service on grand and petit juries and shall have an obligation to serve as jurors when summoned for that purpose.

(b) The Court finds that the numbered local resident lists submitted annually to the Office of the Jury Commissioner for the Commonwealth of Massachusetts in accordance with Massachusetts General Laws Chapter 234A includes all registered voters, supplemented by all residents not registered to vote, and represents a fair cross section of the community in this District.

(c) Accordingly, in order to implement the Court's policy, the names of persons to be considered for service as grand or petit jurors, on or after the effective date of the Plan shall be selected at random from the numbered local resident lists within the relevant division as defined above, except those Master Jury Wheels in use as of the effective date of the Plan may be used until emptied according to the law.

6. **SELECTING NAMES BY MACHINE METHOD**

(a) The Court finds that electronic data processing methods can be advantageously used for selecting and copying names from the local resident lists. Therefore, a properly programmed electronic data processing system, at the Clerk's option, exercised after consultation with the Chief Judge, may be used to select master wheel names from the local resident lists, provided that the required proportions of names for each county are maintained.

(b) The Clerk shall request that the Jury Commissioner utilize the procedures outlined in the Jury Commissioner's regulation entitled "Specifications of Random Selection Methods and Procedures", attached hereto, for the selection of the names to be placed in the Master Jury Wheel for each division, so that each county shall be represented in proportion to the number of names on its resident lists.

7. **METHOD AND MANNER OF RANDOM SELECTION**

(a) At the Clerk's option, exercised after consultation with the Chief Judge, the selection of names from complete source list databases in electronic media for the master jury wheel may be accomplished by a purely randomized process through a properly programmed electronic data processing system. Similarly, at the option of the Clerk, exercised after consultation with the Chief Judge, a properly programmed electronic data processing system for pure randomized selection may be used to select names from the master wheel for the purpose of summoning persons to serve as grand or petit jurors. Such random selections of names from the source list for inclusion in the master wheel by data computer personnel must insure that each county within the jury division is substantially proportionally represented in the master jury wheel in accordance with 28 U.S.C. §1863 (b)(3). The selections of names from the source list and the

3

master wheel must also insure that the mathematical odds of any single name being picked are substantially equal.

### 8. THE MASTER JURY WHEEL

(a) The Master Jury Wheel shall consist of the names and addresses of all persons randomly selected from the local resident lists in accordance with Section 6 of this Plan. The physical form of record on which names from the Master Wheel are kept may include labels or such electronic devices as magnetic tapes or disc files.

(b) Initially, the Clerk shall place in the Master Jury Wheel the number of names that are perceived to be needed in order to provide qualified jurors for the Court, but this number shall always be at least 25,000 names for the Eastern division, 4,000 names for the Central division and 4,000 names for the Western division. The Clerk shall empty and refill the Master Jury Wheel once every year during the period between January 1st and April 30th in conformance with this Plan or at more frequent intervals as deemed necessary or expedient by the Clerk under the supervision of the Chief Judge. The Chief Judge, or his designee, may order additional names to be placed in the Master Jury Wheel at other times, as needed.

### 9. DRAWING NAMES FROM THE MASTER JURY WHEEL AND COMPLETION OF JUROR QUALIFICATION FORM

(a) The Clerk, either at one time or at periodic intervals, shall publicly draw at random from the Master Jury Wheel, the names of as many persons as may be required based upon the anticipated juror demands by the Court. The number of names, plus additional names sufficient to compensate for the estimated number of prospective jurors who will be unavailable or ineligible, shall be determined by the Court.

(b)  The Clerk, by automated or manual means, shall prepare and cause to be mailed to every person whose name is drawn, a one step juror summons/qualification form accompanied by instructions to fill out and return the form, duly signed and sworn, by mail to the Clerk within ten days in accordance with 28 U.S.C. §1864(a).

(c)  The Clerk shall issue summonses to the persons so drawn and serve the summonses by registered, certified or first class mail, as the Clerk shall determine with the approval of the Chief Judge, addressed to each such person at his or her usual residence or business address.

## 10.  QUALIFICATIONS, EXEMPTIONS, AND EXCUSES FROM JURY SERVICE

(a)  **QUALIFICATIONS**

<u>Under the supervision of the Court, the Clerk,</u> shall determine, solely on the basis of information provided on the juror qualification form and other competent evidence, whether a person is unqualified for, or exempt, or to be excused from jury service. The determination shall be noted in the space provided on the juror qualification form or on supporting documentation. Any person shall be deemed qualified for jury service unless he or she:

(1)  is not a citizen of the United States;

(2)  is less than eighteen years of age;

(3)  has not resided within the judicial district for a period of one year or more;

(4)  is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;

(5)  is unable to speak the English language;

(6)  is unable, by reason of mental or physical infirmity, to render satisfactory jury service; or

5

(7)  has a charge pending against him/her for the commission of, or has been convicted in a State or Federal Court of record of, a crime punishable by imprisonment for more than one year, and his/her civil rights have been lost and have not been restored.

**(b)  EXEMPTIONS**

The following classes of persons are exempt from jury service:

(1)  members in active service in the armed forces of the United States;

(2)  members of the fire or police departments of any state, district, territory, possession or subdivision thereof;

(3)  public officers in the executive, legislative, or judicial branches of the government of the United States, or any state, district, territory, or possession or subdivision thereof, who are actively engaged in the performance of official duties. Public officer shall mean a person who is either elected to public office or who is directly appointed by the person elected to public office.

**(c)  EXCUSES**

The Clerk, upon individual request, shall excuse the following classes of persons:

(1)  any person over the age of 70 yrs old;

(2)  any person who has served at least 5 days of state jury service or any federal jury service within the last 3 years;

(3)  volunteer safety personnel who serve without compensation as firefighters or members of a rescue squad or ambulance crew for a public agency in accordance with 28 U.S.C. §1863(b)(5)(B). (Public agency shall mean the United States, the Commonwealth of Massachusetts, or any unit of local government, department, or instrumentality of the foregoing.)

Under the supervision of the Court, the Clerk, upon individual request showing undue hardship or extreme inconvenience, may excuse any person from jury service for the period that such extreme hardship or inconvenience exists. "Undue hardship or extreme inconvenience" shall mean illness of the juror or a member of the juror's household; the active care and custody of a

6

child under ten years of age; the active full-time care of an aged or infirm person; or business or recreational travel plans established before the receipt of the summons for jury service.

11. **MISCELLANEOUS**

(a) No person shall make public or disclose to any person not employed by this Court the names drawn from the Master Jury Wheel until the jurors have been summoned and have appeared, or failed to appear, in response to the summons. Any judge of this Court may order that the names of jurors remain confidential thereafter if the interests of justice so require.

(b) The names of any jurors drawn from the Master Jury Wheel and selected to sit on a Grand Jury shall be kept confidential and not made public or disclosed to any person not employed by the Court, except as otherwise authorized by a court order in an individual case pursuant to 28 U.S.C. §1867(f).

(c) If a judge of this Court finds that a case requires a large array of jurors but it later appears that the array is larger than necessary, the Clerk shall draw by lots the surplus jurors and assign them as is or appears appropriate. Jurors left over in the array of jurors summoned for grand jury or petit jury service may be called in at the next impanelling of a grand jury or petit jury, together with those jurors who were temporarily excused.

(d) From time to time the Court may direct the Clerk to draw from the Master Jury Wheel such number of persons as may be required for grand and petit jury arrays and supplemental arrays. A "supplemental array" shall mean a small list of prospective jurors which may be added to a regular array as necessary when a regular array needs additional names because of excused or increased jury requirements. When added to the regular array, the supplemental array shall then become a part of the regular array until that array is terminated.

_____
William G. Young
Chief United States District Judge

_____
Joseph L. Tauro
United States District Judge

_____
Robert E. Keeton
United States District Judge

_____
Rya W. Zobel
United States District Judge

_____
Mark L. Wolf
United States District Judge

_____
Douglas P. Woodlock
United States District Judge

_____
Edward F. Harrington
United States District Judge

_____
Nathaniel M. Gorton
United States District Judge

_____
Richard G. Stearns
United States District Judge

_____
Reginald C. Lindsay
United States District Judge

_____
Patti B. Saris
United States District Judge

_____
Nancy Gertner
United States District Judge

_____
Michael A. Ponsor
United States District Judge

_____
George A. O'Toole, Jr.
United States District Judge

REGULATIONS

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISION |
|---|---|---|
| | EFFECTIVE DATE: | October 1, |
| | PAGE 1 OF 12 PAGES | |

7.1. This regulation sets forth specifications for the generation of random numbers and for random selection procedures to be used by the Office of Jury Commissioner in the implementation of Chapter 234A of the Massachusetts General Laws, and, in particular, under sections seven and fourteen of the said chapter. Furthermore, the regulation is intended to provide a conceptual description of the computerized operations performed by the Office of Jury Commissioner which comprise an integral part of the process by which citizens are summoned to perform juror service.

RANDOM NUMBER GENERATOR

7.2. On or before the first day of August of each year, the Office of Jury Commissioner shall generate a computer file of random numbers. This file shall be stored on a magnetic tape or disk. A printout of the entire file shall be available in the Office of Jury Commissioner for inspection by members of the public. The file shall contain a quantity of random numbers sufficient to satisfy the estimated requirements of the Office of Jury Commissioner until July thirty-first of the following year. If necessary, the Office of Jury Commissioner shall generate alternate and/or supplementary files of random numbers which shall comply with this regulation. Hereafter in this regulation, this file shall be referred to as RANDFI.

| TITLE: | REGULATION NO: 7 | REVISIO |
|---|---|---|
| Specifications of Random Selection Methods and Procedures | EFFECTIVE DATE: October 1, | |
| | PAGE 2 OF 12 PAGES | |

7.3. RANDFI shall contain a sequence of independent random numbers, uniformly distributed between zero and one. Each number shall be a decimal fraction, consisting of a decimal point and seven digits to the right of the decimal point. These numbers shall be arranged in blocks of ten thousand numbers per block.

7.4. The Fortran computer program or subroutine, RANDU, shall be used to generate RANDFI. This subroutine requires an integer as input. It computes two outputs: a new "random" integer and a uniformly distributed "random" fraction between zero and one. The random fraction shall be stored in RANDFI. The random integer shall be used as the input to the next execution of RANDU. Thus, by executing RANDU repetitively, a sequence of random fractions can be generated and stored in RANDFI.

7.5. The following table contains values of parameters which are used by or specific to RANDU as executed by the Office of Jury Commissioner.

RANDU PARAMETERS

| Modulus | $2^{31}$ = 2,147,483,648 |
|---|---|
| Period | $2^{29}$ = 536,870,912 |
| Multiplier | 31,415,925 |
| Initial Integer | 271,828,183 |

REGULATIONS

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISION |
|---|---|---|
| | EFFECTIVE DATE: October 1, | |
| | PAGE 3 OF 12 PAGES | |

7.6. In the computation of random numbers, RANDU uses the multiplicative congruential method, also known as the power residue method. For an explanation of the mathematical theory of this method, see Donald E. Knuth, The Art of Computer Programming, Volume 2, Chapter 3, Addison Wesley Publishing Company, Second Edition, 1969, and International Business Machines, Manual GC 20-8011-0, Random Number Generation and Testing.

7.7. The multiplicative congruential method used by RANDU is as follows:

$$X_1 = aX_0, \text{ modulo } m$$
$$f_1 = X_1/m.$$

In the above, a is the multiplier, m is the modulus, and $X_0$ is the intial integer. $X_1$ is the first integer output and $f_1$ is the first fraction output. In the second execution of RANDU, $X_1$ is the integer input; a second random integer and fraction are generated; etc. The computation of the random integers is performed in modulus arithmetic. The X's are computed exactly, without rounding or truncation. The f's are rounded to seven decimal places and stored sequentially in RANDFI.

7.8. There are other methods of generating random numbers that are superior (in the mathematical sense) to the multiplicative congruential method used in RANDU. See

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISIO |
|---|---|---|
| | EFFECTIVE DATE: | October 1, |
| | PAGE 4 OF 12 PAGES | |

Case 1:04-cr-10029-GAO    Document 78-2    Filed 06/10/2005    Page 12 of 19

Forsythe, Malcolm, and Moler, <u>Computer Methods for Mathematical Computations</u>, Chapter 10, Prentice Hall Publishing Company, 1977, and <u>Knuth</u>, supra. However, the random fractions generated by RANDU in accordance with this regulation will result in random selections that meet and exceed the legal standard of having been drawn from a fair cross-section of the population; see section 1 of said Chapter 234A.

TESTING INTEGRITY OF RANDOM NUMBERS

7.9. The chi-square statistic shall be computed for each block of ten thousand random fractions. Let CHISQ be the value of this statistic. If CHISQ is less than or equal to 123.23 the block shall be stored in RANDFI. If CHISQ exceeds this limit, the entire block shall be discarded. The values of CHISQ for all blocks of RANDFI shall be contained in the printout of RANDFI. All values of CHISQ for rejected blocks shall be recorded. These data shall be available in the Office of Jury Commissioner for inspection by members of the public.

R E G U L A T I O N S

| TITLE: | REGULATION NO: 7 | REVIS |
|---|---|---|
| Specifications of Random Selection Methods and Procedures | EFFECTIVE DATE: October | |
| | PAGE 5 OF 12 PAGES | |

7.10. The procedure for computing CHISQ is as follows. Ea random fraction of a block is multiplied by 100, truncated (without rounding), and 1 added to the result. The block now contains 10,000 integers, each integer being between 1 and 100 inclusive. In the block, one would expect to find one hundred 1's, one hundred 2's, . . . , and one hundred 100's. The value of CHISQ measures the deviation of the frequencies of the actual numbers in the block from that of the expected frequencies. Let $N_1$ be the actual number of 1's in the block; let $N_2$ be the actual number of 2's; . . . ; let $N_{100}$ be the actual number of 100's. The formula is:

$$CHISQ = \frac{(N_1 - 100)^2}{100} + \frac{(N_2 - 100)^2}{100} + \ldots + \frac{(N_{100} - 100)^2}{100}.$$

If each actual frequency were exactly equal to its expected value of 100, the value of CHISQ would be zero. As the actual frequencies differ from the expected values (either higher or lower), the value of CHISQ increases. The greater are the deviations, the higher is CHISQ. It follows intuitively that if CHISQ is too "high" on frequent occasions, the generator may be suspect. It is also true that if CHISQ is frequently too "low" the generator may be producing sequences that are not sufficiently random. For this reason, all values of CHISQ will be saved and reviewed by the Office of Jury Commissioner,

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVIS |
|---|---|---|
| | EFFECTIVE DATE: October | |
| | PAGE 6 OF 12 PAGES | |

7.11. An ideal generator will produce statistically unusual CHISQ values on rare occasions. This is inherent in the randomness of the process. Therefore, an occasional high CHISQ, standing alone, is not a sufficient reason to reject a block. Despite the statistical integrity of an infrequent high CHISQ, the legal ramifications must be considered. The source list, from which random selections are made, will be in alphabetical and/or geographical order. An unusually high CHISQ may result in a significantly higher selection density within one or several segments of the source list. Although unlikely, this could result in a skewed representation of the population of the source list. Consequently, as a safeguard, any block having an unusually high CHISQ will be discarded. It remains to define an upper limit for CHISQ. This upper limit is determined statistically by excluding the highest five percentile, or upper "tail," of the chi-square distribution. As set forth above, this value is 123.23. For an explanation of the mathematical theory of the chi-square test and the rejection criterion, see <u>Knuth</u>, supra, sections 3.3.1, and 3.3.2.

## RANDOM SELECTION OF PROSPECTIVE JURORS

7.12. On or before the first day of August of each year, the Office of Jury Commissioner shall generate a list of random numbers for each city or town. Each number in the list shall correspond to the numbered resident having the identical number on the local

R E G U L A T I O N S

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVIS |
|---|---|---|
| | EFFECTIVE DATE: October 1 | |
| | PAGE 7 OF 12 PAGES | |

resident list of the city or town. Each such numbered resident, so identified and selected, shall be a prospective juror. The master juror list is defined as the aggregate of prospective jurors from all cities and towns. Grand and trial jurors shall be selected and summoned from the master juror list by a random process.

7.13. The model for random selection of numbered residents from a particular city or town for inclusion in the master juror list is as follows. Suppose the particular city or town has N numbered residents from which a random sample of n is desired. The name of each resident is written on a ballot and deposited in a drum. The drum is thoroughly mixed. Ballots are drawn by chance, one after another, without replacement, until n ballots have been drawn. At any step in the selection process, all ballots in the drum have an equal likelihood or probability of being selected on the next draw. Algorithm SAMPLE is a computer method for simulating this model.

ALGORITHM SAMPLE

7.14. This algorithm selects at random n numbered residents from a local resident list having a population of N.

R E G U L A T I O N S

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISI... |
|---|---|---|
| | EFFECTIVE DATE: October 1 | |
| | PAGE 8 OF 12 PAGES | |

Step 1: Let $b = 1$. Let $m = 0$.

Step 2: Read the next random fraction, $f$, from RANDFI.

Step 3: Compute $f_0 = (n - m)/(N - b + 1)$. If $f$ is greater than or equal to $f_0$, go to Step 5. Otherwise, go to Step 4.

Step 4: Select the bth numbered resident. Let $m = m + 1$. Let $b = b + 1$. If $m$ is less than $n$, go to Step 2. If $m = n$, the algorithm is completed.

Step 5: Do not select the bth numbered resident. Let $b = b + 1$. Go to Step 2.

7.15. Algorithm SAMPLE simulates random selection of ballots without replacement from a drum. Each ballot is considered in sequence. At any step, the bth ballot is being considered. The ballot is either selected or rejected depending on a test. The ballot is rejected if the random fraction obtained from RANDFI for this ballot is greater than or equal to the mathematical probability of the ballot being selected at this step in the selection process; otherwise, the ballot is selected. The probability of selecting the bth ballot where m selections have already been made is $(n - m)/(N - b + 1)$. The numerator is the number of ballots yet to be drawn to complete the sample; the denominator is the number of ballots remaining in the drum. The algorithm terminates when exactly n selections have been made,

Case 1:04-cr-10029-GAO    Document 78-2    Filed 06/10/2005    Page 17 of 19

R E G U L A T I O N S

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISI |
|---|---|---|
| | EFFECTIVE DATE: October 1, | |
| | PAGE 9 OF 12 PAGES | |

i.e., when $m = n$. The probability that <u>any</u> ballot is chosen is $n/N$. At the conclusion of SAMPLE, the result is a list of n random integers, in increasing order, without duplicates, each integer having a range between 1 and N inclusive. The algorithm requires no sorting or merging. The source list (which may be large) does not have to be stored in the memory of the computer during the execution of the algorithm. For a more detailed explanation of the mathematical theory of the algorithm, see <u>Knuth</u>, supra, section 3.4.2.

RANDOM SUMMONING OF JURORS

7.16. On or before the first day of October of each year, the Office of Jury Commissioner shall prepare prospective juror lists for each city and town of Middlesex County and the master juror list. The master juror list is the aggregate of prospective jurors from all cities and towns. This list shall be stored on magnetic tape or disk, hereinafter referred to as MASTL. The prospective jurors in MASTL shall appear in random order. Once the randomization of MASTL has occurred, grand and trial jurors shall be summoned in sequence from MASTL. MASTL shall not be a public record.

# REGULATIONS

| TITLE: Specifications of Random Selection Methods and Procedures | REGULATION NO: 7 | REVISIO |
|---|---|---|
| | EFFECTIVE DATE: October 1, | |
| | PAGE 10 OF 12 PAGES | |

7.17. The model for randomizing MASTL is that of shuffling a deck of N cards. Each prospective juror's name is written on a card, one name per card. The cards are thoroughly shuffled. When n jurors are to be summoned, n cards are taken from the top of the deck. When n jurors are to be summoned from MASTL, the next n jurors are read in sequence from the randomized (or shuffled) MASTL.

## ALGORITHM SHUFFLE

7.18. This algorithm is an easy and efficient computer method for randomly shuffling a deck of N cards or a list of N names. Let $J_1, J_2, \ldots, J_N$ be the N prospective jurors of the master juror list in the order they appear prior to shuffling.

<u>Step 1</u>: Let $i = N$.

<u>Step 2</u>: Read the next fraction from RANDFI, multiply by $i$, truncate (without rounding), and add 1. The result, $j$, is between 1 and $i$ inclusive.

<u>Step 3</u>: Exchange $J_i$ and $J_j$.

<u>Step 4</u>: Decrease $i$ by 1. If $i$ is greater than 1, return to Step 2. If $i = 1$, the algorithm is completed.

_____
William G. Young
Chief United States District Judge

_____
Joseph L. Tauro
United States District Judge

_____
Robert E. Keeton
United States District Judge

_____
Rya W. Zobel
United States District Judge

_____
Mark L. Wolf
United States District Judge

_____
Douglas P. Woodlock
United States District Judge

_____
Edward F. Harrington
United States District Judge

_____
Nathaniel M. Gorton
United States District Judge

_____
Richard G. Stearns
United States District Judge

_____
Reginald C. Lindsay
United States District Judge

_____
Patti B. Saris
United States District Judge

_____
Nancy Gertner
United States District Judge

_____
Michael A. Ponsor
United States District Judge

_____
George A. O'Toole, Jr.
United States District Judge

8