UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>DANIEL E. CARPENTER )<br>) | CRIMINAL NO. 04-10029-GAO |

**DEFENDANT'S EMERGENCY MOTION FOR PRODUCTION OF DISCOVERY
PURSUANT TO FED. R. CRIM. P. 16(a)(1)(E) AND LOCAL RULE 116.3(J)
(Defendant's Discovery Motion No. 2)**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves this Court *on an emergency basis* (in light of the July 11, 2005 trial date) for an order requiring the government to produce certain discovery subsequent to the initial discovery period pursuant to Fed. R. Crim. P. 16(a)(1)(E) and Local Rule 116.3(J).

Mr. Carpenter has an urgent need to examine any and all information provided to the government by his business competitor – John J. Koresko, V, Esq. ("Koresko") – to which a United States Congressman has referred in a letter sent to the government. Mr. Carpenter also seeks all documents that refer to, relate to, or reflect any conversations between AUSA Michael J. Pineault and Koresko. The requested materials are within the government's possession, custody and control and are material to preparing Mr. Carpenter's defense. Consequently, they should be provided pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i). This is Mr. Carpenter's second discovery motion.[1]

---

[1] Mr. Carpenter previously filed a motion for the production of a computer hard drive (Dkt. #58) that was granted by the Court on May 4, 2005. (Dkt. #63.) The government, however, did not comply with the Court's order until almost a month later.

1

## REQUEST FOR ORAL ARGUMENT

Mr. Carpenter requests oral argument on the within motion at the Court's earliest convenience, but in no event later than the **June 30, 2005** final pretrial conference.

## LOCAL RULES 7.1(A)(2) & 116.3(F) STATEMENT

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

## LOCAL RULE 116.3(J) STATEMENT

Mr. Carpenter hereby certifies that any delay in making this motion is for good cause. Specifically, the materials requested in this motion were first requested from the government in a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, request dated August 18, 2004. Since that time, the government has delayed and stonewalled Mr. Carpenter and has refused to provide the information. This necessitated Mr. Carpenter filing a FOIA action against the Department of Justice in the District of Connecticut that was recently transferred to this Court pursuant to the government's motion to transfer and assigned to Judge Lasker. See Carpenter v. U.S. Dept. of Justice, No. 05-cv-11012-MEL (the "FOIA Action").

On the date hereof, Mr. Carpenter has filed a motion for summary judgment in the FOIA Action. Although Mr. Carpenter has requested an expedited hearing on that motion, it is unlikely that Judge Lasker will issue a ruling prior to the July 11th trial date scheduled in this case. Consequently, the need for this motion – so that Mr. Carpenter can prepare his defense in the criminal case – has become paramount.[2]

---

[2] Of course, the granting of this motion will render the FOIA Action moot and will lead Mr. Carpenter to dismiss the FOIA Action.

**MEMORANDUM OF LAW**

I. **THE GOVERNMENT SHOULD BE REQUIRED TO PRODUCE THE REQUESTED MATERIAL**

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure states, in pertinent part:

> Upon a defendant's request, the government **must** permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places . . . if the item is within the government's possession, custody or control and: (i) the item is material to preparing the defense . . .

Fed. R. Crim. P. 16(a)(1)(E)(i) (emphasis added). It is clear that the requested information is material to Mr. Carpenter's defense. The requested information consists of the following:

    a. All documents, correspondence, records, or files provided by or obtained from Koresko that refer to, relate to, or reflect (a) Daniel E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin Services, Inc.; (g) the investigation leading to this criminal case; or (h) the criminal case itself after the indictment was returned; and

    b. All documents that refer to, relate to, or reflect any conversation between AUSA Pineault and Koresko (collectively, the "Materials").

The government has an obligation under the Federal Rules of Criminal Procedure to produce the Materials, which consist of documents sent to or for the benefit of AUSA Pineault by Koresko that refer to, relate to, or reflect Mr. Carpenter himself, the Benistar companies he was affiliated with, this criminal case that AUSA Pineault investigated and presented to the grand jury for indictment, and any conversations Koresko had with AUSA Pineault.

Mr. Carpenter has good reason to believe that the Materials exist. Annexed hereto as **Exhibit 1** is a letter dated February 25, 2004 from Congressman Jim Gerlach

3

(R.-Pa.) to the Department of Labor which states, "I also understand that Mr. Koresko has been of assistance to your office, the Boston office of DOL/EBSA and **Assistant U.S. Attorney Michael Pineault in the Boston office of the United States Attorney**." Emphasis added.

Clearly, the Materials exist and they are in the possession of AUSA Pineault. Mr. Carpenter has a need for the Materials so that he can determine, among other things, the extent of pre- and post-indictment communications among the triumvirate of Koresko, AUSA Pineault and the exchangors' attorneys. This information will, in turn, lead to a determination of whether Mr. Carpenter decides to call certain witnesses and pursue certain defense theories. See United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2003) (error for district court to deny access to documents material to the defense). Nor can the information sought be described in any way as government work product, which is not discoverable. See Fed. R. Crim. P. 16(a)(2).

## **CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that this Court grant the Motion and order the government to produce the Materials immediately.

Dated: June 17, 2005

                                        DANIEL E. CARPENTER,
                                        By his attorney,

                                        **/s/ Jack E. Robinson**
                                        Jack E. Robinson, Esq.
                                        (BBO #559683)
                                        2187 Atlantic Street
                                        Stamford, CT 06902
                                        (203) 425-4500
                                        Robinsonesq@aol.com