UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE RELATING TO COUNTS 3 AND 4 FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO DISMISS**
**(Defendant's Motion *In Limine* No. 2)**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude **all** evidence relating to Counts 3 and 4 of the superseding indictment (Dkt. #34) for lack of venue. Specifically, because Counts 3 and 4 relate to wire transmissions sent from New Hampshire to Pennsylvania and New York, venue in this Court is improper regarding those two counts and this Court should exclude any and all evidence offered by the government relating to those two counts.

In the alternative, Counts 3 and 4 should be dismissed outright pursuant to Fed. R. Crim. P. 12(d), 17.1.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

1

**MEMORANDUM OF LAW**

I.  **VENUE IN THIS COURT IS IMPROPER REGARDING COUNTS 3 AND 4**

"[T]he government must prove by a preponderance of the evidence that venue is proper as to **each** individual count." United States v. Salinas, 373 F.3d 162, 163 (1st Cir. 2004) (emphasis added).  "[V]enue under the mail and wire fraud statutes lies at the place where an individual causes a mailing or wire communication to be **sent or received**." United States v. Donato, 866 F. Supp. 288, 292 (W.D. Va. 1994) (dismissing mail and wire fraud indictment for lack of venue) (emphasis added).  See also United States v. Kim, 246 F.3d 186, 191 (2d Cir. 2001) (holding that venue for wire fraud exists where a wire "was sent and where it was received.").

Counts 3 and 4 of the superseding indictment ("SSI") involve a single exchange transaction performed by Benistar Property Exchange Trust Co., Inc. ("BPE") for Bellemore Associates, LLC ("Bellemore").  Unlike all the other exchangors listed in the SSI, Bellemore was located outside Massachusetts and its single exchange involved properties in New Hampshire.  The SSI charges that:

> On or about August 9, 2000, $444,659.65 in proceeds from the sale of the Bellemore property was wired from New Hampshire to Mellon Bank in Pittsburgh, PA for the benefit of the Merrill Lynch B01 Account.

SSI ¶ 90.  See also SSI ¶ 103 (Count 4).

Since the wire transmission charged in Count 4 was not sent or received in Massachusetts, venue regarding Count 4 is obviously lacking.  See United States v. Percuoco, 630 F. Supp. 784, 786 (D. Mass. 1986), aff'd, 814 F.2d 806 (1st Cir. 1987) ("An indictment, returned in a district other than where the crime was committed, must be dismissed.").

Consequently, any and all evidence offered by the government relating to Count 4 should be excluded or, in the alternative, Count 4 should be dismissed.

Count 3 simply involves a facsimile letter sent by an attorney in New Hampshire to BPE's offices in Massachusetts enclosing the exchange agreements and "notifying [BPE] of forthcoming $444,659.65 wire," which was sent the next day from New Hampshire to Pennsylvania to New York. SSI ¶ 103 (Count 3).[1] However, **no funds** were transmitted to BPE with this letter and, in fact, Count 3 is the only count in the SSI which charges a mail or wire transmission that did not include the sending of funds to BPE. Count 3 is multiplicitous of Count 4 because, taken together, they charge essentially a single offense – *i.e.*, wire fraud with respect to the proceeds from the Bellemore exchange sent to BPE.

Multiplicity refers to charging what should be charged as a single offense in multiple counts. See United States v. Jones, 403 F.3d 604, 606 (8th Cir. 2005) ("An indictment is multiplicitous when it charges a single offense in multiple counts; such an indictment is improper because it can lead to the imposition of multiple punishments for the same crime, violating the Double Jeopardy Clause of the Fifth Amendment."). The First Circuit has established the following test to determine whether one count is multiplicitous of another:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

United States v. Serino, 835 F.2d 924, 930 (1st Cir. 1987) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Counts 3 and 4 relate to the same act or transaction – sending the proceeds from the Bellemore exchange to BPE – and they both charge wire fraud. Each count does not require

---

[1] All wire transfers sent to Merrill Lynch were sent first to Mellon Bank in Pennsylvania and were then forwarded to Merrill Lynch in New York. See SSI ¶¶ 8, 30.

"proof of a fact which the other does not." Blockburger, 284 U.S. at 304. Thus, Count 3 is multiplicitous of Count 4.[2]

Since Counts 3 and 4 relate to the same transaction (*i.e.*, a wire transfer in the amount of $444,659.65 sent from New Hampshire to Pennsylvania to New York), clearly venue in Massachusetts is improper with respect to Count 4 and Count 3 is multiplicitous of Count 4. Consequently, any and all evidence relating to Counts 3 and 4 should be excluded.

In the alternative, pursuant to Fed. R. Crim. P. 12(d) and 17.1, Counts 3 and 4 should be dismissed outright for the same reasons. See United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983), cert. denied, 466 U.S. 973 (1984) ("[Rule 12(d)] clearly indicates that findings of fact as well as of law are within the province of the district court to make in pretrial proceedings.").

                                                  DANIEL E. CARPENTER,
                                                  By his attorney,

                                                  **/s/ Robert M. Goldstein**
                                                  Robert M. Goldstein
                                                  Mass. Bar No. 630584
                                                  20 Park Plaza, Suite 903
                                                  Boston, MA 02116
                                                  (617) 742-9015
                                                  rmg@goldstein-lawfirm.com

Dated: June 23, 2005

---

[2] However, had the letter in Count 3 been *mailed* to BPE rather than sent by facsimile – and Count 3 had charged mail fraud instead of wire fraud – then there would be no multiplicity.

**CERTIFICATE OF SERVICE**

  I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

              **/s/ Robert M. Goldstein**
              Robert M. Goldstein