UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE RELATING TO COUNTS 1-2 AND 5-13 FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO DISMISS**
(**Defendant's Motion *In Limine* No. 3**)

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude **all** evidence relating to Counts 1-2 and 5-13, inclusive, of the superseding indictment ("SSI," Dkt. #34) for lack of venue. Although these counts allege wire transfers sent *on behalf of* Massachusetts accountholders, all of the actual wire transmissions were sent from financial institutions located outside of Massachusetts to Pennsylvania and New York. Consequently, venue in this Court is improper regarding all of these counts and this Court should exclude any and all evidence offered by the government relating to these counts.

In the alternative, Counts 1-2 and 5-13, inclusive, should be dismissed outright pursuant to Fed. R. Crim. P. 12(d), 17.1.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

1

**MEMORANDUM OF LAW**

I.     **VENUE IN THIS COURT IS IMPROPER REGARDING THESE COUNTS**

"[T]he government must prove by a preponderance of the evidence that venue is proper as to **each** individual count." United States v. Salinas, 373 F.3d 162, 163 (1st Cir. 2004) (emphasis added). "[V]enue under the mail and wire fraud statutes lies at the place where an individual causes a mailing or wire communication to be **sent or received**." United States v. Donato, 866 F. Supp. 288, 292 (W.D. Va. 1994) (dismissing mail and wire fraud indictment for lack of venue) (emphasis added). See also United States v. Kim, 246 F.3d 186, 191 (2d Cir. 2001) (holding that venue for wire fraud exists where a wire "was sent and where it was received.").[1]

   A.     **Counts 1 and 2 (Fidelity).**

Counts 1 and 2 charge wire transfers sent from brokerage accounts at Fidelity Investments ("Fidelity") to Merrill Lynch in Pennsylvania and New York. However, the wire transfers sent from Fidelity were actually sent by Boston-based Fidelity subsidiary National Financial Services Corp. ("NFS") from the NFS account at Chase Manhattan Bank (now JP Morgan Chase) *located in New York*. See also www.fidelity.com.

As is evident from Government Trial Exhibits 55 (Count 1) and 56 (Count 2), copies of which are annexed hereto as **Exhibit 1** and **Exhibit 2**, respectively, the wire transfers at issue were sent from Chase Manhattan Bank in New York (even though on behalf of a Massachusetts Fidelity customer) to Merrill Lynch in Pennsylvania and New York. Since it is the improper use of the wires that is relevant under the wire fraud statute, evidence relating to

---

[1] The minority view, which has *not* been adopted by the First or Second Circuits, is that venue for wire fraud offenses is proper "in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was 'orchestrated.'" United States v. Pace, 314 F.3d 344, 349-50 (9th Cir. 2002).

Counts 1 and 2 should be excluded because the wires at issue were not sent or received in Massachusetts.  Alternatively, Counts 1 and 2 should be dismissed outright for lack of venue.

### B.     Counts 5-11 (Citizens Bank).

Counts 5-11 all charge wire transfers sent from various accounts at Citizens Bank ("Citizens") to Merrill Lynch in Pennsylvania and New York and to PaineWebber in New York.[2]  However, **all** wire transfers sent from Citizens accounts – even those of Massachusetts accountholders at Massachusetts branches – are processed by and sent from the Citizens Operations Center located in Riverside, Rhode Island.  See, e.g., www.citizensbank.com; Gov. Trial Exs. 128 & 129 (Count 5), 14 (Count 6), 85 (Count 7), 94 (Count 8), 99 (Count 9), 104 (Count 10), 109 (Count 11) (annexed hereto as **Exhibits 3-10**).[3]  Because the wire transfers charged in Counts 5 through 11, inclusive, were not sent or received in Massachusetts, all evidence regarding those counts should be excluded.  Alternatively, Counts 5 through 11, inclusive, should be dismissed outright for lack of venue.

### C.     Count 12 (Sovereign Bank).

Count 12 charges a wire transfer sent from an account at Sovereign Bank ("Sovereign") to PaineWebber in New York.  However, **all** wire transfers sent from Sovereign – even those of Massachusetts accountholders at Massachusetts branches – are processed by and sent from the Sovereign Operations Center located in Reading, Pennsylvania.  See, e.g., www.sovereignbank.com; Gov. Trial Ex. 71 (annexed hereto as **Exhibit 12**).  Because the

---

[2]  Unlike wires sent to Merrill Lynch, which were routed through Mellon Bank in Pennsylvania before arriving at Merrill Lynch in New York (see SSI ¶¶ 8, 30), wires sent to PaineWebber were sent directly to Bank of New York in New York.  See SSI ¶ 8.

[3]  For example, Gov. Trial Ex. 14 (**Exhibit 5**) shows the sender as "Citizens Savings Bank, RI."  Furthermore, Government Trial Exhibit 50 (annexed hereto as **Exhibit 11**) also proves that all Citizens wires – even those of Massachusetts accountholders at Massachusetts branches – are sent from Rhode Island.

wire transfer charged in Count 12 was not sent or received in Massachusetts, all evidence regarding Count 12 should be excluded. Alternatively, Count 12 should be dismissed outright.

### D. Count 13 (Fleet Bank-NYC).

Count 13 charges a wire transfer sent from an account at Fleet Bank of New York (now Bank of America) ("Fleet-NYC") to PaineWebber in New York. As is evident from Government Trial Exhibit 72 (annexed hereto as **Exhibit 13**), the wire transfer was sent from Fleet-NYC in New York to PaineWebber in New York. Because the wire transfer charged in Count 13 was not sent or received in Massachusetts, all evidence regarding Count 13 should be excluded. Alternatively, Count 13 should be dismissed outright.[4]

Another basis for dismissal of Count 13 is that the wire charged in that count did not travel "in interstate or foreign commerce," as required under the wire fraud statute (18 U.S.C. § 1343) because it was both sent and received in New York. Since this wire did not cross state lines, it fails to meet the "jurisdictional peg on which to hang the federal prosecution." United States v. Darby, 37 F.3d 1059, 1067 (4th Cir. 1994). As this Court recently held, "the government was required to prove beyond a reasonable doubt that the pertinent wire transmissions *actually crossed state lines*." United States v. Phillips, No. 03-cr-30018, Mem. at 6 (D. Mass. June 8, 2005) (Ponsor, J.) (granting judgment of acquittal on wire fraud counts because transmissions did not cross state lines) (emphasis added).

As a result, Count 13 should also be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Crim. P. 12(b)(3).

---

[4] By comparison, Count 14 charges a wire transfer sent *directly* from Bay State Savings Bank in Worcester to PaineWebber in New York. See Government Trial Exhibit 73 (annexed hereto as **Exhibit 14**). Consequently, venue in this Court *is* proper with respect to Count 14 and this count is not included in this motion *in limine*.

**E.    Summary.**

Since none of the wire transmissions charged in Counts 1-2 and 5-13, inclusive, were sent or received in Massachusetts (or in one case did not cross state lines), venue (or subject matter jurisdiction) with respect to these counts is improper and, consequently, any and all evidence relating to these counts should be excluded.[5]

In the alternative, pursuant to Fed. R. Crim. P. 12(b), 12(d) and 17.1, these counts should be dismissed outright for the same reasons.  See United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983), cert. denied, 466 U.S. 973 (1984) ("[Rule 12(d)] clearly indicates that findings of fact as well as of law are within the province of the district court to make in pretrial proceedings.").

> DANIEL E. CARPENTER,
> By his attorney,
>
>
> **/s/ Robert M. Goldstein**
> Robert M. Goldstein
> Mass. Bar No. 630584
> 20 Park Plaza, Suite 903
> Boston, MA 02116
> (617) 742-9015
> rmg@goldstein-lawfirm.com

Dated:  June 23, 2005

---

[5]  While most of the Exhibits contained herein facially demonstrate the absence of venue in Massachusetts, several of such Exhibits merely indicate the originating bank without a specific reference to its geographic location.  However, co-counsel has verified with the responsible persons at the originating banks that all of the identified wires were sent from outside Massachusetts.

**CERTIFICATE OF SERVICE**

  I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

            **/s/ Robert M. Goldstein**
            Robert M. Goldstein