UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT AND ITS WITNESSES FROM REFERRING TO THE EXCHANGORS AS "VICTIMS"**
(**Defendant's Motion *In Limine* No. 4**)

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to preclude the government and its witnesses from referring to the exchangors whose funds were lost and who are identified in paragraph 58 of the superseding indictment (the "Exchangors") as "victims."

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

**I.     THE EXCHANGORS ARE NOT "VICTIMS"**

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A et seq., requires restitution in the case of **conviction** for certain federal crimes, including mail and wire fraud. See 18 U.S.C. § 3663A(c)(1)(A)(ii). The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an **offense** . . ." 18 U.S.C. §

3663A(a)(2) (emphasis added). Because there can be no "offense" unless and until there has been a conviction, there also can be no "victim" unless and until there has been a conviction. See Hughey v. United States, 495 U.S. 411, 416 (1990) ("the statute is intended to compensate victims only for losses caused by the conduct underlying the **offense of conviction**.") (emphasis added).

The highly prejudicial effect of referring to the Exchangors as "victims" at any time during the trial is obvious because it conveys to the jury that Mr. Carpenter must have committed an offense by which the Exchangors were victimized.

Furthermore, if a witness refers to an Exchangor as a "victim," that would constitute a legal opinion given by a lay witness in violation of Fed. R. Evid. 701. And if the prosecutor refers to an Exchangor as a "victim," that would constitute impermissible vouching that communicates the prosecutor's personal opinion to the jury that he has concluded that the Exchangors are "victims" of a crime – all in violation of Mr. Carpenter's due process rights.

## CONCLUSION

Consequently, the government and its witnesses should be precluded from referring to the Exchangors as "victims" at any time while the jury is present.

                DANIEL E. CARPENTER,
                By his attorney,

                **/s/ Robert M. Goldstein**
                Robert M. Goldstein
                Mass. Bar No. 630584
                20 Park Plaza, Suite 903
                Boston, MA 02116
                (617) 742-9015
                rmg@goldstein-lawfirm.com

Dated: June 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

/s/ **Robert M. Goldstein**
Robert M. Goldstein