UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE TO THE SUBSTANCE OF, OR JUDGMENT ENTERED IN, THE PRIOR RELATED CIVIL ACTION**
(**Defendant's Motion *In Limine* No. 5**)

Defendant Daniel E. Carpenter, through undersigned counsel, and without waiving his rights under the Confrontation Clause, respectfully moves *in limine* to preclude the government and its witnesses from making any reference to the substance of, claims asserted in, or the judgment entered in the prior related civil action, Cahaly, *et al*. v. Benistar Property Exchange Trust Co., Inc., *et al*., Consolidated Action Nos. 01-0116BLS2, Superior Court, Suffolk County, Commonwealth of Massachusetts (the "Civil Action"), on the grounds that any probative value of the Civil Action is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 403.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

1

**MEMORANDUM OF LAW**

I. **THE SUBSTANCE OF THE CIVIL ACTION WILL CONFUSE AND MISLEAD THE JURY, RESULTING IN SUBSTANTIAL AND UNFAIR PREJUDICE TO THE DEFENDANT**

Rule 403 of the Federal Rules of Evidence permits the exclusion of evidence that will deflect the jury from deciding the case on its factual merits and invite the jury to make its decision based on considerations that do not relate to the issues in the case. Mr. Carpenter is facing criminal charges of mail and wire fraud. In the earlier Civil Action, involving the **exact** same facts as alleged in the superseding indictment (Dkt. #34), Mr. Carpenter was found liable on all of the exchangors' claims resulting in a $20 million judgment. This judgment is currently on appeal to the Massachusetts Appeals Court.

Introducing evidence of the allegations, claims, findings, and/or judgment in the Civil Action will mislead and confuse the jury.[1] The burden of proof by preponderance of the evidence that a plaintiff must carry in a civil trial is significantly lower than the proof beyond a reasonable doubt burden that the government must carry in a criminal trial. This substantial difference makes the claims alleged and the judgment entered in the Civil Action completely irrelevant. See Fed. R. Evid. 402. However, a jury untrained in the difference between civil liability and criminal guilt will likely wrongly infer from the adverse civil ruling of liability that Mr. Carpenter must also be guilty of committing a crime. In fact, most non-lawyers think that the term "guilty" applies to both civil and criminal cases.

This likelihood is compounded because the crime with which Mr. Carpenter is charged has the same name as the common law tort (*i.e.*, fraud) for which he was found liable in the Civil Action. Once the jury hears that the same exchangors previously asserted claims of

---

[1] However, Mr. Carpenter does not object to the mentioning of the **existence** of the Civil Action, without any further reference to the claims alleged or the judgment entered therein.

"fraud" against Mr. Carpenter and obtained a $20 million judgment (including punitive damages under Mass. Gen. Laws c. 93A) based in part on their fraud claims, the jury will most certainly assume it is a foregone conclusion that if Mr. Carpenter was found liable for civil fraud, he must also be guilty of criminal mail and wire fraud.[2]

An inference of criminal guilt from a civil judgment arising from the same nucleus of operative facts denies Mr. Carpenter his right to require the government to prove each and every element of the charged criminal offenses beyond a reasonable doubt.  See United States v. Frankhauser, 80 F.3d 641, 650 n.6 (1st Cir. 1996) (references to earlier case "created a danger of confusing the jury, distracting it from the main issues it had to decide, and misleading it into placing too much importance on the [prior] case.").

Furthermore, a limiting instruction will be an entirely inadequate remedy.  While it is plausible to instruct a jury that *prior, similar* acts are not to be considered as evidence that the charged crime was committed, it will be next to impossible to instruct and convince the jury that a civil judgment relating to the *same* acts may not be considered as evidence of the defendant's guilt.

Because any probative value of the Civil Action is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and misleading the jury, the government and its witnesses should be precluded from referencing or mentioning at any time in the presence of the jury the substance of, claims alleged in, or the judgment entered in the Civil Action.  Such evidence should be excluded under Fed. R. Evid. 403.

---

[2] Such an inference would be particularly unfair and prejudicial in this case, since Mr. Carpenter was unable to testify and defend himself in the Civil Action, and was forced to invoke his Fifth Amendment right against self-incrimination, due to the government's parallel criminal investigation which ultimately led to the indictment.  Allowing the jury to make such an inference from the Civil Action would effectively punish Mr. Carpenter for exercising his rights under the Fifth Amendment.

**II.  REFERENCE TO THE CLAIMS ALLEGED AND JUDGMENT ENTERED IN THE CIVIL ACTION WOULD ALSO CONSTITUTE INADMISSIBLE HEARSAY NOT FITTING WITHIN AN EXCEPTION**

While Fed. R. Evid. 803 (22) provides a hearsay exception for the admission of certain felony convictions, prior *civil judgments* do not come within this exception.  See id. ("adjudging a person guilty of a crime").  Civil judgments are given less evidentiary effect because the lower burden of proof makes them less reliable than criminal judgments.  Consequently, evidence relating to the claims alleged and judgment entered in the Civil Action is inadmissible hearsay.  See Fed. R. Evid. 801, 802.

## CONCLUSION

In light of the foregoing, the defendant respectfully requests that the Court grant this motion *in limine* and preclude the government from making any reference to the substance of, claims asserted in, or the judgment entered in the prior related civil action.

> DANIEL E. CARPENTER,
> By his attorney,
>
>
> **/s/ Robert M. Goldstein**
> Robert M. Goldstein
> Mass. Bar No. 630584
> 20 Park Plaza, Suite 903
> Boston, MA 02116
> (617) 742-9015
> rmg@goldstein-lawfirm.com

Dated:  June 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

**/s/ Robert M. Goldstein**
Robert M. Goldstein