UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
GOVERNMENT TRIAL EXHIBIT 189
(Defendant's Motion *In Limine* No. 8)**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude from evidence Government Trial Exhibit 189 consisting of, inter alia, financial spreadsheets and compilations (collectively, the "Spreadsheets") prepared by Linda Jokinen – the administrative manager of Benistar Property Exchange Trust Co., Inc. ("BPE") – and Jackie Spielman. The Spreadsheets are irrelevant and inadmissible. They also fail to qualify as business records and, therefore, are not admissible under the hearsay exception found in Fed. R. Evid. 803(6).

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

I.     **THE SPREADSHEETS ARE IRRELEVANT & PREJUDICIAL**

As is evident from Government Trial Ex. 189 (attached hereto as **Exhibit 1**),[1] the Spreadsheets should be excluded as being completely irrelevant and prejudicial pursuant to Fed. R. Evid. 402 and 403. The Spreadsheets are merely BPE internal communications. There is no allegation in the superseding indictment that the exchangors ever saw the Spreadsheets or that the Spreadsheets were part of the agreements or promotional materials provided to the exchangors that allegedly constituted fraudulent misrepresentations. The Spreadsheets are irrelevant and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Additionally, the Spreadsheets contain information about many exchangors whose funds were successfully returned, with interest, and regarding whose exchanges Mr. Carpenter has not been charged. Consequently, admission of the Spreadsheets would also be prejudicial. Fed. R. Evid. 403.

II.    **THE SPREADSHEETS FAIL TO QUALIFY AS BUSINESS RECORDS**

In order for a business record to qualify under the hearsay exception of Fed. R. Evid. 803(6), it must (a) have been prepared in the normal course of business; (b) been made at or near the time of the events it records; and (c) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant. See Fed. R. Evid. 803(6). The Spreadsheets are inadmissible because they do not satisfy these requirements. For example, it does not appear that the Spreadsheets were made "at or near the

---

[1] This exhibit consists of approximately 50 pages of various spreadsheets, compilations and memoranda referencing transactions as early as 1998. For the Court's convenience, only the *first page* of this exhibit is contained in **Exhibit 1**.

time" of the events recorded. One of the Spreadsheets was created on or about October 22, 1999, yet refers to exchanges and entries occurring much earlier. See Willco Kuwait S.A.K. v. deSavary, 843 F.2d 618, 627-28 (1st Cir. 1988) (telex sent three months after events recorded was inadmissible). Compare United States v. Goodchild, 25 F.3d 55, 61-62 (1st Cir. 1994) (memos of telephone calls "made either during the telephone conversations or immediately following them" admissible). The purpose of the timeliness requirement is, of course, to increase the probability of accuracy.

The Spreadsheets do not constitute business records and, consequently, should be excluded.

## **CONCLUSION**

Consequently, on either basis, Government Trial Exhibit 189 should be excluded.

DANIEL E. CARPENTER,
By his attorney,


**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 23, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

                                              **/s/ Robert M. Goldstein**
                                              Robert M. Goldstein