UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>DANIEL E. CARPENTER   )<br>) | CRIMINAL NO. 04-10029-GAO |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALL TESTIMONY REGARDING THE MEANING OF THE BPE DOCUMENTS AND ANY REPRESENTATIONS MADE IN CONNECTION THEREWITH**
(**Defendant's Motion *In Limine* No. 9**)

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude all testimony from any witness, particularly the exchangors and their attorneys, regarding the meaning or their understanding of the Benistar Property Exchange Trust Co., Inc. ("BPE") exchange documents or promotional materials, and any oral and written representations made in connection therewith, on the grounds that such testimony is inadmissible hearsay, the agreements between BPE and the exchangors contain a merger and integration clause, and such testimony would constitute inadmissible opinions by lay witnesses excludable under Fed. R. Evid. 701.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

1

**MEMORANDUM OF LAW**

I. **ANY TESTIMONY REGARDING THE MEANING OF THE BPE DOCUMENTS IS INADMISSIBLE HEARSAY, INADMISSIBLE LAY OPINION, AND IRRELEVANT EVIDENCE.**

Any testimony offered by any witness, particularly the exchangors and their attorneys, as to the meaning of or their understanding regarding BPE's exchange documents and promotional materials (collectively, the "BPE Documents") constitutes inadmissible hearsay, since any such testimony would be offered solely "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The only objective of eliciting such testimony would be to prove that the BPE Documents were fraudulent – which is the ultimate matter asserted in this case. Whether the BPE Documents are fraudulent is an issue for the jury to decide based on its review of the BPE Documents in light of all the evidence. The subjective understandings of the exchangors and their attorneys regarding the BPE Documents can add nothing probative in this regard. See Owen v. United States, 34 F. Supp.2d 1071, 1077 (W.D. Tenn. 1998) ("testimony is being offered to prove the truth of the matter asserted in those documents (*i.e.*, payment and reason for payment) and is hearsay.").

Moreover, any testimony from the exchangors or their attorneys regarding their subjective understanding of the meaning of the BPE Documents, or any alleged oral or written representations made by BPE in connection therewith, would constitute inadmissible opinion testimony by lay witnesses in violation of Fed. R. Evid. 701. Finally, such testimony would also be irrelevant because the elements of mail and wire fraud do not in any way depend on the subjective state of mind of the exchangors or their attorneys. See United States v. Yeager, 331 F.3d 1216 (11th Cir.2003); Fed. R. Evid. 402.

## II.  ALLEGED REPRESENTATIONS ARE INADMISSIBLE BECAUSE THE BPE DOCUMENTS CONTAINED A MERGER CLAUSE

The BPE Documents were governed by Massachusetts law, see, e.g., Government Trial Exhibit 10, and contained a merger clause which provided as follows:

> This agreement contains **the entire agreement of the parties** hereto, and supersedes any **prior written or oral agreement** between them concerning the subject matter contained herein.  There are **no representations**, agreements, arrangements or understandings, **oral or written**, between the parties hereto, relating to the subject matter contained in this Agreement, which are not fully expressed herein.

Id. at 5 (emphasis added) (the "Merger Clause").  "The rule in Massachusetts is that where the writing shows on its face that it is the entire agreement of the parties and comprises all that is necessary to constitute a contract, it is presumed that they have placed the terms of their bargain in this form to prevent misunderstanding and dispute, intending it to be a complete and final statement of the whole transaction."  Agri-Mark, Inc. v. Niro, Inc., 233 F. Supp.2d 200, 208 (D. Mass. 2002) (internal citations and quotations omitted).

In light of the Merger Clause, any evidence, including testimony by the exchangors or their attorneys as to their subjective understandings regarding the meaning of the BPE Documents, is inadmissible.  Likewise, the government should also be precluded from introducing any evidence regarding alleged oral and written representations made to the exchangors or their attorneys by BPE because such alleged representations are inadmissible.

Specifically, any testimony by the exchangors or their attorneys that they were told by BPE (either orally or in the BPE Documents) that their funds would be "safe" is inadmissible because no such representation appears anywhere in the BPE Documents.  Moreover, the

Merger Clause makes it clear that the exchangors agreed that they were **not relying on any oral or written representations**.[1]

Under Massachusetts law, "oral assertions are inadmissible when they directly contradict the written contractual provisions." Merillat Industries, Inc. v. Johnston, 865 F. Supp. 60, 64 (D. Mass. 1994). See also Turner v. Johnson & Johnson, 809 F.2d 90, 96 (1st Cir. 1986) ("[I]f a jury is allowed to ignore contract provisions directly at odds with oral representations allegedly made during negotiations, the language of a contract simply would not matter anymore. Even if a sales contract provided that the product for sale is old, the buyer could claim that she purchased it only because the seller said it was new.").

## CONCLUSION

The Court should grant this motion *in limine* and exclude all testimony regarding the meaning or understanding of the BPE exchange documents or promotional materials, as well as regarding any oral and written representations allegedly made by BPE with respect thereto.

>DANIEL E. CARPENTER,
>By his attorney,
>
>**/s/ Robert M. Goldstein**
>Robert M. Goldstein
>Mass. Bar No. 630584
>20 Park Plaza, Suite 903
>Boston, MA 02116
>(617) 742-9015
>rmg@goldstein-lawfirm.com

Dated: June 23, 2005

---

[1] Consequently, the entire theory of this prosecution is at odds with basic contract law because while the Merger Clause confirms that the exchangors did not rely on any alleged oral or written representations that the funds would be "safe," that is the only basis upon which the indictment seeks to allege mail and wire fraud.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

**/s/ Robert M. Goldstein**
Robert M. Goldstein