UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALL TESTIMONY REGARDING ALLEGED ORAL AND WRITTEN REPRESENTATIONS
(**Defendant's Motion *In Limine* No. 10**)

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude all evidence of the alleged oral and written representations made to the exchangors or their attorneys by Martin L. Paley ("Paley"), on the ground that such alleged oral and written representations (collectively, the "Paley Representations") constitute inadmissible hearsay and should be excluded under the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment.

### REQUEST FOR ORAL ARGUMENT

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

### LOCAL RULE 7.1(A)(2) STATEMENT

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

I.  **THE PALEY REPRESENTATIONS CONSTITUTE INADMISSIBLE HEARSAY**

The government seeks to offer the Paley Representations into evidence to prove the truth of the matter asserted, *i.e.*, that false and/or fraudulent statements were made by Paley to induce the exchangors into conducting business with BPE.  See Fed. R. Evid. 801(c). However, the evidence is undisputed that Mr. Carpenter himself *never* made any of the Representations to the exchangors.  Consequently, the Paley Representations constitute inadmissible hearsay unless they fall under one of the hearsay exceptions.  See Fed. R. Evid. 801(d)(2)(D) (employee or agent statement), 801(d)(2)(E) (coconspirator statement).  Because the Paley Representations fall into neither exception, the Paley Representations are inadmissible and should be excluded.

The Paley Representations are not coconspirator statements within Fed. R. Evid. 801(d)(2)(E) for the very simple reason that the superseding indictment (Dkt. #34) does not charge a conspiracy.  "In this circuit, a predicate to the admission of hearsay evidence under the co-conspirator exception is a finding by the district judge that a conspiracy existed of which the defendant was a member . . ."  United States v. Murphy, 193 F.3d 1, 4-5 (1st Cir. 1999).  Since no conspiracy is charged, no conspiracy can be found.  In fact, the superseding indictment does not even identify unindicted coconspirators and the government has disclosed to Mr. Carpenter that none exist.  See L.R. 116.1(C)(1)(e) (government must produce to the defendant "[a]s to each conspiracy charged in the indictment, the name of any person asserted to be a known unindicted coconspirator.").  Consequently, Rule 802(d)(2)(E) is inapplicable and the Paley Representations cannot be admitted under this exception.

The First Circuit has outlined the requirements for hearsay to come within the Rule 801(d)(2)(D) exception as statements made within an agency relationship:

> Parties wishing to introduce statements into evidence under the aegis of Rule 801(d)(2)(D) must establish, by a preponderance of the evidence, (1) that an agency relationship existed; (2) that the statements were made during the course of the relationship; and (3) that the statements relate to matters within the scope of the agency . . . Although the Evidence Rules do not define 'agent' or 'servant,' federal courts grappling with Rule 801(d)(2)(D) proffers have adopted and applied the traditional meanings of those terms as reflected in the federal common law of agency.

Gomez v. Rivera Rodriguez, 344 F.3d 103, 116 (1st Cir. 2003).  Furthermore, "[i]t is hornbook law that an agency cannot be proven solely by the unsupported out-of-court statements of the claimed agent."  Id.

It is clear that the Paley Representations fail to satisfy the requirements under the agency exception found in Rule 801(d)(2)(D).  There is no allegation in the superseding indictment ("SSI"), or any evidence in the government's more than 200 trial exhibits, that Paley was "answerable and responsible" to Mr. Carpenter.  See United States v. Rioux, 97 F.3d 648, 660 (2d Cir. 1996).  Nor is there any allegation or evidence that Paley was under Mr. Carpenter's "continuous, supervisory control."  Lippay v. Christos, 996 F.2d 1490, 1499 (3d Cir. 1993).  In fact, the SSI alleges just the opposite – that Mr. Carpenter "co-directed, in consultation with [Paley], the operations of BPE-Newton." SSI ¶ 14.

Moreover, the Paley Representations, if made by Paley, were made outside the scope of the alleged agency because there is no allegation or evidence that Mr. Carpenter authorized (or even had the power to authorize) Paley to make the Paley Representations.  "An agency relationship must be shown to exist by independent evidence before out-of-court statements by a purported agent can be deemed admissions by a party-opponent."  Gomez, 344 F.3d at 116.  "At a bare minimum, the requisite foundation demands something *more* than intuitive

3

judgments emanating from broad generalities." Id. at 117 (emphasis added).  The government has failed to offer any independent evidence in this regard.  Just as in Gomez, which overruled the district court's admission of Rule 801(d)(2)(D) statements, "[h]ere there is no 'more.'" Id.  Consequently, the Paley Representations are inadmissible hearsay and should be excluded in their entirety.

## II.     THE PALEY REPRESENTATIONS ARE TESTIMONIAL HEARSAY

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  The Supreme Court's decision last term in Crawford v. Washington, 541 U.S. 36 (2004), "changed the legal landscape for determining whether the admission of certain hearsay statements violates the accused's Sixth Amendment right to confront witnesses." Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004).

Crawford changes the Supreme Court's previous confrontation analysis in three key ways.  First, if the hearsay offered against the accused qualifies as a "testimonial statement," then it no longer matters whether the hearsay falls within a "firmly rooted" exception to the hearsay rule; nor does it matter whether the statement falls under a novel exception that bears "particularized guarantees of trustworthiness." Id. at 65-69.  On this basis – at least with respect to "testimonial statements" – the Supreme Court overruled Ohio v. Roberts, 448 U.S. 56 (1980).

Second, if the hearsay offered against the accused does not qualify as a "testimonial statement," then it is unclear whether its use violates the Confrontation Clause.  Although the Supreme Court acknowledged that its Crawford analysis casts doubt on whether the use of such hearsay violates the Clause, the question was left unresolved for another day. Crawford,

4

541 U.S. at 68. Since Crawford, courts have ruled uniformly that Roberts still controls with respect to *nontestimonial* hearsay. See Horton, 370 F.3d at 84 ("[U]nless [the] statements qualify as 'testimonial,' Crawford is inapplicable and Roberts continues to apply.").

Third, if the government offers "testimonial statements" against the accused, the accused's confrontation rights are violated unless the out-of-court declarant is produced for cross-examination under oath before the fact-finder. If the out-of-court declarant is produced and testifies at trial, then the Confrontation Clause "places no constraints at all on the use of his prior testimonial statements." Crawford, 541 U.S. at 60 n.9 ("The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it."). But if the out-of-court declarant does not testify at trial, a confrontation violation will occur unless (1) the declarant was unavailable to testify, and (2) the accused had "a prior opportunity" to cross-examine the out-of-court declarant about the testimonial statement. Id. at 68.

The Paley Representations are oral and written statements that qualify as hearsay. See Fed. R. Evid. 801(c). Furthermore, the Paley Representations were not subject to prior cross-examination by Mr. Carpenter because during the prior related civil trial in which all of the Paley Representations were introduced into evidence by the exchangors, Paley exercised his Fifth Amendment right against self-incrimination and did not testify.[1]

---

[1] Paley exercised his Fifth Amendment right and declined to testify during pre-trial depositions as well as the trial. However, approximately one year after the trial had been completed, Paley testified in a limited post-trial proceeding as part of a settlement agreement with the exchangors whereby the exchangors sought to obtain a new trial against Merrill Lynch (which was subsequently allowed and is also now on appeal to the Massachusetts Appeals Court). These post-trial proceedings were very limited in nature (having to do solely with Paley's contacts with Merrill Lynch at the beginning of BPE's operations in late 1998) and the ability of Mr. Carpenter's counsel to inquire of Paley regarding the Paley Representations was severely circumscribed by the state court trial judge (at the behest of the exchangors) who did not permit Mr. Carpenter's counsel to ask any questions at Paley's post-trial deposition and who narrowed the scope of inquiry at the hearing. Thus, Mr. Carpenter did not have any, much less a full and fair, opportunity to cross-examine Paley.

Consequently, the only issue for this Court to determine with respect to the Confrontation Clause analysis is whether the Paley Representations constitute *testimonial* hearsay. The Crawford Court declined to provide a comprehensive definition of testimonial statements. Crawford, 541 U.S. at 68 n.10. It did, however, provide three "formulations of [the] core class of testimonial statements." Id. at 51.

> In the first, testimonial statements consist of ex parte in-court testimony or its functional equivalent–that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine or similar pretrial statements that declarants would reasonably expect to be used prosecutorially. The second formulation described testimonial statements as consisting of extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions. Finally, the third explained that testimonial statements are those made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Horton, 370 F.3d at 84.

The Paley Representations clearly satisfy the third test for testimonial hearsay because they were made under circumstances that would lead a reasonable witness to believe that the statements *would be available* for use at a later trial. The exchangors were not casual acquaintances of Paley nor were the Representations mere off-hand remarks. Rather, the Representations were allegedly made to the exchangors, independent third parties, in an arm's-length business relationship. Clearly, it would be obvious to Paley and any other objective witness that if, somehow, the exchangors were not able to receive their funds to effectuate the exchanges, litigation would result and whatever Paley provided to the exchangors in the form of oral and written statements would be submitted as evidence.

6

The Paley Representations qualify as testimonial hearsay subject to Crawford.[2] Consequently, absent Paley testifying at trial, their admission would violate Mr. Carpenter's rights under the Confrontation Clause. See United States v. Rodriguez-Marrero, 390 F.3d 1, 17 (1st Cir. 2004) (vacating drug-related murder conviction under Crawford because statements admitted at trial were testimonial hearsay).[3]

## CONCLUSION

In light of the foregoing, the defendant respectfully requests that the Court grant this motion *in limine* and exclude **all** evidence relating to the alleged oral and written representations provided by Paley to the exchangors.

DANIEL E. CARPENTER,
By his attorney,


**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 23, 2005

---

[2] Because Paley is not charged in the SSI as a co-conspirator, the less stringent Roberts standard for *nontestimonial* statements is inapplicable. See Horton, 370 F.3d at 84 ("Crawford does not apply to co-conspirator statements because they are nontestimonial.") (citation omitted).

[3]. Even if Paley does testify, the Paley Representations would still be inadmissible as not falling under one of the hearsay exceptions. See Point I, supra.

**CERTIFICATE OF SERVICE**

      I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

                                    **/s/ Robert M. Goldstein**
                                    Robert M. Goldstein