UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                          )<br>)<br>DANIEL E. CARPENTER                     )<br>) | CRIMINAL NO. 04-10029-GAO |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN MERRILL LYNCH
AND PAINEWEBER DOCUMENTS AND TESTIMONY
(Defendant's Motion *In Limine* No. 12)**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves *in limine* to exclude all testimony (and exhibits in support thereof) offered by the Merrill Lynch and PaineWebber witnesses (the "Broker Witnesses") regarding any letters, e-mails, notes, memoranda, status reports or compilations (collectively, the "Broker Documents") they created which include or refer to any alleged statements made by Mr. Carpenter. The Broker Documents are not business records within the relevant hearsay exception, nor can they be admitted as prior consistent statements of the Broker Witnesses.[1]  See Fed. R. Evid. 801(d)(1)(B), 803(6).

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

---

[1] The Broker Documents, contained in Government Trial Exhibits 151, 154-55, 161-63, 172 and 176, are annexed hereto as **Exhibits 1-8**.

**MEMORANDUM OF LAW**

I.  **THE BROKER DOCUMENTS FAIL TO QUALIFY AS BUSINESS RECORDS**

In order for business records to qualify under the hearsay exception of Fed. R. Evid. 803(6), they must (a) have been prepared in the normal course of business; (b) been made at or near the time of the events they record; and (c) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant. See Fed. R. Evid. 803(6). The Broker Documents are inadmissible because they were not "kept in the course of regularly conducted business activity." Id. In other words, it was not the regular practice of Merrill Lynch and PaineWebber to record a client's statements in notes, e-mails, letters, memoranda, etc. Furthermore, the business records exception to the hearsay rule does not itself allow the admission for their truth of "outsider" statements contained within business records.

Directly on point is United States v. Vigneau, 187 F.3d 82 (1st Cir. 1999), cert. denied, 528 U.S. 1172 (2000), in which two brothers were convicted of numerous money laundering charges for their involvement in a drug distribution scheme. In support of the money laundering charges, the government introduced under the business records hearsay exception – and over the brothers' objections – various Western Union "To Send Money" forms. On the forms was a place for writing the sender's name, address and telephone number and the Vigneau Brothers' names, addresses and telephone numbers were written on the numerous forms introduced into evidence by the government.

The First Circuit reversed and vacated the money laundering convictions of both brothers, finding that it was error for the district court to have admitted into evidence the hearsay statements contained on the Western Union forms (*i.e.*, that it was the Vigneau

Brothers who had sent them) under the business records hearsay exception. Finding that "the government cannot use the forms themselves as bootstrap-proof that Patrick Vigneau made the admission," id. at 75, the First Circuit held that "the business records exception does not embrace statements contained within a business record that were made by one who is *not* a part of the business if the embraced statements are offered for their truth." Id. (emphasis in original). See also United States v. Vigneau, 187 F.3d 82 (1st Cir. 1999) (brother's companion case) ("The business records exception to the hearsay rule, Fed. R. Evid. 803(6), does not itself allow the admission for their truth of 'outsider' statements contained within business records.").

Since Mr. Carpenter was not an employee of Merrill Lynch or PaineWebber, any statements allegedly made by Mr. Carpenter that are contained or referred to in the Broker Documents are "outsider" statements just like the statements in Vigneau. As a result, the Broker Documents do not fall within the business records exception to the hearsay rule and should be excluded.

## II. THE BROKER DOCUMENTS CANNOT BE USED AS PRIOR CONSISTENT STATEMENTS

Nor can the Broker Documents be used by the government as substantive evidence of prior consistent statements made by the Broker Witnesses pursuant to Fed. R. Evid. 801(d)(1)(B).[2] In Tome v. United States, 513 U.S. 150 (1995), the Supreme Court held that Fed. R. Evid. 801(d)(1)(B) "permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive **only** when

---

[2] "A statement is not hearsay if— . . . The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B).

3

those statements were made **before** the charged recent fabrication or improper influence or motive." Id. at 167 (emphasis added).

These conditions of admissibility are lacking with respect to the Broker Documents because Merrill Lynch and PaineWebber, at the time the Broker Documents were created, had sufficient motive to deflect blame arising from investment losses away from themselves and onto Mr. Carpenter (in anticipation of future litigation). Consequently, the Broker Documents are inadmissible as substantive evidence of prior consistent statements made by the Broker Witnesses.

## **CONCLUSION**

For all of the foregoing reasons, defendant Daniel E. Carpenter respectfully requests that his motion *in limine* be granted and that all testimony from the Broker Witnesses regarding the Broker Documents, as well as the Broker Documents themselves, be excluded.

At the very least, the "outsider" hearsay statements contained in the Broker Documents should be redacted.

DANIEL E. CARPENTER,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: June 23, 2005

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

                                       **/s/ Robert M. Goldstein**
                                        Robert M. Goldstein