UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
       v.                           )   CRIMINAL NO. 04-10029-GAO
                                    )
DANIEL E. CARPENTER                 )
_____ )

**<u>DEFENDANT'S MOTION TO STRIKE PREJUDICIAL SURPLUSAGE</u>**

Defendant Daniel E. Carpenter, through undersigned counsel, respectfully moves for an Order, pursuant to Fed. R. Crim. P. 7(d), striking all references in the superseding indictment ("SSI," Dkt. #34) to: (i) the fact and amount of the losses sustained by the exchangors (SSI ¶¶ 29, 33-34, 37-39, 42, 49-53, 55-56, 58, 60-62, 65-69, 72-73, 75-76, 79-82, 85-87, 90-92, 96-99, 101, 103, 105); (ii) any references to "high risk," "risky," or "aggressive" investments, whether the investments were supposed to be "safe," "held safe," or characterized by "safety" (SSI ¶¶ 17-18, 21, 26-28, 32, 35-36, 41, 43, 47-48, 59, 63, 70, 77, 84, 89, 94, 99); and (iii) whether any "misappropriation" occurred (SSI ¶¶ 25, 101) (collectively, the "Surplusage").

The Surplusage should be stricken on the grounds that it is not relevant to the essential elements of mail and wire fraud and is unduly prejudicial. The Surplusage serves no purpose other than to increase the risk that, at the trial, the jury will improperly act against Mr. Carpenter based on prejudices and confusion, rather than on the evidence actually relevant to the charges alleged. If Mr. Carpenter is to receive a fair trial before an impartial jury, the Surplusage must be stricken from the superseding indictment.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the final pre-trial conference scheduled for June 30, 2005.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

**I.     THE SURPLUSAGE MUST BE STRICKEN**

"The court on a motion of the defendant may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). "The purpose of Rule 7(d) is to protect the defendant against prejudicial allegations of irrelevant facts." United States v. Miller, 26 F. Supp.2d 415, 420 (N.D.N.Y. 1998) (striking prejudicial allegations as surplusage); see also Fed. R. Crim. P. 7(d) advisory committee's note ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial.").

"It is appropriate to grant a motion to strike language [from an indictment] where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Carey, 152 F. Supp.2d 415, 429 (S.D.N.Y. 2001) (striking irrelevant and inflammatory language from an indictment) (internal quotation omitted); see also United States v. Abel, 258 F.2d 485, 501 (2d Cir. 1958) (error where trial court refused to grant motions to strike surplusage), aff'd, 362 U.S. 217 (1960); United States v. Reyes, 922 F. Supp. 818, 839 (S.D.N.Y. 1996) (striking references that were irrelevant and "both prejudicial and inflammatory"); United States v. Wilson, 565 F. Supp. 1416, 1439

(S.D.N.Y. 1983) (striking surplusage in order to avoid "the potentiality of an overshadowing prejudice at the very start of this trial.").

The Surplusage regarding the fact and amount of losses incurred by the exchangors as a result of the alleged fraud is analogous to the allegation of monetary loss that was stricken from the indictment in United States v. Rush, 807 F. Supp. 1263, 1265-66 (E.D. La. 1992). In Rush, the indictment alleged that the State of Louisiana lost $10 million due to the defendant's alleged fraud. In holding that the allegation had "**no place in the indictment**," id. at 1266 (emphasis added), the court reasoned that the "allegation [was] not necessary in the indictment, and, in fact, its inclusion could prejudice the defendant." This reasoning applies to the present case with equal force, in that allegations that the exchangors lost $9 million would severely and unfairly prejudice Mr. Carpenter (particularly since the government has conceded that whether the investments "made or lost money is irrelevant"). See also United States v. Zabawa, 39 F.3d 279, 285 (10th Cir. 1994) (affirming decision to strike prejudicial references to number of victims of alleged fraud as prejudicial surplusage).

Furthermore, the allegation that the exchangors lost $9 million as a result of the alleged fraud is akin to a victim impact statement and, therefore, should be stricken from the indictment. See Sager v. Maass, 907 F. Supp. 1412, 1420 (D. Or. 1995), aff'd, 84 F.3d 1212 (9th Cir. 1996) ("[E]vidence of a crime's effect on the victim is generally not admissible during the guilt phase of a trial.").

The risk that the inclusion of references to the allegedly "risky" investment strategy followed by Mr. Carpenter, or references that he "misappropriated" the funds when there is no allegation that he took any of the funds, is heightened by the recent publicity

3

surrounding the Tyco trial and the convictions of Messrs. Kozlowski and Swartz – who were accused, inter alia, of stealing from Tyco.  The extensive publicity surrounding the Tyco case – with its allegations of stealing (*i.e.*, misappropriation) – will cause jurors in Mr. Carpenter's case to equate the Tyco allegations with the allegations in this case.

The prevailing public sentiment on issues that have been the subject of much public attention and commentary must be taken into account when considering the possible prejudicial and inflammatory effects of the Surplusage.  See United States v. Awadallah, 202 F. Supp.2d 17, 54 (S.D.N.Y. 2002) (striking references to photographs of Osama Bin Laden: "[i]t is beyond cavil that this material is highly inflammatory when our country is currently engaged in a war against terrorism in Afghanistan.").

## **CONCLUSION**

Based on the foregoing, the Surplusage should be stricken from the superseding indictment.

>                          DANIEL E. CARPENTER,
>                          By his attorney,
>
>
>                          **/s/ Robert M. Goldstein**
>                          Robert M. Goldstein
>                          Mass. Bar No. 630584
>                          20 Park Plaza, Suite 903
>                          Boston, MA 02116
>                          (617) 742-9015
>                          rmg@goldstein-lawfirm.com

Dated:  June 23, 2005

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and accurate copy of the foregoing pleading has been served by electronic filing on this 23rd day of June, 2005, on Michael J. Pineault, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

                                            **/s/ Robert M. Goldstein**
                                            Robert M. Goldstein