UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT'S
MOTION TO INSPECT GRAND JURY SELECTION RECORDS**

The United States opposes in part, but not in whole, defendant Daniel E. Carpenter's ("Carpenter's") motion to inspect grand jury selection records.

Pursuant to Test v. United States, 420 U.S. 28 (1975), and United States v. Royal, 100 F.3d 1019 (1st Cir. 1996), the government does not object to Carpenter's inspection of the master lists from which the grand jurors were drawn, together with relevant demographic data.

The government does, however, oppose Carpenter's motion to the extent it seeks additional information, such as juror questionnaires, names, street addresses, and other personal information.

Numerous courts, both circuit and district, have made clear that the "unqualified" right of inspection enunciated in Test extends only to that information necessary to prepare or present motions challenging jury selection procedures. Defendants do not have an absolute right of access to all materials of any kind relating to the grand jury. Thus, courts have denied access to names and street addresses, both of individuals on the master list and those on the grand jury itself. Courts also have denied access to completed juror questionnaires, on the ground that such

questionnaires contain personal information.[1] E.g., United States v. Davenport, 824 F.2d 1511, 1515 (7th Cir. 1987) (denying access to juror questionnaires); United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1996) (party seeking names of grand jurors must make strong showing of particularized need); United States v. Harvey, 756 F.2d 636, 642-42 (8th Cir. 1985) (district court denied access to names and addresses); United States v. McLernon, 746 F.2d 1098, 1122-1123 (6th Cir. 1984) (affirming district court's denial of access to names, addresses, and juror questionnaires); United States v. Gotti, 2004 WL 32858, *10-11 (S.D.N.Y. 2004) (denying access to names and addresses)(and citing cases); United States v. Nichols, 248 F.Supp.2d 1027, 1034-35 (D. Kan. 2003) (denying access to names, addresses, and questionnaires); United States v. Swain, 2003 WL 21799915, *1-2 (D.N.H. 2003) (denying access to names); United States v. Carlock, 606 F. Supp. 491 (W.D. La. 1985).

The First Circuit does not appear to have yet addressed the distinction between inspection of the master lists and pertinent demographic data on the one hand, which courts permit, and access to names, home addresses, and other personal information, which courts have limited. However, the Court has recognized that some records, such as jury questionnaires, are treated differently by 28 U.S.C. § 1867(f). See United States v. Schneider, 111 F.3d 197, 204 (1st Cir. 1997) (citing Davenport, 824 F.2d at 1514-15).

Drawing such a distinction is amply supported by the above-cited case law. The government asks that this court apply that distinction here.

WHEREFORE, for the foregoing reasons, the United States requests that the Court: (a) allow Carpenter's motion to the extent that it seeks the right to inspect the master lists from

---

[1] A sample juror questionnaire is attached at Exhibit A.

which the grand jurors were drawn, together with relevant demographic data, but (b) <u>deny</u> the motion to the extent it seeks additional information, such as juror questionnaires, names, street addresses, and other personal information.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: |  |
|  | **/s/ Michael J. Pineault**<br>Michael J. Pineault<br>Jonathan Mitchell<br>Assistant U.S. Attorney<br>U.S. Courthouse, Suite 9200<br>1 Courthouse Way |
| Dated: June 24, 2005 | Boston, MA 02210 |