UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT**

The United States opposes the defendant's motion to dismiss. Two principal deficiencies undercut Carpenter's Speedy Trial Act arguments. <u>First</u>, he makes several computational errors due to his misapprehension and/or mischaracterization of certain procedural events. <u>Second</u>, he indefensibly attempts, on the eve of trial, to rescind several past Speedy Trial Act representations and filings made by his attorneys.

A correct application of the Speedy Trial Act reveals that no violation has occurred. Rather, by the government's calculation, only 35 days have run off the clock. For these reasons, and the additional reasons set forth below, Carpenter's motion should be denied.

<u>ARGUMENT</u>

I.  NO SPEEDY TRIAL ACT VIOLATION HAS OCCURRED

For ease of reference, the government has organized its response according to the letter headings and chronological time line that Carpenter sets forth beginning at page 2 of his motion.

<u>"a" through "c" (2/24/04 - 7/8/04)</u>

The government concurs with headings "a" through "c" in Carpenter's motion. Specifically, the government agrees that **13 days** had elapsed off the clock as of the status

conference that took place before Magistrate Judge Cohen on July 8, 2004.

<u>"d" through "e" (7/9/04 - 9/20/04)</u>

Contrary to Carpenter's assertion, the clock did <u>not</u> restart on July 9, for two reasons. First, pursuant to 18 U.S.C. § 3161(h)(1)(F), the clock was stopped as the result of a pending motion to dismiss the indictment that Carpenter filed on May 6, 2004 (Docket 13), and it remained stopped through the date of the hearing on that motion (September 21, 2004). Carpenter erroneously fails to take this motion into account in his Speedy Trial Act computations.

Second, the clock also remained stopped pursuant to an Order of Excludable Delay that Judge Cohen issued on July 9, 2004. The fact that, according to the docket, a technical error apparently required the clerk to re-enter the July 9 Order on July 20 does not mean that the intervening 11-day period ran off the clock in the interim.

For both of these reasons, no additional days elapsed during this time period.

<u>"f" (9/21/04 - 10/21/04)</u>

The government agrees with Carpenter that, pursuant to 18 U.S.C. § 3161(h)(1)(J), the clock remained stopped through October 21, 2004, which reflects the 30-day period during which the court had certain pending motions under advisement following the hearing held on September 21, 2004.

<u>"g" (10/22/04 - 11/2/04)</u>

Carpenter errs in asserting that 13 days ran off the clock from October 22 to November 2. This is only a 12-day period of time. Accordingly, only **12 additional days** elapsed.

**"h" (11/3/04 - 11/15/04)**

Carpenter erroneously fails to take into account the fact that the government filed, on November 3, 2004, a motion requesting an initial pretrial conference. (See Docket 42). The court allowed that motion by electronic order dated November 5, 2004. Pursuant to 18 U.S.C. § 3161(h)(1)(F), this three-day period of time is excluded. Thus, only **9 additional days** ran off the clock between November 3 and the date of the initial pretrial conference in this case on November 15, 2004.

**"i" (11/16/04)**

The government agrees that **1 additional day** elapsed on November 16. Thus, by the government's calculations, a total of 35 days had run off the Speedy Trial clock as of November 16, 2004 (13 plus 12 plus 9 plus 1).

**"j" through "v" (11/17/04 - present)**

Contrary to Carpenter's assertions, no additional Speedy Trial days have elapsed since November 17, 2004. All of that time has been properly excluded by the Court based on joint motions and/or trial continuances that the defendant has filed or in which he has joined. Carpenter's current effort to argue otherwise constitutes an impermissible attempt, on the eve of trial, to rescind, belatedly and retroactively, numerous oral and written representations and filings made by his attorneys – representations on which both the government and the Court have relied. The specific representations and filings that Carpenter seeks to rescind are as follows:

   1.   **November 17 Joint Motion to Exclude**

The Court held the initial pretrial conference in this case on November 15, 2004. On that date, it scheduled trial to commence just three weeks later, on December 6, 2004, due to

uncertainty concerning the position that the defendant intended to take with respect to the Speedy Trial Act. The December 6 date was subject to further communications between the parties and the Court once the defendant decided on his position.

As reflected in the pleadings, the defendant made his decision shortly thereafter. Specifically, on November 17, 2004, the parties filed a *joint* motion to continue the December 6 trial date (Docket 45) and a *joint* motion for excludable delay (Docket 46).

Carpenter asserts that neither motion served to stop the clock. He is wrong. Pursuant to 18 U.S.C. § 3161(h)(1)(F), the motion to continue stopped the clock until the court decided it (by allowing the motion) on November 29. On that same date, the court also allowed the parties' joint motion for excludable delay.

Carpenter also now contends, more than 7 months after the fact, that he did not authorize the joint motion to exclude. Indeed, he claims that he did not make a decision whether to proceed with the December 6 trial date until the day of the November 29 pretrial conference. Based on these belated assertions, Carpenter argues that 12 days ran off the Speedy Trial clock between November 17 and November 28, 2004.

        2.      <u>March 30, 2005 Joint Motion to Exclude</u>

At the conference on November 29, 2004, the court continued the trial date to April 4, 2005 and excluded all time up to that date. Carpenter does not contest the foregoing exclusion.

Rather, he argues that the clock should have begun running again on April 5. That contention runs counter to explicit representations made by his attorney – representations that were made in seeking and obtaining a continuance in the trial date over the government's objection.

Specifically, on March 24, 2005, at what was scheduled to be the final pre-trial conference in this case, Carpenter's then-counsel, Attorney John Pappalardo of Greenberg Traurig, orally moved to continue the April 4, 2005 trial date based on a court conflict that had unexpectedly arisen in another of his cases. In making the request, Mr. Pappalardo stated that he had discussed the matter with Carpenter and that:

> He is fully aware of my situation. He wants me to be involved in the trial of his case, and he indicated that if the Court were to see fit to grant a continuance here, that of course there would be – he would agree to excludable time until the case was tried.

See Transcript, 3/24/05 Conference, at 7 - 8, attached at Exhibit A (Dkt. 51).

In response, at a further conference held on March 28, 2005, the Court granted the defendant's oral motion and ordered that the trial be continued to May 9, 2005. That same day, government counsel prepared a joint motion to exclude the time from the initial trial date (April 4) to the new trial date (May 9). Also on that same day, March 28, defense counsel assented to the filing of the motion. See E-mails to/from Assistant U.S. Attorney Pineault and Attorney Georgopoulos, attached at Exhibit B. The government filed the joint motion on March 30, 2005. (Dkt. 50). The Court allowed it by electronic order dated April 29, 2005.

Carpenter now claims that he neither knew of the joint motion to exclude nor gave his consent to it, and that the clock should have restarted as of April 5.[1]

---

[1] Carpenter also asserts that Greenberg Traurig had no authorization to act on his behalf, because he terminated that firm's services on March 29. However, neither the government nor the Court was informed of the Greenberg Traurig situation until March 31. Moreover, Attorney Pappalardo made his oral representations on March 24 and Attorney Georgopoulos assented to the joint motion to exclude on March 28, both *prior* to the time when Carpenter claims he terminated their services.

      3.    <u>March 31 Emergency Motion to Continue</u>

On March 31, 2005, another of the defendant's attorneys, Alan Dershowitz, filed an emergency motion stating that Carpenter had just terminated the services of Attorney Pappalardo, that the defendant was in the process of retaining successor counsel, and that he urgently required a further continuance in the trial date to permit time for successor counsel to be retained and to prepare for trial. In the motion, Attorney Dershowitz stated:

> If the requested additional continuance is granted, the defendant hereby agrees to exclude all Speedy Trial Act time up through and including the date chosen for jury selection pursuant to such additional continuance.

(Motion at 3 n.1.) (Dkt. 53).

In an accompanying memorandum, Attorney Dershowitz asserted that: "[s]ubstitution of new lead defense counsel in such a significant and extensive case is a sufficient reason for a continuance that tolls the running of the Speedy Trial Act clock pursuant to the "ends of justice" exception under 18 U.S.C. § 3161(h)(8)(A)." (Memorandum at 8, citing cases). He also noted, without expressing any objection or concern, the joint motion that the parties had filed on March 30 to exclude the time encompassed by Carpenter's first continuance request. (Memorandum at 12 n.6).

At an emergency hearing conducted on March 31, the Court granted a further continuance of the trial, from May 9 to July 11, 2005. By Order dated May 17, 2005 and on the government's motion (Docket 68), the Court also excluded the period of time up to the new July 11 trial date.

Carpenter objects to the foregoing exclusion, contending that save for discrete exclusions tied to specific motions and a pending mandamus petition, the clock should otherwise be

continuing to run.

    4.    Discussion

As the above chronology indicates, Carpenter's current Speedy Trial Act arguments contravene express oral and written representations and filings that his attorneys made in requesting each of the trial continuances that the Court has granted. Specifically, Carpenter seeks to rescind:

    (a)    the parties' joint November 17, 2004 motion to exclude, filed in connection with a joint motion to continue the December 6, 2005 trial date;

    (b)    his attorney's (Pappalardo's) oral March 24, 2005 representations to the court, seeking to continue the April 4, 2005 trial date;

    (c)    the parties' joint March 30, 2005 motion to exclude, to which his attorney (Georgopoulos) assented on March 28 and which also related to the April 4 continuance; and

    (d)    his attorney's (Dershowitz's) March 31, 2005 written representations to the court, seeking to continue the May 9, 2005 trial date.

As the government previously has explained,[2] Carpenter cannot sandbag the Court and the prosecution by moving for continuances, representing that he will agree to exclude the time encompassed by the requested continuances, and then reneging on those representations after the Court has postponed the trial. E.g., United States v. Pringle, 751 F.2d 419, 434 (1st Cir. 1984) ("Defense counsel may not simultaneously use the [Speedy Trial] Act as a sword and a shield. We think it unethical and dishonest for defense counsel to waive the Act in the trial court and then disclaim such waiver upon appeal."); United States v. Rush, 738 F.2d 497, 508 (1st Cir.

---

[2] See Government's Reply to Defendant's Opposition to Motion to Exclude Time from May 9 to July 11, 2005 (Docket 73).

1984) (defendants may not deliberately obtain a continuance for their own convenience in the face of speedy trial concerns articulated by the trial court and then later claim that the court abused its discretion in granting the requested continuance); see also United States v. Maxwell, 351 F.3d 35, 41 (1st Cir. 2003) ("'The assertion of a defendant's speedy trial rights should not be a game in which the defendant attempts to engineer a basis to argue that the STA or the Sixth Amendment has been violated.'") (quoting from the district court's opinion, citation omitted).

In addition, as the government also has explained, separate and apart from the representations that defense counsel previously have made to this Court, the "ends of justice" provision in the Speedy Trial Act, 18 U.S.C. § 3161(h)(8), has justified excluding the periods of time encompassed by each of Carpenter's requested continuances. E.g., United States v. Pringle, 751 F.2d at 432 ("The legislative history of the Speedy Trial Act Amendments Act of 1979 indicates that scheduling conflicts of either defense or government counsel were intended by Congress to be legitimate grounds for granting a continuance under § 3161(h)(8)."); United States v. Papaleo, 853 F.2d 16, 20 (1st Cir. 1988) (delay attributable to continuance granted to allow defendant time to obtain successor counsel was excludable under Speedy Trial Act).

## CONCLUSION

For all of the foregoing reasons, only 35 days have elapsed off the Speedy Trial clock since the date of Carpenter's arraignment/initial appearance. Accordingly, the government requests that the Court deny the defendant's motion to dismiss the indictment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: |  |
|  | **/s/ Michael J. Pineault**<br>Michael J. Pineault<br>Jonathan Mitchell<br>Assistant U.S. Attorney<br>U.S. Courthouse, Suite 9200<br>1 Courthouse Way |
| Dated: June 27, 2005 | Boston, MA 02210 |