UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**Motion to Continue Trial to August 8, 2005**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, pursuant to Local Rule 40.3, and hereby moves the Court for an order continuing trial in the above-captioned matter from July 11, 2005 to August 8, 2005 (or a date thereafter more convenient to the Court), as an additional four weeks will allow counsel to review all discovery provided by the government and complete the defense private investigation, and will therefore afford counsel the opportunity to provide effective assistance of counsel to the defendant in this case, consistent with the Supreme Court's recent analysis of this vital constitutional safeguard in Rompilla v. Beard, -- U.S. --, 2005 WL 1421390 (June 20, 2005), wherein the Court held that defense counsel's failure to review a file of a prior conviction relied upon by government in the penalty phase, notwithstanding other significant efforts by counsel to discover mitigating factors, constituted ineffective assistance of counsel.

As grounds and reasons therefore, the defendant states the following:

1. On or about March 31, 2005, the Court allowed prior counsel, Greenberg Traurig, to withdraw their appearance from this matter. On or about April 1, 2005, in concert with Attorney Martin G. Weinberg, undersigned counsel began to receive and review materials in this case in an effort to assist the defense in this case.

1

2.  As the Court is now aware, on or about Thursday, April 21, 2005, Mr. Carpenter's prior attorneys at Greenberg Traurig delivered 27 boxes of materials to undersigned counsel's office. As the Court may recall, these boxes contain more than 31,000 pages of documents received from the government during discovery in this case, as well as additional materials.

3.  On May 4, 2005, the Court denied the defendant's motion to continue the trial date to November 2005 to enable Attorney Martin G. Weinberg to enter an appearance in this case as lead trial counsel. After the Court's ruling, undersigned counsel's review of the materials ceased for several days as the defendant contemplated legal representation in this matter.

4.  It was thereafter determined that undersigned counsel would have some role in the trial of this case, at the very least to assist in the preparation of this matter for trial, perhaps as local counsel during trial, or perhaps as lead trial counsel. As such, undersigned counsel began to address the many tasks necessary to prepare this case for trial, including a comprehensive review of the materials contained within the 27 boxes.

5.  Eventually, it was determined that if the Court denied the defendant's motion to transfer this matter to either the District Court of Connecticut in Hartford or to the Western Division in Springfield, and later if the First Circuit denied the defendant's Mandamus petition, then undersigned counsel would represent the defendant at trial in this case in the Eastern Division of the District of Massachusetts. Given that trial was fast approaching, undersigned counsel entered his appearance in this matter on June 22, 2005, despite the fact that the First Circuit had not yet ruled on the Mandamus action.

6. Despite undersigned counsel's best efforts, there simply has not been sufficient time to effectively prepare this matter for trial. Undersigned counsel will obviously represent the defendant at trial on July 11, 2005 should the Court deny the instant motion, consistent with counsel's entry of his appearance in this matter, but the defendant respectfully moves the Court for an additional four (4) weeks to prepare for trial. As described in further detail below, the magnitude of preparing this matter for trial has proven astounding.[1]

7. Counsel understands the government has maintained that this case is simple, but, respectfully, that perspective is belied by an objective review of the facts of this matter. Indeed, it is worth noting here that two Assistants have been assigned to present this matter at trial for the government, Assistant U.S. Attorney Michael J. Pineault and Assistant U.S. Attorney Jonathan F. Mitchell. Surely, the matter can not be all that simple given that two prosecutors have been assigned to try this case, a devotion of resources that is inconsistent with experience within this District in "simple" prosecutions.

8. The government has disclosed more than 200 trial exhibits. The government expects to call 27 witnesses, one of whom, J. Marc Allaire ("Mr. Allaire") is an expert in the area of options investing. The government has advised that it intends to call Mr. Allaire to testify regarding his analysis of the defendant's trading activity, to testify regarding "the nature, frequency, and magnitude of the defendant's trading activity, the relative risks posed by that activity, and the extent (if any) to which the

---

[1]. The defendant respectfully refers the Court to the *ex parte* and publicly filed affidavits of Attorney Martin G. Weinberg in connection with his prior motion to continue, which he incorporates herein in support of the instant motion for the purpose of demonstrating the complexity of this case and the tasks necessary to effectively prepare for trial in this case.

3

defendant's trading activity changed over time", and to testify that the defendant's trading strategy was mostly "bullish" and that the "resulting risk level was materially higher than the stock market's overall risk." (Government Discovery Letter, February 3, 2005, attached hereto as Exhibit 1). The government has also advised that Mr. Allaire "will present historical data comparing the magnitude of the losses incurred by the defendant with the performance of certain market indices over the same period, including (a) three month U.S. Treasury obligations, (b) the S&P 500 Index, and (c) the NASDAQ 100 index." (Exhibit 1).

9. Literally, there are volumes of books written on these complex topics with terminology unique to this investment vehicle (indeed, the government intends to offer a Glossary of Terms during Mr. Allaire's testimony, see Exhibit 2). With the luxury to do so, counsel could probably consume an entire month preparing for this single aspect of the case. To illustrate the depth and complexity of the expected testimony, the defendant has attached hereto as Exhibit 3 some of the exhibits identified by the government that will be utilized during Mr. Allaire's testimony.[2] Additional time is necessary such that counsel can study these complex topics and be prepared to competently and effectively examine the government's expert witness. (Curriculum Vitae of J. Marc Allaire attached hereto as Exhibit 4).[3]

10. While the defendant has filed twelve motions *in limine* and a motion to strike surplusage from the indictment with the Court, there is significant work that

---

[2]. Understanding the expert's methodology has been so time intensive that a Daubert motion is still under consideration. See United States v. Masferrer, 367 F.Supp.2d 1365 (S.D.Fla., April 29, 2005).
[3]. According to his Curriculum Vitae, Mr. Allaire himself has contributed to at least 11 publications and various additional articles. See Exhibit 4.

4

remains necessary to provide effective assistance to the defendant in this case.[4] First, counsel has still not concluded even his initial review of all of the materials in the 27 boxes provided by Greenberg Traurig (and clearly more than an initial review of this material is necessary to craft effective cross-examinations). Second, the defense investigation of this matter, which to date has unearthed significant exculpatory material, has not yet been concluded and will not be finished prior to July 11, 2005. Third, as the Court may recall, the defendant hired a computer expert to perform a forensic analysis upon the computer hard drive that belonged to the government's principal witness, Martin Paley. The results of this examination to date have produced significant information, but the defendant simply will not be able to complete review of this work product prior to July 11, 2005.[5]

11. As explained in further detail below, the Supreme Court has recently affirmed that defense counsel has an ethical and constitutional duty to review and understand all documents possessed by the government and upon which he knows the government will rely in prosecuting the defendant, and to conduct an investigation based upon that review in an effort to determine the veracity and/or accuracy of the government's expected evidence. See Rompilla v. Beard, -- U.S. --, 2005 WL 1421390 (June 20, 2005) (discussed in paragraphs 14-16, *infra*).

12. The prejudice to the government of a four week continuance, if any, should not be measurable. The Rule 15 deposition of Byron Darling has been completed.

---

[4]. The defendant expects to file additional motions *in limine* prior to trial.
[5]. If requested, the defendant will of course provide the Court with an *ex parte* submission regarding the exculpatory evidence discovered pursuant to the defendant's private investigation and the forensic analysis of the computer hard drive, as well as what he expects to discover if given the additional requested time to prepare this matter for trial.

Linda Jokinen's Rule 15 deposition was suspended after the completion of her direct testimony. The government has advised that Ms. Jokinen's condition is not worsening and they intend to call her as a witness at trial. In any event, her testimony will be secured either at trial or by concluding her deposition should trial be continued four (4) weeks.

13. Counsel understands that by entering his appearance in this case he committed to represent the defendant at trial, whether it occurred in July or August 2005, and counsel will obviously do his best with the time and information available to him. However, with an additional four weeks, counsel expects that he will have had sufficient time to adequately review all materials in his possession, complete the defense investigation, and be effectively prepared for trial.

14. The Supreme Court has recently affirmed that it is constitutionally necessary that defense counsel review all pertinent materials in the government's possession when representing a client in order to render effective assistance of counsel. Rompilla v. Beard, -- U.S. --, 2005 WL 1421390 (June 20, 2005). In Rompilla v. Beard, -- U.S. --, 2005 WL 1421390 (June 20, 2005), the Supreme Court held "that even when a capital defendant's family members and the defendant himself have suggested that no mitigating evidence is available, his lawyer is bound to make reasonable efforts to obtain and review material that counsel knows the prosecution will probably rely on as evidence of aggravation at the sentencing phase of trial." Beard, -- U.S. --, 2005 WL 1421390, at *3. In passing upon counsel's failure to review a file of a prior criminal conviction used by the prosecution in the penalty phase of the trial that was housed in the same courthouse wherein the subject trial occurred, the Supreme Court concluded:

> The notion that defense counsel must obtain information that the State has and will use against the defendant is not simply a matter of common sense. As the District Court points out, the American Bar Association Standards for Criminal Justice in circulation at the time of [the defendant's] trial describes the obligation in terms no one could misunderstand in the circumstances of a case like this one: "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty." 1 ABA Standards for Criminal Justice 4-4.1 (2d ed. 1982 Supp.).

Beard, -- U.S. --, 2005 WL 1421390, at *8. The Court further opined:

> It flouts prudence to deny that a defense lawyer should try to look at a file he knows the prosecution will cull for aggravating evidence, let alone when the file is sitting in the trial courthouse, open for the asking. No reasonable lawyer would forgo examination of the file thinking he could do as well by asking the defendant or family relations whether they recalled anything helpful or damaging in the prior victim's testimony. Nor would a reasonable lawyer compare possible searches for school reports, juvenile records, and evidence of drinking habits to the opportunity to take a look at a file disclosing what the prosecutor knows and even plans to read from in his case.

Beard, -- U.S. --, 2005 WL 1421390, at *9.

15. In answering the dissent's claim in Beard that the Court was creating a "rigid, *per se*" rule that requires defense counsel to do a complete review of the file on any prior conviction introduced, the Court noted that counsel "fell short here because they failed to make reasonable efforts to review the prior conviction file, despite knowing that the prosecution intended to introduce Rompilla's prior conviction not merely by entering a notice of conviction into evidence but by quoting damaging testimony of the rape victim in that case." Beard, -- U.S. --, 2005 WL 1421390, at *9.

16. Likewise, here, the defendant is well aware that the government possesses at least 30,00 pages of material, from which it has culled the majority of its prosecution

7

against the defendant, including but not limited to the prior testimony from the related civil litigation. As such, given that the defendant knows that the government has culled its case from these materials, defense counsel has a clear constitutional duty to review all of the materials provided to the defendant by the government and conduct a meaningful private investigation as a result of that review. Cf. Beard, -- U.S. --, 2005 WL 1421390, at *9 ("Other situations, where a defense lawyer is not charged with knowledge that the prosecutor intends to use a prior conviction in this way, might well warrant a different assessment").

17.   The defendant understands that the Court has concluded that other counsel remain available to assist in the preparation of this matter for trial. The defendant respectfully contends, however, that the availability of other counsel is not a sufficient substitute for trial counsel's review and understanding of the pertinent materials. Counsel needs to personally review the materials, he needs to understand the materials, he needs to craft his own examinations, he needs to respond on his feet to witnesses' responses to questions, and he needs to understand the evidentiary impact of every testimonial statement such that he can object appropriately. Respectfully, that other counsel possess certain fragmented knowledge of various aspects of this case will not meaningfully assist counsel at defense table, nor has it meaningfully assisted counsel to date.

18.   While counsel will do his best to represent the defendant in this case given the limited time to prepare for trial, consistent with the entry of his appearance in this case, the defendant respectfully avers that counsel simply will not have possessed sufficient time to review all of the materials in his possession and conduct an adequate defense investigation should trial proceed on July 11, 2005.

WHEREFORE, the defendant respectfully requests an order continuing trial in this matter for four (4) weeks, from July 11, 2005 to August 8, 2005.

        Respectfully Submitted,
        Daniel E. Carpenter,
        By His Attorney,

        Robert M. Goldstein
        Mass. Bar No. 630584
        20 Park Plaza, Suite 903
        Boston, Massachusetts 02116
        (617) 742-9015

Dated: June 28, 2005

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby certify that on this 28th day of June 2005, I have served one copy of the foregoing pleading, by hand delivery, upon Assistant U.S. Attorneys Michael J. Pineault and Jonathan F. Mitchell.

        Robert M. Goldstein

9