UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                          )<br>)<br>DANIEL E. CARPENTER                  )<br>_____) | CRIMINAL NO. 04-10029-GAO |

**Defendant's Motion for Jury Questionnaire and**
**Individual Voir Dire**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, and hereby moves the Court for an order providing that the proposed jury questionnaire attached hereto as Exhibit 1 be issued to all prospective jurors in this case prior to the jurors being called to the courtroom for empanelment for trial in the above-captioned case. Tax strategies employed by wealthy individuals in this country as a means of deferring or avoiding tax obligations, as well as allegations of corporate wrongdoing and/or misconduct, generate significant reactions from individuals that might affect their ability to fairly deliberate in this case. Moreover, there has been extensive media coverage in recent weeks and months regarding allegations of corporate misconduct. It is critically important to the defendant's constitutional right to a fair trial, and his right to a fair and impartial jury, that the defendant is able to screen the potential jury pool for any prejudicial views and/or opinions regarding these and related issues. As such, the defendant proposes that the attached questionnaire be prepared in triplicate form and disseminated to the jury pool for their completion prior to the jurors being brought into the courtroom. As such, both parties will be able to select a fair and impartial jury to

decide the issues in this case, which, of course, is the ultimate goal of our jury trial system.

Additionally, the defendant respectfully requests an order allowing each side up to eight minutes of individual voir dire of those jurors who survive the initial screening process, such that the parties are able to explore issues raised by the questionnaires and to explore, with consent of the Court, additional issues concerning jurors attitudes and potential biases, to provide counsel with an intelligent basis for challenges. Undersigned counsel participated in such a process in a trial before the Honorable Nancy Gertner (United States v. Mueffelman). There were numerous instances where the parties and the Court learned facts about a juror that otherwise would not have been discovered (and which were not discovered even by the jury questionnaire), but facts which both parties and the Court agreed should disqualify the juror from serving on that jury. In short, individual voir dire is truly the only manner in which the parties can even attempt to select an impartial, fair jury in this case.

The courts have repeatedly recognized that the right to exercise peremptory challenges is "one of the most important rights secured to the accused" and "a necessary part of trial by jury." Swain v. Alabama, 380 U.S. 202, 219, 855 S.Ct. 824, 835 (1965). The Seventh Circuit has observed that "if this right is not to be an empty one, the defendant must, upon request, be permitted sufficient inquiry into the background and attitudes of the jurors to enable them to exercise intelligently their peremptory challenges…" United States v. Dellinger, 472 F.2d 340, 368 (7th Cir.1972). The advantages of conducting the voir dire principally by means of questionnaire are so evident as to merely require stating without explication. Among the principal advantages

2

are the following: (1) an increased likelihood of self disclosure by venire members, (2) the opportunity to explore potentially prejudicial facts without tainting other venire members, (3) avoiding the confrontational aspects of voir dire that inhibits openness of venire members, (4) giving individual venire members a greater sense of personal involvement in the selection process, (5) making the voir dire more efficient, (6) promoting a greater sense of responsibility in venire members to provide full and complete responses, and (7) providing sufficient information for informed, intelligent exercise of peremptory objections, as well as objections for cause.

      Wherefore, the Defendant respectfully requests that the instant motion be allowed.

      Daniel Carpenter,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
BBO #630584
20 Park Plaza, Suite 903
Boston, Massachusetts 02116
(617) 742-9015

Date: July 5, 2005

### CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that on this date, July 5, 2005, a true copy of the foregoing document has been served, via electronic filing, upon Assistant U.S. Attorney Michael Pineault.

**/s/ Robert M. Goldstein**
Robert M. Goldstein

3