UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
"EMERGENCY" VERIFIED MOTION TO DISMISS
THE SUPERSEDING INDICTMENT DUE TO GRAND JURY BIAS**

The United States opposes defendant Daniel E. Carpenter's motion to dismiss. Carpenter's accusations of misconduct and bias are unsupported by fact (as distinct from rhetoric). They also are false. Absent a showing of actual grand juror bias – and Carpenter has made none – his motion should be denied.

Carpenter first accuses the deputy foreperson of having improperly played a "leadership" role in the grand jury that returned the indictment against him, notwithstanding her alleged knowledge of a "legal and financial conflict of interest" in Carpenter's indictment and conviction.[1] (Motion at 4).

Carpenter furnishes no support for any of these allegations. He proffers no evidence in support of his claim that the deputy foreperson "led" the grand jury to indict him, other than her nominal title, which carried with it nothing more than ministerial duties. He proffers no facts establishing the existence of a "legal and financial conflict of interest." And he provides no

---

[1] Elsewhere, Carpenter alleges that the deputy foreperson served as an undisclosed "agent" of her employer in the grand jury room. (Motion at 7 n.6).

support for his claim that the deputy foreperson had knowledge of such a conflict, even assuming one existed.

The fact that litigators at Goodwin Procter, one of Boston's largest law firms, were representing PaineWebber in connection with proceedings involving Carpenter's options trading did not create a conflict of interest. According to the information on her juror questionnaire – which the undersigned prosecutor saw for the first time *after* Carpenter filed the instant motion -- the deputy foreperson worked in a wholly unrelated department at that firm. Carpenter does not claim that her work had anything to do with Goodwin's representation of PaineWebber. He fails to establish that she even knew of the representation.

Moreover, Carpenter fails to point to anything that would have put the deputy foreperson on notice of a potential conflict. He does not claim that anyone from Goodwin testified in the grand jury or, for that matter, that anyone from PaineWebber testified. In a footnote, he references an FBI 302 summarizing an interview conducted of PaineWebber employees *outside* the presence of the grand jury at which Goodwin attorneys were present. He then claims that the 302 placed the deputy foreperson on notice of the representation. (Motion at 2 & n.1). However, he cites nothing to support his assertion that the 302 was shown to the grand jury. He also cites nothing to show that Goodwin's representation of PaineWebber ever was referenced in the grand jury.

Even if it had been, Carpenter offers no support for his accusation that the deputy foreperson's individual financial well-being was so directly linked to the outcome of this criminal case as to mandate a finding of bias and the dismissal of the indictment. In fact, he offers no evidence of any financial link at all, other than his hypothetical conjecture that success

by PaineWebber would translate into financial benefit for Goodwin Procter's litigation department, which would translate into financial benefit for the firm, which would somehow, through some unexplained process, end up in the pocketbook of a non-attorney employee in the firm's trusts and estates department. Carpenter's unsupported assertions fall far short of the type of showing needed to demonstrate juror bias.

Carpenter's accusations of governmental misconduct are equally meritless. He points to nothing to establish that the prosecutor who presented this matter to the grand jury was aware of the identity of the deputy foreperson's employer. He appears to assume, incorrectly, that the prosecutor would have seen the juror's completed questionnaire or otherwise learned of her employment. That is not true.

Carpenter further assumes that had the prosecutor known, an absolute obligation would have arisen to excuse the deputy foreperson from sitting on this case. That also is incorrect. Numerous courts have declined to excuse jurors for cause on facts far stronger than those proffered by Carpenter here. E.g., Nathan v. Boeing Co., 116 F.3d 422, 423-25 (9th Cir. 1997) (no abuse of discretion in failing to excuse for cause two employees of the defendant); Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1466-68 (10th Cir. 1994) (no abuse of discretion in failing to excuse for cause a juror who was employed by a company that had a consulting contract with the defendant); Robinson v. Monsanto Co., 758 F.2d 331, 334-35 (8th Cir. 1985) (no error in denying evidentiary hearing concerning juror who was employed by company that had business dealings with the defendant).

In short, Carpenter's motion is premised on nothing more than unsupported allegations and unfounded accusations. Moreover, even if they were true, they would not rise to a level

sufficient to justify the dismissal of the indictment.

    For all of the foregoing reasons, Carpenter's motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: **/s/ Michael J. Pineault**
Michael J. Pineault
Jonathan Mitchell
Assistant U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Dated: July 7, 2005