UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
       v.                               )     CRIMINAL NO. 04-10029-GAO
                                        )
DANIEL E. CARPENTER                     )
_____)

**Defendant's Alternative Statement of the Case**

The Defendant, Daniel E. Carpenter, respectfully submits the following summary of the defense case to be read to jurors:

1,     This case is about like-kind property exchanges under Section 1031 of the Internal Revenue Code.  Code Section 1031 allows taxpayers to defer capital gain taxes upon the sale of certain types of property as long as an independent qualified third party intermediary assumes custody and control of the sale proceeds while the "exchangor" locates a replacement property to buy with the proceeds from the first sale.

2.     The government has charged Daniel E. Carpenter of Simsbury, Connecticut with the federal criminal offenses of mail and wire fraud in connection with certain property exchanges in which Benistar Property Exchange Trust Company, Inc. (BPETCO) served as the qualified intermediary. BPETCO was a joint venture between Martin Paley's company, SMG Ventures, LLC of Newton Massachusetts, and Mr. Carpenter's company Benistar, LTD., of Simsbury, Connecticut.

3.     Mr. Carpenter vigorously contends that he is <u>not</u> guilty of the charged offenses. The defense contends the evidence will show that Martin Paley, a principal government witness, alone met with each exchangor and alone made representations to each exchangor.  The defense further contends the evidence will show that Mr. Carpenter did not authorize Mr. Paley to make

promises to the exchangors other than what was contained in the written agreements and Mr. Carpenter is simply not responsible for any written or oral promise which the exchangors reasonably believed promised them safety of their funds.  Instead, the defense contends the evidence will show that Mr. Carpenter at all times believed he was authorized to invest the exchangors' funds, and he acted openly and in good faith and did not intend to defraud or deceive anyone.  The defense further contends the evidence will show that funds were not lost as a result of Mr. Carpenter's trading strategy, but instead were lost as a result of the sudden, historical market downturn of December 2000.

4.     The defense contends the evidence will establish that Mr. Carpenter did not commit any criminal offense by investing the exchangors' funds because Mr. Carpenter had authority to invest the BPETCO funds.  The defense further contends that any assurances or representations of safety or security made by Mr. Paley to exchangors in a desperate attempt to make a sale were done without Mr. Carpenter's knowledge or authorization.

Respectfully submitted,
DANIEL E. CARPENTER,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
(BBO #630584)
20 Park Plaza, Suite 903
Boston, MA 02108
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated:  July 8, 2005

3

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing pleading was served via electronic filing on this 8th day of July 2005 on Michael J. Pineault and John F. Mitchell, Assistant U.S. Attorneys, Office of the U.S. Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

                                                **/s/ Robert M. Goldstein**
                                                Robert M. Goldstein