NATIONAL ASSOCIATION OF SECURITIES DEALERS

BENISTAR EMPLOYER SERVICES TRUST
CORPORATION AND BENISTAR
PROPERTY EXCHANGE TRUST
COMPANY, INC.

   Claimants

v.

UBS PAINEWEBBER INC. N/K/A UBS
FINANCIAL SERVICES INC.

   Respondent

Arbitration No. 03-08742NY

## RESPONDENT'S ANSWER TO STATEMENT OF CLAIM

This Answer is submitted on behalf of UBS Financial Services Inc. ("UBS"), formerly known as UBS PaineWebber, Inc., in response to the allegations in the Statement of Claim filed by Benistar Employer Services Trust Corporation and Benistar Property Exchange Trust Company, Inc. (collectively, "Benistar"). For the reasons set forth below, UBS denies each and every allegation set forth in the Statement of Claim and states that Benistar's claims lack any good faith basis in law or fact.

## INTRODUCTION

The Statement of Claim reflects the latest effort by the Benistar entities to avoid the consequences of their own wrongdoing, after the Benistar entities were found liable by a Massachusetts judge and jury for the same actions they seek to relitigate in this forum. *See Cahaly, et al. v. Benistar Property Exchange Trust Co., et al.*, Civil Action No. 01-0116 (consolidated actions) (the "Massachusetts Litigation"). UBS was named as a co-defendant in the Massachusetts Litigation. However, UBS was fully exonerated in that action and the court

*Cities Communs.*, 82 N.Y.2d 466, 479 (1993). UBS engaged in no such conduct (although the record is replete with examples of such conduct on the part of Benistar).

## ADDITIONAL DEFENSES

(1) Benistar's Claims Are Barred By The Findings Made, and The Issues Litigated, In The Prior Massachusetts Litigation

(2) Benistar's Claims Are Barred By The UBS PaineWebber Account Agreements And Option Selection Forms Signed By Benistar.

(3) Benistar's Claims Are Barred By Its Own Misconduct.

(4) Benistar's Claims Are Barred By Its Intentional Acts and Criminal Misconduct.

(5) The Damages Suffered By Benistar Were Proximately Caused By Persons, Conditions, Or Events Beyond The Control Of The UBS, And UBS Is Not Liable For Those Damages.

(6) Benistar's Claims Are Barred By The Doctrines Of Waiver And Estoppel.

(7) Benistar's Claims Are Barred By The Doctrine Of Laches.

(8) Benistar's Claims Are Barred By The Doctrine Of Unclean Hands.

(9) Benistar's Claims Are Barred by the Applicable Statutes of Limitation

(10) Benistar Is Precluded From Offering Certain Evidence As A Result of Its Prior Invocation Of The Fifth Amendment.

(11) UBS Is Entitled To A Negative Inference Being Drawn With Respect To All Matters On Which Benistar Previously Invoked The Fifth Amendment.

UBS hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery and/or proceedings in this case, and hereby reserves the right to amend its Statement of Answer to assert such defenses. UBS also reserves the right to move to dismiss Benistar's claims at a date to be established after the appointment of the arbitration panel in this matter.

## CONCLUSION

For the foregoing reasons, UBS denies any liability to Benistar. UBS further asks for a dismissal of the claims against it, and entry of judgment in its favor, together with all reasonable attorneys' fees and NASD filing and forum costs arising from its defense to the Statement of Claim.

Respectfully submitted,

UBS FINANCIAL SERVICES, INC.

By its attorneys,

R. Todd Cronan, P.C. (BBO # 542466)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: February 3, 2004

LIBA/1352585.v2