UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>DANIEL E. CARPENTER,   )<br>_____) | CRIMINAL NO. 04-10029-GAO |

**DEFENDANT'S EMERGENCY MOTION TO DISMISS
FOR VIOLATIONS OF THE GRAND JURY'S INDEPENDENCE**

Defendant Daniel E. Carpenter, by and through undersigned counsel, respectfully moves on an emergency basis to dismiss the superseding indictment because the grand jury transcripts provided by the government on July 8, 2005 clearly show that the independence of the grand jury was severely and irreparably compromised and that Mr. Carpenter's rights under the Fifth Amendment were egregiously violated. Given the exigencies, Mr. Carpenter seeks additional time to fully brief this issue.

The last testimony that the grand jury heard on February 4, 2004, prior to returning the indictment at 4:18 p.m. that day, was the testimony of FBI Special Agent Caldwell ("Caldwell"). The **entire** transcript of Caldwell's testimony on that day consists of AUSA Pineault reading **every** paragraph of the proposed indictment and Caldwell vouching that each paragraph contains "factually accurate assertions." See 2/4/04 Caldwell Grand Jury Transcript annexed hereto as **Exhibit 1**.

By asking an FBI agent whether all of the paragraphs of an indictment are accurate, including paragraphs alleging that Mr. Carpenter had the requisite scienter to commit mail and wire fraud, AUSA Pineault caused Caldwell to impermissibly vouch for the truth of the assertions in the indictment going to the ultimate issue in the case. Caldwell also testified that his review of witness testimony and/or interviews showed that those witnesses testified truthfully

1

– thereby giving opinion testimony that each witness/interviewee was truthful. AUSA Pineault's orchestration of this testimony – and an FBI agent's vouching for the truthfulness of each paragraph of the indictment – violated Mr. Carpenter's right to an independent grand jury.

For example, AUSA Pineault read paragraphs 25 through 29 of the original indictment (Dkt. #1), consisting of an overview of the alleged scheme to defraud, and Caldwell vouched for every allegation contained in those paragraphs, such as:

AUSA PINEAULT: At all times material to the indictment, Carpenter engaged in a scheme to defraud that involved the misappropriation of millions of dollars of funds that BPE's clients had entrusted to the company.

\*       \*       \*

Agent Caldwell, based on the materials you've reviewed and the witnesses you've interviewed, are the allegations of Paragraphs 25 to 29 accurate?

AGENT CALDWELL: They are accurate.

See Exhibit 1 at 19-20.

Given this kind of testimony, which pervades the entire transcript, it would be very difficult (if not impossible) for a grand juror to vote against any paragraph in the indictment – much less the whole – without communicating that he/she believes that AUSA Pineault and Caldwell were lying. In fact, the grand jury had no basis other than Caldwell's vouching to endorse or reject the indictment as drafted.

When the grand jury's independence is compromised in this fashion, dismissal is the only appropriate sanction.

**REQUEST FOR ORAL ARGUMENT**

Mr. Carpenter requests oral argument on the within motion at the Court's earliest convenience prior to trial.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Mr. Carpenter's counsel has conferred with Michael J. Pineault, AUSA in a good faith, but unsuccessful, attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

**A.     The Fifth Amendment Requires That An Indictment Be Returned By An Independent Grand Jury**

The grand jury provides two important functions in the criminal justice system. It determines "whether there is probable cause to believe a crime has been committed" and, more importantly, protects citizens against "unfounded criminal prosecutions." United States v. Calandra, 414 U.S. 338, 343 (1974). The grand jury's role of protecting the innocent against unjust prosecution and persecution is a critical one. As the Supreme Court has observed:

> [The grand jury] has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused . . . to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will.

Wood v. Georgia, 370 U.S. 375, 390 (1962); see also United States v. Williams, 504 U.S. 36, 47 (1992) (function of grand jury is to "serv[e] as a kind of buffer or referee between the Government and the people.").

The Supreme Court has made clear that, to fulfill its constitutional role, the grand jury must be an investigating body "acting independently of either prosecuting attorney or judge." Williams, 504 U.S. at 49 (quotations omitted); see also Stirone v. United States, 361 U.S. 212, 218-19 (1960) ("[T]he right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away . . .").

3

The manner in which the grand jury testimony of Caldwell was orchestrated, vouching for the accuracy of each paragraph of the indictment, essentially turned a presumably independent grand jury (making its own determinations about whether a crime was committed) into a mere "rubber stamp" for the government.  See United States v. Gallo, 394 F. Supp. 310, 314 (D. Conn. 1975) ("[T]he Court of Appeals for this Circuit has expressed particular concern that an indicting grand jury not become a 'rubber stamp' endorsing the wishes of the prosecutor"); United States v. Reyes, 921 F. Supp. 189 (S.D.N.Y. 1996) (grand jury returning superseding indictment must consider evidence and cannot simply read the previous indictment).

By having Caldwell vouch for the accuracy of each paragraph of the indictment, the government caused the grand jury to indict based entirely on hearsay evidence (*i.e.*, Caldwell's opinion that the factual assertions in each paragraph were true).  Although, as a general rule, hearsay may be presented to the grand jury, see Calandra, an indictment based **entirely** on hearsay cannot stand:

> Heavy reliance on secondary evidence is disfavored precisely because it is not first-rate proof . . . Such secondary evidence added a false aura of factual support to the government's case and may well have deceived the grand jurors.

United States v. Hogan, 712 F.2d 757, 761 (2d Cir. 1983) (reversing conviction and remanding for dismissal) (citation omitted).

Having Caldwell vouch for the factual accuracy of each paragraph of the proposed indictment – including the paragraphs alleging that Mr. Carpenter had the requisite scienter for mail and wire fraud – so invades the exclusive province of the grand jury as to render the grand jury sterile in terms of its constitutional obligations while, at the same time, depriving Mr. Carpenter of his rights to due process before the grand jury.

4

B.     **Dismissal Is The Appropriate Remedy**

Because the independent functioning of the grand jury is so critical to our criminal justice system, courts have determined that dismissal of an indictment is both a necessary and appropriate remedy when a defendant's right to an independent and informed grand jury has been compromised. Accordingly, the federal courts have enforced the Grand Jury Clause of the Fifth Amendment by dismissing indictments obtained through abuses which violate the independence of the grand jury or its ability to deliberate freely before voting on whether to return an indictment. See United States v. Hogan, 712 F.2d 757, 761-62 (2d Cir. 1983) (dismissing indictment on the ground that the government's presentation "impaired the grand jury's integrity as an independent body"); United States v. Breslin, 916 F. Supp. 438, 444-46 (E.D. Pa. 1996) (dismissing indictment due to "grave interference with the independent functioning of the grand jury.").

Accordingly, if the independence of the grand jury has been compromised – as in this case – a court can and, indeed, must dismiss an indictment obtained in violation of a defendant's Fifth Amendment rights.

The orchestration of Caldwell's impermissible vouching for the factual and legal predicates, including Mr. Carpenter's scienter to defraud, of the indictment essentially robbed the grand jury of its ability to act independently and determine of its own accord whether to indict. This line of questioning also violated the government's own dictates regarding the grand jury:

> **The prosecutor must recognize that the grand jury is an independent body**, whose functions include not only the investigation of crime and the initiation of criminal prosecution but also the protection of the citizenry from unfounded criminal charges.

\*          \*          \*

> The prosecutor's responsibility is to advise the grand jury on the law and to present evidence for its consideration. In discharging these responsibilities, the prosecutor must be scrupulously fair to all witnesses and **must do nothing to inflame or otherwise improperly influence the grand jurors**.

U.S. Attorney's Manual, Criminal Resource Manual, § 9-11.010 (emphasis added). The manner in which Caldwell's testimony was orchestrated on February 4, 2004 certainly does not comport with these requirements, nor of those inherent in the Grand Jury Clause of the Fifth Amendment.

## CONCLUSION

For all of the foregoing reasons, Mr. Carpenter respectfully requests that the superseding indictment be dismissed forthwith.[1]

Dated: July 10, 2005

>                               DANIEL E. CARPENTER,
>                               By his attorney,
>
>                               **/s/ Jack E. Robinson**
>                               Jack E. Robinson, Esq.
>                               (BBO #559683)
>                               2187 Atlantic Street
>                               Stamford, CT 06902
>                               (203) 425-4500
>                               Robinsonesq@aol.com

---

[1] In light of the exigencies, Mr. Carpenter requests additional time in which to brief these issues prior to trial if the Court decides not to dismiss the indictment at this time.