UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States hereby requests that the Court instruct

the jury in this case in accordance with the attached instructions.  The requested instructions are

based principally on the First Circuit's Pattern Jury Instructions.

The United States reserves the right to supplement, modify, or withdraw its requested

instructions in light of the requests for instructions, if any, filed by the defendant and the

evidence presented at trial.  The United States will file a proposed verdict form and redacted

indictment under separate cover.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     **/s/ Michael J. Pineault**
        Michael J. Pineault
        Jonathan F. Mitchell
        Assistant U.S. Attorneys
        U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
Date: July 11, 2005              617-748-3100

## TABLE OF CONTENTS

**INSTRUCTION**                                                                **PAGE**

1.    Impeachment By Prior Inconsistent Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    What Is Evidence; Inferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.    Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.    Credibility Of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5.    Consider Only this Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6.    Cautionary and Limiting Instructions as to Particular Kinds of Evidence . . . . . . . . . . . . 6

7.    What Is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8.    Charts and Summaries - Admitted into Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9.    Duty Of The Jury To Find Facts and Follow Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

10.   Presumption Of Innocence; Proof Beyond A Reasonable Doubt . . . . . . . . . . . . . . . . . . 10

11.   Defendant's Constitutional Right Not To Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12.   Variance - Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13.   Not to Consider Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

14.   Definition Of "Knowingly" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15.   "Willful Blindness" As A Way Of Satisfying "Knowingly" . . . . . . . . . . . . . . . . . . . . . . 16

16.   Each Count Separate Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

17.   Wire Fraud -- 18 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

18.   Mail Fraud -- 18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

19.   Intent and Motive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

20.   Good Faith Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

21.   Characteristics of Victims Immaterial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

22.   Aid and Abet -- 18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

23.   Foreperson's Role; Unanimity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

24.   Consideration Of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

25.   Reaching Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

26.   Return Of Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

27.   Communication With The Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

INSTRUCTION No. 1

<u>Impeachment By Prior Inconsistent Statement</u>

You have heard evidence that before testifying at this trial, some witnesses made statements concerning the same subject matter as their testimony in this trial.  You  may consider that earlier statement to help you decide how much of these witness' testimony to believe.  If you find that a prior statement was not consistent with a witness's testimony at this trial, then you should decide whether that affects the believability of that witness's testimony at this trial.


<u>First Circuit Pattern Jury Instructions</u> 2.02, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 2

<u>What Is Evidence; Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

<u>First Circuit Pattern Jury Instructions</u> 3.04, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

2

INSTRUCTION No. 3

Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

For example, if someone looks outside and sees the rain falling down, that person has direct evidence that it is raining. By contrast, if one were to observe someone walk in the door with a dripping umbrella and rain coat, you might draw the reasonable inference, based on those circumstances, that it is raining outside.  That, in other words, would be circumstantial evidence of the fact that it is raining outside.

First Circuit Pattern Jury Instructions 305, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, ¶ 5.01, INSTRUCTION 5-2, p. 5-6 (1995).

Adapted from 1 Hon. Edward J. Devitt & Hon. Charles B. Blackmar, et al, Federal Jury Practice and Instructions, §12.04 at 337 (4th ed. 1992).

3

INSTRUCTION No. 4

Credibility Of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions 3.06, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

4

INSTRUCTION No. 5

<u>Consider Only this Defendant</u>

You are about to be asked to decide whether the accused is guilty or not guilty. You are not being asked whether any other person is guilty or not guilty, or should have been charged with a crime.  Your verdict should be based solely upon the evidence or lack of evidence as to the accused, in accordance with my instructions and without regard to the guilt or innocence of any other person.

---

1       <u>Mod. Fed. Jury Instructions</u>, Instruction No. 2-18, p. 2-39.

INSTRUCTION No. 6

<u>Cautionary and Limiting</u>
<u>Instructions as to Particular Kinds of Evidence</u>

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

<u>First Circuit Pattern Jury Instructions</u> 3.07, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 7

<u>What Is Not Evidence</u>

Certain things are not evidence. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3)     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence. This case, like most criminal cases, began with an indictment. That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

<u>First Circuit Pattern Jury Instructions</u> 3.08, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

7

INSTRUCTION No. 8

Charts and Summaries - Admitted into Evidence

Charts or summaries have been prepared by the government, have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are in evidence in the case.

You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

Adapted from 1 Hon. Edward J. Devitt & Hon. Charles B. Blackmar, et. al., Federal Jury Practice and Instructions, §14.02 at 408 (4th ed. 1992).

INSTRUCTION No. 9

<u>Duty Of The Jury To Find Facts and Follow Law</u>

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.

<u>First Circuit Pattern Jury Instructions</u> 3.01, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

9

INSTRUCTION No. 10

<u>Presumption Of Innocence</u>
<u>Proof Beyond A Reasonable Doubt</u>

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Daniel E. Carpenter, had the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their individual guilt as to each charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Daniel E. Carpenter is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to a defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Daniel E. Carpenter has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Daniel E. Carpenter's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied

10

beyond a reasonable doubt of Daniel E. Carpenter's guilt, you should vote to convict him.


First Circuit Pattern Jury Instructions 3.02, Committee on Pattern Criminal Jury Instructions,
First Circuit (1998).

INSTRUCTION No. 11

<u>Defendant's Constitutional Right Not To Testify</u>

A defendant has a constitutional right not to testify and no inference of guilt, or of

anything else, may be drawn from the fact that the defendant did not testify.  For any of you to

draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.


<u>First Circuit Pattern Jury Instructions</u> 3.03, Committee on Pattern Criminal Jury Instructions,
First Circuit (1998).

INSTRUCTION No. 12

Variance - Dates

The indictment alleges that certain acts occurred "on or about" certain dates. For example, it alleges that certain mailings or wire transmissions were made on or about certain dates.

It does not matter if the indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the dates established by the testimony or exhibits.

United States v. Morris, 700 F.2d 427 (1st Cir. 1983); Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, ¶3.01, Instruction 3-12, p. 329 (1995).

INSTRUCTION No. 13

<u>Not to Consider Punishment</u>

The punishment provided by law for the offenses charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether the defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions</u> (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, <u>Federal Jury Practice and Instructions</u>, §18.02 (3d ed. Supp. 1982).

INSTRUCTION No. 14

<u>Definition Of "Knowingly"</u>

The word "knowingly," as that term will be used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>First Circuit Pattern Jury Instructions</u> 2.13, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

15

INSTRUCTION No. 15

<u>"Willful Blindness" As A Way Of Satisfying "Knowingly"</u>

In deciding whether the defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that  he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established.

First, that a defendant was aware of a high probability of the fact in question.

Second, that a defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.


<u>First Circuit Pattern Jury Instructions</u> 2.14, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 16

Each Count Separate Offense

The indictment contains a total of 19 counts for your consideration.  Each count charges a

separate crime.  You must consider each count separately and return a separate verdict of guilty or

not guilty for each count.

Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, <u>Modern Federal Jury Instructions,</u>
P 3.01, Instruction 3-6, p. 3. 12 (1995).

INSTRUCTION No. 17

Wire Fraud -- 18 U.S.C. § 1343

Counts One through Fourteen of the indictment charge Daniel E. Carpenter with violating the federal statute making wire fraud illegal.

In order to establish a violation of the wire fraud statute the government must prove each of three things beyond a reasonable doubt with respect to each count.

**First**, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

**Second**, the defendant's knowing and willful participation in this scheme with the intent to defraud.

The **Third** element of the offense of wire fraud, is the element requiring that the government prove the use of interstate wire communications, on or about the dates alleged, in furtherance of this scheme.

The first element is proof of a scheme to defraud or obtain money by false or fraudulent pretenses.  A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating.  A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.  It need not necessarily be accompanied by such a purpose, however.  "What counts is whether the defendant intended to deceive . . . in order to obtain money or other property, regardless of the ultimate purpose."  United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000).

The term "false or fraudulent pretenses" in this first element of the offense means any false statements or assertions that concern a material aspect of the matter in question, that were

either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts. A false or fraudulent statement or omission may relate to existing or past facts, or to future plans and intentions.

A fact is "material" if it has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed. To be "material" it is not necessary that the statement or representation, in fact, influence or deceive. The United States is not required to prove that anyone actually relied upon any particular false statement, so long is it proves beyond a reasonable doubt that false statements were made that concerned matters that might have been considered important by a reasonable person. See Neder v. United States, 527 U.S. 1, 24-25 (1999).

The second element concerns whether the defendant's participation in the scheme was knowing and willful. Daniel E. Carpenter acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if a defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of obtaining money or other property. Thus, if a defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other

19

elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what a defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of each of the defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

"Interstate wire communications" include telephone communications, including telephone calls and fax transmissions, from one state to another.  The term also includes a wire transfer of funds between financial institutions.  The government must prove that each wire charged in the Indictment either originated from, passed through, or was received in the District of Massachusetts.  United States v. Goldberg, 830 F.2d 459, 465 (3rd Cir. 1987).

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud or to obtain money by means of false or fraudulent pretenses.  Phone calls designed to lull a victim into a false sense of security, postpone injuries or complaints, or make the transaction less suspect are phone calls in furtherance of a scheme to defraud.

As I instructed you on the mail fraud offense, it is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of wire communications facilities

20

in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt as to each wire fraud count is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment; and that the use of the wire communications facilities in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate telephone call to be made in an attempt to execute or carry out the scheme.  To "cause" an interstate telephone call to be made is to do an act with knowledge that an interstate telephone call will follow in the ordinary course of business or where such a call can reasonably be foreseen.

First Circuit Pattern Jury Instructions 4.13, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 18

<u>Mail Fraud -- 18 U.S.C. § 1341</u>

Counts Fifteen through Nineteen of the indictment charges Daniel E. Carpenter with violating the federal statute making mail fraud illegal.

For you to find Daniel E. Carpenter guilty of mail fraud, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt for each separate count.  You will note that the first two elements of the crime of wire fraud are the same as the elements of the offense of mail fraud, namely:

**First**, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

**Second**, the defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and

These terms, as used in the wire fraud statute, have the same meaning as I just defined them under the wire fraud statute and you should consider those instructions in deliberating over the mail fraud counts.

**Third**, the use of the United States mail, which differentiates this offense from the crime of wire fraud, on or about the date charged in the mail fraud count, in furtherance of this scheme.

This element requires proof the use of the mail in furtherance of the scheme. As a general matter, it is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone

22

or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the dates alleged was closely related to the scheme because the defendant either received something in the mail or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen. It is not necessary for the defendant to be directly or personally involved in any mailing, as long as the mailing is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.   The use of the mails to further the fraudulent scheme need only be incidental.

First Circuit Pattern Jury Instructions 4.12, Committee on Pattern Criminal Jury Instructions, First Circuit (1998); United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000); United States v. Woodward, 149 F.3d 46, 63 (1st Cir. 1998); 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, ¶ 44.01, Instruction 44-4, 44-6, pp. 44-10, 44-12, 44-39 (1995).

INSTRUCTION No. 19

Intent and Motive

Intent and motive should never be confused.  Motive is what prompts a person to act, or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well recognized motives for much of human conduct.  These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime. So, the motive of the accused is immaterial except insofar as evidence of motive may aid determination of intent.

Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  Federal Jury Practice and Instructions, §17.06 (5th ed. 2000).

INSTRUCTION No. 20

Good Faith Defense

The good faith of a defendant is a complete defense to the charges of Mail Fraud and Wire Fraud contained in the Indictment because good faith on the part of a defendant is inconsistent with an intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate or wrong.  An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.   However, a defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, he also knowingly makes false or fraudulent pretenses, representations, or promises to others.

Thus, a belief by a defendant that ultimately everything would work out so that no one would lose any money is not necessarily the same as finding that the defendant acted in good faith.  No amount of honest belief on the part of a defendant that a particular transaction will ultimately make a profit for those involved will excuse false representations made to obtain money.  In this context, a statement or representation is false if it is untrue when made and the defendant knew it was untrue when made.  Similarly, a statement or representation is fraudulent if it is made falsely with intent to deceive.

In considering whether the defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises, or whether he acted in good faith, you must consider all of the evidence in the case bearing on his state of mind.

The defendant does not bear any burden of proving good faith or anything else in this

25

case.  Rather, it is the government's burden to prove to you, beyond a reasonable doubt, that the

defendant acted with intent to defraud or to obtain money or property by means of false or

fraudulent pretenses, representations, or promises.

Adapted from United States v. Brennan, 832 F. Supp. 435, 439-40 (D. Mass. 1991), aff'd  994
F.2d 918 (1st Cir.1993); Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  Federal Jury
Practice and Instructions, § 47.16 (5th ed. 2000); 1 Hon. Leonard B. Sand & John S. Siffert, et al,
Modern Federal Jury Instructions, ¶ 8.01, INSTRUCTION 8-1, comment (1995); Eleventh Circuit
District Judges Association Pattern Jury Instructions Committee, Pattern Jury Instructions,
Criminal Cases, Instr. No. 16, at 70 (1997); see also United States v. Boyer, 694 F.2d 58 (3d Cir.
1982) (it is proper to instruct jury that no amount of belief in the ultimate success of the project
will justify false statements); United States v. Habel, 613 F.2d 1321, 1328 (5th Cir. 1980) (good
faith in pursuing development will not justify false statements); United States v. Gering, 716 F.2d
615, 622 (9th Cir. 1983) (if in good faith defendant believed representations he made were true,
good faith defense exists).

INSTRUCTION No.21

<u>Characteristics of Victims Immaterial</u>

In assessing whether Daniel E. Carpenter engaged in a scheme to defraud or obtain money by false or fraudulent pretenses, it makes no difference whether the people the defendant allegedly intended to defraud are gullible or skeptical.  The only issue to consider in this regard is whether the defendant engaged in such a scheme, not whether the scheme was capable of ensnaring the ordinary prudent investor, as opposed to those less skeptical and cautious.


<u>United States v. Brien</u>, 617 F.2d 299, 311 (1st Cir. 1980); <u>United States v. Faulhaber</u>, 929 F.2d 16, 18 (1st Cir. 1991).

27

INSTRUCTION No. 22

<u>Aid and Abet -- 18 U.S.C. § 2</u>

The Indictment charges that Daniel E. Carpenter either directly committed the crimes with which he is charged, or that he aided and abetted others who committed such crimes.

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting by a defendant, the government must prove beyond a reasonable doubt the following two elements:

1.      someone else committed the charged crime; and

2.      the named defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

As you may recall from earlier in my instructions, an act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done--that is to say

28

with bad purpose, either to disobey or disregard the law.


First Circuit Pattern Jury Instructions 4.02, Committee on Pattern Criminal Jury Instructions, First Circuit(1998).

INSTRUCTION No. 23

Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

First Circuit Pattern Jury Instructions 6.01 Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 24

Consideration Of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

First Circuit Pattern Jury Instructions 6.02, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

31

INSTRUCTION No. 25

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

<u>First Circuit Pattern Jury Instructions</u> 6.03, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 26

Return Of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instructions 6.04 Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

INSTRUCTION No. 27

Communication With The Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instructions 6.05, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

34