UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL E. CARPENTER, )<br>)<br>Defendant. )<br>) | CRIMINAL NO. 04-10029-GAO |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE (DOCKET 125)**

The United States opposes the defendant's motion, on the following grounds

1.   Defendant's first argument was addressed and resolved at the close of the trial day, today.

2.   The court has taken the defendant's second argument under advisement. As a written supplement to the arguments it made orally, the government respectfully refers the Court to pages 1-5 and 9-12 of the Government's Consolidated Opposition to the Defendant's June 23, 2005 Motions in Limine (Docket 99). The government also asks that the Court read the two Statements of the Case that the defendant submitted to the Court prior to jury selection. (Dockets 118 and 119). These pleadings underscore the centrality to Carpenter's defense of his claims that: (a) he acted at all times in good faith, and (b) his loss of the victims' money was unanticipated and unintentional. Given these defense assertions, it is of core relevance for the jury to hear what Carpenter did with the victims' money, including the nature of the trading in which he engaged, the losses that he sustained, and what he was *expressly told* by his brokers concerning the aggressiveness and risk of his trading activity. Such evidence wholly undercuts Carpenter's protestations of good faith: it demonstrates that he knowingly gambled his clients'

funds in high risk options, despite: (a) having been told repeatedly of the risks of that activity; and (b) having sustained enormous losses for months before he took and gambled the client funds at issue here.

With respect to the anticipated testimony of the brokers, the government emphasizes that it is not calling them as witnesses to elicit their abstract personal opinions concerning the riskiness of Carpenter's conduct. The government is calling them to testify as *fact* witnesses concerning what they saw, what they did, and *what they said* to the defendant in numerous conversations. For the jury to evaluate Carpenter's state of mind and his protestations of good faith, it is critical for the jury to hear what the brokers told Carpenter about the risks of his trading, and what he did (and didn't do) after those conversations.

3.    Finally, contrary to Carpenter's third argument, the government has not been asking witnesses to express their subjective understanding of any of the exhibits, including the exchange documents. Rather, it has been asking them what they were and were not *told* – i.e., whether they ever were told, or otherwise informed (through written materials, for example), that their money: (a) could be taken out of the account into which it was wired; (b) used to trade in options; (c) was at risk of complete loss, etc. Mail and wire fraud can consist not only of affirmative misstatements but also of fraudulent omissions. Thus, it is entirely appropriate to ask questions concerning what the victims (or their representatives) were (and were not) told.

The remaining questions to which the defendant objects go directly to the materiality of the false and fraudulent representations and pretenses, and hence are permissible as well.

## CONCLUSION

For all of the foregoing reasons, the United States requests that Carpenter's motion in

limine be denied.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

By:

                                              **/s/ Michael J. Pineault**
                                              Michael J. Pineault
                                              Jonathan Mitchell
                                              Assistant U.S. Attorneys
                                              U.S. Courthouse, Suite 9200
                                              1 Courthouse Way
                                              Boston, MA 02210

Dated: July 14, 2005