UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>DANIEL E. CARPENTER,<br><br>     Defendant. | Civil Action No. 04-10029-GAO |

**UBS FINANCIAL SERVICES, INC.'S MOTION TO
QUASH OR, IN THE ALTERNATIVE, MODIFY THE SUBPOENA**

Pursuant to Fed. Rule of Crim. Proc. 17(c)(2), UBS Financial Services, Inc. ("UBS") respectfully requests that the subpoena issued by counsel for Daniel E. Carpenter be quashed or, in the alternative, modified. UBS received the subpoena *less* than 24 hours before its return date. The subpoena, attached hereto as Exhibit A, is overbroad and requests a substantial volume of documents be produced. As grounds, UBS states the following:

1.      The subpoena is unenforceable as it was not properly served. Pursuant to Rule 17(d), the server of the subpoena must deliver it to the witness, and tender a one-day witness attendance fee and the legal mileage allowance. When the subpoena was served, the attendance fee and legal mileage allowance was not included.

2.      UBS has been given *less than 24 hours* to comply with the subpoena. Not only are these requests extremely broad and overly burdensome, they are *per se* unreasonable because UBS has been given essentially no opportunity to gather the broad range of documents requested. Even if not *per se* unreasonable, it is unreasonable due to the sheer breadth of the documents requested. For example, the second request asks for all email communication

between UBS employees Rock, Enright and Feit with Merrill Lynch employees Stern and/or Levin *or any other employee* of Merrill Lynch from 2000 to present related to Carpenter or any "Benistar" entities. This request requires a review of back-up storage tapes containing *billions* of pages of email documentation. To sift through and review this material for responsive emails would require up to two weeks or more.[1]

3. The nature of Request No. 1, which requests all materials relating to the employment of Rock, Enright and Feit, including personnel files, in addition to being overboard, would be an invasion of the employees' privacy. *See, e.g., Gehrig v. Case Corp.*, 43 F.2d 340, 342-43 (7th Cir. 1994) (privacy interests were proper basis upon which to prevent counsel from rout[ing] through personnel file). Counsel for UBS is not aware of any relevance the requested information might contain. Moreover, under these circumstances, UBS could be potentially sued by these employees and former employees if such confidential and private information was produced—especially if produced in response to this improperly served subpoena.

4. If this subpoena is not quashed, UBS would request it be modified to require the production of only the following documents:

    (a)    The U4s and U5s of Mitchell Rock, Steven Feit and Lori Enright;

    (b)    documents reflecting compensation and/or bonus of Mitchell Rock, Steven Feit and Lori Enright; and

    (c)    emails produced by UBS in the civil litigation.[2]

---

[1] Moreover, such searches at UBS are done by an outside vendor who estimates the cost of such a broad search would be several thousands of dollars, possibly more than $20,000. UBS would request that if ordered to undertake this search and production that the defendant be ordered to reimburse UBS.

[2] All such emails were previously produced to the government and UBS understands they have been made available to defense counsel.

    Counsel believes that these documents could be produced within 24 hours if so requested by the Court.

    WHEREFORE, UBS respectfully requests that this subpoena be quashed or, in the alternative, modified as requested herein. Counsel for UBS will be available on 15-minutes notice if the Court requests argument.

                                                      Respectfully submitted,

                                                      UBS FINANCIAL SERVICES, INC.

                                                      By its attorneys,

                                                      */s/ Angela Buchanan Smagula*
                                                      R. Todd Cronan (BBO #542466)
                                                      Angela Buchanan Smagula (BBO #643764)
                                                      GOODWIN PROCTER LLP
                                                      Exchange Place
                                                      Boston, MA 02109-2881
                                                      617.570.1000

Dated: July 14, 2005