UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    CRIMINAL NO. 04-10029-GAO
                                    )
DANIEL E. CARPENTER                 )
_____ )

**Defendant's Trial Motion in Limine No. 2**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, and hereby moves, *in limine*, to preclude the government from calling newly identified witnesses and introducing newly-identified exhibits. As grounds and reasons therefore, the defendant states the following:

1.   Prior to trial, after terminating prior counsel (Greenberg Traurig), the defendant moved for a continuance of trial on two separate occasions. On both instances, the government objected, advising the Court that the three months afforded defense counsel was more than sufficient to prepare this case for trial, that this case was "simple", and there was no need for additional time.

2.   The government has had more than four years to prepare this case for trial and known or should have known that jurisdiction and venue would be part of Mr. Carpenter's defense in this case. Indeed, the defendant moved to dismiss for lack of venue in September 2004.

3.   On March 24, 2005, the government filed its original witness and exhibit list.

4.   On June 29, 2005, in response to the defendant's motions to dismiss certain counts on venue grounds (insufficient evidence that all but one wire originated or

1

ended in Massachusetts), the government submitted a revised witness list (with nine new "bank" witnesses) and a revised exhibit list.

5. On July 1, 2005, the government began disclosing new records received from financial institutions listed in the indictment's wire fraud counts, noting in its letter that it would be supplementing its exhibit list to add these documents.

6. On July 8, 2005, the government notified the defendant it intended to add yet additional wire transfer records to its exhibit list, and provided the defendant with copies of additional wire transfer records from Fidelity, Sovereign Bank, and Service Credit Union.

7. On July 9, 2005, the government provided the defendant with additional wire transfer documents that it received from Bay State Savings Bank and from Bank of America/Fleet.

8. On July 12, 2005, the government provided the defendant with an additional wire transfer record which it wants to utilize as part of government exhibit 216.

9. On July 15, 2005, the government provided the defendant with "supplemental witness and exhibit lists identifying additional witnesses that the government intends to call and additional exhibits that it intends to introduce absent a stipulation by the defendant to the propriety of venue in the District of Massachusetts on the indictment's wire fraud counts." The government stated that it would revise the witness list as soon as Peabody & Arnold and Hoffman & Hoffman have identified the specific individuals whom they will be designating to testify. The government's "Supplemental Witness List" contains seven (7) additional witnesses.

2

10. On July 16, 2005, the government provided the defendant with an additional chart it wants to utilize during the testimony of its expert, Mr. Allaire.

11. On July 17, 2005, the government notified the defendant it intended on introducing two additional exhibits during the direct examination of Thomas Rasmussen, an employee of Merrill Lynch.

12. The defendant has been attacking venue since the motion stage of this litigation and filed a motion in limine just prior to trial on this exact issue. This issue is not a surprise to the government.

13. The government has had more than four years to prepare this case for trial and it specifically represented to the Court it was a simple case.

14. It is beyond the pale that the government continues to revise its witness and exhibit lists regarding the jurisdictional element of its prosecution.

15. The Local Rules require the government to provide the defendant with its witness and exhibit lists seven (7) days prior to trial.

16. The witnesses and exhibits added by the government since their initial disclosure should not be allowed, they do not relate to some unexpected twist in the trial proceedings, and the addition of these witnesses and exhibits is unduly prejudicial to the defendant. A major facet of his defense in this case was his knowledge that the government could not meet the jurisdictional element of its prosecution given the witnesses and exhibits identified to the defendant in their initial disclosure. In good faith, the defendant identified the issue pretrial and moved to dismiss.

17. In response to the defendant's good faith decision to raise the issue pretrial, the government continues to adapt its witnesses and exhibit lists to address the insufficiency of its originally planned evidence.

18. Such a manipulation of the process is unfair and prejudicial.

WHEREFORE, the defendant respectfully requests that the government be precluded from calling any witnesses and/or presenting any exhibits not identified in its original witness and exhibit lists.

>The Defendant,
>Daniel E. Carpenter,
>By his attorney,
>
>**/s/ Robert M. Goldstein**
>Robert M. Goldstein
>Mass. Bar No. 630584
>20 Park Plaza, Suite 903
>Boston, MA 02116
>(617) 742-9015
>rmg@goldstein-lawfirm.com

Dated: July 18, 2005

5