UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL E. CARPENTER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  CRIMINAL NO. 04-10029-GAO<br>)<br>)<br>)<br>) |

### MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S EMERGENCY MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENAS

Pursuant to Fed. Rule of Crim. Proc. 17(c)(2), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully requests that the subpoenas issued by counsel for Defendant, Daniel E. Carpenter ("Carpenter"), be quashed, or in the alternative, modified, as compliance would be "unreasonable and oppressive" within the meaning of this Rule. Carpenter served the subpoenas on July 14, 2005, day four of trial in the above-captioned criminal prosecution, and *less* than 24 hours before the date indicated for production. The subpoenas, attached hereto as Exhibit A, are overbroad, unduly burdensome and call for the production of documents containing confidential and irrelevant information. As grounds for this motion, Merrill Lynch states as follows:

1. The subpoenas are unenforceable as they were not properly served. Pursuant to Rule 17(d), the server of the subpoena must deliver it to the witness, and tender a one-day witness attendance fee and legal mileage allowance. No such tender was made when the subpoenas were served on Merrill Lynch.

2. Further, the subpoenas are overwhelmingly broad and unduly burdensome, for at least the following reasons: The lack of time provided for Merrill Lynch to gather the broad range of documents requested. In particular, Request 2 of the subpoenas requests information regarding all email communications from or to Gary Stern and Gerald Levine on the one hand, and

LITDOCS/608676.1

Mitchell Rock *or any other employee* of PaineWebber during the years 2000 to the present, on the other. Not only would this request require a review of back-up storage tapes containing millions or billions of pages of email documentation, but the very process of retrieving Merrill Lynch emails for such a review would require up to a month's time.[1]

3. Moreover, Request 1 of the subpoenas, which requests all materials "relating in any manner whatsoever" to the employment of Gary Stern and Gerald Levine, respectively, is not only overbroad but calls for the production of confidential personnel files protected from disclosure. *See, e.g., Gehrig v. Case Corp.*, 43 F.2d 340 342-43 (7th Cir. 1994) (privacy interests were proper basis upon which to prevent counsel from rout[ing] through personnel file). Merrill Lynch further objects to this request on the grounds that it calls for a vast array of documents of no apparent relevance to this case.

4. If the subpoena is not quashed, Merrill Lynch would request it be modified to require the production of only the following documents:

(a) Forms U-4 and/or U-5 for Gary Stern and Gerald Levine,

(b) Documents sufficient to show compensation and/or bonus of Gary Stern and Gerald Levine for 1998, 1999 and 2000 (subject to a reasonable confidentiality stipulation), and

(c) Any document, not privileged, in the personnel file of Gary Stern or Gerald Levine which concerns the Defendant or any Benistar entity.

---

[1] If the Court is inclined to allow the request for e-mail to stand, in whole or in part, Merrill Lynch requests that Defendant be required to pay all Merrill Lynch's costs incurred in retrieving, searching and producing e-mail, and that Defendant be required to pay to Merrill Lynch *in advance* the full amount of Merrill Lynch's reasonable estimate of those costs.

- 3 -

WHEREFORE, Merrill Lynch requests that the subpoenas be quashed or, in the alternative, modified as requested herein.

Respectfully submitted,

Merrill Lynch, Pierce, Fenner & Smith Incorporated,

By its attorneys,

*/s/ Lana Gelb*

John R. Snyder, BBO #471480
Lara N. Gelbwasser, BBO #657376
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: July 15, 2005

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated attempted to reach counsel for Defendant, Robert Goldstein, by telephone today to discuss resolution of issues pertaining to the subject subpoenas, but did not reach him. A message was left with attorney Goldstein's voice mail system.

*/s/ John R. Snyder*
John R. Snyder

- 4 -

## CERTIFICATE OF SERVICE

I, Lara N. Gelbwasser, hereby certify that I caused a copy of the above to be served by facsimile and U.S. Mail upon all counsel of record, this 15th day of July, 2005.

_Lara N. Gelbwasser_
Lara N. Gelbwasser