UNITED STATES DISTRICT COURT

Case Number: 04-10029-GAO

|  |  |
|---|---|
| United States of America ) | |
| ) | |
| vs. ) | Motion of Marjorie A. Adams |
| ) | to Quash Subpoena |
| ) | or in the alternative for |
| Daniel E. Carpenter ) | a Protective Order |
| ) | |

Marjorie A. Adams hereby requests that the attached Subpoena be quashed or a Protective Order issue in relation to a Subpoena received in the above entitled action. As reasons therefore, Marjorie A. Adams states as follows:

1.  One of the attorneys for the defendant handed me the Subpoena after 11:00 AM on Thursday July 14, 2005;

2.  The Subpoena demands that I produce numerous documents dating back more than five years by 8:30 AM July 15, 2005, less than 24 hours from the time of my receipt of the Subpoena.

3.  The need for these documents could have reasonably been anticipated by the Defendant's counsel. Defense counsel has been aware of the potential of my being a witness for several years. I was listed as a witness for the Prosecution and I testified in the prior related civil action. Additionally, Defendant's counsel had a copy of a summary of an interview conducted by the U.S. Attorney's office dated February 2001.

4. All non-privileged materials that are a part of my records were previously delivered to the attorneys for defendant, Daniel E. Carpenter, in response to Discovery Requests in the civil action. The same documents were delivered years ago to the U.S. Attorney's office and presumably were available for review by the Defense counsel in this action. The majority of the non-privileged documents requested were admitted into evidence during my testimony on July 14, 2005.

5. Looking beyond the failure to effect proper service, the delay in serving me with a Subpoena and serving me with the Subpoena after I testified in this action and was prepared to leave, rather than allowing me to collect the documents in advance and deliver them prior to my appearance appears to be designed to harass me and make me suffer additional lost time away from my family and my law practice unnecessarily. To satisfy the Subpoena I would have been forced to spend many hours gathering documents previously produced. To the extent these documents exist, I would need time to look through stored boxes as the matters in questions were closed.

5. The majority of the documents requested are clearly privileged. On the face of the Subpoena the request calls for materials "concerning conversations and/or communications with Joseph Iantosca". See Exhibit A section A. Any conversation or communication I had with my client is privileged. Any documents concerning a conversation or communication I had with my client is also privileged and therefore every document that would be responsive to subsection A is privileged.

Date:  July 14, 2005

_____
Marjorie A. Adams
BBO# 632390
ADAMS & SAMMON
800 Hingham Street, Suite 200N
Rockland, MA 02370
(781) 871-0822

## CERTIFICATE OF SERVICE

I, Marjorie A. Adams, hereby certify that a true copy of the above document was served upon the attorney for the Defendant, Robert M. Goldstein due to the short period of time, by fax (617) 742-9016 on July 14, 2005. Additionally a copy was mailed to him by first class mail postage prepaid on July 14, 2005 to 20 Park Plaza, Suite 903, Boston, MA 02116.