UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**Defendant's Trial Motion *in Limine* No. 4**
**(Exclusion of Government's Expert Witness)**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, and hereby moves, *in limine*, to exclude all testimony offered by the government's proposed expert witness – Mr. J. Marc Allaire ("Allaire").

In light of the Court's ruling on July 15th that no witness may testify as to the riskiness or aggressiveness of Mr. Carpenter's investment strategy unless that witness spoke to Mr. Carpenter during the relevant time period, Allaire's "opinions" about Mr. Carpenter's investment strategy are totally irrelevant and prejudicial because Allaire has never spoken to Mr. Carpenter and has no insight or knowledge of Mr. Carpenter's state of mind at the time in question (Fall 2000). See Fed. R. Evid. 402, 403. As the Court has noted, the issue is not whether the trading strategy was unduly risky or imprudent, but what Mr. Carpenter's state of mind was at the time he engaged in his trading strategy. Allaire can offer nothing in this regard.

Moreover, the jury has already heard sufficient evidence regarding the rudiments of options investing (puts, calls, buying and selling puts and calls, margin, etc.). Any further testimony by Allaire on this issue would simply be cumulative, unhelpful and a waste of time. See Fed. R. Evid. 403.

In United States v. Masferrer, 367 F. Supp.2d 1365 (S.D. Fla. 2005), two defendants were indicted for wire and securities fraud regarding certain transactions involving the bank which they owned where they allegedly disguised loan losses and artificially inflated the stock price of the bank's parent company. The government sought to call three expert witnesses to give "opinion testimony on the validity of the financial transactions engaged in by Hamilton Bank." Id. at 1370. After conducting a Daubert hearing, the court granted the defendants' motion to **exclude** all expert testimony, based in part on the finding that the so-called experts were "not qualified to give opinion testimony as to what business judgment decisions the officers of Hamilton Bank engaged in at the time the transactions were made and whether or not they were lawful." Id. at 1375.

The same situation exists here. The jury has already heard enough about options investing and does not need Allaire to provide yet *another* explanation of puts, calls, how "aggressive" Mr. Carpenter's trading strategy was, that the securities markets in 2000 were "volatile," or that $9 million was lost in the BPETCO accounts in December 2000. The jury has no need whatsoever for such "expert" testimony. "The jurors, after hearing the facts and closing argument can make a just determination on these straight forward facts, without the conclusionary opinions of 'experts.'" Id. at 1378. In other words, after all the evidence that the government has already presented to the jury regarding options investing, no additional "scientific, technical, or other specialized knowledge [is necessary to] assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702.

2

WHEREFORE, the defendant respectfully requests that the government's proposed expert witness be precluded from testifying at trial.

>The Defendant,
>Daniel E. Carpenter,
>By his attorney,
>
>**/s/ Robert M. Goldstein**
>Robert M. Goldstein
>Mass. Bar No. 630584
>20 Park Plaza, Suite 903
>Boston, MA 02116
>(617) 742-9015
>rmg@goldstein-lawfirm.com

Dated: July 19, 2005