UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
TRIAL MOTION IN LIMINE NO. 4**

The United States opposes defendant Daniel E. Carpenter's ("Carpenter's") motion in limine, which seeks to preclude testimony by the government's expert, on four principal grounds.

<u>First</u>, the government objects to the unfair timing of the motion. Defendant knows from the government's expert disclosures that a substantial portion of Mr. Allaire's anticipated testimony will consist of his *factual* summation of the defendant's monthly trading activity. The government intentionally did not review the defendant's monthly statements with the testifying brokers from Merrill Lynch and PaineWebber because it was intending to present that factual information through Mr. Allaire. Because the defendant waited to file the instant motion until after the last brokerage firm witness had testified, it is now too late for the government to revise its questioning of those witnesses to include this information. In addition, as the defendant also knows, Mr. Allaire is scheduled to testify on Thursday. Because of the belated filing of the motion, he will be en route by the time the court issues any ruling. (Mr. Allaire has recently moved to Indiana and is departing for the airport in the early morning of July 20.)

<u>Second</u>, the government has a different recollection of the Court's previous evidentiary

ruling. The government's understanding was that the Court had precluded the brokers from offering their opinions concerning the risk associated with the defendant's trading strategy on the narrower ground that they had not been identified as Rule 702 experts. The government does not recall the Court's reaching or deciding the question whether a properly designated and qualified expert would be permitted to address that issue. The government addresses the latter question in point 4, below.

Third, the defendant misstates what will be the focus of a material portion of Mr. Allaire's testimony. As set forth in the government's expert disclosures, Mr. Allaire has reviewed all of the Merrill Lynch and PaineWebber account statements. The government intends to ask him, based on that review, to present a factual summation of the account activity, including, inter alia, the number, size, dollar amount, and frequency of the defendant's trades, his losses on a monthly basis, and the fact that the monthly trading activity (and cumulative losses) increased as the year 2000 progressed. The factual chronology of this trading activity is relevant to the jury's assessment of the defendant's conduct and his state of mind in the period of time leading up to the point where he took the victims' money. Specifically, what the defendant was doing in April, May, June, and July, as shown in the monthly statements, is relevant to assessing his intent at the time the first victim gave him their funds in August. Likewise, what the defendant did in August, September, October, November, and December is relevant to assessing his intent at the time the last victim's funds were transmitted in December.

The testimony elicited thus far in the trial is not an adequate substitute for Mr. Allaire's summation of these facts, for two reasons. First, none of the witnesses from Merrill Lynch or PaineWebber was asked to summarize the defendant's account statements. They authenticated

those statements as business records, and testified to conversations that they had with the defendant, but other than one page from a September Merrill Lynch statement, none of the account statements was reviewed with the brokers, precisely because the government intended to cover them with Mr. Allaire.  Second, defense counsel sought to impeach the brokers on grounds of bias, suggesting that they were shading their testimony to benefit their employers because of their own role in the relevant events and because of pending (or anticipated) litigation against their firms.  Mr. Allaire does not come with such baggage.  For both of these reasons, Mr. Allaire's testimony would neither be cumulative nor a "waste of time."

<u>Finally</u>, after Mr. Allaire completes the factual portion of his testimony, the government submits that he should be permitted to offer his opinion concerning the level of risk posed by the defendant's trading strategy.  Defense counsel has consistently sought to portray the defendant as a sophisticated follower of the financial markets – an experienced trader who at all times acted in the utmost good faith.  In evaluating whether the latter assertion is true, the jury should be permitted to hear not simply what the defendant was told, but also an objective assessment of the defendant's trading strategy.

If this were a motor vehicle homicide case, the jury would not be limited in its assessment of the defendant's state of mind to evidence concerning what the defendant was expressly told about the hazards of driving a car 100 m.p.h.  They would be permitted to consider the natural and probable consequences of the defendant's behavior, insofar as it informed their determination of his subjective intent.

The same is true in this case.  The jury should not be limited in making its intent determination to what the defendant explicitly was told about the risks of his trading activity.

3

They should be allowed to consider the probable consequences of his behavior. Unlike the motor vehicle case, however, where the jurors' life experiences and common sense would be sufficient to inform their judgment, the same is not true here. The complexity of the subject matter lies outside the knowledge and life experiences of the average layperson. Put differently, the jury cannot be expected to have an intuitive understanding of the natural and probable consequences of the defendant's options trading strategy. To make that assessment, they would benefit from expert testimony concerning the level of risk posed by the defendant's trading. The government accordingly requests that, in addition to his factual summation of the account statements, Mr. Allaire be permitted to offer such an opinion.

## CONCLUSION

For the foregoing reasons, the government requests that defendant's motion be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

 **/s/ Michael J. Pineault**
Michael J. Pineault
Jonathan Mitchell
Assistant U.S. Attorneys
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: July 20, 2005