UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA     )
                             )
                             )
                             )
v.                           )          CRIMINAL NO. 04-10029-GAO
                             )
                             )
DANIEL E. CARPENTER          )
_____)

**DEFENDANT'S REQUESTS FOR INSTRUCTIONS TO THE JURY**

Now comes the defendant Daniel E. Carpenter and respectfully requests that this

Honorable Court provide the jury with the following instructions. The defendant intends

to supplement his requested instructions with additional requested instructions focused on

his theory of defense at the conclusion of the government's presentation of evidence, and

he therefore reserves the right to supplement, modify or withdraw his requested

instructions at the conclusion of the government's presentation of evidence.

Robert M. Goldstein
Mass. Bar. No. 630584
20 Park Plaza, Suite 903
Boston, Massachusetts 02116
(617) 742-9015

**INSTRUCTION NO. 1**

**Overview: Wire Fraud**

Mr. Carpenter is charged in Counts One through Fourteen with wire fraud in violation of 18 U.S.C. §1343. You cannot convict Mr. Carpenter of wire fraud unless you are satisfied that the government has proven each of the following elements beyond a reasonable doubt:

(1) that he made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

(2) that he knew that the promises or statements were false;

(3) that the promises or statements were material to the scheme to defraud, that is, they would reasonably induce a person to part with money or property;

(4) that he knowingly and wilfully participated in the scheme to defraud, if there was one;

(5) that he acted with the intent to defraud and had the actual intent to cheat or harm someone; and

(6) that he used, or caused to be used, interstate wire communications to carry out or attempt to carry out an essential part of the scheme to defraud.

_____

*See* Ninth Circuit Pattern Jury Instructions 8.101, 8.103; *United States v. Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

## INSTRUCTION NO. 2

### Overview: Mail Fraud

Mr. Carpenter is charged in Counts Sixteen through Nineteen with mail fraud in violation of 18 U.S.C. §1341. You cannot convict Mr. Carpenter of mail fraud unless you are satisfied that the government has proven each of the following elements beyond a reasonable doubt:

(1) that he made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

(2) that he knew that the promises or statements were false;

(3) that the promises or statements were material to the scheme to defraud, that is, they would reasonably induce a person to part with money or property;

(4) that he knowingly and wilfully participated in the scheme to defraud, if there was one;

(5) that he acted with the intent to defraud and had the actual intent to cheat or harm someone; and

(6) that he used, or caused to be used, the mails to carry our or attempt to carry out an essential part of the scheme to defraud.

_____

*See* Ninth Circuit Pattern Jury Instructions 8.101; *United States v. Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

**INSTRUCTION NO. 3**

**Scheme to Defraud**

A scheme to defraud must be intended to deceive another, by means of false or fraudulent pretenses, representations, promises or other deceptive conduct. The government bears the burden to prove beyond a reasonable doubt that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as that alleged in the indictment. If the government proves a scheme to defraud, but that scheme to defraud is not substantially the same as the scheme to defraud charged in the indictment, you must find the defendant not guilty.

_____

*See, e.g., McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990); First Circuit Pattern Jury Instructions 4.16, 4.17; Instructions to the jury in *United States v. Mueffelman*, No. 01-CR-10387 (Gertner, J.).

**INSTRUCTION NO. 4**

**Scheme to Defraud/Scheme Must be Calculated to Deceive Persons of
Ordinary Prudence and Comprehension**

The defendant must have intended to devise a scheme to defraud which was
reasonably calculated to deceive persons of ordinary prudence and comprehension.
Unless the government proves beyond a reasonable doubt that the scheme, if you find
that a scheme existed, was reasonably calculated to deceive persons of ordinary prudence
and comprehension, it is not a scheme to defraud within the meaning of the federal mail
and wire fraud statutes, you must find the defendant not guilty.

---

*See, e.g., Advocacy Org. v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999);
*United States v.  Cochran*, 109 F.3d 660, 664-65 (10th Cir.  1997); *United States v.
Brown*, 79 F.3d 1550, 1557 (11th Cir.  1996);  *United States v.  Goodman*, 984 F.2d 235,
237 (8th Cir. 1993). *See also United States v.  Lopez*, 71 F.3d 954, 962 (1st Cir. 1995);
*United States v.  Brandon*, 17 F.3d 409, 425 (1st Cir. 1994); *McEvoy Travel Bureau, Inc.
v. Heritage Travel, Inc.*, 904 F.2d 786, 791 (1st Cir. 1990). *But see United States v.
Faulhaber*, 929 F.2d 16, 18 (1st Cir. 1991); *United States v. Brien*, 617 F.2d 299, 311 (1st
Cir. 1980).

**INSTRUCTION NO. 5**

**Scheme to Defraud/Requirement of Intended or Contemplated Harm**

Even if you find that misrepresentations were made, misrepresentations which amount to no more than deceit are insufficient to establish a scheme to defraud for purposes of either the mail fraud or the wire fraud statute. Instead, the government must also prove beyond a reasonable doubt that Mr. Carpenter intended to harm, or contemplated harm to, the investor/exchangor named in each count. It does not suffice that a person realized that a scheme had the capacity to cause harm; instead, the government must prove beyond a reasonable doubt that Mr. Carpenter had a conscious knowing intent to defraud and that he contemplated or intended harm to the named investors/exchangors. Moreover, the harm intended or contemplated must affect the very nature of the bargain itself. If you find that Mr. Carpenter had no intent to harm the investor/exchangor, then you must find Mr. Carpenter not guilty.

_____

*See, e.g.*, *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999); *United States v. Powers*, 168 F.3d 741, 746 (5th Cir. 1999); *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987); *United States v. Numisgroup Intern. Corp.*, 170 F.Supp.2d 340, 345 (S.D.N.Y. 2001), *aff'd* 368 F.3d 880 (2d Cir. 2004), *vacated on other grounds*, 125 S.Ct. 991 (2005); Ninth Circuit Pattern Jury Instructions §8.101. *But see* First Circuit Pattern Jury Instructions 4.16, 4.17; *but cf. United States v. Kenrick*, 221 F.3d 19, 27-29 (1st Cir. 2000).

## **INSTRUCTION NO. 6**

### **Scheme to Defraud/*Actus Reus***

Even should you find an intent to harm the investor/exchangor named in any count, you may not convict Mr. Carpenter unless you also find that that intent to harm existed at the time of the criminal act, known as the *actus reus*. The indictment charges that the *actus reus* occurred at the time  each investor/exchangor transmitted funds obtained from the sale of real estate to BPETCO to be held by it as a §1031 intermediary. Therefore, if you find that Mr. Carpenter had an intent to harm the investor/exchangor which arose after the particular transfer but did not exist at the time of the transfer, then you must acquit Mr. Carpenter.

**INSTRUCTION NO. 7**

**Scheme to Defraud/Knowing and Wilful Participation**

Even if you find that the scheme to defraud charged in the indictment existed, you may not convict Mr. Carpenter of mail or wire fraud unless you find that he knowingly and wilfully participated in that scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

_____

*See, e.g., United States v. Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993); Instructions to the jury in *United States v. Mueffelman*, No. 01-CR-10387 (Gertner, J.).

## INSTRUCTION NO. 8

### Scheme to Defraud/Breach of Contract Not a Scheme to Defraud.

If you find that there was a breach of contract between BPETCO and a named investor/exchangor, that in itself does not constitute a scheme to defraud. Failure to comply with a contractual obligation or promise cannot be regarded by you as fraudulent conduct unless you also find beyond a reasonable doubt that the defendant did not intend to comply with that contractual obligation or to keep that contractual promise at the time it was made. Before such conduct may be regarded by you as fraudulent, the government must prove beyond a reasonable doubt that the defendant, *at the time those contractual obligations were entered into or at the time any contractual promises were made*, did not intend to comply with them. Accordingly, if you find that Mr. Carpenter's acts and conduct constituted no more than a breach of the contractual agreements between BPETCO and the named investors/exchangors, you must find him not guilty.

_____

*See, e.g., United States v.  D'Amato*, 39 F.3d 1249, 1261 n.8 (2d Cir. 1994); *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990).

**INSTRUCTION NO. 9**

**Scheme to Defraud/Breach of Contract Not a Scheme to Defraud.**

The mere fact that a promise was broken is not evidence that the defendant did not intend to keep it when made; at most, this is evidence of breach of contract, not fraud. Fraud requires much more than simply not following through on contractual or other promises. It requires a showing of deception at the time the promise was made. A subsequent breach is not in and of itself evidence of such intent.

_____

*See, e.g., Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1007 (7th Cir. 2004); *Soper v. Simmons Intern., Ltd*, 632 F.Supp. 244, 249 (S.D.N.Y. 1986).

## **INSTRUCTION NO. 10**

### **Scheme to Defraud/Breach of Contract Not a Scheme to Defraud.**

Even if you believe that Mr. Carpenter adopted a risky investment strategy by investing the funds deposited with BPETCO by the named investors/exchangors in stock options, you are instructed that investing unwisely and/or losing money, even a great deal of money, from unwise investments does not constitute the crime of mail fraud or wire fraud. A failure to fulfill a contractual promise to provide the investor/exchangor with the funds to complete the §1031 exchange does not, by itself, constitute the crime of mail fraud or wire fraud. The failure to honor that contractual obligation may be found to have been fraudulent only if the promisor did not intend, at the time the promise was made, to have the funds available for the investor/exchangor when they were requested by the investor/exchangor. Even though some individuals may have lost money in the transactions, this does not rise to the level of fraud unless the evidence establishes beyond a reasonable doubt that the defendant had a specific intent to deceive or injure or damage.

_____

*See United States v. Dowlin*, 408 F.3d 647, 667 (10th Cir. 2005).

## INSTRUCTION NO. 11

### Intent to Defraud

Mr. Carpenter cannot be convicted of the mail or wire fraud offenses charged against him in the indictment unless you find unanimously beyond a reasonable doubt that he acted with the specific intent to defraud the named investors/exchangors. Intent to defraud requires a wilful act by the defendant with the specific intent to deceive or cheat. Unless the government proves to you beyond a reasonable doubt that Mr. Carpenter had the specific intent to deceive or cheat the named investors/exchangors, you must find Mr. Carpenter not guilty.

_____

*See, e.g.,  Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1005 (7th Cir. 2004); *United States v.  Callipari*, 368 F.3d 22, 33 (1st Cir. 2004), *vacated on other grounds* 125 S.Ct. 985 (2005); *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990).

**INSTRUCTION NO. 12**

**Intent to Defraud**

Evidence which establishes only that a person made a mistake of judgment or an error in management, or was careless, does not establish the existence of fraudulent intent. Nor does evidence that a venture lost money or was unprofitable by itself establish the existence of fraudulent intent. Accordingly, if you find only that Mr. Carpenter mismanaged the funds of the investors/exchangors held by BPETCO or made careless or foolish mistakes of judgment regarding the investment of those funds, you must find Mr. Carpenter not guilty.

_____

*See, e.g., United States v. Gay*, 967 F.2d 322, 329 (9th Cir. 1992); Instructions to the jury in *United States v. Mueffelman*, No. 01-CR-10387 (Gertner, J.).

## <u>INSTRUCTION NO.  13</u>

### <u>Intent to Defraud</u>

One who expresses an opinion honestly held by him or a belief honestly entertained by him is not chargeable with fraudulent intent even though such opinion is erroneous and such belief is a mistaken belief.

_____

*United States v.  Gay*, 967 F.2d 322, 329 (9th Cir. 1992).

## <u>INSTRUCTION NO. 14</u>

### <u>Intent to Defraud/Intention to Induce Reliance</u>

The government must prove beyond a reasonable doubt both that the defendant's actions would have deceived a reasonably prudent person and that he had a conscious, knowing intent to defraud. A conscious knowing intent to defraud requires an intention to induce the investor/exchangor to rely on the representation. If the defendant did not believe that an investor/exchangor would decide to use BPETCO as his §1031 intermediary based upon his promises or representations, then you cannot find that he had the requisite specific intent to defraud, and he must be found not guilty.

———————————————————————

*See, e.g., Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1306 (11th Cir. 2003); *Pelletier v. Zweifel*, 921 F.2d 1465, 1499, 1503 (11th Cir. 1991).

## INSTRUCTION NO. 15

### Intent to Defraud/Third Party Acts/Statements/Representations/Agreements

Where the government seeks to show intent to defraud through the acts, statements, representations, or agreements, whether written or oral, of a third party, such as Martin Paley, rather than of the defendant himself, before any such acts, statements, representations, or agreements may be attributed to the defendant, the government must prove beyond a reasonable doubt that the defendant knew that Paley was doing such acts or making such statements or representations to, or agreements with, the named investors/exchangors, and that the defendant authorized and adopted those acts, statements, representations, or agreements.

_____

*See United States v. Taylor*, 832 F.2d 1187, 1193 (10th Cir. 1987).

**INSTRUCTION NO. 16**

**Intent to Defraud/Good Faith**

Since an essential element of the offenses charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of fraud. However, the defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. A person acts in good faith when he actually believed (1) that the plan would succeed, (2) that the promises made would be kept, and (3) that representations made would be fulfilled.

Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to fraud unless done with fraudulent intent. However deceptive or misleading a plan may be, still it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant or caused to be made by a defendant  is a good defense, however inaccurate a statement may turn out to be. Unless the government proves to you beyond a reasonable doubt that Mr. Carpenter did not act in good faith, you must acquit Mr. Carpenter.

---

*See, e.g., United States v.  Callipari*, 368 F.3d 22, 33 (1st Cir. 2004); *United States v. Smith*, 13 F.3d 1421, 1425-26 (10th Cir.  1994); *United States v.  Alkins*, 925 F.2d 541, 549 (2d Cir. 1991); *United States v.  Martin-Trigona*, 684 F.2d 485, 492 (7th Cir. 1982); Instructions to the jury in *United States v.  Mueffelman*, No. 01-CR-10387 (Gertner, J.).

**INSTRUCTION NO. 17**

**Materiality**

Even if you find that the scheme to defraud charged in the indictment existed and that false or fraudulent pretenses, representation or promises were made to carry it out, you cannot convict the defendant unless the government has proved beyond a reasonable doubt that the false or fraudulent pretenses, representations, or promises that you find relate to a fact or matter that is material to the transaction involved. A material fact is one that because of its importance to the scheme alleged has a natural tendency to influence or is capable of influencing the decision-maker to whom it is addressed. Unless you find beyond a reasonable doubt that the representations or promises which the government has alleged were false and fraudulent were material to the decision of the investor/exchangor named in each count to select BPETCO as his/her §1031 intermediary, then you must find Mr. Carpenter not guilty.

---

*Neder v. United States*, 527 U.S. 1, 16 (1999); Instructions to the jury in *United States v. Mueffelman*, No. 01-CR-10387 (Gertner, J.).

**INSTRUCTION NO. 18**

**Materiality/Puffing/Sales Talk/subjective or Indefinite Statements**

Even if you find that misrepresentations were made, the government must prove beyond a reasonable doubt that a reasonable person would have acted on those representations. Certain statements by their nature cannot be regarded as material. One example of such statements are referred to as "puffing," which includes enthusiastic and even overzealous "seller's talk," on which no person of ordinary prudence and comprehension would rely. There are also statements which are too subjective or indefinite for a reasonable person to rely on in making a decision and which cannot, therefore, be regarded as material. I instruct you that "safe" or "safety" in the context of the scheme charged in the indictment is such a word and cannot be regarded as material, nor can it be regarded as indicative of an intent to defraud. A reasonable investor/exchangor would not rely on a promise of "safety" of his funds without obtaining additional information.

_____

*See, e.g., Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1007 (7th Cir. 2004); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003); *United States v. Brown*, 79 F.3d 1550, 1557 (11th Cir. 1996); *United States v. Gay*, 967 F.2d 322, 329 (9th Cir. 1992); *Associates in Adolescent Psychiatry v. Home Life*, 941 F.2d 561, 570 (7th Cir. 1991).

## INSTRUCTION NO. 19

### Materiality/Written Agreements

Inaccurate representations which would not reasonably affect or influence an investor/exchangor's understanding of the written agreements between him and BPETCO cannot be regarded as material.

**INSTRUCTION NO. 20**

**Materiality**

Even if you find beyond a reasonable doubt that false promises, statements, or representations were made, they cannot be found to have been material unless they go to the nature of the bargain itself.

_____

*See, e.g., United States v. Regent Office Supply* Co., 421 F.2d 1174, 1180 (2d Cir. 1970); *United States v. Numisgroup Intern. Corp.*, 170 F.Supp.2d 340, 345, 348 (S.D.N.Y. 2001).

## INSTRUCTION NO. 21

### Written Agreements Controlling

As the evidence has shown, each investor/exchangor executed Exchange and Escrow Agreements with BPETCO. Each of those agreements provided that no oral statement made to an investor/exchangor by a representative of BPETCO could substitute for, replace, or modify the terms of the written agreements. Accordingly, in determining whether there were intentional misrepresentations made by Mr. Carpenter, you are limited to the statements which appear in the written agreements. You are also limited to those written agreements in determining whether any such representations were material and whether Mr. Carpenter had the specific intent to defraud the identified investors/exchangors.

_____

*See, e.g., Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1006 (7th Cir. 2004); *Associates in Adolescent Psychiatry v. Home Life*, 941 F.2d 561, 570 (7th Cir. 1991).

**INSTRUCTION NO. 22**

**Use of Mails/Wires**

The use of the mails or wires must be part of the execution of the scheme. The question is whether the mailing or use of the wires was part of the execution of the scheme as conceived by the defendant at the time. If it was not, then the defendant must be found not guilty.

_____

*See, e.g., Schmuck v. United States*, 489 U.S. 705, 710 (1989); *United States v. Pimental*, 380 F.3d 575, 586 (1st Cir. 2004); *United States v. Sawyer,* 239 F.3d 31, 39-40 (1st Cir. 2001).

**INSTRUCTION NO. 23**

**Use of Mails/Wires**

The mailings or use of the wires must be closely related to the scheme, and the scheme's completion must have depended in some way on the mailings or the use of the wires. If not, then the defendant must be found not guilty.

---

*See, e.g., United States v. Pacheco-Ortiz*, 889 F.2d 301, 305 (1st Cir. 1989); *United States v. Greenleaf*, 692 F.2d 182 (1st Cir. 1982); *United States v. Strong,* 371 F.3d 225, 230 (5th Cir. 2004).

**INSTRUCTION NO. 24**

**Use of Mails/Wires**

The mailings or use of the wires must have been incident to an essential part of

the scheme. If it was not, then the defendant must be found not guilty.

---

*See, e.g., Schmuck v. United States*, 489 U.S. 705, 710 (1989); *United States v. Pimental*, 380 F.3d 575, 586 (1st Cir. 2004).

## INSTRUCTION NO. 25

## Venue

A federal criminal defendant has a constitutional right to be tried only in the district in which the offense was committed. Venue of the wire fraud counts is proper in the District of Massachusetts only if the wire fraud offenses charged were committed within the District of Massachusetts. It is the government's burden to prove by a preponderance of the evidence that venue is proper in the District of Massachusetts. Each wire fraud count must be evaluated separately. Venue must be proper as to each wire fraud count, and it is irrelevant that venue may be proper as to some of the wire fraud counts if it was not as to others.

With respect to wire fraud offenses, venue is proper either in the district in which the wire transmission was sent or in the district in which it was received. If the government fails to prove by a preponderance of the evidence that any of the wire transmissions charged were either sent from the District of Massachusetts or received in the District of Massachusetts, then you must acquit the defendant on the count in which that wire transmission is charged.

_____

*See, e.g., United States v.  Ebersole*, 2005 WL 1389529 at *6 (4th Cir. June 14, 2005); *see also United States v.  Kim*, 246 F.3d 186, 191-92 (2d Cir. 2001). *But see United States v.  Pearson*, 340 F.3d 459, 465-67 (7th Cir. 2003), *vacated on other grounds* 125 S.Ct. 1109 (2005); *United States v.  Ramirez*, 196 F.3d  895, 897 n.1 (8th Cir. 1999).

## INSTRUCTION NO. 26

### Section 1031

Under section 1031 of the Internal Revenue Code, a real estate investor may defer his liability for the payment of capital gains taxes on the sale of real estate acquired for investment purposes if he, upon the sale of the investment property, causes the proceeds of the sale to be transferred to and held by a qualified intermediary and then purchases a replacement investment property within 180 days with the proceeds of the sale held by the qualified intermediary. In order to obtain this favorable tax treatment, the law requires that the intermediary take legal title to the funds during the period for which they are held. It is not against the law for an intermediary to invest the proceeds during the period that he holds legal title to the funds–that is not the charged offense in this case.

## **INSTRUCTION NO. 27**

### **Wisdom of Investment Strategy**

If you believe that Dan Carpenter had a good faith belief that he possessed the discretion to invest the funds of BPETCO'S clients, you must find him not guilty, even if you also believe that he employed the most risky or aggressive investment strategy possible.

## INSTRUCTION NO. 28

### Attorneys and Advisors

The fact that certain exchangors had attorneys and/or advisors that assisted them with the 1031 exchange process, and/or that they had attorneys and/or advisors advise them regarding the agreements executed by and between BPETCO and the clients, is not a relevant consideration in your deliberations. The issue is not whether the exchangors or their attorneys and/or advisors believed that the agreements provided Mr. Carpenter with the discretion to invest the funds, but rather whether Mr. Carpenter had a good faith belief that he possessed the discretion to invest the clients' proceeds. If you do not find beyond a reasonable doubt that Mr. Carpenter did not possess such a good faith belief then you must find him not guilty.

## INSTRUCTION NO. 29

### Witnesses Requiring Special Caution

You have heard testimony from Martin Paley, a witness called by and for the government. You should scrutinize the testimony of Mr. Paley with particular caution and care. A witness who hopes to gain more favorable treatment in his own cause may have a reason to make a false statement because it is in his own interest. He or she may have had reason to make up stories or exaggerate what others did because he or she wanted to help himself or herself. Whether or not Mr. Paley's testimony may have been influenced by his own self-interests is for you to determine. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received or hopes to receive. You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care. If you believe that a witness has given false testimony with respect to a material fact, you may disregard the testimony of the witness in whole or in part.

## <u>INSTRUCTION NO. 30</u>

### <u>Risky/Aggressive vs. Prudent/Conservative Investments</u>

You should not consider any evidence of losses or consider whether investments were risky or aggressive, as contrasted with prudent or conservative, unless and until you are convinced the government has proved beyond a reasonable doubt that Mr. Carpenter knew that he was limited by the terms of the written agreements to making only conservative or prudent investments.

## INSTRUCTION NO. 31

### Charges against individual

The indictment contains charges against Mr. Carpenter, as an individual. If you find that BPETCO, as a corporation, has breached its contractual obligations to an exchangor or exchangors, or that BPETCO as a corporation has failed to honor the terms of its agreements, that is not a basis to convict Mr. Carpenter. You must find that the government has proved beyond a reasonable doubt that Dan Carpenter, the individual, has committed the charged offenses.