UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10029-GAO

UNITED STATES OF AMERICA

v.

DANIEL CARPENTER

MEMORANDUM
July 27, 2005

O'TOOLE, D.J.

I have ruled that the question whether venue has been properly established for any of the counts in the indictment is a question to be determined by the court, not the jury. The government's obligation is to establish that venue for the prosecution of a particular crime is properly laid within this district by a preponderance of the evidence.

Having previously denied motions to dismiss some or all of the counts of the indictment for failure properly to allege venue, as well as a motion for a judgment of acquittal under Fed.R.Crim.P. 29 on the ground that venue is improper as to some counts, I now resolve the question of venue on the basis of the evidence, and conclude that venue is proper as to all counts.

As I have previously noted, the Supreme Court has rejected exclusive reliance on the so-called "key verb" test for determining venue, and instead prescribed an approach that considers all relevant statutory language in ascertaining venue. See United States v. Rodriguez-Moreno, 526 U.S. 275, 279-80 (1999). Following the Supreme Court's direction, the First Circuit has abjured reliance on the "key verb" test, the test previously used in the Circuit. United States v. Scott, 270 F.3d 30 (1st

Cir. 2001). "Venue must be determined from the nature of the crime alleged, determined by analyzing the conduct constituting the offense, and the location (or, if the crime is a continuing one, locations) of the commission of the criminal acts. If the crime consists of distinct parts, taking place in different localities, then venue is proper wherever any part can be proved to have taken place." Id. at 35.

An essential element of all the crimes alleged in the indictment is the defendant's knowing and willful participation in a scheme to defraud. I leave to the jury the question whether he is guilty or not of such participation. There is no question, however, that if he did participate in a scheme to defraud exchangors, Massachusetts was certainly the locus of many events crucial to the scheme outlined in the government's evidence. The promotion of Benistar Property Exchange Trust Company as a Section 1031 qualified intermediary occurred largely in Massachusetts, and the exchange documents were mostly executed in Massachusetts. To the extent that the defendant participated in these activities, as the government's evidence purported to show, he acted through the Benistar Property office (and personnel) located in Massachusetts. These facts are sufficient under Rodriguez-Moreno and Scott to justify venue in this district for all the counts, since all the counts allege his participation in the Massachusetts-based scheme to defraud.

_July 27, 2005_
DATE

_/s/ [signature]_
DISTRICT JUDGE