UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
     v.                       )     CRIMINAL NO. 04-10029-GAO
                              )
DANIEL E. CARPENTER           )
_____)

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS UNDER FED. R. CRIM. P. 29 AND 33**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, and hereby opposes the government's motion for additional time to respond to Mr. Carpenter's post-trial motions filed pursuant to Fed. R. Crim. P. 29 and 33 (the "Motions"). In further support hereof, Mr. Carpenter respectfully submits the following:

1.  The issues raised in the Motions are substantial, weighty and worthy of expeditious attention and consideration by the Court. Undoubtedly, they are best addressed and resolved by the Court while the events of the trial are still fresh in the Court's memory. It is precisely for that reason that both rules require a defendant to file such motions within seven days of the verdict. See Fed. R. Crim. P. 29(c)(1), 33(b)(2). Carlisle v. United States, 517 U.S. 416, 445 (1996) (Stevens, J., dissenting) ("[Rule 29(c)] requires defense counsel to file the postverdict motion for judgment of acquittal promptly, while the trial judge presumably retains a firm recollection of the evidence and therefore is able to rule expeditiously and efficiently.").

2.  The defendant understands the Court will take whatever time it deems necessary to consider what the defendant respectfully contends are serious and meritorious issues raised in the Motions, but there simply is no need for the government to consume nearly six weeks to respond to motions filed by the defendant within the seven days prescribed by the pertinent rules.

3.      Clearly, the government's request for additional time conflicts with prior positions and representations made by the government in this case. Prior to trial, Mr. Carpenter moved on multiple occasions for a continuance of trial in this case, given that trial counsel had only three months to even attempt to review the relevant universe of information. The government repeatedly objected to a continuance of the trial, insisting upon the fact that it was a "simple" case that did not require any more than three months for defense counsel to master the relevant universe of information and effectively represent Mr. Carpenter at trial. AUSA Pineault represented to the Court as follows:

- "The case is not complex . . . There are no surprises."

3/31/05 Gov. Opp. Br. at 2 (Dkt. #54).

- "[T]his case is not unduly complex . . . I would submit that there is no need for successor counsel to have anywhere close to the amount of time requested to get up to speed in this case."

3/31/05 Hrg. Tr. at 12-13.

- "The government has doubts about the tactical motives that it suspects may be driving the defendant's request for a continuance."

3/31/05 Gov. Opp. Br. at 3.

Since, in the government's view, the case is "not complex," the government should not have any problem whatsoever responding to the Motions within the 14-day period ordained by Local Rule 7.1(B)(2).[1]

4.      In the context the government's representations to the Court in this case and positions taken regarding defense motions for continuances (even a one week continuance) of trial in this case, the government's current request for six weeks to respond to the Motions is, at

---

[1] The government states in its motion that it "has ordered, but has yet to receive, all the trial transcripts in this case." Gov. Mot. at 2, ¶ 5. That, however, is solely the government's fault, because **all** of the trial

best, hypocritical. Mr. Carpenter and his defense team managed to research, prepare and file the Motions within the extremely short timeframe prescribed by the rules, after a grueling two-week trial, despite the emotional devastation inflicted by the jury's verdict. See United States v. Calderon, 127 F.3d 1314, 1352 (11th Cir. 1997) ("a motion for a new trial must be made within seven days despite the practical difficulties such a rule presents to defendants").

     5.     The government has repeatedly insisted throughout this case that vacation plans of still unidentified witnesses and government counsel were more important than Mr. Carpenter's constitutional right to a fair trial. Mr. Carpenter requested trial continuances ranging from several months to just a couple of weeks. Yet, each time the government objected. It seems patently unfair for the government to now seek more than a month in which to respond to the Motions.

     6.     While government counsel may have vacations, it is unlikely that both assistants assigned to this case are both totally unavailable to address the Motions during the entirety of the period from the date the Motions were filed (August 5, 2005) until the date of the requested continuance (September 15, 2005). Moreover, the government has additional resources, including AUSA Dina Chaitowitz, who participated in this case in the past.

     7.     Contrary to the government's contention, Mr. Carpenter will in fact suffer substantial prejudice should the government's motion be granted. First and foremost, Mr. Carpenter believes that either a judgment of acquittal or a new trial is warranted. Every day that passes is an additional day that Mr. Carpenter, heretofore a successful, law-abiding, reputable member of his community, must exist within his community and attempt to conduct his business affairs branded as a convicted felon. The damage inflicted, personally and professionally, as a

---

transcripts have been produced by the court reporter and are listed on the docket as being available simply by calling the clerk's office. See Dkt. ## 132-34, 152-53, 161-70.

result of the verdict is immeasurable. Second, the defendant will be required to devote his resources towards preparing for sentencing rather than preparing for the remedies requested in his filings (i.e., a new trial). Third, Mr. Carpenter's business competitors, such as John J. Koresko, have already begun their campaign to crucify Mr. Carpenter and ravage the businesses he has spent a lifetime building by sending e-mails with the jury verdict form attached to insurance brokers around the country and by seeking to supplement the record on appeal with both the superseding indictment and jury verdict form (neither of which are evidence) in an ERISA appeal pending in the Seventh Circuit (which Mr. Carpenter and the other defendants won below) having absolutely nothing whatsoever to do with the events in this case. See Daniels v. Bursey, No. 04-4316 (7th Cir.).[2]

8.  Additionally, as the Court may recall from the trial testimony, the $88 million PaineWebber arbitration is scheduled to commence on September 19, 2005. It is vitally important to Mr. Carpenter that, if at all possible, the Motions are resolved by then such that Mr. Carpenter knows whether he can approach that arbitration as a still-presumed innocent man rather than as a convicted felon.

9.  A delay does substantively prejudice the defendant and the one thing not necessary in this "simple" case is an extension of time for the Government to respond to the Motions.

Based on the foregoing, Mr. Carpenter respectfully requests that the Court deny the government's motion, thereby requiring the government to respond to the Motions on or before Friday, August 19, 2005.

---

[2] Mr. Koresko was the focal point of an Emergency Motion for Discovery dated June 17, 2005 (Dkt. #80) whereby Mr. Carpenter sought from the government "all documents that refer to, relate to, or reflect any conversations between AUSA Michael J. Pineault and Koresko." Id. at 1. The reasons for that motion are now readily apparent.

Respectfully submitted,

DANIEL E. CARPENTER,
By his attorneys,

**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
(BBO #630584)
20 Park Plaza, Suite 903
Boston, MA 02108
(617) 742-9015
rmg@goldstein-lawfirm.com

**/s/ Jack E. Robinson**
Jack E. Robinson
(BBO#559683)
2187 Atlantic Street
Stamford, CT 06902
(203) 425-4500
Robinsonesq@aol.com

Dated:  August 10, 2005