UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
AUTHORITY IN FURTHER SUPPORT OF MOTION FOR NEW TRIAL
(Defendant's Post-Verdict Motion No. 3)**

Defendant Daniel E. Carpenter, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 33 and Local Rule 7.1(B)(3), for leave to advise the Court of supplemental authority regarding venue which further supports Mr. Carpenter's motion for a new trial. The supplemental authority is in the form of a recent Fourth Circuit decision that came to counsel's attention *after* the Rule 33 motion was filed last week.

In United States v. Ebersole, 411 F.3d 517, 526 n.10 (4th Cir. 2005), the Fourth Circuit held, in a wire fraud case, that "[s]ubmitting the venue question to the jury is an appropriate procedure for resolving a factual dispute relating to venue." Id. This decision adds the Fourth Circuit to those circuits (Third, Fifth, Seventh, Eighth, Tenth and District of Columbia) that **require** a venue jury instruction when venue is "in issue" or in dispute, see Def. Rule 33 Mot. at 5, n.1 (Dkt. #158), which is consistent with the foundational principle that factual disputes must be resolved by juries and not courts – as required by the Sixth Amendment. See United States v. Booker, 125 S. Ct. 738, 748 (2005) (affirming that jury must find every fact and element of a crime).

**LOCAL RULE 7.1(A)(2) STATEMENT**

A good faith, but unsuccessful, attempt was made to narrow or resolve the issue with AUSA Mitchell.

**ARGUMENT**

A. **Because Venue Was "In Issue," the Jury Should Have Decided Whether the Government Sustained Its Burden of Proving Proper Venue**

In Ebersole, the defendant was convicted primarily for wire fraud. As in the case at bar, Ebersole challenged venue at various stages of the proceeding, such as through a pre-trial motion to dismiss, Rule 29 motions made at the close of the government's evidence and after all the evidence, through venue instructions at the charging conference, and in his post-trial Rule 29 motion. On this point, the Fourth Circuit stated that "[s]ignificantly, the jury had been instructed that it was required to find proper venue in order to convict Ebersole on a given count." Ebersole, 411 F.3d at 524. The Fourth Circuit then held that it was proper for the jury to have decided the venue question: "[s]ubmitting the venue question to the jury is an appropriate procedure for resolving a factual dispute relating to venue." Id. at 526 n.10. Ebersole now places the Fourth Circuit among the other circuits that have directly addressed this issue – **all** of which require that the jury decide venue when it is in dispute or "in issue."

Because Mr. Carpenter has challenged venue with respect to 12 of the 14 wire fraud counts in a pre-verdict Rule 29 motion (Dkt. #142), as well as with respect to the entire indictment in the form of a pre-trial motion to dismiss (Dkt. # 27), Ebersole provides further support for a new trial as to the entire indictment in light of the Court's decision not to instruct the jury on venue (over Mr. Carpenter's objection) on *any* count. Had the jury been so instructed, there is a substantial possibility that the jury would have acquitted Mr. Carpenter on

all counts of the indictment because it is undisputed that any acts committed by Mr. Carpenter were committed in the District of Connecticut and the Southern District of New York.

Consequently, Mr. Carpenter respectfully submits <u>Ebersole</u> as supplemental authority in further support of his Rule 33 motion for a new trial dated August 5, 2005. (Dkt. #158.)

Dated: August 11, 2005

                                       Respectfully submitted,

                                       DANIEL E. CARPENTER,
                                       By his attorneys,

                                       **/s/ Robert M. Goldstein**
                                       Robert M. Goldstein, Esq.
                                       (BBO #630584)
                                       20 Park Plaza, Suite 903
                                       Boston, MA 02108
                                       (617) 742-9015
                                       rmg@goldstein-lawfirm.com

                                       **/s/ Jack E. Robinson**
                                       Jack E. Robinson
                                       (BBO#559683)
                                       2187 Atlantic Street
                                       Stamford, CT 06902
                                       (203) 425-4500
                                       Robinsonesq@aol.com