UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER
DENIAL OF RULE 29 MOTION ON THE ISSUE OF CAUSATION**

The United States opposes defendant Daniel E. Carpenter's ("Carpenter's") motion for reconsideration. Carpenter's motion advances no new contentions. The court thoroughly discussed – and found unpersuasive – each of the defendant's causation arguments in denying his Rule 29 motion. See Memorandum and Order (Docket #192) at 12-15. The deficiencies in those arguments remain unchanged.

The evidence introduced at trial established Carpenter's role in the preparation of the documents that falsely induced clients to entrust their funds to Benistar Property Exchange Trust Co. ("BPE"). Those documents expressly instructed clients to transmit their money to BPE by wire or mail, where it came under Carpenter's direct and exclusive control. The evidence further established Carpenter's knowledge that the documents remained in use. Copies of the documentation for each completed exchange were sent to Carpenter's offices in Simsbury, Connecticut; he was advised of each wire (or mailing) transmitting client funds; he re-reviewed and re-approved the exchange documentation when Merrill Lynch terminated his trading privileges and he transferred the accounts to PaineWebber in October, 2000; and he otherwise participated in the ongoing operation of a business that he knew was continuing to induce clients

to wire (and/or mail) their monies into his control based on false and fraudulent representations and pretenses that the funds would be held in short term, fixed interest escrow accounts and returned to them in full so that they could close on their replacement 1031 exchanges.

Carpenter's arguments mischaracterize the scope, nature, and timing of the fraudulent scheme charged in the indictment. They also ignore the substantial evidence introduced at trial on which a reasonable jury could – and did – find that Carpenter knowingly engaged in acts whose reasonably foreseeable consequence was the transmittal of interstate wires and the use of the mails.

For all of these reasons, Carpenter's motion for reconsideration should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

**/s/ Michael J. Pineault**
Michael J. Pineault
Assistant U.S. Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Date: January 12, 2006          Boston, MA 02210

### Certificate of Service

I, Michael J. Pineault, AUSA, hereby certify that I have filed the foregoing pleading electronically via the ECF system on January 12, 2006 and thereby caused electronic copies to be served via ECF on the following counsel:

| **Robert M. Goldstein** | **Martin G. Weinberg** |
|---|---|
| 20 Park Plaza | Oteri, Weinberg & Lawson |
| Suite 903 | 20 Park Plaza |
| Boston, MA 02116 | Boston, MA 02116 |

**/s/ Michael J. Pineault**
Michael J. Pineault
Assistant U.S. Attorney

2