UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
       v.                     )     CRIMINAL NO. 04-10029-GAO
                              )
DANIEL E. CARPENTER           )
_____)

**Defendant's Motion for Leave to File Reply and Reply to Government's
Opposition to Defendant's Motion to Reconsider Denial of
Rule 29 Motion on the Issue of Causation**

The Defendant, Daniel E. Carpenter, hereby moves for leave to file the instant memorandum in reply to the government's opposition to his motion to reconsider the denial of his Rule 29 motion with regard to the issue of causation. The interests at stake are obviously grave and the defendant respectfully requests permission to file this Reply Memorandum so he is able to address the infirmities of the government's opposition pleading.

The government has not cited a single case to rebut what the defendant contends is axiomatic: acts taken two years *before* the existence of the charged scheme to defraud cannot as a matter of law serve as the necessary predicate acts for causation purposes. Instead, it contends that the defendant's arguments "mischaracterize the scope, nature, and timing of the fraudulent scheme charged in the indictment." (Government Opposition at 2). There is no mischaracterization of the charged scheme—it charged a scheme from August 2000 to December 2000, not October 1998, and the government failed to present evidence of any act by Carpenter within the time period of the charged scheme to defraud that caused a wire or mailing.

Once again, the government relies on Carpenter's role in preparing the written agreements ultimately utilized by Benistar Property Exchange Trust Co. ("BPE"), yet does not provide the Court with any legal analysis to explain how an act taken twenty-two months before the existence of the charged scheme can ever satisfy the essential element of causation. In addition to the 1998 conduct, the government relies upon Carpenter's alleged "re-review" of the BPE documents when the trading accounts were transferred to PaineWebber[1], and further argues that causation was somehow satisfied by <u>instructions</u> within the written agreements, Carpenter's <u>knowledge</u> that the documents remained in use, his alleged <u>knowledge</u> that wires or mailings were being sent, and some non-detailed participation in the ongoing business of BPE. (Government Opposition at 1-2).

Critically, the government is without the ability to identify an act—not passive knowledge, not the contents of certain documents, not investment of exchangors' funds that occurred after the alleged crime was complete[2]—committed by Carpenter during the charged 2000 scheme that caused a mailing or wire transmission. Even viewing the evidence in the light most favorable to the government, there was no responsive act by Carpenter to Jokinen sending the documents to Connecticut. Assuming *arguendo* the documents were received, there is absolutely no testimonial or documentary evidence that they were reviewed. Assuming *arguendo* they were reviewed (although there is no

---

[1] It must again be noted that there was no evidence that Carpenter reviewed or approved the PaineWebber documents, as the government contends. Rather, the evidence was <u>only</u> that the documents were faxed to Jackie Spielman in Connecticut for Carpenter's review. There was no testimony, however, from Spielman or otherwise, that Carpenter actually reviewed the documents, there was no return facsimile from Carpenter approving them, and there was no evidence of a confirmatory telephone conversation, only Linda Jokinen's testimony that she sent the documents for Carpenter's review. In short, there is yet another gap in the government's presentation of evidence.

[2] <u>See</u> Memorandum and Order at 27 (Court concluding that alleged crime was complete upon wire transmission or mailing, i.e., *before* investments were made by Carpenter).

2

evidence from Spielman or any written documentation or any communication to Paley or Jokinen regarding such review), there is no evidence of any act by Carpenter resulting from such review. In short, the sending via facsimile of documents containing a non-material change in form constitutes neither proof of review nor, more importantly, proof of an act of Carpenter within the time period of the charged scheme to defraud that could fulfill the Court's requirement of proof beyond a reasonable doubt that an act of Carpenter caused the subsequent mailing and/or wires. There simply is a void in the government's presentation of proof regarding the critical element of causation.

      WHEREFORE, the defendant respectfully requests that the Court reconsider its denial of the defendant's Rule 29 motion and thereafter ALLOW said motion.

      Respectfully submitted,
DANIEL E. CARPENTER,
By his attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
(BBO #519480)
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
(BBO #630584)
20 Park Plaza, Suite 903
Boston, MA 02116
(617) 742-9015

**/s/ Jack E. Robinson**
Jack E. Robinson, Esq.
(BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
(203) 425-4500

Dated: January 13, 2006