# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

20 PARK PLAZA, SUITE 905
BOSTON, MASSACHUSETTS 02116

(617) 227-3700

FAX (617) 338-9538

NIGHT EMERGENCY
(617) 901-3472

EMAIL: owlmgw@worldnet.att.net

January 26, 2006

The Honorable George A. O'Toole, Jr.
United States District Judge
District of Massachusetts
J. Joseph Moakley U.S. Courthouse
Suite 2300
One Courthouse Way
Boston, MA  02210

     RE:   **United States v. Daniel E. Carpenter**
              **No. 04-Cr-10029-GAO**

Dear Judge O'Toole:

     Given the gravity of the interests at stake with regard to the defendant's motion for reconsideration of the denial of his motion for judgment of acquittal with respect to the issue of Causation, the defendant respectfully moves the Court for leave to supplement said motion with the following authority and argument.

     The Court has ruled that "[o]n the evidence, any acts by [Carpenter] that preceded any given mailing or wire transmission (and therefore could have caused the transmission) were confined to setting up of the Benistar Property Exchange Trust business with Paley." (Memorandum and Order at 13). In this case, the grand jury limited the accusation of a scheme to defraud to August 2000 to December 2000. Whether the Court believes or disbelieves that Mr. Carpenter's conduct in 1998 in regards to the formation of BPE was proper or improper, see Memorandum and Order at 13-14, the grand jury determination to limit the ambit of criminality to August through December 2000 necessarily precludes reliance on conduct preceding the charged scheme to defraud to satisfy the essential element of Causation.[1]

     To date, the government has not provided a single authority for the proposition that an act taken two years before the existence of the charged scheme to defraud could lawfully satisfy the essential element of Causation. Clearly, the government has provided

---

[1] To conclude otherwise, and to expand a six month 2000 scheme to defraud so as to embrace conduct twenty-two months earlier would constitute both a constructive amendment and a prejudicial variance of proof, particularly in that the choice of scope of scheme essentially erased the materiality of Mr. Carpenter's 119 successful exchanges, leaving only the seven uncompleted exchanges.

no such authority because it is axiomatic that proof beyond a reasonable doubt of an essential element—in this case, a causative act by the defendant—cannot as a matter of law be fulfilled by proof of an act two years before the indicted scheme. Absent the requisite *mens rea*, the twenty-two month antecedent act was not even criminal; assuming *arguendo* the requisite *mens rea* existed, it is simply twenty-two months outside the ambit of the scheme to defraud charged by the government. In either scenario, the relief requested is warranted and Mr. Carpenter is therefore entitled to a judgment of acquittal.[2]

As Chief Justice Rehnquist wrote for the Court in United States v. Bailey, 444 U.S. 394, 402 (1980), "[c]riminal liability is normally based upon the **concurrence** of two factors, 'an evil-meaning mind [and] an evil-doing hand....'" (*emphasis added*) (quoting Morissette v. United States, 342 U.S. 246, 250-251 (1952)). This basic axiom of criminal law, known as the Principle of Concurrence, mandates that the *actus reus* (physical conduct) and the *mens rea* (state of mind) must concur in time. See Defendant's Post-Argument Letter, dated November 2, 2005, at 1-2, citing Paul H. Robinson, *Criminal Law* § 4.1 at 217 (1997) (concurrence requirement "means that the required culpability as to the element must exist at the time of the conduct constituting the offense."); see also 1 Joel Prentiss Bishop, Bishop on Criminal Law §§205-206 (9th ed.1923) ("Prompting the act, there must be an evil intent ... An act and evil intent must combine to constitute a crime"); LaFave, Substantive Criminal Law, §3.11(a) (West 1986) (noting that Concurrence is a basic principle of criminal law and "the better view is that there is concurrence when the defendant's mental state actuates the physical conduct"). In this case, the indictment charged a culpable scheme (*mens rea*) that existed in the Fall of 2000, the sole causative acts were committed in 1998, and therefore the concurrence requisite is lacking as a matter of law.

Causation has temporal limits. Indeed, even in the civil law, where a defendant's liberty is not in jeopardy, it is a generally accepted maxim that damages "must be both the natural and proximate consequence of the wrong complained of" and a wrongdoer "must answer in damages for those results injurious to other parties which are presumed to have been within his contemplation when the wrong was done." Sperry Rand Corporation v. Industrial Supply Corporation, 337 F.2d 363 (5th Cir.1964).

As Justice Scalia noted in his concurring opinion in Holmes v. Sec. Investor Protection Corp., 503 U.S. 258, 287 (1992), while commenting on a famous nursery rhyme, "'for want of a nail, a kingdom was lost' is a commentary on fate, not the statement of a major cause of action against a blacksmith." See United States v. Maali, 358 F.Supp.2d 1154, 1159-60, n.3 (M.D.Fl. 2005) ("'For want of a nail the shoe was lost. For want of a shoe the horse was lost. For want of a horse the rider was lost. For want of a rider the battle was lost. For want of a battle the kingdom was lost. And all for the want of a horseshoe nail.'").

---

[2] It should be noted that the limited scheme to defraud charged by the government most likely reflects the incontrovertible fact that each and every exchangor to and through August 2000 received in return their principal funds with the promised interest. As such, to that date, there was no breach of the promise central to the government's allegations in this case—i.e., that the money would be returned in full to the exchangors.

In summary, the defendant respectfully contends that both the insufficiency of evidence of Causation and the application of the Concurrence Principle mandate that the Court reconsider its decision denying the defendant's motion for judgment of acquittal and thereafter grant said motion.

Respectfully,

/s/ Martin G. Weinberg

Martin G. Weinberg
Robert M. Goldstein

cc: Michael J. Pineault
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, Martin Weinberg, hereby certify that this document was filed through the CM/ECF system which will electronically send notice to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 26th day of 2006.

/s/ Martin G. Weinberg