UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**MOTION TO MODIFY CONDITIONS OF RELEASE
AND FOR RETURN OF PASSPORT**

Now comes the defendant, Daniel E. Carpenter, who hereby moves that this Honorable Court modify his conditions of release so as to permit travel both domestic and international, to reduce the necessity of telephonic communication with Pretrial Services from weekly to monthly, and to order the return of the defendant's passport which is currently in the custody of the Clerk of the United States District Court. The defendant assigns the following grounds:

1. On February 24, 2004, almost two years ago, Mr. Carpenter was released on personal recognizance subject to a travel restriction to the United States, the surrender of his passport, and the requirement that he call Pretrial Services on a weekly basis. The defendant has fully complied with his conditions of release.

2. On December 15, 2005, the Court allowed his motion for a new trial, an order which was appealed by the Government on January 9, 2006. As a result of the Government's appeal, the probable conclusion of the above-captioned matter will not occur for at least 12-18 months.

3. The defendant wishes to travel internationally for both personal and business reasons and, therefore, requests that the Court vacate the travel limit contained in

    paragraph 7(i) of his conditions of release, a copy of which is annexed as Exhibit "1", and, further, vacate the requirement that he surrender his passport as contained in paragraph 7(x) of Exhibit "1". Additionally, the defendant requests that the Court order the Clerk to return the passport to him as a corollary of any ruling allowing the end to his travel restriction.

4. The defendant presents no risk of flight, he has deep roots in the District of Connecticut, including leadership of a substantial ongoing business and a loving and long-term marriage to his wife with a daughter that attends Trinity College in Hartford, Connecticut.

5. 18 U.S.C. §3142(b),(c) requires that a person be released on personal recognizance or upon the execution of an unsecured appearance bond unless the judicial officer determines that additional conditions of release are required to reasonably assure the appearance of the defendant or the safety of the community. For two years the defendant has demonstrated by his faithful compliance with every order of the court that limitations on travel are not required to either protect the community or to assure his appearance in court. The defendant has compelling reasons to appear when required that are unrelated to whether his travel is limited to Hawaii or Alaska or elsewhere in the United States (each of which is authorized under his present release terms) or to travel outside the United States: a family he loves, a business he takes pride in, a commitment to the criminal justice system and to his continued endeavor to lift the pain and anguish of two years of accusation by an acquittal, a commitment to continue his litigation with Paine Webber which thus far has resulted in a 13

    million dollar arbitration award that will fully compensate the exchangors once it is disbursed, and, if more was needed, the reality of the risks of punishment for failure to appear and/or for committing a crime while on release each of which would expose the defendant to certain enhanced substantial sentences and extinguish his quest for exoneration on the current mail and wire fraud allegations. The limitation on international travel is an unnecessary condition with no correlation to the objectives of bail and its removal is requested.

6. Pretrial Services Officer Basil Cronin has informed counsel for the defendant that the defendant has complied with his conditions of release, does not take a position on the travel/passport request and recommends reducing the frequency of the defendant's telephonic reporting to Pretrial Services from weekly to once a month.

7. Assistant United States Attorney Michael Pineault assents to the modification of the telephonic reporting requirement, but objects to any change in travel or to the return of the passport.

    Wherefore, the defendant requests the following relief:

1) That the limitation of travel to the United States be redacted and that he be permitted to travel internationally with the requirement that he provide prior notice of dates and locations to Pretrial Services;

2) That the defendant's passport be ordered returned; and

3) That the frequency of telephonic reporting be reduced from weekly to once per month.

                               Respectfully submitted,
                               DANIEL E. CARPENTER,

By his attorneys,

*/s/ Martin G. Weinberg*
Martin G. Weinberg, Esq.
BBO No. 519480
MARTIN G. WEINBERG, PC
20 Park Plaza, Suite 905
Boston, MA   02116
(617) 227-3700
owlmcb@att.net


*/s/ Robert M. Goldstein*
Robert M. Goldstein, Esq.
BBO No. 630584
20 Park Plaza, Suite 903
Boston, MA 02108
(617) 742-9015
rmg@goldstein-lawfirm.com


## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on February 9, 2006, this document filed through the Court's CM/ECF system will be sent electronically to the registered participants including William Michael Pineault, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA, 02210, as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ Martin G. Weinberg*