UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE AND FOR RETURN OF PASSPORT**

The United States opposes defendant Daniel E. Carpenter's ("Carpenter's") motion seeking the return of his passport and the unfettered right to travel internationally, on three principal grounds.[1]

<u>First</u>, possession of a passport and the freedom to travel internationally inherently elevate the risk of successful flight, particularly given the difficulty of tracking an individual's movements outside the United States and the number of countries who will not extradite for non-violent offenses. For this reason, it is rare for federal defendants to be permitted any international travel, and rarer still for them to have, as Carpenter now seeks, unfettered access to their passport and an unrestricted right to travel whenever and wherever they wish.

<u>Second</u>, nothing has changed in this case to warrant revisiting the travel restrictions that the magistrate initially imposed. If anything, Carpenter has a greater incentive to flee now than he did when he was indicted. Unlike at the time of Carpenter's arraignment, a jury has since heard the evidence and found him guilty on all counts of the indictment. Although this Court

---

[1] The government does not object to Carpenter's request that his telephonic reporting obligation be modified to once per month.

subsequently granted Carpenter's motion for a new trial, the government has noticed an appeal from that decision. Further, even if a second trial is held, the result of the first trial would justifiably cause Carpenter to have greater trepidation about the ultimate outcome in this case than he perhaps had at his arraignment. It also bears note that, per the analysis set forth in the Government's Sentencing Memorandum (Dkt. #190) and in the Probation Department's Presentence Report (PSR ¶¶ 101-113), Carpenter is facing a guidelines sentencing range of 51-63 months.

Third, the government continues to have serious concerns about the completeness and the truthfulness of the representations that Carpenter has made to Probation and to the Court about his assets and his business dealings. According to the PSR, Carpenter stated to Probation that he removed himself from Benistar's daily operations in 2004, that his wife presently serves as Chairman, and that she has had to convince clients that he is no longer affiliated with the company in order to secure the clients' business. (PSR ¶¶ 132, 147-48). Carpenter reported no other gainful employment, listed no controlling or ownership interest in any business among his assets, and described his time as being spent primarily in fighting auditors. (PSR ¶ 147). In marked contrast to these assertions, Carpenter now claims "leadership of a substantial ongoing business," which he does not name (Motion ¶ 4), and asserts a desire to travel internationally for "business reasons," which he does not specify. (Id. ¶ 3).

Carpenter further represented to Probation that he has no assets with which to pay restitution. Specifically, he disclosed no personal income, no business holdings, no real estate assets, virtually no liquid assets, and a negative net worth. He also disclosed no meaningful assets held in the name of or for the benefit of his wife, except for the salary that she apparently

draws from Benistar and the cash surrender value of certain life insurance policies. (PSR ¶¶ 148, 150-55). Yet, according to letters assembled for submission to the court at sentencing, Carpenter distributes substantial gifts to Benistar employees, makes sizeable contributions to the prep school that he attended as a boy (and certain other causes) (PSR ¶146A), drives a Cadillac Escalade (with lesser SUV's leased for his wife and daughter) (PSR ¶ 152), presumably has paid and continues to pay hundreds of thousands of dollars to his many lawyers, and has sufficient additional assets to request the return of his passport so that he can travel internationally for "personal reasons." (Motion ¶ 3).

The material inconsistencies between and among the various factual assertions that Carpenter has made at different times for different purposes raises doubts concerning the veracity of the assertions and Carpenter's motivations in making them. The same inconsistencies cause the government to question whether and where Carpenter has hidden his assets, domestically and/or abroad, and whether one of his purposes in seeking permission to travel internationally is to secret (additional) assets overseas.

For all of the foregoing reasons, the United States requests that the Court deny Carpenter's motion seeking the return of his passport and permission to travel internationally.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:

        **/s/ Michael J. Pineault**
        Michael J. Pineault
        Assistant U.S. Attorney
        U.S. Courthouse, Suite 9200
        1 Courthouse Way

Date: February 22, 2006        Boston, MA 02210

Certificate of Service

      I, Michael J. Pineault, AUSA, hereby certify that I have filed the foregoing pleading electronically via the ECF system on February 22, 2006 and thereby caused electronic copies to be served via ECF on the following counsel:

| | |
|---|---|
| **Robert M. Goldstein** | **Martin G. Weinberg** |
| 20 Park Plaza | Oteri, Weinberg & Lawson |
| Suite 903 | 20 Park Plaza |
| Boston, MA 02116 | Boston, MA 02116 |
| | |
| | **/s/ Michael J. Pineault** |
| | Michael J. Pineault |
| | Assistant U.S. Attorney |