UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S VERIFIED
MOTION TO TRANSFER VENUE FOR CONVENIENCE**

The government opposes the defendant's renewed motion to transfer venue of this case to a federal courthouse in a city near his home, namely Hartford, Connecticut or Springfield, Massachusetts. The factors militating *against* a transfer are indeed more compelling now than they were when the Court rejected the defendant's earlier transfer motions (Docket Numbers 66 and 71). Aside from the facts that the defendant's fraudulent conduct was directed at individuals in Eastern Massachusetts and that the bulk of the witnesses live in the greater Boston area, a transfer of venue would entail the substitution of a new judge entirely unfamiliar with the long record in this case and would guarantee the sort of delay in the proceedings that the defendant purports to decry. The reasons for the government's opposition, put succinctly, are as follows:

1.      The Constitution provides for crimes to be tried in the state in which they were committed. Defendants have no constitutional right to be tried in their home districts. Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245 (1964). Here, the criminal conduct alleged in the indictment occurred substantially in Eastern Massachusetts. With one exception, the victims resided and did business in Eastern Massachusetts. The false representations that were made to them, with Carpenter's knowledge, were made to them in Eastern Massachusetts.

And the mailings and the wires through which the victims transmitted their fraudulently induced funds to Carpenter-controlled accounts were sent from Eastern Massachusetts. Trial should therefore take place here, in Eastern Massachusetts.

2.  The bulk of the evidence is in Eastern Massachusetts, including all of the documents and the majority of the percipient fact witnesses. The Eastern Massachusetts-based witnesses include: (a) all but one of the victims, most of whom had direct dealings with Benistar Property Exchange Trust Co. ("BPE"); (b) representatives (primarily lawyers) who also had dealings with BPE on behalf of their clients; and (c) the former employees of BPE's Newton office. By contrast, no more than three percipient fact witnesses are based in Connecticut, and none in Western Massachusetts. Most of the remaining witnesses are New York-based brokers, who will testify concerning their knowledge of Carpenter's trading activity.

3.  The defendant's original motion to transfer venue emphasized a purported need to avoid inconveniencing his own witnesses. See Docket Number 66 at 8-10. In support of this argument, the defendant represented that he intended to call twenty out-of-state witnesses in his defense, including fifteen from Connecticut. Id., n. 2. As it turned out, at trial his only two witnesses were two Boston-based FBI agents. Not surprisingly, his current transfer motion makes no representation about the witnesses he would call. His argument this time is entirely about his own and his family's convenience.

4.  Considerations of burden, accessibility, and expense weigh in favor of conducting the trial in Massachusetts. As the Court is aware, several of the government's Eastern Massachusetts-based witnesses are aged and/or infirm, including three who are over the age of 70, a fourth who is younger but seriously ill and residing in a nursing home, and a fifth who is a

2

paraplegic.  At least four of these witnesses are incapable of getting themselves to the courthouse in Boston; door-to-door transportation needs to be provided for them.  Relocating the trial to Hartford or Springfield would impose a significantly greater burden on them.  It also would impose a greater burden and expense on the other witnesses from Eastern Massachusetts and on the Boston-based prosecutors and case agents.

By contrast, judging from the size and make-up of Carpenter's defense team, expense does not seem to be a pressing issue for him.  Multiple sets of lawyers and experts have vigorously litigated this case in Boston from the start.  The defendant similarly has been litigating the parallel civil fraud case in Boston for several years, including sending his lawyers to numerous Massachusetts depositions and a multi-week trial in Suffolk Superior Court.[1]

5.    Springfield makes no more sense than Hartford.  This case has no connection to the Western Division of Massachusetts.  None of the victims or witnesses reside there.  None of the relevant events occurred there.  No mailings or wires originated from or were sent there.  None of the evidence is located there.  It will be equivalently burdensome for the majority of witnesses to have to journey to Springfield as to Hartford.  It is approximately 90 miles from Boston to Springfield, as compared to 100 miles from Boston to Hartford.

7.    A transfer to either Hartford or Springfield would make no sense from the standpoint of judicial economy.  Indeed, the defendant's motion is conspicuously silent on what a transfer would entail.  Presumably, the matter would be transferred to a different judge who

---

[1] It is unclear that the choice of Boston over Hartford makes a material difference to the New York-based brokers.  On the one hand, the flight to Boston is marginally longer, but presumably made more frequently.  On the other hand, and more significantly, the government notes that the outside lawyers who are representing the brokers in this matter are based in Boston.

would be far less familiar with the matter. Despite the defendant's protestations about delays in the scheduling of the retrial, any transfer of this case would inevitably delay trial. Just as with the defendant's previous attempts at a transfer, the government suspects that a delay in the proceedings is the motivating force behind the defendant's motion, particularly given the timing of its filing, shortly after the Court denied at the last hearing the defendant's request not to schedule to firm trial date.

8.     In short, save for the personal inconvenience to the defendant and his family of having to drive to Boston rather than to Hartford or Springfield to attend the trial, the substantial majority of relevant factors and considerations still strongly support maintaining venue in Boston. E.g., United States v. Perry, 152 F.3d 900, 904 (8th Cir. 1998) (defendant charged with mail/wire fraud not entitled to transfer of venue to his district of residence when most of witnesses, victims, and documents were located in district of indictment); see also United States v. Peterson, 357 F.Supp.2d 748, 750-51 (S.D.N.Y. 2005).

## CONCLUSION

For all of the foregoing reasons, the government requests that the Court deny the defendant's motion to transfer venue to the District of Connecticut or the Western Division of Massachusetts.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

By:
                                          /s/ Jonathan F. Mitchell
                                          JONATHAN F. MITCHELL
                                          Assistant U.S. Attorney