UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendant seeks leave to file this short reply in support of his motion to transfer venue—preferably to Springfield. The government's opposition adds nothing new to its prior submissions on this issue—transfer would be inconvenient primarily for the "Boston-based prosecutors and [FBI] case agents" working on the case. Opp. at 3. However, "[i]t is clear that the 'convenience of the government' is not a relevant factor to be considered." *United States v. Gurney*, 393 F. Supp. 688, 706 (M.D. Fla. 1974). In further support, defendant states as follows:

    1.    Since a transfer of venue under Rule 21(b) *always* involves the substitution of a new judge, obviously this is not a relevant concern.[1]

    2.    Mr. Carpenter is seeking to be retried *near* his home, but still within the District of Massachusetts (i.e., Springfield), so the government's assertion that Mr. Carpenter has no constitutional right to be tried *in his home district* is inapposite. *See United States v. Ferguson*, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006) ("a defendant should be tried in a court *close* to where the defendant lives.") (Emphasis added).

    3.    The government incorrectly asserts that "the criminal conduct alleged in the indictment occurred substantially in Eastern Massachusetts." Opp. at 1. Perhaps the government

---

[1] Transfer of this case to Springfield would also be consistent with the policies underlying D. Mass. Local Rule 40.1(K)(2) (governing proceedings after appeal).

has forgotten that it did *not* charge a conspiracy in this case, that it voluntarily dismissed all of the aiding and abetting allegations, and that Mr. Carpenter "stands farther back, both in time and in proximity, from the critical events that are the gist of the charged offenses." *United States v. Carpenter*, 405 F. Supp. 2d 85, 94 (D. Mass. 2005). Consequently, the only alleged criminal acts by Mr. Carpenter "were confined to setting up of the Benistar Property Exchange Trust business with Paley," *id.*, which occurred in Simsbury, Connecticut—30 minutes from the Springfield courthouse. By contrast, Mr. Carpenter committed no acts in, and has no connections to, the Boston area.[2]

4.  While the bulk of the government's witnesses may be located in the Boston area, a trial in Springfield would not be unduly burdensome or inconvenient for them, since none of the government's witnesses (except Paley) testified in the first trial for more than a *single* day—meaning that none of the government's witnesses would be required to travel to Springfield more than once (and only for one day). This fact must be contrasted with the severe burden, expense and inconvenience to Mr. Carpenter and his wife, both of whom would have to relocate to Boston for the duration of a *three-week* trial. Thus, the location of witnesses—the second most important *Platt* factor—is essentially neutral.[3]

5.  The defendant's ability to call character witnesses at the first trial, all of whom live in the Hartford-Springfield Corridor, was adversely affected by the location of the trial in Boston. A trial in Springfield will allow Mr. Carpenter's witnesses to easily attend the trial and

---

[2] The government's substantive venue argument, although not relevant to the instant motion, also fails to support the government's position because Mr. Carpenter "has persistently maintained an objection to venue in this District." *Id.* at 88.

[3] The government states that it will have to provide door-to-door transportation for several of its elderly and infirm witnesses. Opp. at 3. Presumably such transportation can be provided to Springfield just as easily as it can be provided to Boston. This is particularly the case with respect to the government's paraplegic witness (Brian Fitzgerald), who lives in the Worcester area.

testify. Furthermore, the government should remember that the *only* reason Mr. Carpenter called two Boston-based FBI agents at the first trial was to prove Paley's perjury. This will be unnecessary at the second trial because Paley's perjury has already been alluded to not only by this Court, *Carpenter*, 405 F. Supp. 2d at 97, n.8, but also by the Massachusetts state court in the parallel civil proceedings brought by the Exchangors.[4] Thus, *none* of Mr. Carpenter's witnesses at the retrial will be from the Boston area.

6.   Other than the substantially greater expense to Mr. Carpenter and the disruption of his business absent a transfer, the remainder of the *Platt* factors are inapplicable. The locations of events and documents are irrelevant because all of the documents and trial exhibits are in electronic format. Courthouse accessibility and docket conditions are irrelevant because Springfield is within the District of Massachusetts. Location of counsel is irrelevant because Mr. Carpenter's Boston-based attorneys obviously are comfortable trying the case in Springfield. Thus, of the four truly applicable *Platt* factors: (1) location of the defendant; (2) location of witnesses; (3) disruption of defendant's business; and (4) expense to the parties; three factors favor transfer and one factor, the location of witnesses, is essentially neutral given that the government's witnesses would only be required to appear in Springfield for one day.

7.   By contrast, all the government can point to is the supposed inconvenience to the government's elderly and infirm witnesses and "the Boston-based prosecutors and case agents." Opp. at 3. However, since the government plans to provide door-to-door transportation for these

---

[4] Paley's testimony in the civil case not only contradicts his key testimony in the criminal case, but the government will be hard-pressed even to call Paley as a witness at the retrial without running afoul of its *Brady*, *Giglio*, and *Napue* obligations. The government will have similar problems with key Merrill Lynch witness Gerald Levine, whom the Exchangors' civil attorney (and former SJC justice) Charles Fried just recently accused during oral argument before the SJC of providing "false, perjured testimony" in the civil case. *See* Video Webcast of Oral Argument at 32:10, *Cahaly v. Benistar Property Exchange Trust Co., Inc.*, SJC No. 10041 (Jan. 7, 2008), *available at* http://www.suffolk.edu/sjc/archive/2008/SJC_10041.html (last visited January 9, 2008).

3

elderly and infirm witnesses, *id.*, Springfield is no less convenient for these witnesses than Boston. And, as stated above, the government's inconvenience is not a legally relevant factor.[5]

8.  Nor is delay the purpose of the motion—far from it. Mr. Carpenter and his family have been living under the Sword of Damocles of the combined civil/criminal cases now for *seven years*—all because the Exchangors sought to use the Justice Department as their collection agent when it was PaineWebber who was ultimately found responsible for losing the Exchangors' funds—so delay is the last thing Mr. Carpenter wants at this stage. Mr. Carpenter wants to clear his name and end this nightmare as quickly as possible, but he wants to do so in a venue that is substantially more convenient and less costly for himself, his family, and his witnesses. Moreover, given the smaller caseload in Springfield, it is far from certain that a transfer will inevitably delay the trial.

9.  Mr. Carpenter ends up batting 3-for-4 (one factor is neutral) on the relevant *Platt* factors when they are systematically and fairly analyzed, while the government is 0-for-4. It is apparent that the only real objection voiced by the government is inconvenience to the Boston-based prosecutors and FBI agents, but that concern is legally irrelevant. Even the two cases cited by the government are inapposite. *See United States v. Pierce*, 152 F.3d 900, 904 (8th Cir. 1998) (transfer denied because mail and wire fraud defendant was charged with conspiracy and his co-conspirator committed acts in the district of indictment); *United States v. Peterson*, 357 F. Supp. 2d 748 (S.D.N.Y. 2005) (dealing with substantive venue issues on a motion to dismiss).

---

[5] Even if the government's inconvenience *were* a legally relevant factor, the Boston-based prosecutors and FBI case agents would suffer less inconvenience (and cost) trying the case in Springfield—where the prosecutors have an office in Room 310 of the Springfield courthouse and the FBI has an office at 155 Brookdale Drive in Springfield—than Mr. Carpenter would suffer having to endure a lengthy and costly trial in Boston where he has no offices or accommodations. *See* http://boston.fbi.gov/ma.htm; http://www.usdoj.gov/usao/ma/contact.html (last visited January 9, 2008).

## CONCLUSION

For the above reasons, Mr. Carpenter respectfully requests that this Court grant the motion and transfer venue of this case to the Western Division of this Court in Springfield.

>Respectfully submitted,
>DANIEL E. CARPENTER,
>By his attorneys,[6]
>
>*Jack E. Robinson*
>Jack E. Robinson, Esq.
>(BBO #559683)
>2187 Atlantic Street, Suite 905
>Stamford, CT 06902
>(203) 425-4500
>Robinsonesq@aol.com

Dated: January 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Jack E. Robinson*
>Jack E. Robinson

---

[6] Defendant's co-counsel, Attorney Goldstein, is currently on trial in a complex multiple defendant white-collar criminal trial in the Southern District of Ohio and, consequently, is unavailable to review, sign, or file pleadings in this case at the present time.