UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) | |
| Defendant. | ) ) | |

## SUPPLEMENT TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR SPEEDY TRIAL VIOLATIONS

Defendant Daniel E. Carpenter, by his undersigned counsel, hereby supplements his motion to dismiss the superseding indictment *with* prejudice under the Speedy Trial Act (the "Motion"). (Dkt. #229.) This supplement is necessitated by the fact that the government failed to inform the Court or Mr. Carpenter that Linda Fanger Jokinen, the government's primary witness and the *only* witness linking Mr. Carpenter to the documents in this case that contained allegedly false misrepresentations, passed away on January 11, 2008. The omission of this development from the government's opposition to the Motion (Dkt. #230) not only evidences a lack of candor and violates the government's discovery obligations, but is further evidence of the need to dismiss all charges against Mr. Carpenter *with* prejudice. In further support, Mr. Carpenter states as follows:

1. On January 11, 2008, Ms. Jokinen, the former manager of Martin Paley's Benistar Property office in Newton, Massachusetts (and Paley's first cousin), passed away after a long illness. *See* Exhibit 1. Mr. Carpenter and his counsel only became aware of this development within the past 48 hours.

1

2. The government failed to mention this development in its opposition to the Motion filed on February 11, 2008—exactly one month after Ms. Jokinen's death.

3. Not only does the government's failure in this regard evidence a lack of candor toward the Court, but constitutes a failure to "disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor." SJC Rule 3:07, Rule 3.8(d). The government's failure also violates Fed. R. Crim. P. 16 and L.R. 116.1 (discovery), as well as L.R. 116.2 (admissibility).

4. Ms. Jokinen's pretrial deposition was taken pursuant to Fed. R. Crim. P. 15 in May 2005 and she later testified at Mr. Carpenter's trial in July 2005. Ms. Jokinen's testimony was the *only* evidence at trial linking Mr. Carpenter to the Benistar Property marketing materials and agreements that allegedly contained false representations, omissions, or half-truths.[1]

5. The admissibility of Ms. Jokinen's prior testimony in a retrial is highly doubtful. Although Fed. R. Evid. 804(b)(1) provides a hearsay exception for former sworn testimony, "[c]ertain statements admissible as an exception to the rule against hearsay may be barred under the Confrontation Clause in criminal cases as 'testimonial statements' as set forth in *Crawford* [*v. Washington*, 541 U.S. 36 (2004)]." M. Graham, 30B *Fed. Practice &*

---

[1] Q: Did you send these [marketing] materials down to Connecticut to be reviewed?
A: Yes.
Q: To be reviewed by whom?
A: By Dan Carpenter.
Tr. 2:134.
Q: Where did you get the [agreements]?
A: From Daniel Carpenter.
Tr. 2:139.
Q: And it was Mr. Paley that was responsible for the marketing materials, correct?
A: Yes, after they'd been approved by Dan [Carpenter].
Tr. 3:89.

*Procedure: Evidence* § 7071 at 717-18 (2006).  Because Paley's persistent perjury did not become apparent until after Ms. Jokinen testified, Mr. Carpenter did not have an effective opportunity to cross-examine Ms. Jokinen.  Additionally, both Paley and Jokinen each testified in the related civil proceedings that Paley was solely responsible for all agreements and promotional materials.  As a result, *Crawford* will likely prevent her testimony from being read into the record at a retrial.  Without such testimony, there is nothing linking Mr. Carpenter to the allegedly fraudulent misrepresentations contained in the Benistar Property documents—which are the only allegedly fraudulent misrepresentations relied upon.  The government is well aware of this, yet it conveniently omitted to inform the Court or Mr. Carpenter of Ms. Jokinen's death (an omission far more material and egregious than the "omissions" alleged to exist in the Benistar Property documents).

      6.     Absent the Jokinen testimony, the government's stated plan to quickly re-indict Mr. Carpenter if the case is dismissed without prejudice becomes almost laughable.  This latest development must be added to the numerous other problems the government will have in obtaining a new indictment, to wit: Benistar Property's $15 million judgment against the party that actually caused the losses (PaineWebber); the exclusion of the FBI 302 Reports of interviews with Paley due to his persistent perjury; the false, perjured testimony of key Merrill Lynch witness Gerald Levine ("Riverboat Gambler"); the inability of the government to re-indict a case in Massachusetts where the alleged offense was committed in Connecticut; and the statute of limitations.  Furthermore, it is far from certain that at this late date Jackie Spielman, the government's sole immunized grand jury witness, will be allowed by her attorneys to testify if she cannot be indicted for mail and wire fraud due to the statute of

limitations, and only needs to fear a perjury prosecution. To this litany of problems must be added Mr. Carpenter's likely request to appear before any grand jury to testify and set the record straight. In light of all of this, it is unlikely in the extreme that a grand jury would decide to re-indict.

7.   When the extremely low probability of a re-indictment is combined with the government's previous egregious prosecutorial misconduct resulting in a new trial, its failure to be candid with this Court, and its failure to comply with its discovery obligations to Mr. Carpenter, the only just result is an immediate dismissal of all charges *with* prejudice.

> Respectfully submitted,
> DANIEL E. CARPENTER,
> By his attorneys,[2]
>
> *Jack E. Robinson*
> Jack E. Robinson, Esq.
> (BBO #559683)
> 2187 Atlantic Street, Suite 905
> Stamford, CT 06902
> (203) 425-4500
> Robinsonesq@aol.com

Dated: February 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s/ Jack E. Robinson*
> Jack E. Robinson

---

[2]  Defendant's co-counsel, Attorney Goldstein, is currently on trial in a complex multiple defendant white-collar criminal trial in the Southern District of Ohio and, consequently, is unavailable to review, sign, or file pleadings in this case at the present time.

4