UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |

### DEFENDANT'S MOTION FOR RETURN OF PASSPORT

Pursuant to 18 U.S.C. § 3142(c)(3) and Fed. R. Crim. P. 46(a), defendant Daniel E. Carpenter moves to amend his pretrial release conditions such that all travel restrictions are lifted and his passport is returned. The reasons are as follows:

1. At his original arraignment on the mail and wire fraud charges in this case *four years ago*, Mr. Carpenter was released on personal recognizance, his travel was restricted to the United States, he was required to surrender his passport, and he was required to telephone Pretrial Services on a weekly basis.

2. Because of this Court's new trial order and the undisputed fact that Mr. Carpenter has faithfully and dutifully complied with all of his pretrial release conditions in all respects, by order dated February 27, 2006, this Court modified the conditions to require only *monthly* calls to Pretrial Services (as requested by Pretrial Services itself). However, the Court denied Mr. Carpenter's request for the return of his passport without prejudice to seeking the temporary return of his passport for specific travel (regarding which Pretrial Services took no position).

3. During the past four years, Mr. Carpenter has not only made every court appearance that was required, but has aggressively participated in his defense at both the trial and appellate levels. Moreover, Mr. Carpenter's record with Pretrial Services has been and continues to be exemplary.

1

      4.      After four long years of being deprived of his right to travel overseas as a U.S. citizen, there is no longer any basis to prevent or restrict Mr. Carpenter from traveling abroad, whether on business or for pleasure with his family.

      5.      The only possible argument that could be made in opposition to this motion is that Mr. Carpenter might flee (presumably to some unknown foreign land that lacks an extradition treaty with the United States). Such an idea is so completely ridiculous and utterly preposterous that it is embarrassing to counsel and insulting to Mr. Carpenter even to mention it.

      6.      Even the government admits that a Speedy Trial violation has occurred and that the indictment must be dismissed, at which point Mr. Carpenter's passport will be returned to him as a matter of right. Mr. Carpenter has over 15 million reasons *not* to flee, so that he can oversee the collection of the $15 million judgment against PaineWebber. In addition to the government's evidentiary problems, lack of witnesses, lack of proof, and the failure to adequately allege a crime (let alone prove the commission of one), Mr. Carpenter has no reason whatsoever to flee. In fact, just the opposite is the case—Mr. Carpenter has every reason to see this matter through to conclusion, clear his name, and work to restore the excellent personal and business reputation that he has built in a highly successful career spanning a quarter of a century, a reputation that was unsullied until the baseless allegations in this case appeared four years ago.[1]

---

[1] In its previous opposition, the only objection voiced by the government was its totally unfounded suspicion that Mr. Carpenter would, if his passport were returned, somehow hide assets overseas. However, during these past several years, Mr. Carpenter has been subjected to relentless investigations, audits and/or examinations by the Internal Revenue Service, Securities and Exchange Commission, U.S. Department of Labor, various state insurance commissioners, the Connecticut Bar Grievance Committee, the U.S. Department of Justice, and the Exchangors (in the form of an exhaustive asset search). In light of this, it is simply ludicrous for the government to assert that Mr. Carpenter could hide *any* assets overseas, assuming any such assets exist after being forced since 2001 to defend himself against the full and coordinated efforts of the Exchangors, Merrill Lynch, PaineWebber, and the United States Government in this case and related matters.

7. However, even assuming, *arguendo*, that Mr. Carpenter might suddenly take leave of his senses and decide to flee the creature comforts of Simsbury, Connecticut, as an established and well-known businessman in his community, where could Mr. Carpenter possibly go to escape justice? Why would he leave behind his daughter who is graduating from college this Spring, his wife, his elderly and infirm parents, brothers, sisters, cousins, friends, and business associates? Why would he substitute a weak case where the maximum prison term is 5 years, for the certainty of a 10-year prison term by fleeing? Why would he fail to defend against charges as weak as these, when he is assured of a dismissal and/or acquittal either at trial or on appeal? Merely to pose these questions provides their answer.

8. Withholding Mr. Carpenter's passport not only relegates him to being a "second class citizen," but provides his business competitors with ammunition to further impugn Mr. Carpenter's character and harm his business by implying that the Court must consider Mr. Carpenter to be a flight risk or it would have allowed Mr. Carpenter to retain his passport.

9. Because the probability that Mr. Carpenter might flee is zero, and because there is no basis at this stage of the proceedings to restrict his travel any further, Mr. Carpenter's passport should be returned immediately and all travel restrictions lifted.

> Respectfully submitted,
> DANIEL E. CARPENTER,
> By his attorneys,
>
> */s/ Jack E. Robinson*
> Jack E. Robinson
> (BBO #559683)
> 2187 Atlantic Street, Suite 905
> Stamford, CT 06902
> (203) 425-4500

Dated: March 25, 2008

## LOCAL RULE 7.1(A)(2) STATEMENT

Mr. Carpenter's counsel has conferred with Jonathan F. Mitchell and Jack W. Pirozzolo, AUSAs, in a good faith but unsuccessful attempt to resolve or narrow the issue.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jack E. Robinson*
Jack E. Robinson