# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                           )
v.                               )     Case No.  04-10029-GAO
                           )
DANIEL E. CARPENTER,      )
                           )
      Defendant.         )

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR VIOLATIONS OF THE SPEEDY TRIAL ACT

On March 26, 2008, the Court heard argument on the defendant's motion to dismiss on Speedy Trial Act ("STA") grounds, and invited the parties to supplement their briefs.  In light of the Court's comments and upon further review of the record, the government submits that the defendant's motion may be denied on either of the following grounds:

> **A.**      **There Was No STA Violation Because the Speedy Trial Clock Did Not Restart Until the Defendant's Petition for Certiorari Was Denied on February 25, 2008.**

The defendant's interlocutory appeal of the Court's order denying his motion for acquittal tolled the speedy trial clock pursuant to Section 3161(h)(1)(E), which provides "any delay resulting from an interlocutory appeal" should be excluded under the STA.  As set forth in the government's original response to the defendant's motion, thirteen days had elapsed before the defendant filed his notice of appeal on February 6, 2006 (Docket Number 201).  See Government's Opposition at 5-6.  The defendant's appeal terminated when his petition for certiorari was granted on February 25, 2008.  The Court has excluded the time since then.

Under the STA, that the defendant's appeal came to an end by virtue of the Supreme Court's dismissal of his certiorari petition, as opposed to the issuance of the mandate from the Court of Appeals, makes no difference.  See United States v. Lyon, 588 F.2d 581, 582 (8th Cir.

1978) (holding that delay caused by pending certiorari petition should be excluded, noting that it "[i]t would have been impracticable to retry the instant case while appellate review [ ] was pending.").[1] That the Court of Appeals issued a mandate in the government's simultaneous appeal of the Court's new trial order also makes no difference. See United States v. Gambino, 784 F. Supp. 129, 138 (S.D.N.Y. 1992) (holding that even though the mandate had issued in the defendant's interlocutory appeal, the time during which the government's parallel certiorari petition was pending before the Supreme Court was "unquestionably excluded . . . as a "delay resulting from an interlocutory appeal.").

These holding are consistent with the general admonition that a district court should not proceed to trial while a certiorari petition is pending on an issue that might obviate the need for a trial. See United States v. Arrellano-Garcia, 471 F.3d 897, 900-901 (8th Cir. 2006) (acknowledging the Supreme Court's admonition that a district court should not proceed to trial while an appeal is pending), citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The record, specifically the transcript of the November 26, 2007 status conference, reflects that neither Court, nor the parties, took a different position. At the very beginning of the status conference, defense counsel specifically cited the pendency of the petition as a principal reason not to schedule a trial date. See Transcript of November 26, 2007 Status Conference at 3. In response, the government implicitly agreed that the case should not go forward in the event the Supreme Court granted the defendant's petition, and suggested that in such event the Court

---

[1] The defendant's reliance on United States v. Scalf, 760 F.2d 1057, 1059 (10th Cir. 1985) is misplaced. See Defendant's Second Supplement to Speedy Trial Motion at 10. Unlike here, the delay in that case was attributable to the government's attempting to decide whether to file a certiorari petition, not the pendency of his petition. See Scalf, 760 F.2d at 1059.

could reschedule the trial.  See Transcript at 4.  After acknowledging the pending petition and the uncertain timing of its resolution, the Court scheduled a trial date, but noted that, in obvious reference to the certiorari petition, "if there are problems that arise, we can address them."  See Transcript at 9.  In short, no one suggested that trial of this matter should go forward before the Supreme Court acted.  To the extent that now the defendant is taking a conveniently contrary position, he should be estopped.[2]

Therefore, the defendant's certiorari petition resulted in a delay through the date on which the petition was denied, namely February 25, 2008.  Up to that point, only thirteen days had elapsed, and therefore, the STA was not violated.

**B.    There Was No STA Violation Because the Issuance of the Mandate from the Court of Appeals Reset the Speedy Trial Clock.**

Alternatively, the Court may deny the defendant's motion based on a plain reading of Section 3161(e), which provides that,

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from date the action occasioning the retrial becomes final.  If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the action occasioning the retrial becomes final . . . ."

United States v. Kington, 875 F.2d 1091, 1109 (5th Cir.1989) (resetting clock following appeal of district court's mistrial order); see also United States v. Lasteed, 832 F.2d 1240, 1242-43 & n. 5 (11th Cir.1987) (resetting clock after appeal).  Although, as the government noted in its

---

[2] In answer to a question posed by the Court at the last hearing, the government has been unable to find cases that address whether the dismissal of a certiorari petition is, *under Section 3161(e)*, the action that makes final the Court's granting a new trial.

Opposition, there is a split in the circuits over whether Section 3161(e), as opposed to Section 3161(h)(1)(E) (concerning interlocutory appeals) applies under the circumstances, applying Section 3161(e) here makes intuitive sense.  The provision makes no distinction between appeals by a defendant or the government.  The inclusion of the first sentence, which concerns new trial orders like the one in this case, and the second sentence, which concerns appeals, together in the same section suggests that the section as a whole applies to appeals of new trial orders.  See Kingston 875 F.2d at 1108-09 (where "appeals follow immediately upon, and are closely connected with, an event occasioning a retrial . . . such cases may be analyzed under either the "mistrial" or the "appeal" clauses in Section 3161(e).").  Thus as Section 3161(e) dictates, the clock was re-set when the mandate issued on September 28, 2007, after a total of fifty-eight days had elapsed.  No STA violation occurred.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
JACK PIROZZOLO
Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: April 1, 2008

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL