UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO SPEEDY TRIAL MOTION

Defendant Daniel E. Carpenter hereby seeks leave to file this short reply to the government's supplemental response to Mr. Carpenter's Speedy Trial Act ("STA") motion.

**A.    Mr. Carpenter's Certiorari Petition Has No Impact On The STA.**

Mr. Carpenter's cross-appeal filed on January 18, 2006 (Dkt. #198) has no impact on the STA calculation because the STA clock *had already stopped* when the government filed its appeal on January 9, 2006. (Dkt. #195.)  Since it is the initiation of the government's appeal that stopped the clock, it is the termination of the government's appeal that necessarily resumes the clock (*i.e.*, the issuance of the First Circuit's mandate on September 28, 2007).  The cases cited by the government in support of its flawed theory are clearly inapposite.

In United States v. Lyon, 588 F.2d 581 (8th Cir. 1978), the issue was calculating excludable delay where *there are other charges pending against the defendant* (*i.e.*, bail jumping) under 18 U.S.C. § 3161(h)(1)(C) [now 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from trial with respect to other charges against the defendant")]—which obviously is not the situation here.  Not only are there no other pending charges against Mr. Carpenter, thereby rendering 18 U.S.C. § 3161(h)(1)(D) completely irrelevant, but the petition for certiorari in Mr. Carpenter's cross-appeal—even if granted—would have had no impact whatsoever on the District

1

Court's jurisdiction and ability to proceed with a retrial after the First Circuit issued its mandate. Critically, Mr. Carpenter applied to stay the mandate, which was denied. The government, for its part, never applied to stay the mandate.[1]

The decision in United States v. Gambino, 784 F. Supp. 129 (S.D.N.Y. 1992), is even less relevant. Gambino involved *both* the defendant and the government seeking certiorari from the same Second Circuit decision. The Supreme Court denied the defendant's petition, but held the government's petition until it issued an opinion in another case on the same issue. Because *both* parties sought certiorari from the *same* appeal, obviously any delay from that appeal would have been excluded under 18 U.S.C. § 3161(h)(1)(E). See Gambino, 784 F. Supp. at 138.[2]

It is odd indeed that the government cites United States v. Arrellano-Garcia, 471 F.3d 897 (8th Cir. 2006), because this case actually supports Mr. Carpenter's position. There, the Eighth Circuit granted the government's interlocutory appeal but, for some unexplained reason, the mandate was not issued until two months after Fed. R. App. P. 41(b) states that the mandate should have been issued. The defendant argued that those two months should have been *included* in the STA calculation because the district court "could" have commenced the trial at the time the mandate *should* have been issued, rather than at the time the mandate *was* issued.

Rejecting the argument that any "dual jurisdiction" existed, the Eight Circuit squarely held that "the district court is without jurisdiction to act until the mandate is received." Id. at 900. See also United States v. Hessman, 493 F.3d 977, 981 (8th Cir. 2007) (citing Arrellano-Garcia)

---

[1] For example, instead of holding a status conference on November 26, 2007, the District Court could have just as easily started the retrial on that date—and the pendency of Mr. Carpenter's certiorari petition would have not stopped the retrial absent the grant of a stay by the District Court.

[2] The government also miscites Gambino for the totally fallacious proposition "[t]hat the Court of Appeals issued a mandate in the government's simultaneous appeal of the Court's new trial order also makes no difference." Gov. Supp. Reply at 2. Aside from copious black letter law stating that the issuance of the mandate has jurisdictional significance, *see* Def. 2nd Supp. Br. at 5-7, there is nothing in Gambino that indicates when the Second Circuit mandate was issued. As in Carpenter, the mandate can issue several months after the judgment.

("upon the receipt of our certified judgment on August 16, 2004, the district court was again vested with jurisdiction and could proceed."). Not only does Arrellano-Garcia not support the government's argument, but the Eighth Circuit has recently adopted Mr. Carpenter's position in Hessman, which cites United States v. Scalf, 760 F.2d 1057 (10th Cir. 1985), for the general rule that "an application to seek certiorari has no effect on the finality of an appellate decision unless the mandate of the court is stayed or withdrawn." Hessman, 493 F.3d at 981.[3] The government correctly admits that it can find no cases directly on point supporting its position, because there is no case which holds that a petition for certiorari stops or interrupts the STA clock in this situation.

Finally, what the parties may or may not have said at the November 26, 2007 status conference regarding trial scheduling is totally irrelevant because by that time the STA had already been violated by at least **12** days. Moreover, "a defendant may not prospectively waive the application of the Act." Zedner v. United States, 547 U.S. 489, 500 (2006). Therefore, Mr. Carpenter's certiorari petition has no effect on the STA calculation.

**B.    The STA Clock Is Not Reset To Zero After An Interlocutory Appeal.**

Aside from the undisputed fact that the majority rule, and the rule followed in this District, is that an interlocutory appeal *resumes*, but does not reset, the STA clock, the government is judicially estopped from arguing that the STA clock is reset to zero in this case because the same U.S. Attorney's Office previously agreed, in United States v. Winston, 492 F. Supp. 2d 15 (D. Mass. 2007), that the STA clock *resumes* ticking. See Def. 2nd Supp. Br. at 8; New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("The doctrine of judicial estoppel prevents a party from

---

[3] In Hessman, after the Eighth Circuit issued its mandate, the defendant "filed for an open-ended continuance from the district court so his prosecution would be stayed while he sought certiorari." Id. at 981. Here, no party moved for a continuance between the issuance of the First Circuit's mandate and the November 26, 2007 status conference.

3

asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.") (internal quotations and citations omitted).

Moreover, the cases cited by the government represent the minority view, are not on point, and shed no light on the issue identified by the Court. The decision in United States v. Kington, 875 F.2d 1091 (5th Cir. 1989), is of no help to the government because there "the mistrial is declared for the very purpose of permitting the appeal." Id. at 1109. Here, the new trial order was not granted for the purpose of allowing the government to appeal, and if the government had not appealed, the retrial would have occurred sometime in early 2006.[4] In United States v. Lasteed, 832 F.2d 1240 (11th Cir. 1987), the district court granted a mistrial due to prosecutorial misconduct. The defendant subsequently filed a motion to dismiss on double jeopardy grounds, which was denied, and a motion to transfer venue, which was granted. The defendant then took an interlocutory appeal of the denial of his double jeopardy motion. As a result, for STA purposes, the interlocutory appeal related to the motion to dismiss rather than the declaration of the mistrial, unlike here where the government's interlocutory appeal sprung directly from the new trial order. Furthermore, the Fifth Circuit supported Mr. Carpenter's position here that "[t]he district court did not reacquire jurisdiction over [the] case until the mandate of this court was issued." Id. at 1242.

Since the STA clock was not reset to zero after the government's interlocutory appeal, and because Mr. Carpenter's petition for certiorari has no STA effect, the STA has been violated and the superseding indictment must be dismissed as a matter of law. Moreover, a dismissal *with* prejudice is warranted because, *inter alia*, the government's strained arguments in its supplement

---

[4] In fact, absent the government's interlocutory appeal, Mr. Carpenter's cross-appeal could not have existed.

address only the one STA violation first identified by the government, and have no bearing on the four other STA violations previously identified by Mr. Carpenter.

>Respectfully submitted,
>
>DANIEL E. CARPENTER,
>By his attorney,
>
>*/s/ Jack E. Robinson*
>Jack E. Robinson
>(BBO #559683)
>2187 Atlantic Street, Suite 905
>Stamford, CT 06902
>(203) 425-4500

Dated:  April 3, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Jack E. Robinson*
>Jack E. Robinson

5