UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
VERIFIED MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT,
GRAND JURY BIAS, AND AN UNCONSTITUTIONAL GRAND JURY**

On March 25, 2008, the defendant filed a motion styled as "Defendant's Verified Motion to Dismiss for Prosecutorial Misconduct, Grand Jury Bias, and an Unconstitutional Grand Jury," alleging various irregularities in the grand jury proceedings that yielded the indictment in this case. The next day, at the end of a status hearing concerning another pending motion, the Court observed that the defendant's instant motion concerning grand jury abuse "sounded familiar." The Court's recollection is indeed on the mark; the instant motion is a warmed-over re-hash of three separate motions the Court previously rejected prior to the first trial.

The defendant specifically avers that the indictment should be dismissed because allegedly (1) the government committed prosecutorial misconduct during the grand jury proceedings; (2) the grand jury was biased because its deputy foreperson was an employee of Goodwin Procter, the law firm representing Paine Webber in the defendant's related civil litigation; and (3) the one-year residency requirement of the grand jury plan for the District of Massachusetts unconstitutionally discriminates against him, a resident of Connecticut. The defendant's second and third grounds for dismissal are substantively identical to those he

advanced, and the Court ultimately rejected, in separate motions prior to trial. See Docket Numbers 107 and 104, respectively. The government accordingly relies on, and incorporates herein, its responses to those motions. See Docket Numbers 110 and 109, respectively.

The Court also denied a motion that, like the first ground for dismissal in the instant motion, alleged prosecutorial error. See Docket 123. The defendant argued then that the indictment should be dismissed because it was based entirely on hearsay testimony. This time, the defendant alleges another layer of misconduct, that is, that the Assistant United States Attorney misled the grand jury, gave unsworn testimony, and offered witness statements he knew to be false. The defendant's argument should be rejected because each of his three allegations of prosecutorial misconduct find no support in the record, and even if they did, the defendant has not, and cannot satisfy his burden demonstrating that he was prejudiced. See In re United States of America, 441 F.3d 44, 59 (1st Cir. 2006) (noting that to dismiss an indictment based on alleged errors in the grand jury, "the standard of prejudice is a high one: 'dismissal of the indictment is appropriate only if it is established that the violation *substantially influenced* the grand jury's decision to indict'"), quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (emphasis added).

First, the defendant's claim that the government "knowingly allow[] false, perjured testimony to be presented to the grand jury," is entirely unsupported. See Def. Mot. at 3. The defendant continues to beat the same drum that the government offered perjured statements of Martin Paley, Gerald Levine and "others," see Def. Motion at 3, yet no where in his motion does he state what those statements supposedly are. Assuming that the defendant is referring to what he has alleged previously about Paley and Levine – that is, they were aware that the defendant

2

was trading in call options with funds he was supposed to be holding in escrow – he fails to demonstrate how it is that their statements denying knowledge were false, much less perjurious. That those witnesses may have made inconsistent statements is no basis to invalidate an indictment, as the government was under no obligation to present exculpatory evidence to the grand jury, much less offer the inconsistent statements of its witnesses. See Williams v. United States, 504 U.S. 36, 55 (1992).

Nor does the defendant begin to explain how he may have been prejudiced by the introduction of the allegedly false statements. Even if Paley lied when he said he did not know that the defendant was trading the escrowed funds, his statement would have been hardly material to the grand jury's inquiry. Whether Paley was aware that the defendant's trading the escrowed funds was not relevant to the defendant's state of mind. As the government argued at trial, even if Paley had guilty knowledge, it would not have made the defendant any less guilty.

Second, the AUSA did not testify at all. See Def. Motion at 3. Rather, he responded to a *legal* question by a grand juror concerning the defendant's fiduciary obligations to the exchangors. See January 14, 2004 Grand Jury Transcript at 54-55. The AUSA stated that in general the degree of fiduciary responsibility depends on the circumstances. In this way, the AUSA properly fulfilled the prosecutor's traditional role as legal adviser to the grand jury. See United States v. Ciambrone, 601 F.2d 616. 622-23 (2d Cir. 1979) (grand jury depends on the prosecutor as its legal adviser).

The defendant does not begin to demonstrate how the AUSA's response was inaccurate. Nothing in Section 1031 or the IRS regulations thereunder suggest that Congress decided to override the common law rule that one who holds money in trust for another has a fiduciary duty

3

to exercise reasonable care for it.  <u>See</u> Restatement of Torts, § 874.  In support of his argument that to the contrary that a Section 1031 Qualified Intermediary owes no fiduciary obligations "as a matter of law," he curiously cites Title 26, C.F.R. § 1.1031(k)-1(k)(2).  That provision essentially states that a person that operates as an agent of the exchangor at the time of the transaction may not act as a qualified intermediary.  In other words, the provision has nothing to do with fiduciary duties.  And again, even if the AUSA's legal advice were wrong, the defendant has not demonstrated that he was prejudiced at all.

       Third, the AUSA did not mislead the grand jury by not introducing evidence that the defendant was in a legal dispute with the exchangors.  <u>See</u> Def. Motion at 5.  In response to a grand juror's *factual* question about whether the exchangors had taken legal action against the defendant, the AUSA re-directed the question to the testifying agent, who stated that he was unaware of any law suit.  <u>See</u> Grand Jury Transcript at 51-52.  There was nothing improper about this.  There is no reason to think that the witness gave an untruthful answer.  Nor was the prosecutor required to bring in additional evidence to demonstrate that there was a law suit between the exchangors and the defendant.  <u>See</u> <u>Williams</u>, 504 U.S. at 55.  Indeed, the existence of the parallel law suit was entirely irrelevant as to whether the defendant violated the mail and wire fraud statutes.  If anything, the AUSA's acknowledging that the exchangors sued the defendant might have unfairly prejudiced the defendant, insofar as it might have validated the notion that there was an actionable case against him.  Because of this risk, and because of the marginal relevance of the information, the AUSA was correct in letting the matter drop.

**<u>Conclusion</u>**

Because there were no improprieties in the grand jury, much less any that prejudiced the defendant, the Court should reject the first asserted ground for dismissal, and should reject the other two renewed grounds for dismissal for the same reasons it previously denied them.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:

                                      <u>/s/ Jonathan F. Mitchell</u>
                                      JONATHAN F. MITCHELL
                                      JACK PIROZZOLO
                                      Assistant U.S. Attorneys

## Certificate of Service

      I hereby certify that on this 8th day of April, 2008, I served on counsel of record in the foregoing matter the Government's Opposition to Defendant's Verified Motion to Dismiss For Prosecutorial Misconduct, Grand Jury Bias, and an Unconstitutional Grand Jury, by means of the ECF system.

                                          /s/ Jonathan F. Mitchell
                                          Jonathan F. Mitchell