UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10029-GAO

UNITED STATES OF AMERICA

v.

DANIEL E. CARPENTER,
Defendant.

ORDER
April 8, 2008

O'TOOLE, D.J.

This order resolves the defendant's motion to dismiss the superseding indictment with prejudice for claimed violations of the Speedy Trial Act of 1974, as amended, 18 U.S.C. §§ 3161–3174 ("STA"). I conclude that no violation of the STA has occurred. The events relevant to my conclusion are as follows:

On December 15, 2005, I entered an order granting the defendant's motion for a new trial. The government filed a notice of appeal on January 9, 2006 and pursued an interlocutory appeal of the new trial order. The First Circuit affirmed that order and issued its mandate to that effect on September 28, 2007. On November 26, 2007, the parties appeared before this Court for a status conference, where a date for the new trial was discussed. At the conference, trial counsel for the defendant stated that he could not "try this case in March, April or May [2008] given my present commitments in other cases," and suggested a trial date in July 2008 was necessary for him to "prepare meaningfully" for a retrial. (Tr. of Status Conference 5, 8, Nov. 26, 2007.) The government was willing to accommodate defense counsel's schedule to some degree, but stated that "July seems

a little far off. So if there's something before July that the Court can do, all the better." (Id. at 6-7.) A trial date was set for May 5, 2008.

At the close of the status conference, the government inquired as to the STA, and, with no objection from defense counsel, I responded that the time until trial would be excluded. (See id. at 11.) At the time, neither the Assistant United States Attorney nor I articulated the reason for excluding the time between the conference and the May 5 trial date, but the reason is apparent from the context of the entire discussion. See United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001) ("[T]he trial court ordinarily must elucidate its reasons for approving such a continuance, save for cases in which those reasons are readily apparent from the circumstances." (citations omitted)). Trial counsel for the defendant was asking for sufficient time for him to prepare for the retrial, given his commitments in other cases. In any event, I set a date *earlier* than the defendant's trial counsel was seeking.

Implicit in the interchange at the conference was that setting the trial date beyond the time permitted by the existing status of the STA clock served the ends of justice because defense counsel required the time provided in order to adequately prepare and try the case. See 18 U.S.C. § 3161(h)(8)(A), (B). It may be noted that, although that particular attorney has since withdrawn his appearance, he was the principal trial attorney in the prior trial, so that accommodating his schedule was plainly to the defendant's benefit. To make explicit what was obviously implicit, I detailed this reasoning for the record when the parties appeared before me for a hearing on the defendant's motion to dismiss on March 26, 2008. See Zedner v. United States, 547 U.S. 489, 506–07 (2006) ("Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance … the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the

2

record of the case.' However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).").

In the event of an order for a new trial, the STA requires that a retrial "shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). The "action occasioning the retrial" is the order granting the new trial. See id. To determine the appropriate date from which the STA clock begins to run, the question is when such action has become "final." See id.

The question is not directly answered either by the statutory text or interpreting precedent, but the most sensible reading of § 3161(e) is that the order granting the new trial became final on the date that the mandate issued from the Court of Appeals after conclusion of the government's appeal. See United States v. Rush, 738 F.2d 497, 509 (1st Cir. 1984) (noting that, in the context of an interlocutory appeal, "[c]ourts which have considered the question of when an appeal ends and the clock begins to run again for speedy trial purposes have generally held that the applicable date is the date on which the appellate court issues its mandate."); United States v. Mack, 669 F.2d 28, 29, 33 (1st Cir. 1982) (stating that, where the First Circuit reversed the district court's denial of a § 2255 motion, "[f]or computing speedy trial time limits, the date the 'action occasioning retrial becomes final' has been construed to mean the date on which the mandate of the court of appeals becomes final."); United States v. Kington, 875 F.2d 1091, 1108–09 (5th Cir. 1989) (viewing the "disposition of the appeal, rather than declaration of mistrial, as the event occasioning retrial."); United States v. Gilliss, 645 F.2d 1269, 1275–76 (8th Cir. 1981) (holding that an order granting a motion to vacate a sentence pursuant to 18 U.S.C. § 2255 became final under § 3161(e) when the time for appeal had

passed ten days later.) Interpreting the statute otherwise would render superfluous the statutory words "becomes final." Something more than just the trial court's allowance of the new trial motion – the "action occasioning the retrial" – is clearly required by a plain reading of § 3161(e) to reset the STA clock; that order must have become "final." That phrase usually is employed to signify the completion of any appellate review of the trial court's order.

This understanding of the language of § 3161(e) is also consistent with the legislative history of the STA. An early version of the bill that resulted in the statute would have required a retrial after mistrial or grant of a new trial to commence "within sixty days from the date of the mistrial, order granting a new trial, or remand." See S. 895, 92d Cong. § 3161(b)(3) (1971), reprinted in Anthony Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, at 288 (1980). This language was later changed in a Senate subcommittee version of the bill to require a trial to commence "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, within sixty days from the date the action occasioning the retrial becomes final." See S. 754, 99th Cong. § 3161(e) (1973), reprinted in Partridge, supra, at 297. The impetus for this change is not entirely clear, but the legislative history includes testimony of Judge Albert Lee Stephens, Jr. which addresses the issue:

> [I]f the defendant is to be tried again following a mistrial, and so forth, I think the provision which was made in the rule adopted by the Second Circuit, that it should be after these actions have become final, would be more appropriate there. Otherwise, you may have a trial in progress while the case is still subject to some appellate process.

See Partridge, supra, at 82. The problematic possibility of beginning a second trial while the order granting the new trial could still be reversed and the guilty verdict reinstated suggests that this change in language was not accidental, but rather was intended to delay the restart of the clock until after the

completion of any appellate review of the trial court's new trial order.    Accordingly, I conclude that the STA clock did not reset until the order granting the new trial became final by reason of the issuance of the mandate of the Court of Appeals on September 28, 2007. As of November, 26, 2007, 58 days of the allowed 70 days had elapsed. The time from November 26, 2007 to the present, and further until the date for the commencement of trial, May 5, 2008, has properly been excluded under § 3161(h)(8)(B)(ii) and/or § 3161(h)(8)(B)(iv), as I stated at the motion hearing and have reaffirmed here.

There has been no violation of the STA, and the defendant's motion to dismiss (dkt. no. 229) is DENIED. The case stands for trial as scheduled.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge

**Publisher Information**
Note* This page is not part of the opinion as entered by the court.
The docket information provided on this page is for the benefit
of publishers of these opinions.

CM/ECF ?

   * Civilv
   * Criminalv
   * Query
   * Reportsv
   * Utilitiesv
   * Search
   * Logout

1:04-cr-10029-GAO USA v. Carpenter
Date filed: 02/04/2004
Date of last filing: 04/03/2008

Attorneys

Alan M. Dershowitz
Harvard Law
1575 Massachusetts Avenue
Hauser 520
Cambridge, MA 02138
617-496-2187
617-495-7855 (fax)
  Assigned: 09/13/2004
  LEAD ATTORNEY
  ATTORNEY TO BE NOTICED         representing    Daniel E. Carpenter (1)
(Defendant)
Evan Georgopoulos
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000
617-310-6001 (fax)
georgopoulose@gtlaw.com
  Assigned: 05/13/2004
  TERMINATED: 11/28/2007
  LEAD ATTORNEY
  ATTORNEY TO BE NOTICED         representing    Daniel E. Carpenter (1)
(Defendant)
Robert M. Goldstein
20 Park Plaza
Suite 903
Boston, MA 02116
617-742-9015
617-742-9016 (fax)
rmg@goldstein-lawfirm.com
  Assigned: 06/22/2005
  TERMINATED: 03/11/2008

| | | |
|---|---|---|
| LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>(Defendant) | representing | Daniel E. Carpenter (1) |

Edward A. McDonald
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112-2200
 Assigned: 02/04/2004
 TERMINATED: 02/27/2006

| | | |
|---|---|---|
| LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>(Defendant) | representing | Daniel E. Carpenter (1) |

Jonathan F. Mitchell
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3274
617-748-3960 (fax)
jonathan.mitchell@usdoj.gov
 Assigned: 03/28/2005

| | | |
|---|---|---|
| LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>(Plaintiff) | representing | USA |

Richard S. Order
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
860-275-8100
860-275-8101 (fax)
rso@avhlaw.com
 Assigned: 03/17/2004
 TERMINATED: 02/27/2006

| | | |
|---|---|---|
| LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>(Defendant) | representing | Daniel E. Carpenter (1) |

A. John Pappalardo
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6072
617-310-6001 (fax)
pappalardoj@gtlaw.com
 Assigned: 02/19/2004
 TERMINATED: 03/31/2005

| | | |
|---|---|---|
| LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>(Defendant) | representing | Daniel E. Carpenter (1) |

Michael J. Pineault
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way

Suite 9200  
Boston, MA 02210  
617-748-3261  
617-748-3960 (fax)  
  Assigned: 02/04/2004  
  LEAD ATTORNEY  
  ATTORNEY TO BE NOTICED     representing     USA  
(Plaintiff)  

Jack W. Pirozzolo  
United States Attorney's Office  
1 Courthouse Way  
Boston, MA 02210  
617-748-3189  
617-748-3960 (fax)  
jack.pirozzolo@usdoj.gov  
  Assigned: 03/14/2008  
  LEAD ATTORNEY  
  ATTORNEY TO BE NOTICED     representing     USA  
(Plaintiff)  

Jack E. Robinson  
Clearwater House  
2187 Atlantic Street  
Stamford, CT 06902  
203-425-4500  
203-425-4555 (fax)  
robinsonesq@aol.com  
  Assigned: 11/23/2007  
  LEAD ATTORNEY  
  ATTORNEY TO BE NOTICED     representing     Daniel E. Carpenter (1)  
(Defendant)  

Martin G. Weinberg  
Oteri, Weinberg & Lawson  
20 Park Plaza  
Boston, MA 02116  
617-227-3700  
617-338-9538 (fax)  
owlmcb@worldnet.att.net  
  Assigned: 10/18/2005  
  TERMINATED: 03/18/2008  
  ATTORNEY TO BE NOTICED     representing     Daniel E. Carpenter (1)  
(Defendant)