UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR REASSIGNMENT
PURSUANT TO LOCAL RULE 40.1(K)(1)**

Pursuant to D. Mass. L. R. 40.1(K)(1), defendant Daniel E. Carpenter respectfully moves that this case immediately be reassigned "to a judge other than the judge before whom the first trial was held." D. Mass. L. R. 40.1(K)(1). Reassignment is **mandatory** when a new trial occurs after remand from the First Circuit. In furtherance hereof, Mr. Carpenter states as follows:

1. After the government's unsuccessful interlocutory appeal, the First Circuit issued its mandate on September 28, 2007. (Dkt. No. 220.) The mandate, consisting of the judgment, states, *inter alia*, that "[t]he district court's grant of a new trial is affirmed."

2. "When an appellate court remands a case to this court for a new trial, the case **shall** be reassigned to a judge other than the judge before whom the first trial was held." D. Mass. L.R. 40.1(K)(1) (emphasis added).

3. Once the case was returned to the District Court after remand, the case should have been automatically reassigned by the Clerk of Court.

4. The rationale behind the Rule is sound, primarily to ensure that issues relating to a retrial are viewed by the Court with a fresh perspective and a fair and open mind.

5. For example, on December 17, 2007, Mr. Carpenter filed a motion to transfer venue to the District of Connecticut or the Western Division of the District of Massachusetts in

Springfield pursuant to Fed. R. Crim. P. 21(b). (Dkt. No. 223.) Briefing on the motion was completed when Mr. Carpenter filed his reply (Dkt. No. 227) on January 9, 2008—the **same day** that the government filed its opposition. (Dkt. No. 226.) However, the Court failed to address the motion until **almost three months later** at the very end of the March 26, 2008 status conference, and did so by summarily denying the motion without conducting the required analysis under Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964), or engaging in any discussion whatsoever.

6.      Another example involves Mr. Carpenter's motion to dismiss based on grand jury irregularities. (Dkt. No. 237.) At the March 26th hearing, the Court stated that the motion "sounded familiar." The government's opposition to the motion states that it is merely a "warmed over re-hash" of similar motions filed prior to the first trial. Gov. Opp. at 1 (Dkt. No. 243.) Mandatory reassignment exists under this Court's Local Rules so that Mr. Carpenter's motions—even if the same or similar motions were filed before the first trial—can be examined anew with a fresh perspective prior to and during the second trial.

7.      This is precisely why Local Rule 40.1(K)(1) exists, so that a new judge can bring a new and fresh perspective to issues upon which the original judge has previously ruled. This prevents the original judge from allowing his/her preconceived notions to influence future rulings on the same or similar issues in the second trial. "If the case is remanded for a new factual determination by the district court judge, the fact that he has already made a resolution, particularly if this involved error on his part, may make it difficult to reapproach the question with a free and open mind." O'Shea v. United States, 491 F.2d 774, 779 (1st Cir. 1974).[1]

---

[1] Perhaps the Court summarily denied the motion to transfer venue because it had denied the same motion (in the same fashion) prior to the first trial. Local Rule 40.1(K)(1) exists to prevent this from occurring.

8. Where resentencing is required after a remand, cases are invariably redrawn in this District. "[I]n every post-*Booker* case where the Court of Appeals has ordered resentencing as to a pre-*Booker* sentence, I have ordered the case redrawn pursuant to Local Rule 40.1(K)." Richardson v. United States, 477 F. Supp. 2d 392, 401 (D. Mass. 2007).

9. In any case where a new trial is to occur after an appeal, the Local Rules mandate reassignment:

> I find that a fair reading of D. Mass. R. 40.1 indicates the case would have been reassigned in any event under paragraph K(1). The prior proceeding before Judge Wolf involved fact finding that resulted in a final judgment for a proceeding dependent upon credibility determinations concerning live witnesses. This is the type of proceeding that D. Mass. R. 40.1(K)(1) contemplates as a trial.

Danaipour v. McLarey, No. 01-11528, Dkt. No. 211, slip op. at 8-9 (D. Mass. Sep. 12, 2003) (Woodlock, J.).

10. The wisdom of the policy behind this Local Rule was acknowledged by the First Circuit in In re Dedham Water Co., 901 F.2d 3, 4 (1st Cir. 1990) (granting mandamus and ordering reassignment because "without in any way suggesting any personal criticism, that the second trial should be before another trier.") (internal quotation marks and citations omitted) (construing D. Mass. R. 8(i), an earlier version of Local Rule 40.1(K)(1)). See also id. at 5 ("I agree with the court that **the district court's rules unambiguously require a new judge where there must be a new trial**.") (Breyer, J., dissenting) (emphasis added).

11. Because Local Rule 40.1(K)(1) requires that the case be reassigned, the case must immediately be returned to the Clerk of Court for reassignment.

>Respectfully submitted,
>
>DANIEL E. CARPENTER,
>By his attorney,
>
>*/s/ Jack E. Robinson*
>Jack E. Robinson
>(BBO #559683)
>2187 Atlantic Street, Suite 905
>Stamford, CT 06902
>(203) 425-4500

Dated: April 18, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Jack E. Robinson*
>Jack E. Robinson