UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR CONTINUANCE**

Defendant Daniel E. Carpenter, in order to ensure that he receives a fair trial by being represented by competent trial counsel, respectfully requests that trial in this case be continued to the Court's first available trial date in June 2008. Mr. Carpenter has been advised that within two (2) business days after the grant of this requested short continuance, new trial counsel will file an appearance in this case. In furtherance hereof, Mr. Carpenter states as follows:

1. At the November 26, 2007 status conference, the Court set a trial date of May 5, 2008. However, subsequent events led Mr. Carpenter to form the reasonable belief that no trial could possibly occur in Boston in May 2008.

2. First, throughout the Fall and Winter of 2007, Mr. Carpenter had good reason to believe that his petition for a writ of certiorari to the Supreme Court would be granted. Not only did the petition raise an issue of first impression that has split the circuits, but the Solicitor General requested and was granted two extensions in which to oppose the petition. Furthermore, the National Association of Criminal Defense Lawyers filed an amicus brief urging granting of the writ. Then, the Supreme Court took it upon itself to hold the case over longer than originally scheduled for further consideration, which appeared to many Supreme Court observers as being extremely unusual and exceptional, and which was likely to result in the grant of certiorari. Even

the well-respected *SCOTUS Blog* (www.scotusblog.com) included the case among its "Petitions to Watch," meaning that it had "a reasonable chance of being granted." Thus, Mr. Carpenter was surprised that the Supreme Court decided to deny certiorari at the end of February 2008.

3. Second, in December 2007, Mr. Carpenter had filed a motion to transfer venue pursuant to Fed. R. Crim. P. 21(b). Briefing on the motion was completed on January 9, 2008. Mr. Carpenter believed that strong grounds existed for the motion to be granted—particularly since he had already been forced to endure the first trial in Boston. However, he did not foresee the Court's denial of the motion at the March 28, 2008 status conference.

4. Third, at the March 28 status conference, the Court asked both parties to file supplemental briefs on the Speedy Trial Act ("STA") issue, where the government and defendant had both identified STA violations. This added yet another week to the overall scheduling uncertainty.

5. Fourth, in light of the government's contention that the better course was to dismiss the indictment, Mr. Carpenter reasonably believed that the May 5, 2008 trial date would be adjourned and the indictment would be dismissed without prejudice. Consequently, he was caught unprepared when the Court issued its April 8, 2008 order stating that an STA violation had not occurred, and that the May 5th trial date would be kept.

6. Thus, Mr. Carpenter now finds himself in a quandary. Unless he can obtain a short continuance in order to obtain competent trial counsel, it will be impossible for him to obtain a fair trial. During the last couple of months in general, and the last two weeks in particular, he has reached out to several law firms with substantial white-collar criminal defense practices and has received the same reply from everyone—under no circumstances could any firm begin a trial in May 2008. One firm (which includes the former leading Enron Task Force

prosecutors) stated that they would need at least a *five-month continuance*. Another firm (which includes former Boston-based federal prosecutors) stated that they could take on the case if the trial was continued to June. In fact, Mr. Carpenter has been advised that within two (2) business days after the grant of this requested short continuance, the latter firm will file an appearance in the case.[1]

7. Absent this requested short continuance, Mr. Carpenter will be forced to proceed without competent trial counsel of his choosing. His two current attorneys are not trial attorneys and were not retained for that purpose. Prof. Alan Dershowitz (who seeks to withdraw) was retained three years ago solely to assist with dissecting the indictment and to argue the related motion to dismiss. In fact, it has been a mere oversight that he did not withdraw his appearance several years ago. Attorney Robinson was retained solely to assist previous trial counsel with motions and related support functions, primarily because he has also been involved in the ongoing parallel civil proceedings.

8. However, there must not be any misunderstanding on this point: neither Prof. Dershowitz nor Attorney Robinson were retained to try the case, nor are they capable of trying the case, nor will they try the case.

9. While this Court clearly has broad discretion to grant or deny continuances, see United States v. Brand, 80 F.3d 560, 564 (1st Cir. 1996), that discretion is limited by the defendant's constitutional rights to effective assistance of counsel and to the testimony of defense witnesses. United States v. Soldevila-Lopez, 17 F.3d 480, 487 (1st Cir. 1994). An "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for

---

[1] This firm needs less time to prepare than the other firms because it has represented Mr. Carpenter in the parallel civil litigation for the past several years—which is still pending in the Massachusetts Supreme Judicial Court and in which a decision is expected within the next 60 days. The results of that decision could very well substantially impact this case.

delay" constitutes an abuse of discretion.  United States v. Lussier, 929 F.2d 25, 28 (1st Cir. 1991).

      10.    Because granting a short continuance will ensure that Mr. Carpenter receives a fair trial and will not result in undue delay, the motion should be granted.

                  Respectfully submitted,

                  DANIEL E. CARPENTER,
                  By his attorney,

                  */s/ Jack E. Robinson*
                  Jack E. Robinson
                  (BBO #559683)
                  2187 Atlantic Street, Suite 905
                  Stamford, CT 06902
                  (203) 425-4500

Dated:  April 22, 2008

## LOCAL RULE 7.1(A)(2) STATEMENT

      Mr. Carpenter's counsel has conferred with Jonathan Mitchell, AUSA, in a good faith but unsuccessful attempt to resolve or narrow the issue.

                  */s/ Jack E. Robinson*
                  Jack E. Robinson

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system on the date hereof will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                  */s/ Jack E. Robinson*
                  Jack E. Robinson