COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    PROBATE AND FAMILY COURT
                                                DOCKET NO. 07P2497GI

| In the Matter of the Guardianship of Joseph Iantosca (also known as Giuseppe Iantosca) | DECREE / ~~ORDER~~ |
|---|---|

It is hereby decreed:

1. That Joseph J. Iantosca, Jr., of 20 Carbone Lane, Cohasset, Massachusetts 02025, and David Iantosca, of 17 John Paul Circle, Braintree, Massachusetts 02184, be appointed permanent guardians of the person and property of Joseph Iantosca (also known as Giuseppe Iantosca), of 200 Burkall Street, Unit 609, Weymouth, Norfolk County, Massachusetts (the "Ward"), who the Court finds incapable of making informed decisions with respect to the conduct of his personal and financial affairs; that failure to appoint a guardian would create an unreasonable risk to his health, welfare and financial interests; and that the appointment of said guardians would eliminate such risk.

2. That based on this Court's Findings of Fact and Conclusions of Law, the substituted judgment determination and the Physician's Affidavit and Treatment Plan originally dated October 11, 2007 and updated as of December 21, 2007, the said Joseph J. Iantosca, Jr. and David Iantosca may administer and authorize the Ward's treatment with the following antipsychotic medication: 600 mg/day of Seroquel with the authority to raise this dose as high as 800 mg/day if needed and/or to treat the Ward with the

NORFOLK COUNTY
TRUE COPY-ATTEST
JAN 0 2 2008
REGISTER

appropriate dose of another similar medication such as Zyprexa, Risperdal, Abilify, Geodon or Clozapine, which may at a later date become a better option for the Ward, and that such treatment shall be reviewed by this Court on or before January __2,__, 2009.

3. That Joseph J. Iantosca, Jr. and David Iantosca intend to preserve and protect the Ward's current routine, intend to surround the Ward with a group of people with whom the Ward is comfortable and whom the Ward trusts, and to preserve and protect the Ward's assets, business and otherwise, as is in the Ward's best interests.

4. That Joseph J. Iantosca, Jr. and David Iantosca intend to pursue an estate planning petition pursuant to M.G.L. ch. 201, § 38 on behalf of the Ward reflecting his intentions as best as can be ascertained and incorporating appropriate tax planning as soon as is practicable during the first part of 2008.

Dated: __1/2__, 2008

BY THE COURT:

_____
Justice of the Probate and Family Court

# 5018132_v2

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

PROBATE AND FAMILY COURT
DOCKET NO. 07P2497GI

| In the Matter of the Guardianship of Joseph Iantosca (also known as Giuseppe Iantosca) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter came on for hearing before me on January 2, 2008, and after such hearing, based upon all of the evidence and the reasonable inferences drawn therefrom, I make the following Findings of Fact and Conclusions of Law:

1. This matter was brought before the Court by the petitioners, Joseph J. Iantosca, Jr. and David Iantosca, seeking the appointment as temporary guardians of the person and property of Joseph Iantosca ("Joseph Sr.") with the authority to monitor the administration of antipsychotic medication. Joseph J. Iantosca, Jr. and David Iantosca are the only children of Joseph Sr.. Counsel for the petitioner are Shari A. Levitan and Ellen S. Berkowitz, both of Holland & Knight LLP, 10 St. James Avenue, Boston, Massachusetts 02116.

2. Joseph L. Bierwirth, Jr., of Hemenway & Barnes, 60 State Street, Boston, Massachusetts 02109, is counsel for Joseph Sr. and said counsel appeared in that capacity before the Court. Joseph Sr. was not present at the hearing.

   *Competence*

3. Joseph Sr. is not capable of caring for himself by reason of such mental illness and does not have the present ability to make informed decisions regarding his finances or his health, including but not limited to his psychiatric treatment with antipsychotic medication as shown by the following facts:

NORFOLK COUNTY
TRUE COPY ATTEST

REGISTER

    a) Joseph Sr. suffers from a neuropsychiatric disorder, Vascular Dementia, that manifests itself as difficulty with memory, problem-solving, planning and judgment among other emotional, cognitive and behavioral faculties.

    b) On the standard screening test for dementia, the Mini Mental State Examination, Joseph, Sr. scored 14/30, which is in the moderately severe range of impairment.

    c) Joseph Sr. has committed a number of verbal and physical assaults on his visiting nurses and was involved in a motor-vehicle chase where he had to be subdued and pepper-sprayed by the police; he has also suffered from psychotic episodes where he has wandered as far as Florida without realizing it; his episodes are often aggressive and present a danger to himself and to others.

4. Joseph J. Iantosca, Jr. and David Iantosca have been serving as temporary guardians of the person and property of Joseph Sr. since the filing of their bond on November 14, 2007, and they were appointed as permanent guardians of the person and property of Joseph Sr. today. The Court finds that Joseph J. Iantosca, Jr. and David Iantosca are suitable to be so appointed.

5. In addition to granting Joseph J. Iantosca, Jr. and David Iantosca all of the powers provided by law as guardians of the person and property of Joseph Sr., it also is proposed to authorize them to administer and authorize the treatment of Joseph Sr. with antipsychotic medication as set forth in the treatment plan which is attached hereto and incorporated by reference.

*Substituted Judgment*

6. Joseph Sr. has expressed no preference with regard to medication. His actions, however, do express a preference for the continued use of this medication. He has continued to take his medication without any resistance or complaints.

7. Joseph Sr. has not expressed religious beliefs which would inhibit compliance with the proposed treatment.

8. Joseph J. Iantosca, Jr. and David Iantosca are involved in Joseph Sr.'s life and have noted a great improvement in Joseph Sr.'s ability to control his aggression since the administration of the Seroquel.

9. Seroquel (quetiapine) is an atypical antipsychotic medication that is associated with a range of potential adverse effects. Like other members of its class, a boxed warning informs users that the medication is not FDA-indicated in the treatment of psychosis associated with dementia and that its use is associated with an excess mortality from cardiovascular and other causes. In addition to this increased mortality risk (of approximately 1.6 fold v. placebo, or approximately 1 extra drug-induced death per 100 patients treated) there are potential effects of weight gain, sedation, hyperlipidemia,

2

insulin resistance and hyperglycemia and a variety of other less frequent and/or less serious adverse effects.

10. Seroquel and other similar antipsychotic medications have been shown to produce a modest reduction of agitation and aggression among psychotic patients with dementia. Seroquel is widely used and accepted as a standard treatment among experts.

11. Joseph Sr.'s prognosis without treatment is poorer than his prognosis with treatment in that his aggression will make it impossible to live outside of an institutional setting. Institutionalization would destroy Joseph Sr.'s already fragile mental state and his quality of life would decline significantly.

12. Joseph Sr.'s condition is one that typically progresses in disability rather than improves.

13. Taking all of the above findings into account, the Court finds that the substituted judgment of Joseph Sr. would be to accept treatment with antipsychotic medication.

*Treatment Plan*

14. A treatment plan, originally dated October 11, 2007 and updated and restated on December 21, 2007, both by Dr. Ellison, is attached hereto and incorporated by reference.

*Conclusions of Law*

15. I conclude by a preponderance of the evidence that Joseph Sr. is in need of a guardian because he is incapable of caring for himself by reason of mental illness. I further conclude after careful consideration of the evidence that using a subjective test as to what Joseph Sr. would do if competent, and taking into account the present and future incompetency of Joseph Sr., based upon the substituted judgment factors enumerated above, that Joseph Sr. would consent to the administration of the proposed treatment plan.

A separate order shall issue accordingly.

DATED: _1/2_, 2008

Justice of the Probate and Family Court

# 5020203_v1

3