# ATTACHMENT D

**NASD Dispute Resolution**
www.nasd.com
Northeast Region
One Liberty Plaza • 165 Broadway • 27th Floor
New York NY • 10006-1400 • 212-858-4400 • Fax 212-858-4429



**VIA FACSIMILE AND REGULAR MAIL**

December 15, 2005

Anthony R. Zelle, Esq.
Denner O'Malley, LLP
4 Longfellow Place
35th Floor
Boston, MA 02114

Subject: NASD Dispute Resolution Arbitration Number 03-08742
Benistar Employer Services Trust Corp. and Benistar Property Exchange Trust Co., Inc.
vs. UBS Financial Services, Inc.

Dear Mr. Zelle:

In accordance with the NASD Code of Arbitration Procedure (the "Code"), I enclose the decision reached by the arbitrators in the above-referenced matter.

### Responsibility to Pay Monetary Award

Pursuant to Rule 10330(h) of the Code, the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

### Tracking Payment of Award

NASD Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. We request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons. The 30-day period ends on: January 17, 2006.

Written notification concerning award compliance or lack thereof must be directed to:

Jennifer Kozielski
NASD Dispute Resolution
One Liberty Plaza,
165 Broadway, 52nd Floor
New York, NY 10006
212-858-4481 (tel) 301-527-4761 (fax)

### Expedited Suspension Proceedings for Non-Payment of Awards

Members and associated persons who do not comply with an award in a timely manner are subject to expedited suspension proceedings as set forth in Rule 9554, which is part of the NASD Manual.

### Right to File Motion to Vacate Award

All awards are final and are not subject to review or appeal by the arbitration panel or by NASD Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. NASD Dispute Resolution is not authorized to provide legal advice concerning a motion to vacate.

A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. NASD Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion. However, for cases filed on or after April 12, 2004, if the award contains expungement relief, or if a party seeks expungement relief in court, there may be a duty to name NASD as a party as provided in Rule 2130.

### Questions Concerning Award

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

### Arbitration Evaluation

As a service organization, the primary goals of NASD Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, we need to hear from you. If you have not already done so, please take the time to complete an evaluation of our services, the process, and the arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.nasd.com/arbevaluation. If you do not have Internet access, or have difficulty completing the evaluation online, you may complete the paper version of the evaluation that was previously provided to you and mail it to the address indicated. If you need another paper copy of the evaluation form, please contact the undersigned. Whenever possible, however, please use the new online version, as it will help us to review your feedback in a more expeditious and analytical manner. Your feedback is a valuable and necessary component in our efforts to serve you better.

Very truly yours,

Nicole C. Haynes
Staff Attorney
212-858-4200   Fax: 301-527-4904

NCH:CW1:LC09A

DEC.15'2021 20:46 6179731562   Denner Associates PC   #7066 P.005

idr:12/05

RECIPIENTS:

Jack Robinson, Esq., Benistar Employer Services Trust Corp.
Benistar, Clearwater House, 2187 Atlantic Street, Stamford, CT 06902

R. Todd Cronan, Esq., UBS Financial Services Inc.
Goodwin Procter, LLP, Exchange Place, Boston, MA 02109

Anthony R. Zelle, Esq., Benistar Property Exchange Trust Co. I
Denner O'Malley, LLP, 4 Longfellow Place, 35th Floor, Boston, MA 02114

DEC.15'2021 20:46 6179731562           Denner Associates PC                    #7066 P.006
12/15/2003 17:31 FAX 212 555 4989         NASD REGULATION                          ⌀005/011

Case 1:04-cr-10029-GAO   Document 259-5   Filed 05/19/2008   Page 5 of 11

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Benistar Employer Services Trust Corporation and Benistar Property Exchange Trust Company, Inc. (Claimants) v. UBS PaineWebber Inc. n/k/a UBS Financial Services Inc. (Respondent)

Case Number: 03-08742                           Hearing Site: New York, New York

Nature of the Dispute: Customers v. Member

## REPRESENTATION OF PARTIES

Claimant Benistar Employer Services Trust Corporation ("BESTCO"): Richard S. Order, Esq., Axinn, Veltrop & Harkrider, LLP, Hartford, CT and Jack Robinson, Esq., Benistar, Stamford, CT.

Claimant Benistar Property Exchange Trust Company ("BPETCO"): Anthony R. Zelle, Esq., Denner O'Malley, LLP, Boston, MA. Previously represented by Richard S. Order, Esq., Axinn, Veltrop & Harkrider, LLP, Hartford, CT and Jack Robinson, Esq., Benistar, Stamford, CT.

Respondent UBS Financial Services, Inc., hereinafter collectively referred to as "Respondent": R. Todd Cronan, Esq., Goodwin Procter, LLP, Boston, MA.

## CASE INFORMATION

Statement of Claim filed on or about: December 10, 2003.
Claimant BESTCO signed the Uniform Submission Agreement: December 9, 2003.
Claimant BPETCO signed the Uniform Submission Agreement: December 9, 2003.

Respondent's Answer to the Statement of Claim filed on or about: February 3, 2004.
Respondent signed the Uniform Submission Agreement: February 24, 2004.

## CASE SUMMARY

Claimants BESTCO and BPETCO asserted the following causes of action: indemnification; contribution; breach of contract; conversion; fraudulent misrepresentation; breach of fiduciary duty; negligence and violations of New York and Connecticut Unfair Trade Practices Statutes. The causes of action relate to stock options of various technology stocks.

DEC.15'2021 20:46 6179731562
12/15/2005 17:31 FAX 212 853 4389    Denner Associates PC
                                     NASD REGULATION                    #7066 P.007
                                                                        ⌀006/011

Case 1:04-cr-10029-GAO   Document 259-5   Filed 05/19/2008   Page 6 of 11

NASD Dispute Resolution
Arbitration No. 03-08742
Award Page 2 of 5

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimants BESTCO and BPETCO requested compensatory damages in the amount of $29,456,064.00; punitive damages in the amount of $58,912,128.00; pre- and post-award interest; forum fees in the amount of $1,800.00; attorneys' fees in the amount of $250,000.00; witness and production fees in the amount of $7,500.00; and other case-related costs in the amount of $5,000.00.

Respondent requested the dismissal of all claims against it, and entry of judgment in its favor, together with all reasonable attorneys' fees and NASD filing and forum costs arising from its defense to the Statement of Claim.

## OTHER ISSUES CONSIDERED AND DECIDED

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant BPETCO compensatory damages in the amount of $8,705,195.91.
2. Respondent is liable for and shall pay to Claimant BPETCO interest in the amount of $3,825,039.23.
3. Respondent is liable for and shall pay to Claimant BPETCO attorneys' fees in the amount of $125,000.00 pursuant to the Federal Arbitration Act.
4. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
   Initial claim filing fee                                    = $ 600.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, UBS Financial Services, Inc. is a party.

NASD Dispute Resolution
Arbitration No. 03-08742
Award   Page 3 of 5

| | |
|---|---|
| Member surcharge | = $ 3,750.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 5,500.00 |
| Total Member Fees | = $10,000.00 |

### Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

November 15-19, 2004, adjournment by Claimant BESTCO     = $ 1,200.00

### Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with a single arbitrator @ $450.00         = $ 450.00
Pre-hearing conference:    July 14, 2004         1 session

Four (4) Pre-hearing sessions with Panel @ $1,200.00 per session       = $ 4,800.00
Pre-hearing conferences:
- May 4, 2004         1 session
- July 1, 2004        1 session
- October 1, 2004     1 session
- August 30, 2005     1 session

Fifteen (15) Hearing sessions @ $1,200.00                              = $18,000.00
Hearing Dates:
- September 19, 2005   2 sessions
- September 20, 2005   2 sessions
- September 21, 2005   2 sessions
- September 22, 2005   2 sessions
- September 23, 2005   1 session
- November 14, 2005    2 sessions
- November 15, 2005    2 sessions
- November 16, 2005    2 sessions

Total Forum Fees                                                       = $23,250.00

1. The Panel has assessed $7,750.00 of the forum fees to Claimant BESTCO.
2. The Panel has assessed $15,500.00 of the forum fees to Respondent.

### Fee Summary

1. Claimant BESTCO is solely liable for:

| | |
|---|---|
| Adjournment Fee | = $ 1,200.00 |
| Forum Fees | = $ 7,750.00 |
| Total Fees | = $ 8,950.00 |
| Less payments | = $ 2,400.00 |

Case 1:04-cr-10029-GAO   Document 259-5   Filed 05/19/2008   Page 8 of 11

DEC.15'2021 20:46 6179731562
12/15/2005 17:32 FAX 212 858 4388    Denner Associates PC    #7066 P.009
                                      NASD REGULATION                         @008/011

NASD Dispute Resolution
Arbitration No. 03-08742
Award  Page 4 of 5

    Balance Due NASD Dispute Resolution      = $ 6,550.00

2. Claimants BESTCO and BPETCO are jointly and severally liable for:
   - Initial Filing Fee = $ 600.00
   - Total Fees = $ 600.00
   - Less payments = $ 600.00
   - Balance Due NASD Dispute Resolution = $ 0.00

3. Respondent is solely liable for:
   - Member Fees = $10,000.00
   - Forum Fees = $15,500.00
   - Total Fees = $25,500.00
   - Less payments = $10,000.00
   - Balance Due NASD Dispute Resolution = $15,500.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 03-08742
Award   Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Alexander Forti | - | Public Arbitrator, Presiding Chairperson |
| Paul T. Green | - | Public Arbitrator |
| Farrell C. Glasser | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

*[signed] Alexander Forti*                                         12/14/05
Alexander Forti                                                    Signature Date
Public Arbitrator, Presiding Chairperson


_____                                    _____
Paul T. Green                                                      Signature Date
Public Arbitrator


_____                                    _____
Farrell C. Glasser                                                 Signature Date
Non-Public Arbitrator



DECEMBER 15, 2005
Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 03-08742
Award  Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Alexander Forti | - | Public Arbitrator, Presiding Chairperson |
| Paul T. Green | - | Public Arbitrator |
| Farrell C. Glasser | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

_____          Signature Date
Alexander Forti
Public Arbitrator, Presiding Chairperson

*[signed] Paul T. Green*          12/15/05
Paul T. Green                      Signature Date
Public Arbitrator

_____          Signature Date
Farrell C. Glasser
Non-Public Arbitrator

_DECEMBER 15, 2005_
Date of Service (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 03-08742
Award Page 5 of 5

## ARBITRATION PANEL

Alexander Forti — Public Arbitrator, Presiding Chairperson
Paul T. Green — Public Arbitrator
Farrell C. Glasser — Non-Public Arbitrator

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

Alexander Forti
Public Arbitrator, Presiding Chairperson                    Signature Date

Paul T. Green
Public Arbitrator                                           Signature Date

Farrell C. Glasser
Non-Public Arbitrator                                       12/13/05
                                                            Signature Date

DECEMBER 15, 2005
Date of Service (For NASD Dispute Resolution use only)