UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) |  |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) |  |
| Defendant. | ) ) |  |

**GOVERNMENT'S REQUEST FOR INSTRUCTION
REGARDING THE DEFENDANT'S FIDUCIARY DUTY**

In addition to the instructions the United States submitted in the previous trial of this matter, the United States requests that the court provide a fiduciary duty/failure to disclose instruction as set forth below. The instruction proposed below in Section B is based on an instruction approved in United States v. Szur, 289 F.3d 200 (2nd Cir. 2002). In Szur, the Second Circuit discussed the circumstances under which a fiduciary's failure to disclose material information can violate the wire fraud statute.

A.   **The Basis For Such An Instruction**

The proposed instruction will be appropriate because the United States expects that the evidence at trial, in at least two respects, will establish that Carpenter was a fiduciary. First, the evidence of the scope and nature of the business relationship between Carpenter and the victims, along with representations made to the victims about the safety of their money created a fiduciary relationship. Based on the same facts the United States expects to introduce in this trial, the Massachusetts courts have held that Carpenter was a fiduciary and that he violated his duties as a fiduciary. See Cahaly v. Benistar Property Exchange Trust Co. Inc., 68 Mass. App.

Ct. 668, 680 (Mass. App. 2007) aff'd 2008 WL 1960356 (Mass. May 8, 2008). As the Mass. Appeals Court explained:

> Where a plaintiff reposes trust and confidence in the defendant, and the defendant knows of the plaintiff's reliance on him, a fiduciary duty may be created. [citing cases] The jury heard evidence that Benistar promised to hold client funds in escrow, to safeguard those funds, and to provide expertise the clients themselves lacked to navigate the process that 26 U.S.C. § 1031 requires. The evidence was sufficient to support a finding of breach of fiduciary duty.

Id. at 680; cf. also United States v. Autuori, 212 F.3d 105, 119 (2d Cir. 2000) (fraudulent omissions actionable under mail fraud statute even if no formal fiduciary duty existed).

Second, Carpenter's claim (made at the last trial) that he had authority to invest the funds in his discretion would create a fiduciary relationship with the victims. Where a person assumes discretionary authority to invest the funds of another, that person becomes a fiduciary. See Patsos v. First Albany Corporation, 433 Mass. 323, 333-34 (2001) (stockbroker becomes fiduciary when he has discretionary authority over a customer's account: "where the account is 'discretionary,' meaning that the customer entrusts the broker to select and execute most if not all of the transactions without necessarily obtaining prior approval for each transaction, the broker assumes broad fiduciary obligations that extend beyond individual transactions."); accord Pearce v. The Duchesneau Group, 392 F.Supp.2d 63, 70 (D. Mass. 2005). Accordingly, should Carpenter be permitted to argue that he had discretion to invest the victims' funds, the United States should, on this separate basis, be entitled to an instruction setting forth the principles under the mail and wire fraud statutes applicable to fiduciaries and a fiduciary's duty to disclose material information.

**B.    Proposed Instruction**

The United States proposes the following instruction:

Whether a fiduciary relationship exists is a matter of fact for you, the jury, to determine. At the heart of the fiduciary relationship lies reliance and de facto control and dominance. One acts in a fiduciary capacity when the business with which he or she transacts, or the money or property which he or she handles, is not his or her own or for his or her own benefit, but for the benefit of another person, as to whom he or she stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. I instruct you that a fiduciary owes a duty of honest services to his or her customer, including a duty to disclose all material facts concerning the transaction entrusted to it. The concealment by a fiduciary of material information which he or she is under a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a violation of the mail and wire fraud statutes, if the government has proven beyond a reasonable doubt the other elements of the offense.

See Szur, 289 F.2d at 210; see also United States v. Cassiere, 4 F.3d 1006, 1022-23 (1st Cir. 1993) (approving fiduciary duty jury instruction in mail fraud context); 2L Sand et al., Modern Federal Jury Instructions-Criminal, Ins. 44-4 at 44-10 & 44-15 (citing with approval Cassiere and Szur).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Jack W. Pirozzolo
JONATHAN F. MITCHELL
JACK W. PIROZZOLO
Assistant U.S. Attorneys
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

## Certificate of Service

  I hereby certify that on May 21, 2008, I served the foregoing on counsel for the defendant by means of the ECF system.

                /s/ Jack W. Pirozzolo
                Jack W. Pirozzolo