UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT DANIEL E. CARPENTER'S
SUPPLEMENTAL OPPOSITION TO THE GOVERNMENT'S MOTION *IN
LIMINE* REGARDING ARBITRATION AWARD AND POTENTIAL
SETTLEMENT REGARDING UBS PAINEWEBBER**

Mr. Carpenter hereby files this supplemental opposition to the Government's motion *in limine* seeking to exclude evidence concerning the Arbitration Award and a "potential settlement between [PaineWebber] and Benistar Property Exchange Trust Co." Mr. Carpenter is filing this motion for the purpose of distinguishing authority cited by the government both in its brief and at oral argument.

United States v. Sindona, 636 F.2d 792 (2nd Cir. 1980), cited by the government on page 9 of its motion *in limine*, is distinguishable from the instant case. There, Sindona was alleged to have controlled an international group of banks and corporations and was indicted on charges, inter alia, of misapplying $15 million of bank funds in violation of the mail and wire fraud statutes. Franklin National Bank ("Franklin") had placed deposits with Interbanca. However, Interbanca had released these funds to a Swiss bank pursuant to an oral contract by which Interbanca would not be liable for repayment to Franklin unless these funds were repaid to it by the Swiss bank. The Court excluded the admission of evidence that Interbanca had paid $13 million as settlement of civil suits brought

against Interbanca by the FDIC and the defendant on behalf of Franklin. Sindona, 636 F.2d at 800-01.

The Second Circuit found that the trial court had not abused its discretion in precluding the admission of the evidence in the first instance because, as a matter of law it held "loss to the victim need not be shown in order to prove a violation [and t]hus, an absence of loss to Franklin is irrelevant." Id. at 800.[1]

While loss need not be shown, in this case the government has proceeded under a theory that loss is relevant to the intent of the defendant and has succeeded in having evidence of loss admitted into evidence. In that event, "a defendant is entitled to present proof that the victim did not suffer a loss as evidence of a lack of intent." See 2 L. Sand et al. Modern Federal Jury Instructions -- Criminal, Comment to Instruction 44-5 at pp. 44-33 (collecting and citing cases). Here, unlike in Sindona where the only defense was that the defendant "had repaid [the money] involved and, therefore, these transactions were legitimate loans with no fraud or illegality involved" Sindona, 636 F.2d at 786, Mr. Carpenter's defense is that he did not have the intent to defraud the Exchangors. Sindona is also distinguishable factually. First, in Sindona, the evidence sought to be admitted was that of a settlement, not a contested arbitration award after a full arbitration such as here. Sindona, 636 F.2d at 800. The Court emphasized that the trial court had "received testimony from the counsel for the FDIC that a special statute of frauds was available to the FDIC. Thus, Interbanca was "destined to lose as between the FDIC and Interbanca and, therefore, Interbanca settled." Id. at 801. Finally, Sindona's suit to compel

---

[1] It is important to note that the standard here, as in all of the cases on the issue of whether repayment is admissible and for what purpose, is whether the trial court abused its discretion. Sindona does not stand for the proposition that it would have been error for the trial court to have admitted the evidence of the settlement, but rather, only that the trial court did not abuse its discretion in excluding it.

repayment came only after a regulatory agency, the FDIC, had brought suit against him whereas here, Mr. Carpenter brought the action against PaineWebber before he was indicted. Id.

WHEREFORE, defendant Daniel E. Carpenter respectfully requests this Court deny the government's Motion *in Limine* to preclude evidence regarding the Arbitration Award, PaineWebber Settlement, or the Stipulation.

**RESPECTFULLY SUBMITTED:**
DANIEL E. CARPENTER,
Defendant,
By his attorney:

/s/ A. John Pappalardo
A. John Pappalardo (BBO # 338760)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

**Certificate of Service**

I hereby certify that on this 11th day of June, 2008, I served on counsel of record in the foregoing matter this supplemental opposition, by means of the ECF system.

/s/ A. John Pappalardo
A. John Pappalardo

BOS 46,367,661v1 6-11-08