UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant. | ) ) | |

## SUPPLEMENT TO GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The government hereby submits the following supplemental requests for jury instructions.

**Instruction 29**

Integration Clause

      As you have seen, the exchange agreements presented to the property exchangors contain what are called "integration clauses," which provide that the agreements supersede any prior representations made to the exchangors. Although you may consider such provisions in determining whether false or misleading representations were made to the exchangors, their inclusion in the exchange documents has no direct legal effect in this case. In other words, the existence of an integration clause in a written agreement does not insulate against a finding that the agreement itself was obtained by fraud.


See Kenda Corporation, Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.2d 216, 226 (1st Cir. 2003), citing Starr v. Fordham, 420 Mass. 178, 648 N.E.2d 1261, 1268 (1995); Shale v. United States, 388 F.2d 616, 619-620 (5th Cir. 1968).

**Instruction 30**

Cautionary Instruction Concerning Other Proceedings

    A particular item of evidence is sometimes received for a limited purpose only; that is, it can be used by you only for one particular purpose, and not any other purpose. One such item of limited evidence in this case concerns unrelated civil proceedings. You heard defense counsel ask certain witnesses about civil proceedings involving some of the same subject matters in this case. I allowed such questions to be asked only insofar they might bear on the credibility of those witnesses, and you should consider the witnesses' answers only for that purpose. You may not, however, consider testimony of civil proceedings as substantive evidence bearing directly on the defendant's guilt or innocence. I further instruct you not to speculate about the nature of the claims or the outcomes of those cases, or why certain parties may have been named or not named.

Adapted from First Circuit Pattern Jury Instructions 3.07, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney
By:

                                            /s/ Jonathan F. Mitchell
                                            JONATHAN F. MITCHELL
                                            JACK PIROZZOLO
                                            Assistant U.S. Attorneys

## Certificate of Service

      I hereby certify that on this 16th day of June, 2008, I served on counsel of record in the foregoing matter the Supplement to the Government's Request for Jury Instructions, by means of the ECF system.

                                                          /s/ Jonathan F. Mitchell
                                                          Jonathan F. Mitchell