UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DANIEL E. CARPENTER'S
ASSENTED-TO MOTION FOR EXTENSION OF TIME, PURSUANT TO FED. R.
CRIM. P. 45(b)(1)(A), TO FILE DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL PURSUANT TO FED. R. CRIM. P. 29(C) AND MOTION FOR NEW
TRIAL PURSUANT TO FED. R. CRIM. P. 33(A)**

Now comes the defendant Daniel E. Carpenter ("Mr. Carpenter"), and respectfully moves, pursuant to Fed. R. Crim. P. 45(b)(1)(A), for an extension of time, to and including July 3, 2008, to file his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and motion for new trial pursuant to Fed. R. Crim. P. 33(a).

As grounds for this motion, Mr. Carpenter states:

(1)    Fed. R. Crim. P. 45(b)(1)(A) provides that the Court on a party's motion "may extend the time, or for good cause may do so on a party's motion made: (A) before the originally proscribed time . . . expires." The verdict in this case was entered on June 18, 2008. Pursuant to Fed. R. Crim. P. 29(c)(1), "[a] defendant may move for a judgment of acquittal . . . within 7 days after a guilty verdict . . . ." Pursuant to Fed. R. Crim. P. 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Under Fed. R. Crim. P. 45(a)(2), "intermediate Saturdays, Sundays, and legal holidays [are excluded] when the period is less than 11 days." Therefore, pursuant to Rule 45, Mr. Carpenter's motions are originally due on Friday, June 28, 2008.

(2) Pursuant to Rule 45(b)(1), Mr. Carpenter submits that there is good cause to extend the time for filing both of his motions to and including July 3, 2008. As grounds therefore, Mr. Carpenter states:

(a) Mr. Carpenter's criminal trial was lengthy, comprising thirteen total days, numerous exhibits, and the testimony of 18 witnesses, and presented several complex issues of evidentiary rulings, which will be among the subjects of Mr. Carpenter's motions. As a result, more time is necessary to adequately brief these motions.

(b) The government has stated that no prejudice will result to the defendant as a result of the two week time period given to it by the Court to brief the mistrial issue. Similarly, no prejudice will result to the government in granting the defendant additional time to file his motions for judgment of acquittal and a new trial.

(c) Mr. Carpenter's counsel's attention to other matters in the next 7-10 days will prevent adequate briefing of these motions.

(d) The government assents to this motion.

WHEREFORE, Mr. Carpenter respectfully requests, pursuant to Fed. R. Crim. P. 45(b)(1)(A), this Court allow this assented-to motion and grant an extension of time up to and including July 3, 2008 to file his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and his motion for a new trial pursuant to Fed. R. Crim. P. 33(a).

**RESPECTFULLY SUBMITTED:**

DANIEL E. CARPENTER, Defendant,
By his attorney:

/s/ A. John Pappalardo
A. John Pappalardo (BBO # 338760)
GREENBERG TAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (fax)

**Certificate of Service**

I hereby certify that on this 20th day of June, 2008, I served on counsel of record in the foregoing matter Daniel E. Carpenter's motion for an extension of time, pursuant to Fed. R. Crim. P. 45(b)(1)(A), to file defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and motion for new trial pursuant to Fed. R. Crim. P. 33(a), by means of the ECF system.

/s/ A. John Pappalardo
A. John Pappalardo