# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss. SUPERIOR COURT

GAIL CAHALY, et al )
 )
    Plaintiffs, ) Consolidated Action Nos.:
v. ) 01-0116-BLS2, 01-0299-BLS2
 ) 01-0330-BLS2, 01-0581-BLS2;
BENISTAR PROPERTY EXCHANGE ) 01-3433-BLS2, 01-4305-BLS2;
TRUST CO., INC., et al. ) 01-00075 (Norfolk County)
 )
    Defendants. )

## STIPULATION REGARDING ALLOCATION MOTION

Plaintiffs and defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") hereby stipulate as follows:

1. Benistar Property Exchange Trust Company, Inc. ("BPETCO") is a judgment debtor of the Plaintiffs in this lawsuit.

2. In or about 2005, Plaintiffs prosecuted an arbitration claim in the name of BPETCO against UBS PaineWebber, Inc.

3. In 2008, Plaintiffs received $12,487,000 in connection with a settlement of the arbitration claim.[1] Plaintiffs have also received $113,543.76 from a Benistar bank account, and $150,000 from a settlement with Martin Paley. These amounts will be referred to collectively herein as the "Settlement Proceeds."

4. On June 11, 2009, the Benistar Defendants filed *Benistar Defendants' Emergency Motion that the Court Order Plaintiffs to File Satisfaction of Amended Judgment in the Amount of $15,263,542.75, in Favor of all Benistar Defendants to Be Applied to the Compensatory Damage Award and File Full Satisfaction of Judgment in Favor of Molly Carpenter*. On July

---

[1] In consideration for the Benistar Defendants' agreement to the direct payment of the $12,487,000 settlement by PaineWebber to Plaintiffs, Plaintiffs gave BPETCO a credit of $15 million.

10437423-v1

17, 2009, Merrill Lynch filed *Merrill Lynch's Joinder in, and Consolidated Memorandum in Support of, the Benistar Defendants' Emergency Motion Requiring Satisfaction of Judgment* (the "Allocation Motion"). By the Allocation Motion, Merrill contends, among other things, that Plaintiffs received $15.263 million in cash and other consideration that, as a matter of law, the Court should allocate to the compensatory damages portion of BPETCO's judgment debt.

5. On August 21, 2009, Plaintiffs filed *Plaintiffs' Opposition to Merrill's Joinder in the Benistar Defendants' Motion to Allocate Plaintiffs' Prior Recoveries to Compensatory rather than Punitive Damages*. By their opposition, Plaintiffs contend, among other things, that the Court should allocate the sums received from the settlement with PaineWebber and the Benistar bank account to the punitive damages portion of BPETCO's judgment debt, because the general rule allows Plaintiffs to choose how the funds should be allocated, and the Plaintiffs have elected to apply them to punitive damages.

6. On September 30, 2009, Merrill Lynch served a motion to compel seeking, among other things, Plaintiffs' 2008 tax returns (and those of surrounding years, if applicable) on the grounds that if the Court agrees with the Plaintiffs that the general debtor-creditor rule applies, then the Plaintiffs' tax treatment of the Settlement Proceeds may be relevant to the question of what election they have made. (*See Memorandum of Defendant Merrill Lynch in Support of Its Motion to Compel Plaintiffs to Respond Further to Discovery* ("Motion to Compel"), at pp. 12-13). Plaintiffs opposed the motion to compel on multiple grounds. (*See Plaintiffs' Opposition to Merrill Lynch's Motion to Compel Plaintiffs to Respond to Further Discovery*, dated October 19, 2009).

7. Solely for the Court's consideration of the Allocation Motion, to the extent the Court deems Plaintiffs' tax treatment of the Settlement Proceeds relevant, Plaintiffs stipulate that the

2

Court may presume that the sums received from the settlement with PaineWebber and the Benistar bank account were treated for tax purposes as a return of their lost escrow funds, which are reflected by the compensatory damages portion of the judgment against BPETCO.

8. In exchange for this stipulation, Merrill Lynch withdraws its Motion to Compel with respect to Plaintiffs' 2008 tax returns.

9. This stipulation shall not be construed as a waiver of Plaintiffs' arguments set forth in their oppositions to the Allocation Motion or the Motion to Compel.

| PLAINTIFFS | DEFENDANT |
|---|---|
| Gail A. Cahaly, Jeffrey M. Johnston, and Bellemore Associates, LLC, Joseph Iantosca, individually and as trustee of Faxon Heights Apartments Realty Trust and Fern Realty Trust, and Belridge Corp., and Massachusetts Lumber Co., | Merrill Lynch, Pierce, Fenner & Smith, Inc. By its attorneys, |

By their attorneys,

_/s/ Anthony R. Zelle_
Anthony R. Zelle BBO #548141
Thomas Evans BBO#552820
Zelle McDonough & Cohen LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 742-6520

John E. O'Brien Jr. BBO# 640982
ROBINSON & COLE LLP
One Boston Place, 25th floor
Boston, Massachusetts 02108
(617) 557-5900

William C. Nystrom BBO #559656
Colleen C. Cook BBO #636359
Julia Bell Andrus BBO # 661185
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Flr.
Boston, Massachusetts 02116
(617) 778-9100

_/s/ Robert J. Higgins_
Robert J. Higgins
Joseph E. Kolick, Jr.
Vivek Chopra
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2272

Joan Lukey BBO# 307340
Justin J. Wolosz BBO#643543
Ropes & Gray LLP
One International Place
Boston, MA 02110
(617) 951-7000

**Dated:** June 7, 2010

3