# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT |

| | |
|---|---|
| GAIL CAHALY, et al. ) | |
| ) | |
| Plaintiffs, ) | Consolidated Action Nos.: |
| v. ) | 01-0116-BLS2, 01-0299-BLS2 |
| ) | 01-0330-BLS2, 01-0581-BLS2, |
| BENISTAR PROPERTY EXCHANGE ) | 01-3433-BLS2, 01-4305-BLS2; |
| TRUST CO., INC., et al. ) | 01-00075 (Norfolk County) |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF FACT
FOR THE SANCTIONS PROCEEDING**

Plaintiffs respectfully submit the following proposed findings of fact relevant to the sanctions proceeding.

Gail A. Cahaly, Jeffrey M. Johnston, and Bellemore Associates, LLC, Belridge Corp., Joseph Iantosca, individually and as trustee of Faxon Heights Apartments Realty Trust and Fern Realty Trust, and Massachusetts Lumber Co.,

By their attorneys,

| /s/ | /s/ | /s/ |
|---|---|---|
| Anthony R. Zelle, BBO #548141 | John E. O'Brien, Jr., BBO #640982 | William C. Nystrom, BBO #559656 |
| ZELLE MCDONOUGH & COHEN | ROBINSON & COLE | Colleen C. Cook, BBO #636359 |
| 101 Federal St., 14th Floor | One Boston Place, 25th Floor | NYSTROM BECKMAN & PARIS |
| Boston, MA 02114 | Boston, MA 02108 | 10 St. James Avenue, 16th Floor |
| (617) 742-6520 | (617) 557-5900 | Boston, MA 02116 |
| | | (617) 778-9100 |

227.  Hanczor sent Snyder the report by Inigo Merino that indicates references to Benistar and notes that the search is too narrow, "might be missing relevant data, and that they usually perform "much more thorough searches." [Forensic Report (8/19/2002) ML 09-0002562-2565].

228.  Merrill Lynch did not perform a broader search, despite this information. [Pash; Snyder]

229.  Merrill Lynch did not want to find any more evidence after they found the extremely damaging evidence in July 2002 in the form of Malia's visit to the benistar.com website and the fax of the website to Rasmussen, and only pretended to look for more evidence.

IV.  **Merrill Lynch Branch Management Concealed the Truth From Merrill Lynch In-house and Outside Lawyers About Why the Benistar Accounts Were Restricted**

230.  In an attempt to prevent Merrill Lynch's legal department and its outside counsel from learning the truth about the Branch Office's knowledge that Benistar was in the business of managing other peoples' money and was trading other people's money, the Fifth Avenue Branch Office concealed documents and information and made false statements. [Testimony of Stern, Levine, Rasmussen and Tabbah].

231.  In October of 1998 Attorney David Patterson sent and faxed Gerald Levine copies of escrow and exchange agreements between Benistar and a Benistar exchange client, Jane Carey. [Testimony of Patetrson].

232.  At that time, or earlier, Gerald Levine shared with Gary Stern, Thomas Rasmussen, and Hassan Tabbah his knowledge that Benistar was a property exchange company that was required to hold its client's funds in escrow. [Testimony of Stern, Levine, Rasmussen and Tabbah].

233.  While the Benistar accounts were at Merrill Lynch, Benistar and Daniel Carpenter were open with Merrill Lynch employees in the Branch Office about the fact that Benistar was a property exchange company and that the wires in and out of the Benistar accounts were for 1031 exchanges conducted by Benistar's clients. [Testimony of Sawyer; MCU Notes, 2009 Trial Ex. 1].

234.  Nancy Sawyer communicated regularly with the Fifth Avenue Branch Office about wire transfers and was under the impression that everyone knew that BPE was a 1031 company and that the money in the accounts belonged to clients. [Sawyer testimony; Trial Exhibits 17, 46-53 and 60].

235.  Gerald Levine, Gary Stern, Thomas Rasmussen, and Hassan Tabbah knew that Benistar Property Exchange trust Company was a property exchange company. [2009 Trial Exhibits 1-10].