UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |

**Motion to Dismiss for Violation of Right to Speedy Trial**

Now comes the Defendant, Daniel E. Carpenter, by and through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, and hereby moves the Court to dismiss the above-captioned matter, with prejudice, as the government's improper trial conduct has tainted two lengthy trials and caused this litigation to consume more than eight years of Mr. Carpenter's life without any impending finality (particularly given the government's appeal of the Court's most recent order), and has thus caused a denial of Mr. Carpenter's constitutional right to a speedy resolution of his criminal proceeding. *See United States v. Loud Hawk*, 474 U.S. 302, 311 (1986) (Sixth Amendment speedy trial guarantee designed in part "to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges"); *United States v. Marion*, 404 U.S. 307, 320 (1971); *Strunk v. United States*, 412 U.S. 434, 439-40 (1973)*; Smith v. Hooey*, 393 U.S. 374, 377-78 (1969); *Barker v. Wingo*, 407 U.S. 514 (1972); *Pollard v. United States*, 352 U.S. 354, 361 (1957) (assuming without deciding that the sentence is part of the trial for purposes of the Sixth Amendment).

For the same reasons, there has been a violation of Mr. Carpenter's Fifth Amendment right to due process of law. *See United States v. Lovasco*, 431 U.S. 783, 790 (1977) (delay resulting in violation of 'fundamental conceptions of justice which lie at the base of our civil and

1

political institutions,' and which define 'the community's sense of fair play and decency'" can amount to due process violation).

Finally, there has also been a statutory violation of the Speedy Trial Act of 1974, as amended, 18 U.S.C. §§ 3161-3174 ("STA").

The defendant further relies on the memorandum of law submitted in support of the instant motion.

## Jurisdiction

The Court should consider and adjudicate the instant motion at this time because no matter the course this case takes on appeal, further proceedings—whether sentencing (if the First Circuit reverses the Court's motion for new trial) or a new trial (if the First Circuit affirms the new trial order)—are precluded given the violation of Mr. Carpenter's rights to a speedy trial and due process of law.  *See United States v. Trueber*, 238 F.3d 79, 86 (1st Cir. 2001) (defendant moved to dismiss for speedy trial violation while appeal pending and then filed motion to remand appeal at suggestion of district court; First Circuit retained jurisdiction of appeal but authorized the district court to act on defendant's motion to dismiss the indictment).

## REQUEST FOR ORAL ARGUMENT

The defendant respectfully requests oral argument on the within motion.

## LOCAL RULE 7.1 CERTIFICATION

The defendant conferred with the United States in an unsuccessful attempt to resolve the issues presented herein.

Respectfully submitted,
DANIEL E. CARPENTER,
By his attorney,


**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
BBO No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02108
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated: March 27, 2012

## CERTIFICATE OF SERVICE

    I, Robert M. Goldstein, hereby certify that on March 27, 2012, this document has been served, via electronic filing, upon Jack Pirozzolo, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, MA, 02210.

**/s/ Robert M. Goldstein**
Robert M. Goldstein