UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS

The United States hereby files this brief opposition to Defendant Daniel E. Carpenter's

("Carpenter") Motion To Dismiss for Violation of Right To Speedy Trial.  Because an appeal on

this matter is currently pending before the First Circuit, this Court does not have jurisdiction over

the motion.  The Court should deny the motion.

On September 27, 2011, the United States filed a notice of appeal of the District Court's

order granting a new trial.  (Dkt. 378.)  The United States' appeal was expressly authorized by 18

U.S.C. § 3731, which provides, in pertinent part, that "[i]n a criminal case an appeal by the

United States shall lie to a court of appeals from a decision, judgment, or order of a district court

. . . granting a new trial after verdict or judgment. . . ."[1]  The filing of a notice of appeal under

§ 3731 deprives a district court of jurisdiction to perform any activity that cannot be described as

ancillary or unrelated.  See United States v. Brooks, 145 F.3d 446, 454 (1st Cir. 1998) ("during

the pendency of a section 3731 appeal, the district court lacks jurisdiction to perform any activity

---

[1] On September 29, 2011, the Defendant filed his own notice of appeal.  (Dkt. 380).  On November 21, 2011, the First Circuit *sua sponte* ordered the Defendant to show cause why that appeal should not be dismissed for lack of jurisdiction.  The Defendant responded to the order in December 2011.  The First Circuit has not yet ruled on the jurisdictional issue.

that 'cannot be described as an ancillary or unrelated matter.'" (quoting Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995)); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  The First Circuit has cautioned that the areas in which the district court retains jurisdiction following an appeal pursuant to § 3731 are "circumscribed."  Brooks, 45 F.3d at 456 ("[t]hese situations include the processing of such peripheral or ancillary aspects of the case as motions for counsel fees, . . . actions in aid of the execution of a judgment that has been appealed and not stayed, . . . and orders relating to procedures in aid of the appeal." (internal citations and quotations omitted)).

The Defendant's latest motion to dismiss – which seeks to dispose of the entire case – cannot fairly be described as "ancillary" or "unrelated" in the sense that those terms are used in Brooks.  Accordingly, the Court should deny the motion.[2]

---

[2]  The case the Defendant cites in support of the proposition that the Court has jurisdiction to decide this motion, United States v. Trueber, 238 F.3d 79, 86 (1st Cir. 2001), actually stands for precisely the opposite proposition.  In Trueber, the district court denied the motion to dismiss "on the ground that the court lacked subject matter jurisdiction to determine the issue because of the pending appeal before [the First Circuit]."  Id. at 86.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:

/s/ Jack W. Pirozzolo
JACK W. PIROZZOLO
First Assistant U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: April 10, 2012

## CERTIFICATE OF SERVICE

I, Jack W. Pirozzolo, hereby certify that on April 10, 2012 I served a copy of the foregoing on counsel for the defendant via electronic filing.

**/s/ Jack W. Pirozzolo**
Jack W. Pirozzolo