UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | |

## Memorandum in Reply To Government Opposition to Motion to Dismiss for Speedy Trial Violation

The sole argument offered in the government's opposition to Mr. Carpenter's motion to dismiss for, *inter alia*, violation of his Sixth Amendment right to a speedy trial is a jurisdictional one; the government contends that the Court no longer possesses jurisdiction to consider Mr. Carpenter's motion to dismiss because the government has appealed the Court's order allowing Mr. Carpenter's motion for new trial, and Mr. Carpenter has cross-appealed.  Government Opposition, Dkt. Entry 389.  Citing *United States v. Brooks*, 145 F.3d 446, 454 (1st Cir.1998), the government argues that an appeal pursuant to 18 U.S.C. §3731 "deprives a district court of jurisdiction to perform any activity that cannot be described as ancillary or unrelated," and adds that the First Circuit has cautioned that such matters are "circumscribed."  Government Opposition at 1-2.

As Mr. Carpenter noted in his motion to dismiss, this precise procedural issue was discussed in *United States v. Trueber*, 238 F.3d 79, 86 (1st Cir. 2001), and contrary to the government's suggestion otherwise, *see* Government Opposition at 2, n.2, that case supports the Court exercising jurisdiction in this matter.  In *Trueber*, the government filed a notice of appeal regarding the court's allowing a motion to suppress statements, which like the government's appeal here was governed by 18 U.S.C. § 3731.  *See* 18 U.S.C. § 3731 ("An appeal by the United

1

States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence…"); *Trueber*, 238 F.3d at 86 ("On November 12, the government timely filed a notice of appeal from the district court's order suppressing Trueber's statements"). While the government's appeal was pending, Trueber filed a motion to dismiss based on his contention that his Sixth Amendment right to speedy trial had been violated due to delay occasioned while the case remained on appeal. *Trueber*, 238 F.3d at 86. The First Circuit described the relevant events as follows:

> The district court denied the motion [to dismiss] on February 24 on the ground that the court lacked subject matter jurisdiction to determine the issue because of the pending appeal before this court. However, the court advised Trueber to petition this court either for an expedited hearing on the government's appeal or for a remand to the district court to consider the motion. On March 9, Trueber filed a motion in this court to remand for a ruling on his motion to dismiss for lack of a speedy trial. **In an order dated March 15, we stated that we retained jurisdiction, but we authorized the district court to act on Trueber's motion to dismiss the indictment**. On May 19, the district court dismissed the indictment with prejudice on the ground that Trueber's constitutional right to a speedy trial had been violated.

*Id.* at 86 (emphasis added). Hence, in *Trueber*, while the district court initially ruled that it lacked jurisdiction, the First Circuit explicitly authorized the district court to decide the defendant's motion to dismiss, while simultaneously retaining jurisdiction of the appeal. *Trueber,* decided after the other cases mentioned by the government, provides this Court with the authority to decide Mr. Carpenter's pending motion and, despite the government's argument to the contrary, supports Mr. Carpenter's motion.

Additionally, in *Brooks*, while the First Circuit addressed the "judicially spawned" general rule that an appeal divests the district court of jurisdiction, *Brooks*, 145 F.3d at 455, the First Circuit also discussed exceptions to this general rule, including the concept of "shared jurisdiction," *Brooks*, 145 F.3d at 455-56. The First Circuit noted that the district court "may continue to exercise a modicum of power over a case that is before the appellate court—but this

2

power exists only in those few situations in which the risk of an intramural collision is small." *Id.* at 456. "In the end," the court ruled, "each section 3731 case is *sui generis* as it relates to the possibility of shared jurisdiction." *Id.* at 457. Here, the government has appealed the Court's allowance of Mr. Carpenter's motion for new trial, and Mr. Carpenter has moved to dismiss the Indictment for violation of his constitutional right to a speedy trial. There is no risk that the Court will issue a ruling touching upon the issues to be decided by the First Circuit, and hence the risk of an "intramural collision is small." To the extent the Court allows Mr. Carpenter's motion, the government would be permitted to appeal such an order, perhaps even while the government's original appeal is still pending, thus conserving judicial resources. *See Brooks*, 145 F.3d at 456 (noting that general rule against shared jurisdiction is geared towards conserving judicial resources; "Allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy"). Finally, the First Circuit noted that "there has been some movement in the direction of a more flexible approach." *Id.* at 456.

Nonetheless, to the extent the Court seeks clarification or an order from the First Circuit, Mr. Carpenter will expeditiously seek such an order from the First Circuit permitting the Court to rule upon Mr. Carpenter's motion to dismiss. What Mr. Carpenter respectfully contends is not warranted, however, is to delay adjudication of his motion to dismiss until after the present appeal is decided. As the government notes in its opposition, *see* Government Opposition at 1, n.1, the First Circuit has not yet decided the jurisdictional issue raised by Mr. Carpenter's cross-appeal, and a general scheduling order has not yet been issued in the appeal after seven months.

Wherefore, given that jurisdiction does exist, and the government has provided no substantive argument as to why Mr. Carpenter's motion to dismiss the Indictment should not be granted, Mr. Carpenter respectfully submits that his motion to dismiss should be allowed for all

of the reasons articulated in his opening motion and memorandum.

                              Respectfully submitted,
                              DANIEL E. CARPENTER,
                              By his attorney,

                              **/s/ Robert M. Goldstein**
                              Robert M. Goldstein, Esq.
                              BBO No. 630584
                              20 Park Plaza, Suite 1000
                              Boston, MA 02108
                              (617) 742-9015
                              rmg@goldstein-lawfirm.com

Dated: April 18, 2012

## CERTIFICATE OF SERVICE

     I, Robert M. Goldstein, hereby certify that on April 18, 2012, this document has been served, via electronic filing, upon Jack Pirozzolo, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, MA, 02210.

                              **/s/ Robert M. Goldstein**
                              Robert M. Goldstein