UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

**MOTION BY DEFENDANT DANIEL E. CARPENTER TO DISMISS INDICTMENT WITH PREJUDICE PURSUANT TO FED.R.CRIM.P. RULE 48(b) AND/OR THE SPEEDY TRIAL ACT**

Now comes the Defendant, Daniel E. Carpenter, by and through his counsel, pursuant to the Speedy Trial Act of 1974, as amended, 18 U.S.C. §§ 3161-3174 ("STA"), and/or Fed.R.Crim.P. 48(b), and hereby moves the Court to dismiss the indictment.

**LOCAL RULE 7.1 CERTIFICATION**

The United States has notified the Defendant it opposes the instant motion.

I.   Speedy Trial Act Violation.

First, out of an abundance of caution, Mr. Carpenter seeks dismissal based on a violation of the STA.  Mr. Carpenter renews the arguments previously made in support of his motion to dismiss for violation of the Speedy Trial Act, incorporates herein the points, authorities and arguments previously advanced in support of his motion to dismiss for violation of the Speedy Trial Act, including but not limited to Docket Entries 229, 231, 239, and 241, and respectfully requests that the Court reconsider its prior decision denying this motion.

As the Court will recall, in response to Mr. Carpenter's motion to dismiss the superseding indictment with prejudice for violations of the STA, the Court denied the motion prior to the second trial. *United States v. Carpenter*, 542 F. Supp. 2d 183 (D.

1

Mass. 2008). In denying the motion, this Court ruled that only 58 non-excludable days of the allowed 70 had elapsed, as opposed to 82 non-excludable days as argued by Mr. Carpenter, by reasoning that the government's first interlocutory appeal *reset* the STA clock to zero rather than operating to *restart* the existing clock. *Id.* at 185. *See also* 18 U.S.C. §§ 3161(e), 3161(h)(1)(C). Yet, as even the government conceded, "there is a division among the Courts of Appeals that have considered the issue, as to whether – under the STA provision that deals with retrials, 18 U.S.C. § 3161(e) – the issuance of the mandate from the Court of Appeals resets the STA 'clock.'" Dkt. 230 (Government Opposition) at 1. The government further conceded that "[i]f the STA clock was not reset, and if there was no other pending motion that would toll the STA clock, there could be a violation of the STA, as seventy-one non-excludable days may have elapsed." Dkt. 230 at 1. As a result of this split of authority, the government suggested that if there was to be a dismissal, then a dismissal without prejudice was "the more prudent course." Dkt. 230 at 7. The defendant respectfully asks the Court to reconsider this issue anew. *See also United States v. Pitner*, 307 F.3d 1178, 1182 (9th Cir. 2002) ("[t]he effect of this interlocutory appeal was to *interrupt*, not to restart, the running of the 70-day clock.") (emphasis in original); *United States v. Rivera*, 844 F.2d 916, 919 (2d Cir. 1988) (clock restarts after appeal); *United States v. Pete*, 525 F.3d 844, 853 (9th Cir. 2008); *United States v. Bhatia*, No. 05-CR-0334, 2010 WL 3490219, *4 (N.D. Cal. 2010).[1]

II.  Fed.R.Crim.P. 48(b).

Additionally, Mr. Carpenter moves to dismiss pursuant to Fed.R.Crim.P. 48(b),

---

[1] The statutory construction of 18 U.S.C. §3161 must be strictly adhered to and strictly construed. *See, e.g.*, *Bloate v. United States*, 559 U.S. 196 (2010); *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011).

2

pursuant to which "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed.R.Crim.P. 48(b). In *United States v. Kelly*, 661 F.3d 682, 689-90 (1st Cir.2011), the First Circuit, commenting upon Rule 48(b), observed:

> This rule is a "restatement of the inherent power of the court to dismiss a case for want of prosecution," *United States v. Correia*, 531 F.2d 1095, 1099 (1st Cir.1976) (internal quotation mark omitted), and can sometimes be exercised in situations where the Sixth Amendment or STA might not apply. *See Id.*

Rule 48(b), of course, operates **independently** from the Act. *See, e.g., United States v. Goodson*, 204 F.3d 508 (4th Cir. 2000) (noting purpose of Rule 48(b)); *United States v. Balochi*, 527 F.2d 562, 563–64 (4th Cir. 1976) (per curiam) (Rule 48(b) is **broader in compass** than Sixth Amendment); *United States v. Carlone*, 666 F.2d 1112, 1116 (7th Cir. 1981) (suggesting that Rule 48(b) could provide an alternate basis to dismiss an indictment, without reference to Speedy Trial Act).[2] Consequently, it may be proper for a court to exercise its discretion to dismiss an indictment under Rule 48(b) even though the unreasonable delay in prosecuting does not rise to a constitutional violation. *See* 8B Moore's Federal Practice ¶ 48.03(1) at 48-17 (2d ed. 1976).

In *United States v. Rowbotham*, 430 F.Supp. 1254 (D.Ma.1977), Judge Tauro dismissed an indictment of a drug smuggler pursuant to Rule 48(b), analyzing the issue under the *Barker* test, because eight months had passed since Rowbotham's indictment, he had yet to appear before the court and there was no prospect that he would do so in the

---

[2] *See also* District of Massachusetts' "*Plan for the Prompt Disposition of Criminal Cases*" (finalized in January of 2009; amended in June of 2009) ("[n]otwithstanding the foregoing, the court shall retain the power to dismiss a case for unnecessary delay pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure").

3

foreseeable future given he was in custody in Canada, the government had not sought to extradite defendant from Canada, the defendant adequately asserted his right to a speedy trial by reason of his counsel's negotiations with Canadian officials to enable defendant to be arraigned in Massachusetts and his filing of a motion to dismiss, and (relative to prejudice) further delay would make it more difficult to present impeaching evidence against the chief government witness.

Judge Tauro noted that the "court's power to dismiss under Rule 48(b) is not limited to those situations in which the defendant's sixth amendment right to a speedy trial has been violated," *citing United States v. Correia*, 531 F.2d 1095, 1099 (1st Cir.1976); *United States v. DeLeo*, 422 F.2d 487, 495 (1st Cir.1970); *United States v. Cartano*, 420 F.2d 362, 363 (1st Cir.1970), and further noted that the "Rule 'is a restatement of the inherent power of the court to dismiss a case for want of prosecution,'" *Rowbotham*, 430 F.Supp. at 1256, *quoting United States v. Correia*, *supra*. "The Rule imposes a stricter standard of tolerable delay than does the sixth amendment." *Id*.; *see also United States v. Rossoff*, 806 F.Supp. 200 (C.D.Ill.1992) (court denies government motion to dismiss without prejudice, instead dismisses with prejudice, noting that "court, in its discretion, may dismiss the indictment if it determines that a retrial is against the concept of fundamental fairness," and holding that dismissal with prejudice warranted where there were two hung verdicts (with acquittals on some counts), the defendant was "71 years of age and in poor health," including heart surgery and severe anemia, defendant "under great physical and emotional strain as the result of these repeated trials and was even hospitalized immediately following the second trial," "the majority of jurors in both cases" found defendant not guilty, "if not for the allegedly biased juror in

the second trial, [the defendant] would have been acquitted on all counts", "the two trials have taken over one solid month of the Court's time, since the conclusion of the second trial, this Court's criminal case load has nearly tripled", "witnesses would be placed under great burden to be required to again travel to Illinois for this matter," and "the Government makes a somewhat vague statement that it does not wish to pursue its prosecution of [defendant] in this district"); *United States v. Loud Hawk*, 474 U.S. 302, 322, n.5 (1986) (Marshall, J., dissenting) (noting that Federal Rule of Criminal Procedure 48(b) "'provides for enforcement of the [speedy trial] right'") (*quoting Pollard v. United States*, 352 U.S. 354, 361, n.7 (1957)).

Wherefore, for all of the reasons previously advanced in support of his prior motions to dismiss for violation of his Sixth Amendment right to a speedy trial and/or violations of the STA, which Mr. Carpenter respectfully incorporates herein, Mr. Carpenter respectfully contends that dismissal is warranted here pursuant to Rule 48(b).


Respectfully Submitted,					Respectfully Submitted,
Daniel E. Carpenter,					Daniel E. Carpenter,
By His Attorney,					By His Attorney,


**/s/ Robert M. Goldstein**				**/s/ Martin G. Weinberg**
Robert M. Goldstein, Esq.				Martin G. Weinberg, Esq.
Mass. Bar No. 630584					Mass. Bar No. 51948
20 Park Plaza, Suite 1000				20 Park Plaza, Suite 1000
Boston, MA 02116					Boston, MA 02116
(617) 742-9015						(617) 227-3700
rmg@goldstein-lawfirm.com				owlmgw@att.net

Dated:  January 26, 2014

**CERTIFICATE OF SERVICE**

      I, Martin G. Weinberg, hereby certify that on January 26, 2014, this document has been served, via electronic filing, upon Jack Pirozzolo, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, MA, 02210.

      **/s/ Martin G. Weinberg**
      Martin G. Weinberg