UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) | |

**Third Motion to Dismiss Indictment for Violation of
Speedy Trial Act**

Now comes the Defendant, Daniel E. Carpenter, by and through his counsel, pursuant to the Speedy Trial Act of 1974, as amended, 18 U.S.C. §§ 3161-3174 ("STA"), to ensure that he has raised and the Court has squarely addressed a subsidiary issue raised by the STA, hereby respectfully moves the Court to dismiss the indictment.

**LOCAL RULE 7.1 CERTIFICATION**

The United States has notified the Defendant it opposes the instant motion.

**Argument**

In its Order dated April 8, 2008, the Court, interpreting and applying 18 U.S.C. §3161(e), held that the appropriate date from which the STA clock begins to run after an order for new trial is the date the mandate issued from the First Circuit. Dkt. Entry 242 at 3. In so doing, the Court also impliedly rejected the defendant's position that the applicable test for determining speedy trial act rights when the Government appeals from a new trial order is 18 U.S.C §3161(h)(1)(C), which allows for excludable time for interlocutory appeals, but also clearly requires that the non-excludable time prior to the interlocutory appeal be added to non-excludable time following the issuance of the mandate resolving the interlocutory appeal, a calculus which would, without dispute, exceed 70 days and require dismissal in this case, *see* Dkt Entry 229 at pp. 6-9; Dkt.

1

Entry 415 at pp. 1-2. Given the Court's rulings, it held that only 58 days has expired from the Speedy Trial clock, given the issuance of the mandate on September 28, 2007, and the status conference held on November 26, 2007. Dkt. Entry 242.

A subsidiary issue that must be resolved, however, in resolving the STA issue, is what happens to the time between the trial court's order for new trial (December 15, 2005) and the government's appeal of that order (January 9, 2006).[1] The defendant respectfully submits that even assuming *arguendo*, as the Court has ruled, 18 U.S.C. §3161(e) and not 18 U.S.C. §3161(h)(1)(C) is the correct standard, the Court still must include within the STA analysis the period of time between the trial court's order allowing a new trial and the government's filing of a notice of appeal. In other words, upon issuance of the mandate, the clock restarts, and thus the government appeal does not erase the days that expire between the Court's order for new trial and the government's appeal of that order. This makes sound policy. Otherwise, the government possesses 100 days in which to bring a defendant to trial after a new trial order (70 statutory days plus 30 days to appeal the new trial order), clearly an unwarranted consequence of construing 18 U.S.C. §3161(e) to reset the speedy trial clock to zero upon the return of the appellate mandate, thus eliminating any incentive for the Government to expedite its decision whether or not to appeal. *See United States v. Staton*, 94 F.3d 643, at *6 (4th Cir.1996) ("The Second, Third, Fifth, Ninth, Tenth, and District of Columbia Circuits have held that the speedy trial clock *resumes* when the appellate court **issues** its mandate" and the "Eighth and Eleventh Circuits have held that the speedy trial clock *resumes* when the district court **receives** the mandate") (collecting cases) (emphasis added). Even the government conceded that "there is a

---

[1] Or between December 15, 2005 and December 29, 2005, when the defendant filed a motion to reconsider the denial of his motion for judgment of acquittal. Whether the Court utilizes the December 29, 2005 or January 9, 2006 date, more than 70 days elapsed.

division among the Courts of Appeals that have considered the issue, as to whether – under the STA provision that deals with retrials, 18 U.S.C. § 3161(e) – the issuance of the mandate from the Court of Appeals *resets* the STA 'clock.'" Dkt. 230 (Government Opposition) at 1.[2]

Given the importance of the issues applying the STA to this case, which involve both a choice of statute (18 U.S.C. §3161(e) and 18 U.S.C. §3161(h)(1)(C)), and the further decision as to how 18 U.S.C. §3161(e) is to be properly construed as to the time between a new trial order and the government's filing its notice of appeal, the defendant brings the instant motion, asking the Court to further address the application of the STA to his particular case.  The defendant respectfully requests that the Court reconsider its prior ruling and determine that a Government appeal following a new trial order is an "interlocutory appeal" subject to 18 U.S.C. §3161(h)(1)(C).  The defendant further requests that if the Court continues to apply 18 U.S.C §3161(e), that it determine that the return of the mandate restarts rather than resets the clock, thus requiring the dismissal of the Indictment, given that the "action occasioning the retrial" was this Court's order allowing a new trial on December 15, 2005, and that the Government's interlocutory appeal of January 9, 2006 "sought merely to abort it", *United States v Pitner*, 307 F.3d 1178, 1183 (9th Cir, 2002) (limiting the resetting of the speedy trial clock to occasions where the defendants appeal overturned a judgment of conviction, *i.e.* the appeal order alone constituted the "action occasioning the retrial").[3]

---

[2] The government further conceded that "[i]f the STA clock was not reset, and if there was no other pending motion that would toll the STA clock, there could be a violation of the STA, as seventy-one non-excludable days may have elapsed." Dkt. 230 at 1.

[3] *See also* United States v. Rivera, 844 F.2d 916, 918 (2d Cir.1988) (the "action occasioning the retrial" was the district court's grant of the mistrial motion).

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| Daniel E. Carpenter, | Daniel E. Carpenter, |
| By His Attorney, | By His Attorney, |
| | |
| **/s/ Robert M. Goldstein** | **/s/ Martin G. Weinberg** |
| Robert M. Goldstein, Esq. | Martin G. Weinberg, Esq. |
| Mass. Bar No. 630584 | Mass. Bar No. 51948 |
| 20 Park Plaza, Suite 1000 | 20 Park Plaza, Suite 1000 |
| Boston, MA 02116 | Boston, MA  02116 |
| (617) 742-9015 | (617) 227-3700 |
| rmg@goldstein-lawfirm.com | owlmgw@att.net |

Dated: February 10, 2014

## CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby certify that on February 10, 2014, this document has been served, via electronic filing, upon Jack Pirozzolo, Assistant United States Attorney, John Joseph Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, MA, 02210.

**/s/ Robert M. Goldstein**
Robert M. Goldstein