UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1. On September 24, 2004, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Superseding Indictment charging defendant Daniel E. Carpenter (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Fourteen), and Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Fifteen through Nineteen).

2. The Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One, Two, Five, Six, and Eight through Nineteen of the Superseding Indictment of all property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

3. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon

the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p).

4. On June 18, 2008, after an eighteen-day jury trial, a jury found the Defendant guilty on Counts One through Nineteen of the Superseding Indictment. *See* Docket No. 285.

5. As detailed in the Superseding Indictment, the proceeds of the Defendant's offenses charged in Counts One, Two, Five, Six, and Eight through Nineteen, total $14,053,715.52 in United States currency. The following chart details the proceeds as to the relevant counts:

| Count | Proceeds | Count | Proceeds |
|---|---|---|---|
| 1 | $294,290.35 | 12 | $72,535.62 |
| 2 | $28,000.00 | 13 | $17,090.00 |
| 5 | $513,180.74 | 14 | $400,000.00 |
| 6 | $3,000,000.00 | 15 | $2,412,230.00 |
| 8 | $774,563.54 | 16 | $28,750.00 |
| 9 | $1,875,323.43 | 17 | $62,190.00 |
| 10 | $1,615,902.33 | 18 | $225,000.00 |
| 11 | $2,434,659.51 | 19 | $300,000.00 |

**Total    $14,053,715.52**

6. Based on the evidence and testimony presented at trial and the jury's verdict as to the Defendant on June 18, 2008 the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $14,053,715.52 in United

States currency, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).  This amount represents the proceeds of the Defendant's crimes.

7. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

8. Whether the Defendant has retained the proceeds or lost them through personal expenditures, investments, or otherwise, is irrelevant to the determination of the proper forfeiture amount. *See United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) ("the Government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction"). In *Hall*, the First Circuit cited with approval the Seventh Circuit's discussion of this issue in *United States v. Ginsburg*, 773 F.2d 798 (7th Cir. 1985), a racketeering case.  In *Ginsburg*, the Seventh Circuit explained:

> [a defendant] who dissipates profits or proceeds of his racketeering activity on wine, women, and song has profited from organized crime to the same extent as if he had put the money in his bank account. Every dollar that the racketeer derives from illicit activities and then spends on such items as food, entertainment, college tuition, and charity, is a dollar that should not have been available for him to spend for those purposes. In order to truly separate the racketeer from his dishonest gains, therefore, the statute requires him to forfeit to the United States the total amount of the proceeds of his racketeering activity, regardless of whether the specific dollars received from that activity are still in his possession.

*Id*. at 802; *see also United States v. Misla-Aldarondo*, 478 F.3d 52, 73-74 (1st Cir. 2007) ("If the Government has proven that there was at one point an amount of cash that was directly traceable to the offense, and that thus would be forfeitable [], that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original

3

corpus of tainted funds—indeed, whether or not he has any funds at all") (following *Hall*); *United States v. Grose*, 461 Fed.Appx. 786, 806-07 (10th Cir. 2012) (Upholding forfeiture in the form of a personal money judgment and holding that the defendant's "decision to place his gains in an ill-advised investment does not excuse him from the forfeiture of $1 million.").[1]

9. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool

---

[1] It is the United States' position that this case involved "illegal services" or "unlawful activities," and accordingly, proceeds are defined as "property of any kind obtained directly or indirectly, as a result of the commission of the offense … and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A); *see also United States v. Kahale*, 2010 WL 3851987 *31-32 (E.D.N.Y. September 27, 2010) (applying 18 U.S.C. § 981(a)(2)(A) in an investment fraud scheme and holding that forfeiture is based on the amount the defendant obtained from the victims, not on victims' net losses); *United States v. Sigillito*, 899 F. Supp.2d 850, 864-65 (E.D. Mo. 2012) (liability not limited to gain in fraudulent loan scheme). Should the Court find that this case involves "lawful services that are sold or provided in an illegal manner," then it is the Defendant's burden to establish any direct costs he incurred (*i.e.*, amounts paid to the victims), for corresponding reduction in the money judgment calculation. *See* 18 U.S.C. § 981(a)(2)(B) ("claimant shall have the burden of proof with respect to the issue of direct costs").

of assets controlled by defendant that is subject to forfeiture).   In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.   Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, by virtue of the jury's verdict as to the Defendant, a money judgment in the amount of $14,053,715.52 in United States currency should be entered against the Defendant. The United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Mary B. Murrane
JACK W. PIROZZOLO
First Assistant United States Attorney
MARY B. MURRANE
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: February 24, 2014                                            (617) 748-3100

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Order of Forfeiture (Money Judgment), as well as the proposed Order of Forfeiture (Money Judgment), were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Mary B. Murrane
MARY B. MURRANE
Dated: February 24, 2014                                Assistant U.S. Attorney