AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| **DANIEL CARPENTER** | Case Number: **1: 04 CR 10029  - 001 - GAO** |
| | USM Number: |
| | MARTIN WEINBERG, ESQUIRE |
| | Defendant's Attorney |

☑ Additional documents attached

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s) __1s-19s__ ( Date of Verdict: 6/18/08)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC Sec. 1343 | Wire Fraud | 09/08/00 | 1s ,2s |
| 18 USC Sec. 1343 | Wire Fraud | 08/08/00 | 3s |
| 18 USC Sec. 1343 | Wire Fraud | 08/09/00 | 4s |
| 18 USC Sec. 1343 | Wire Fraud | 11/22/00 | 5s |
| 18 USC Sec. 1343 | Wire Fraud | 09/14/00 | 6s |

The defendant is sentenced as provided in pages 2 through ___12___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1-19  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/26/14
Date of Imposition of Judgment

Signature of Judge

The Honorable George A. O'Toole

Judge, U.S. District Court
Name and Title of Judge

3/4/14
Date

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page    2    of    12

DEFENDANT: **DANIEL CARPENTER**
CASE NUMBER: **1: 04 CR 10029   - 001 - GAO**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC Sec. 1343 | Wire Fraud | 08/16/00 | 7s |
| 18 USC Sec. 1343 | Wire Fraud | 12/01/00 | 8s,9s |
| 18 USC Sec. 1343 | Wire Fraud | 12/01/00 | 10s,11s |
| 18 USC Sec 1343 | Wire Fraud | 11/13/00 | 12s |
| 18 USC Sec 1343 | Wire Fraud | 11/16/00 | 13s,14s |
| 18 USC Sec. 1341 | Mail Fraud | 11/08/00 | 15s |
| 18 USC Sec. 1341 | Mail Fraud | 11/21/00 | 16s |
| 18 USC Sec. 1341 | Mail Fraud | 09/14/00 | 17s |
| 18 USC Sec. 1341 | Mail Fraud | 09/20/00 | 18s |
| 18 USC Sec. 1341 | Mail Fraud | 12/14/00 | 19s |

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 2 - D. Massachusetts - 10/05

Judgment — Page ___3___ of ___12___

DEFENDANT:   **DANIEL CARPENTER**                          ▣
CASE NUMBER: **1: 04 CR 10029   - 001 - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:        **36**        month(s)

on each of counts 1s-19s, all to be served concurrently with each other.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that they take into consideration the defendant's family
circumstances when designating a facility.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____  [ ] a.m.   [ ] p.m.   on _____ .

    [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [✓] before 2 p.m. on    04/25/14 _____ .

    [✓] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page ___4___ of ___12___

DEFENDANT: **DANIEL CARPENTER**   ➕

CASE NUMBER: **1: 04 CR 10029   - 001 - GAO**

## SUPERVISED RELEASE

✓ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   36   month(s)

on each of counts 1s-19s all to be served concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

[✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:    **DANIEL CARPENTER**                              Judgment—Page ___5___ of ___12___
CASE NUMBER:  **1: 04  CR  10029   - 001 - GAO**

## ADDITIONAL☑ SUPERVISED RELEASE☐ PROBATION TERMS

The defendant is to pay the balance of the restitution according to a schedule set by probation, or, if necessary, by the court after a hearing.

Defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the US Attorney's Office.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page    6    of    ₽

DEFENDANT:    **DANIEL CARPENTER**
CASE NUMBER: **1: 04 CR 10029  - 001 - GAO**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $    $1,900.00 | $    $100,000.00 | $    $310,033.96 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Brian Fitzgerald | | $65,701.94 | |
| Estate of Byron Darling | | $244,332.02 | |

☐ See Continuation Page

| **TOTALS** | $ _____ $0.00 | $_____ $310,033.96 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 6 - D. Massachusetts - 10/05

Judgment — Page     7     of     12

DEFENDANT:     **DANIEL CARPENTER**
CASE NUMBER: **1: 04 CR 10029   - 001 - GAO**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance    ☐ C,   ☐ D,    ☐ E, or    ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

       Payment of the fine and restitution is to begin immediately according to the requirements of the federal Bureau
       of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a
       court-ordered repayment schedule during the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ See Continuation
   Page

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
       and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

       If there are any proceeds, they are to be forfeited. The court to scheduled a hearing to determine the amount to be forfeited.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 5A - D. Massachusetts - 10/05

DEFENDANT:      **DANIEL CARPENTER**                              Judgment—Page ___8___ of ___12___
CASE NUMBER:    **1: 04  CR  10029   - 001  - GAO**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Any payments made, that is not payment in full, shall be divided proportionately among Brian Fitzgerald and Byron Darling until their restitution is fully satisfied.

The restitution shall be paid immediately or according to a payment scheduled set down by probation, or, if necessary, by the court after a hearing. Payments shall be made to the Clerk, U.S. district Court for transfer to the named victims.

The assessment fee is due forthwith.

AO 245B   (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **DANIEL CARPENTER**                          ▣          Judgment — Page  9  of   12
CASE NUMBER: **1: 04 CR 10029  - 001 - GAO**
DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

## I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  ☑   **The court adopts the presentence investigation report without change.**

B  ☐   **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II   COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A  ☑   No count of conviction carries a mandatory minimum sentence.

B  ☐   Mandatory minimum sentence imposed.

C  ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐  findings of fact in this case
☐  substantial assistance (18 U.S.C. § 3553(e))
☐  the statutory safety valve (18 U.S.C. § 3553(f))

## III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:            24
Criminal History Category:   I
Imprisonment Range:       51       to  63        months
Supervised Release Range:  2           to  3       years
Fine Range: $  10,000      to  $  100,000
☐   Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **DANIEL CARPENTER**                    ⊞
CASE NUMBER: **1: 04 CR 10029  - 001 - GAO**
DISTRICT:        **MASSACHUSETTS**

Judgment — Page 10 of   12

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☑   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

   1      **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☐ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion.

   2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

   3      **Other**
      ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:   **DANIEL CARPENTER**                    Judgment — Page  11  of    12
CASE NUMBER: **1: 04 CR 10029  - 001 - GAO**
DISTRICT:         **MASSACHUSETTS**

## STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):
☑ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☑ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

The sentence was imposed for the reasons stated on the record in open court, a transcript of which statement is attached hereto and incorporated herein.

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
    Attachment (Page 4) — Statement of Reasons  - D. Massachusetts - 10/05

DEFENDANT:      **DANIEL CARPENTER**                          Judgment — Page 12 of     12
CASE NUMBER:   **1: 04 CR 10029   - 001 - GAO**
DISTRICT:           **MASSACHUSETTS**

## STATEMENT OF REASONS

### VII  COURT DETERMINATIONS OF RESTITUTION

A  ☐  Restitution Not Applicable.

B     Total Amount of Restitution:   310,033.96

C     Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   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            Date of Imposition of Judgment
                                                    02/26/14
Defendant's Date of Birth:   00-00-1954

Defendant's Residence Address:  West Simsbury, CT 06092   Signature of Judge
                                                    The Honorable George A. O'Toole  Judge, U.S. District Court
Defendant's Mailing Address:                        Name and Title of Judge
                             Same as Above          Date Signed    3/4/14

1          **THE COURT:**  The sentencing statute requires a
2     sentencing court to consider the nature and circumstances of
3     the offense and the personal characteristics and history of
4     the defendant and to consider what sentence is necessary and
5     sufficient but not greater than necessary to reflect the
6     seriousness of the offense and provide for just punishment
7     and respect for the law, to afford adequate deterrence
8     generally and to protect the public from future potential
9     crimes of the particular defendant, all considered in
10    conjunction with recommendations that emerge from the *United*
11    *States Sentencing Guidelines* regarding the particular
12    offense.

13          So we started with the *Guidelines* which in the
14    usual scoring of offense level and criminal history category
15    suggest for this offense a range of incarceration of 51 to
16    63 months and the government's recommendation falls within
17    that at the maximum permitted by the statute for a single
18    offense conviction of the offense.

19          The *Guidelines* also recognize that cases differ in
20    their particulars though they may be of general similarity
21    and, therefore, the *Guidelines* recognize that there might be
22    reasons still within the *Guidelines*' structure to determine
23    that, for identified reasons in the *Guidelines*, to determine
24    that a sentence should be either higher or lower than the
25    guideline sentence.  And the defendant has argued some of

1    those grounds.

2          It is my judgment that none of those grounds

3    authorize a guidelines departure.  The loss calculation I

4    think is standard.  It is a technique that the guidelines

5    use to try to scale the seriousness of punishment by

6    reference to the quantity of loss.  I think Mr. Pirozzolo

7    has made a good point that the loss may actually be

8    understated even in economic terms let alone in human terms

9    in this case.

10         At any rate, I don't think there is a strong reason

11   for thinking that the loss, which is actually I want to say

12   measurable and a measured quantity, is an inappropriate

13   figure to be taken account of, for use in the guidelines at

14   least.  I will come back to the other issue later.

15         Unlike, for example, in other circumstances where

16   the precise dollar amount of a loss may be more speculative

17   involving questions of valuations of property and so on,

18   here we have an actual dollar figure so I think that that is

19   not a significant reason.

20         Other reasons advanced I think are also

21   insufficient under the *Guidelines*.  The effect on innocent

22   family members and others is unfortunately something that is

23   common to criminal cases, that when a person is punished

24   there are ripples from that punishment that affect adversely

25   other people in the family and otherwise.  The *Guidelines*

1     say that might be a factor in considering a reduced sentence
2     if it is an extraordinary effect and I think that the facts
3     of this case don't support that particularly nor does the
4     history of otherwise laudable behavior.

5            We tend sometimes to have a view of a defendant as
6     unidimensional, that the government thinks the defendant is
7     all bad, the defense has the opposite view.  In reality
8     people are both good and bad.  They do good things and they
9     do bad things.

10           It is particularly true of a white collar crime
11    which is often committed by people who have a very
12    praiseworthy record of achievement, charity, and other
13    respects so it is, again, not a surprising or unaccounted
14    for factor.  So I don't think that the circumstances warrant
15    a departure within the *Guidelines*.

16           Nonetheless, all of those things, of course, are
17    part of the picture in evaluating the balance between, say,
18    aggravating and mitigating considerations in determining on
19    a precise sentence.  So the statute suggests considering the
20    need for the sentence to address the seriousness of the
21    offenses.  And "seriousness" can be measured in different
22    ways.  One way, of course, is financial loss, which is what
23    the *Guidelines* start with.

24           I think as both the government and the gentlemen
25    who spoke have emphasized that the harm to the victims goes

1      beyond simple economic loss in this case and that is
2      something that has to be accounted for.  In that respect I
3      would note that while the defendant's papers have argued as
4      well that the length of time the matter has been pending is
5      something that should be considered favorably to the
6      defense, I think we heard from the gentlemen who spoke that
7      it counts on the other side of the ledger as well in terms
8      of prolonging the harm felt by the people who were victims
9      of the offense.

10                This is a unique case I think.  One of the points
11     that is different from perhaps other kinds of fraud is the
12     losses were not part of the intended fraud.  The fraud was
13     intended, the scheme was intended to produce a flow of money
14     that Mr. Carpenter thought he could trade with and make
15     money on but it was an objective, of course, to make money
16     and not to lose it.  This was not a fraud that took money
17     from someone intending never to return it.  It was actually
18     part of the business plan that it be returned at some point.
19     And that apparently worked for quite a while which may have
20     over-stoked Mr. Carpenter's confidence that it could keep
21     working.

22                The exhibit that Mr. Pirozzolo referred to is a
23     disturbing one though because it does indicate that in the
24     spring of 2000 that the tide had turned and under those
25     circumstances the decision to keep going comes at least

1      closer to if not becomes evidence of perhaps, if not an

2      intentional loss of money, a degree of recklessness that

3      should have steered Mr. Carpenter in a different direction.

4              So the punishment has to be such that it recognizes

5      the seriousness of the events and the need to promote

6      respect for the law.  In this case that in my view rules out

7      any non-incarcerative sentence.

8              Deterrence of criminal conduct by others is an

9      important factor and it should be taken into account.  I

10     don't think it is a particularly prominent factor in this

11     case.  As long as some period of incarceration is imposed I

12     think there is a deterrent effect on people who are

13     classified generally as white color offenders.

14             The statute suggests considering whether or how the

15     sentence might protect the public from further crimes by the

16     defendant.  Sometimes that means incapacitation.  Sometimes

17     it means a warning I guess that there will be punishment for

18     similar behavior.

19             Respecting this factor, the Connecticut indictment

20     as well as the New York case are concerning.  I do not

21     presume Mr. Carpenter's guilt under the Connecticut

22     indictment but I have to notice that a grand jury found

23     probable cause to hand up that indictment.  And while I

24     can't give that precise value in the weighing of things, it

25     is a factor that has to be attended.

1          Now, so we have the *Guidelines* range.  Let me come
2     back to the question of -- and one of the purposes, of
3     course, of the *Guidelines* as separately stated in the
4     sentencing statute is the need to avoid unwarranted
5     disparities between like cases.  The *Guidelines* attempt to
6     do that by the factors that they employ.  The more common
7     factors case A has with case B, the more appropriate it is
8     to consider a guideline sentence imposed on case A should be
9     similarly followed on case B.

10         While I think that the loss figure, the nine
11    million plus, is a correct application of the *Guidelines* and
12    does not warrant a departure, that does not necessarily
13    address the disparity problem if the *Guidelines* themselves
14    may be skewed.  And the related guideline, 2B1.1 and others,
15    were amended a while ago to vastly increase the staircasing.
16    This guideline was abolished in, I think in the process
17    around the same time.  But that illustrates in a sense the
18    arbitrariness of those numbers.

19         Increasingly we are hearing from defense counsel
20    principally that the value of the *Guidelines* design was that
21    it was empirically founded and there is a good bit of
22    concern that that has been, there has been too much of a
23    discontinuity between empiricism and the guideline
24    provisions and Congress or the Commission simply structured
25    the guideline without data.

1               I find it instructive sometimes, and I know some of
2      my colleagues do, to try to look at the imperfect empirical
3      data.  And I looked at some Sentencing Commission statistics
4      for both nationally, for the First Circuit and for
5      Massachusetts regarding sentences where the primary offense
6      category is fraud.  I looked for the last, well, the years
7      are 2008 to 2012.

8               For 2012 -- and it is not necessary to go through
9      all, I will just give you the 2012.  2012, interestingly the
10     median sentence for fraud nationally was 24 months.  The
11     median sentence for fraud within the First Circuit for 2012
12     was 24 months.  The median sentence in Massachusetts, the
13     number of cases said to be 61 for fraud in 2012, was 24
14     months.

15              You can overstate the significance of that datum
16     but I will say that it is roughly in the range if you went
17     back five years for each of those samples, national, First
18     Circuit, Massachusetts, the range is somewhere from 18 to
19     high thirties generally.

20              So if I consider how to make a sentence that avoids
21     unwarranted disparities, I think I have to do it to some
22     degree in the light of those purported statistics.
23     Interestingly the next offense on the table is for
24     embezzlement and those figures are consistently, they are
25     lower by the way.

1          Now, what I don't know in the table is what the
2     amounts were that might drive the *Guidelines* or what other
3     factors might drive the *Guidelines*. But I do see that the
4     range in practice for fraud sentences is somewhere in the
5     two-to three-year range basically.

6          So my conclusion is that that is an appropriate
7     guide here to determine whether a sentence somewhere in that
8     range is sufficient and not greater than necessary to
9     accomplish the goals of sentencing. And taking all the
10    factors into account, I conclude that a 36-month sentence is
11    an appropriate one in this case, followed by three years of
12    supervised release.

13         The guideline range for a fine is from $10,000 to
14    $100,000. I actually think $100,000 is the better figure
15    than recommended by the government. It has been my view
16    that in crimes where greed may have been a motivating
17    factor, taking money is a good way of punishing someone.
18    And so I think a fine at the high end of the range is
19    appropriate.

20         I will also order restitution in the amount that
21    has previously been stated by Mr. Pirozzolo for
22    Mr. Darling's estate and for Mr. Fitzgerald as noted. I
23    decline to make a restitution order in favor of Merrill
24    Lynch or Paine Webber.

25         So those are the elements, and there will be a

1    forfeiture order entered ordering proceeds, if any, of the

2    offense to be forfeited and we will have a further

3    proceeding to determine that. As to that, I would suggest

4    perhaps counsel might confer on a schedule by which we might

5    do that.

6             So, Mr. Carpenter, if you would stand, please.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25