UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER, | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF FORFEITURE ORDER AND REQUEST FOR ISSUANCE OF AMENDED JUDGMENT**

In support of his motion for reconsideration of the forfeiture order entered in this case, defendant Daniel E. Carpenter (the "Defendant") summarily rehashes arguments that he raised in the three briefs he already submitted on the issue (*see* Docket Nos. 434, 455, 470) and submits two documents that were not admitted into evidence at trial and are not business records, but rather were prepared by trial counsel. Neither presents a basis for altering the forfeiture order entered by this Court.

"Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006)). "Instead, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Id*. (citations omitted).

Here, the Defendant argues that the forfeiture is unjust because, he asserts, the expenses of the Defendant's company across all transactions in 2000 and 2001 (*i.e.*, money paid back to exchangors) exceeded the amount of money that was acquired in the specific transactions included in the forfeiture order (funds paid by exchangors, after August 23, 2000, that were the basis for convictions of a wire or mail fraud count).  This argument fails, and the motion for reconsideration should be denied, on several bases.

First, the "evidence" submitted, after full briefing of the issue, is not reliable evidence and need not be considered by this Court.  Although a Court may consider both evidence from the guilt phase of the trial, and additional "reliable" evidence for forfeiture, the two documents submitted by the Defendant fail to satisfy either category.  *United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable").  The two documents were not admitted at trial.  Nor, by Defendant's admission, are the documents business records of the company – and instead were prepared by trial counsel.  Defendant does not provide any information regarding the source of information contained in the documents, what the documents summarize, or how the "expenses' figures asserted by the Defendant in the instant motion are supported by the documents.  Defendant failed to meet his burden in establishing the "direct costs incurred in providing the goods or services" prior to the Court's forfeiture order, and similarly fails to meet it with the documents submitted with his subsequent motion for reconsideration.  *See* 18 U.S.C. § 981(a)(2)(B).

Second, the Defendant's accounting theory runs counter to the principles and objectives of forfeiture.  The Defendant argues that on the proceeds side of the equation, one should tally the funds acquired from the particular charged wire fraud counts, *i.e.*, the exchanger money that was paid, and then lost.  On the expense side of the equation, however, the Defendant asserts that the

Court should consider all expenses incurred for the business on every transaction. Under this analysis, as long as an investment fraudster pays back half of his clients' money he will be free from any forfeiture obligation. For example, under the Defendant's theory, if a fraudster induces investors to invest a total of $1 million, and the fraudster pays back at least half that amount, then under the Defendant's argument, the proceeds total $500,000. Because the expenses total $500,000, however, the two figures cancel each other out for a net gain of $0. Contrary to the Defendant's approach, a Court must conduct an apples to apples comparison. Either the calculation should include all funds acquired from the fraud scheme on the one hand, less all expenses of the operation on the other (or in the example above, $1,000,000 - $500,000 = $500,000), or should include funds from particular transactions less the expenses of those transactions (*i.e.*, $500,000 - $0 = $500,000). The Defendant submitted no evidence regarding the expenses associated with the "direct costs incurred in providing the goods or services" for the *particular* transactions that formed the basis of the forfeiture order, and accordingly, the motion for reconsideration should be denied.

Finally, the Defendant's motion for reconsideration should be denied because he should not be allowed "to advance arguments that could and should have been presented to the district court prior to judgment." *Allen*, 573 F.3d at 53. The Defendant heavily contested forfeiture in this matter. He argued the issue at the sentencing hearing and submitted three briefs regarding forfeiture. The Defendant had ample opportunity to argue, and present evidence on, the issue of direct costs and failed to do so. This failure does not warrant a reconsideration of the Court's order.

WHEREFORE, the United States respectfully requests that the Court:

(1)   deny the Defendant's motion for reconsideration; and

(2)   issue an amended Judgment consistent with the forfeiture order entered against the Defendant.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Mary B. Murrane
MARY B. MURRANE
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated:   June 17, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                             /s/ Mary B. Murrane
                                            MARY B. MURRANE
Dated:   June 17, 2014                         Assistant U.S. Attorney