UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) ) | |

**REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT CARPENTER'S MOTION FOR RECONSIDERATION OF FORFEITURE JUDGMENT AND REQUEST FOR ISSUANCE OF AMENDED JUDGMENT**
**(LEAVE TO FILE GRANTED ON JUNE 18, 2014)**

Now comes the defendant Daniel Carpenter who hereby replies to the government's Opposition to Defendant's Motion for Reconsideration of Forfeiture Order and Request for Issuance of Amended Judgment (hereinafter "Opposition") as follows:

1. The Motion for Reconsideration was filed as a result of the Court's determination that 18 U.S.C. §981(a)(2)(B) was applicable and that the forfeiture amount would properly be reduced by the "direct costs incurred in providing the goods or services," which would include the full amount of payments made by BPETCO to its Exchangors on or after the date when the amended forfeiture statutes first allowed for criminal forfeiture for the proceeds of wire or mail frauds, August 23, 2000. *See* Opposition at 2. Although the defendant vigorously contested the propriety of any forfeiture in his prior pleadings (Dkt 434, 455, 470), the issue of documenting costs was not addressed in the belief that it was premature to include such argument until the Court determined that the costs were eligible to be deducted from the forfeiture amount and because both parties fully understood that the difference

between sentencing "loss" and forfeiture was the repayments to the Exchangors, sent Tr. 2/26/14 at 19. The defendant also believed that the evidence was not in dispute, *i.e.*, that the government had in its possession documents received from Merrill Lynch and PaineWebber showing wires made payable to the Exchangors that constituted the repayments of their 1031 proceeds, documents acquired from BPETCO's own offices in the nature of spreadsheets showing such repayments, and documents acquired from Martin Paley as part of his cooperation also showing the full extent of the repayments.

2. The evidence submitted in the Motion for Reconsideration was reliable evidence; the government, now represented by new counsel, has within its possession documents, including those acquired from Martin Paley as part of his cooperation and from Jackie Spielman, that parallel the two defense exhibits appended to the Motion for Reconsideration that contain identical information regarding the extent of repayments by BPETCO to its exchangors after August 23, 2000. The Spielman spreadsheets were marked as GE 189. *See* Affidavit of Matthew Wescott, submitted herewith as Exhibit A, Exhibit One. The Paley documents were provided by his counsel to the government on January 8, 2002. *Id.*, Exhibit Three. The wires from PaineWebber to BPETCO exchangors can also be cross-checked by the government if the numbers are in dispute. *See id.*, Exhibit Four.

3. The statute does not limit "direct costs" to repayments to the specific exchangors whose funds were the basis for the forfeiture itself. If the statute

so limited the "direct costs" it would reduce the forfeiture amount to $9,040,686.  The statute instead allows the deduction of all "direct costs in providing the goods and services," and thus all repayments after August 23, 2000, are eligible to be deducted as argued at pages 4-5 of the Motion to Reconsider.

        Respectfully Submitted,
Daniel E. Carpenter,
By His Attorneys

| **/s/ Robert M. Goldstein** | **/s/ Martin G. Weinberg** |
|---|---|
| Robert M. Goldstein, Esq. | Martin G. Weinberg, Esq. |
| Mass. Bar No. 630584 | Mass. Bar No. 51948 |
| 20 Park Plaza, Suite 1000 | 20 Park Plaza, Suite 1000 |
| Boston, MA 02116 | Boston, MA 02116 |
| (617) 742-9015 | (617) 227-3700 |
| rmg@goldstein-lawfirm.com | owlmgw@att.net |

Dated: June 18, 2014

**CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on June 18, 2014, this document has been served, via electronic filing, upon Assistant U.S. Attorneys Mary B. Murrane and Kelly Begg Lawrence.

        **/s/ Martin G. Weinberg**
Martin G. Weinberg