UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

DANIEL E. CARPENTER,
Defendant

Criminal No. 04-CR-10029-GAO

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

The United States hereby submits its opposition to defendant Daniel Carpenter's pro se motion to dismiss the superseding indictment "for failure to state a crime under Rule 12(b)." D.492. The Court should deny Carpenter's motion for a number of reasons, not least of which is that the Court has already ruled, prior to Carpenter's first trial in 2005, that "the allegations of the superseding indictment, if assumed to be true, adequately plead the offenses of mail and wire fraud and adequately notify the defendant of the charges against him." D.44. Under the law of the case doctrine, the Court's prior ruling forecloses Carpenter's present challenge to the validity of the indictment. *See United States v. Wallace*, 573 F.3d 82, 87-88 (1st Cir. 2009) ("[W]hen a

court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations and citations omitted).   Application of the law-of-the-case doctrine is especially prudent here, given that Carpenter did not renew his challenge to the validity of the indictment prior to his second trial, did not raise his defective indictment claim on direct appeal, and, in his present motion, simply rehashes the arguments presented to and rejected by this Court in 2004.

In addition, even assuming that Carpenter's Rule 12 motion is cognizable at this stage of the proceedings, which is doubtful given that the First Circuit has now issued its mandate affirming his conviction and sentence, D.493, the Court should refuse to consider the motion because it is untimely and Carpenter has failed to show good cause for his failure to raise it earlier.   Carpenter claims that his motion, which asserts that the indictment "fails to allege facts sufficient to constitute a federal offense" and "fails to charge mail and wire fraud with the particularity needed to invoke this Court's jurisdiction" is timely under Rule 12(b)(3)(B) because that rule provides that "at any time while the case is pending, the court may hear a claim that the indictment or

information fails to invoke the court's jurisdiction or to state an offense." D.492 at pages 3-4. However, Rule 12(b) was amended in December 2014 "to remove language that allowed the court at any time while the case is pending to hear a claim that 'the indictment or information fails . . . to state an offense." Fed. R. Crim. P. 12 Advisory Committee Notes to 2014 Amendments (noting that the Supreme Court had "abandoned any jurisdictional justification for the exception in *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (overruling *Ex parte Bain*, 121 U.S. 1 (1887), "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction")).

Under the current Rule 12, which simply codifies Supreme Court precedent dating back to 2002, a motion to dismiss based on a defective indictment must be raised prior to trial, Rule 12(b)(3)(B)(v), and a district court may review untimely motions only upon a showing of "good cause" excusing the party's failure to timely raise the claim, Rule 12(c)(3). Here, Carpenter filed the instant motion to dismiss the indictment nearly seven years after the start of his second trial and a month after the First Circuit affirmed his conviction and sentence on direct appeal, and he has made no effort to show "good cause" for his

failure to raise his claim on time.  Accordingly, the Court should decline to consider it.

Moreover, although styled as a challenge to the sufficiency of the indictment, Carpenter's motion is, in substance, an attack on the sufficiency of the evidence.  The thrust of his argument is that he did not do what the indictment says he did—he claims he did not intend to defraud the exchangors, did not make any material misrepresentations or tell them any half-truths, and did not cause the exchangors any harm or deprive them of any property or money—and therefore he should not have been charged with criminal fraud.  That argument is bootless.  In deciding a Rule 12 motion to dismiss, the Court must take the indictment's allegations as true, and thus to the extent Carpenter's motion purports to challenge the sufficiency of the evidence, as opposed to the sufficiency of the charges, Rule 12 affords him no relief.  *See United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) (stating that under Rule 12, "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense," and "courts routinely rebuff efforts to use a

motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations") (internal quotations and citations omitted).   Furthermore, the First Circuit has affirmed Carpenter's conviction on direct appeal, explicitly rejecting his challenge to the sufficiency of the evidence.  *United States v. Carpenter*, 781 F.3d 599, 619-20 (1st Cir. 2015).

Finally, to the extent Carpenter's motion to dismiss asserts a claim that this Court lacked subject-matter jurisdiction, *see* Rule 12(b)(2) (formerly Rule 12(b)(3)(B)), it is meritless.  "[I]f an indictment . . . alleges the violation of a crime set out in Title 18 . . . that is the end of the jurisdictional inquiry."  *United States v. George*, 676 F.3d 249, 259 (1st Cir. 2012) (stating that "Supreme Court precedent makes transparently clear that an indictment's factual insufficiency does not deprive a federal court of subject matter jurisdiction") (citing *United States v. Cotton*, 535 U.S. 625, 630-31 (2002)).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court summarily deny defendant Daniel Carpenter's Rule 12 motion to dismiss the indictment.

Respectfully submitted,

CARMEN M. ORTIZ,
United States Attorney

By:  /s/ Kelly Begg Lawrence
KELLY BEGG LAWRENCE
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3162

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, a copy of this document was sent by first class United States mail to the pro se defendant, Daniel E. Carpenter, Reg. No. 90792-038, USP Canaan, Satellite Camp, PO Box 200, Waymart, PA 18472.

/s/ *Kelly Begg Lawrence*
Kelly Begg Lawrence
Assistant U.S. Attorney