**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10029-GAO |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | |

**REPLY IN SUPPORT OF**
**MOTION TO DISMISS INDICTMENT**
**FOR LACK OF JURISDICTION**
**PURSUANT TO RULE 12(b)(3)(B)**

What can only be described as yet another example of the extreme prosecutorial

vindictiveness that I have had to face in my 15 year long legal odyssey, the government contends

that only three things preclude this Honorable Court from ruling in my favor to dismiss the faulty

and defective Indictment in my case that does not even plead fraud with the particularity required

in a civil case, much less rise to the necessary standard required to establish jurisdiction for a

"federal" fraud crime:

1. An earlier ruling by this Court before the first trial;
2. A recent amendment to Rule 12(b);
3. *United States v. Cotton*, 535 U.S. 625 (2002), a drug case from 2002.

I will deal with each of these *in seriatim* for the Court's benefit so that Your Honor can

see just how specious these arguments by the government are, and Your Honor can add this

filing by the government to the long list of examples of actual prosecutorial vindictiveness that I

provided the Court with in my recently filed 2255 Petition.

It is nothing short of outrageous that the government would submit that a ruling from

2004, prior to the first trial in which I was granted a new trial order for egregious prosecutorial

misconduct that was affirmed by the First Circuit, should preclude me from bringing a Rule

12(b)(3)(B) motion now after I had a second trial that was negated by a second new trial order

and subsequent appeals. Had I not received the second New Trial Order for egregious

prosecutorial misconduct in 2011, the appeals that followed certainly would have been much

different had I been convicted and sentenced in 2008 or in 2011. The government cannot

possibly argue that a simple rule change in 12(b) in December of 2014 would have precluded me

from bringing a Rule 12(b)(3)(B) action during the period of 2008 - 2013 when the First Circuit

overturned my second New Trial Order. How is it possible that a simple ruling by this Court on a

different issue in 2004 before my two trials becomes the "law of the case" but a Federal Rule of

Criminal Procedure (Fed. R. Crim. P.) in effect from 2002 when the former 12(b)(2) became the

new Rule 12(b)(3)(B) until the time of my sentencing in February of 2014 which was the "law"

of the land for all cases, is somehow not the law of my case when I was clearly indicted, tried,

and sentenced under Rule 12(b)(3)(B) as it existed up to December of last year? This simply

cannot be the case. In fact, rock solid First Circuit precedent totally nullifies the government's

entire argument. And Your Honor should let them know that it no uncertain terms.

In the First Circuit's landmark decision of *United States v. Rosa-Ortiz*, 348 F.3d 33 (1st

Cir. 2003), Rosa-Ortiz actually pleaded guilty, there was no trial or new trial order, simply Rosa-

Ortiz's challenge to the jurisdiction of the federal court because his indictment, just like mine

failed to state a "federal" offense. As Your Honor knows better than anyone, the Indictment in

my case has many defects, not the least of which is that it merely states at the most a "breach of

contract" claim and it does not even do that well, and certainly not with the particularity (who,

what, where, when and how) required under F.R.C.P. Rule 9(b). The Indictment claimed that I

made knowingly false "oral and written" misrepresentations. At this late date, the government

has failed to show even a single false statement - written or oral - made by me and has instead

tried me and appealed on the basis of an "omissions" case without first showing that I had a duty

to disclose. In fact, the words "omission", "duty", fiduciary", "prospectus", or even "legally

required" are nowhere to be found in my Indictment, but it is my "silence" and "lack of

disclosure" that I was tried on twice. The Court can read more details along this line in my

recently filed 2255 Petition.

In Rosa-Ortiz's case, unlike mine, because of his guilty plea the government said he had

waived all of his rights. But, in oral argument the First Circuit made the government agree that

Rosa-Ortiz did not and could not waive his right to challenge the jurisdiction of the federal court.

In fact, the case the government cited for its proposition, *United States v. Lujan*, 324 F. 3d 27

(1st Cir. 2003) specifically states that a guilty plea waives all **non-jurisdictional** challenges to a

criminal conviction. See *Lujan* at 30 (emphasis added). The government was forced to concede

in oral argument that a guilty plea does not preclude a defendant from arguing on appeal that the

conduct charged in the indictment does not amount to a federal offense.

As this Court knows, there was no guilty plea in my case and the government blames me

for the inexplicable delay between my trial in 2008 and the New Trial Order of 2011 because of

all of the filings that were done showing the perjury of not only the Merrill Lynch witnesses, but

also the perjury of the Exchangors themselves. Be that as it may, if the government wants to

portray an innocent man fighting for his life and his freedom as a "serial litigator"; that is fine

with me. Your Honor and I both know that all of the broker witnesses committed perjury, Paley

committed perjury, and even the Exchangors witnesses committed perjury - amazing that after

two trials Marjorie Adams still cannot find the records of the phone call she allegedly made to

me. Suffice it to say, the government has not only not done its job in terms of *Berger v. United*

*States*, 295 U.S. 78, 88 (1935), that prosecutors "must always be faithful to [the] overriding

interest that 'justice shall be done,'" and "the 'twofold aim'" of the law, which is that "guilt shall

not escape nor innocence suffer.'" - it has totally not lived up to its obligations under *Brady-*

*Giglio-Bagley*, and most of all *Napue*. Because Your Honor can read my 2255 Petition and

because Your Honor knows that the government knows that it not only suborned perjury in my

case, it actually welcomed and coached the perjury in my case. "Levine lied *and the government*

*knew it*", (Emphasis in original), Your Honor should have no problem dismiss the Indictment in

my case.

So if the guilty plea in *Rosa-Ortiz* did not nullify "his rights" to challenge his

"conviction" on appeal or at any time the case is pending, then there is no way that a ruling by

this Court in 2004 or an administrative rule change in December of 2014 after I was sentenced

can possibly affect my rights to challenge this Court's jurisdiction based on the manifest defects

in the Indictment pursuant to Rule 12(b)(3)(B). The government arguments to the contrary are

not just misplaced but are just more actual examples of malicious prosecutorial vindictiveness

against me.

That leaves just the government's case of *United States v. Cotton*, 535 U.S. 625 (2002),

which certainly does not make the government's case, but it should make my case for

prosecutorial vindictiveness and Your Honor should start the favorable opinion granting my

Motion to Dismiss the Indictment pursuant to 12(b)(3)(B) with the words, " *United States v.*

*Cotton*" is not applicable to this case *and the government knew it*.  Not only is *Cotton* totally

inapplicable to the facts and circumstances of my Indictment, it is a "drug" case where the

Supreme Court overturned the vacating of several drug dealers' convictions by the Fourth Circuit

because the indictment in their case failed to allege the threshold quantity of cocaine that they

were dealing. The fact that *Cotton* overruled *Ex Parte Bain*, 121 U.S. 1 (1887), is of even less importance to my case based on the modern rules of criminal procedure.

In 2012 the Second Circuit used Rule 12(b)(3)(B) to overturn the famous conviction of Sergei Aleynikov, who like me went to trial, was found guilty and had his guilty verdict overturned by the Second Circuit pursuant to Rule 12(b)(3)(B) and the lack of jurisdiction established by his indictment, and unfortunately like me is also enduring his own legal odyssey. But the Second Circuit's decision in *Aleynikov* is based largely on the First Circuit's decision in *Rosa-Ortiz*, which is primarily based on the Eleventh Circuit's decision in *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002), which came after *Cotton* and spends a great deal of time explaining why the ruling in *Cotton* has nothing at all to do with the facts of my case. In fact, the ruling by the Eleventh Circuit in *Peter* is directly on point to my Rule 12(b)(3)(B) claim because it involves a mail fraud claim and once again - unlike me - *Peter* pled guilty.:

> "... it is clear under these circumstances that the Government's proof of the alleged conduct, no matter how overwhelming, would have brought it no closer to showing the crime charged than would have no proof at all. The problem is not that the Government's case left unanswered a question as to whether its evidence would encompass a particular fact or element. Rather, it is that the Government affirmatively alleged a specific course of conduct that is outside the reach of the mail fraud statute. Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability. In this circumstance, the rule of <u>Meacham</u>, that a district court lacks jurisdiction when an indictment alleges only a non-offense, controls. The district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud, and the doctrine of procedural default therefore does not bar Peter's present challenge."

It is significant that *Peter*, *Rosa-Ortiz*, and *Aleynikov*, are all decided after *Cotton*, and *Peter* does an excellent job in explaining why the government's response is incorrect in all respects and why my Indictment should be dismissed just as was done in *Peter*. In fact, the Eleventh Circuit in *Peter* states the judgment, sentencing, and conviction by a court without

jurisdiction is null and void citing the Supreme Court's decision in *United States v. Morgan*, 346

U.S. 502 (1954). As the Eleventh Circuit stated in *Peter*:

> "When a court without jurisdiction convicts and sentences a defendant the conviction and
> sentence are void from their inception and remain void long after a defendant has fully
> suffered their direct force." *Id.* at 715.

This pronouncement by the Eleventh Circuit is taken directly from *Morgan*, a case involving a

Writ of Coram Nobis where someone challenged the jurisdiction of the court even after having

served his sentence. The Supreme Court in *Morgan* went on to say that the law recognizes that

there must be a vehicle to correct errors "of the most fundamental character, that is, such as

rendered the proceeding itself irregular and invalid." *Morgan* at 509, *quoting United States v.*

*Mayer*, 235 U.S. 55, 69 (1914).

The type of claim that exists in my case has been historically recognized as the most

"fundamental" of all fundamental errors and that is what is referred to as "jurisdictional error." In

fact, my recently filed 2255 Petition is an example of a motion based on challenging the

fundamental error knows as "jurisdictional" error. A Writ of Habeas Corpus "has long been

available to attack convictions and sentences entered by a court without jurisdiction." *United*

*States v. Addonizio*, 442 U.S. 178, 185 (1975). Such "jurisdictional" errors can never be waived

and if a court lacks jurisdiction the case must be dismissed. See *Louisville & Nashville Railroad*

*v. Motley*, 211 U.S. 149, 152 (1908) (ordering case dismissed for lack of jurisdiction despite

absence of objection from either party).

The court in *Peter* based its decision largely on an old Fifth Circuit case *United States v.*

*Meacham*, 626 F.2d 503 (5th Cir. 1980) that a federal court is without jurisdiction to accept even

a guilty plea for a "non-offense" or when the indictment, like in my case, fails to state a federal

offense. In *Meacham*, the old Fifth Circuit reversed the convictions of five defendants who had

been charged with the "non-offense" of "conspiring to attempt" to import marijuana with the

intent to distribute it. The court in *Meacham* concluded that Congress had not passed the laws the

government relied on to create the "conceptually bizarre crime of conspiring to attempt." So even

in *Meacham*, his guilty plea did not act as a waiver of the jurisdictional defects in his

indictment's failure to charge a federal offense. See *Meacham* at 510.

Therefore, since *Meacham, Peter* and *Rosa-Ortiz* were "guilty plea" cases where they

preserved the right to challenge the jurisdiction of the court and the indictment against them after

pleading guilty, conviction, and sentence, and since *Peter*, and the First Circuit's decision in

*Rosa-Ortiz* which is based largely on *Peter*, clearly discusses and distinguishes *Cotton* and why

it is not applicable, Your Honor should have no problem dispensing with the government's three

inapposite objections and go right to the merits of my 12(b)(3)(B) Motion to Dismiss the

defective indictment of my case.

Moreover, the court's analysis in a recent decision by the D.C. Circuit decided after the

relatively minor changes in Rule 12(b)(3)(B) in December 2014 completely destroys any

credibility that the government's arguments might have as it applies to my case. See *United

States v. Miranda*, No. 13-3032 (D.C. Cir. March 20, 2015). In *Miranda*, the D.C. Circuit

eventually ruled against the operators of a drug smuggling ship outside of United States waters,

but clearly makes the point that the analysis of the jurisdictional reach of a federal court cannot

be waived and is of fundamental importance. A challenge to the district court's subject-matter

jurisdiction to the court's power to hear a given case can never be waived or forfeited. See

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Certain constitutional challenges asserting a

"right not to be haled into court at all" cannot be waived even through a guilty plea. *Blackledge

v. Perry*, 417 U.S. 21, 31 (1974). The essence of the *Miranda* decision focuses on the defendant's

right to challenge under Rule 12(b)(3)(B) the right of the state or the prosecutor from "haling a

defendant into court on a charge" (citing *Perry*), and stating that federal law requires that a

conviction to be set aside even if the conviction was entered pursuant to a counseled plea of

guilty." *Perry* at 30.

Similarly, the Supreme Court found in *Menna v. New York*, 423 U.S. 61 (1975), that the

Double Jeopardy clause precluded the state from "haling him (the accused) into court" despite

the fact that he pleaded guilty to the indictment and was sentenced. There has been no change to

Rule 12(b)(3)(B) that would preclude me from challenging the jurisdiction of this Court based on

challenging the ability of the state of the prosecutors from "haling a defendant into court on a

charge." After all, it is the prosecution that does the "haling into court," not Your Honor. *Cotton*

has not changed anything and *Rosa-Ortiz* and *Peter*, the case it was based on, were both

subsequent to *Cotton* as were *Aleynikov* and *Miranda*.

Since I completed 119 out of 126 property exchanges, and settled with Darling and

Fitzgerald even before the civil trials began, there is certainly no scheme to defraud in this case.

And if there was a "scheme to defraud," I did not create it or participate in it. At no time did I

make any **material** and **knowingly false** written or oral misrepresentation. Please ask the

government to identify what the false statement was, because the word "half-truth" in nowhere to

be found in the Indictment.  Similarly, the Exchangors were all paid back. They made $50

Million on an investment of only $8 Million. So **cheating** them out of their "**money**" or

"**property rights**" never happened. And since all of the wires and mailings were "caused" by

other people, like the Exchangors' attorneys, after they had agreed with Paley to use BPETCO,

none of the wires or mailings were in **furtherance** of the non-existent scheme to defraud. And

even the Court recognized that I did not have the requisite "*scienter*" or "*mens rea*" to commit a

crime of fraud. "He always intended to pay the money back."

Therefore, because the Indictment fails to plead the necessary facts in the detail necessary

to make out a case of federal mail and wire fraud, this Honorable Court lacked jurisdiction under

Rule 12(b)(3)(B) and the Indictment should be dismissed and my conviction vacated.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Reg. No. 90792-038
USP Canaan
Satellite Camp
P.O. Box 200
Waymart, PA 18472