**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANIEL E. CARPENTER )<br><br>v. )<br><br>UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-cr-10029-GAO |

**PETITIONER DANIEL E. CARPENTER'S REPLY BRIEF IN SUPORT OF HIS MOTION FOR AN AMENDED JUDGMENT AND COMMITMENT ORDER**

As it did for my Motion for Summary Judgment, the government spends about one page of its Omnibus Opposition Brief in discussing my Motion for Amended Judgment and Commitment Order, Dkt. #499. Strangely, the government in its brief at pages 31-32 states that the Court does not have the power to reduce my sentence under Rule 35, but in fact does have the power to reduce my sentence under 18 U.S.C. §3582(c) if there is a change in the Sentencing Guidelines, as happened for all "White Collar" economic fraud convictions such as mine on November 1, 2015.

Even a cursory glance at my Motion shows that nowhere do I mention or refer to Rule 35 of the Federal Rules of Criminal Procedure. Instead, in a number of paragraphs I mention the work I have done in securing sentence reductions for over three dozen inmates at Canaan, ranging from a minimum of 10 months to a high of 47 months due to the "Two-Point Reduction for Drugs", known as Amendment 782 to the Sentencing Guidelines, under §3582(c). In fact, most of the inmates I helped received a sentence reduction under §3582(c) of between 24-37 months which, if granted by Your Honor, is more than enough to send me straight home.

In Paragraph 9, I specifically mention the Honorable Judge Patti Saris in her comments regarding the new Sentencing Guidelines for economic fraud cases where she talks about the

sentencing disparities, especially in the Second Circuit, where a Billion-Dollar check-kiting scandal got one year (Weitsman), and the attorney behind the Multi-Billion dollar REFCO fraud Joseph Collins, received a year and a day as well. (See Dkt. #499, Paragraph 9).

But, what about sentencing disparities in the First Circuit? Please see Paragraph 24 of my Motion and please explain how the defendants in *United States v. Prosperi*, 686 F.3d. 32 (1st Cir. 2012), who defrauded the Federal government and the citizens of Boston out of millions of dollars in the "Big Dig" project, and yet received probation when they were looking at a guidelines range of 87-108 months.

Additionally, Judge Saris in all of her statements, interviews, and articles on the subject of the new Sentencing Guidelines, emphasizes that not only do the new guidelines reduce the sentencing levels based on the amount of loss, Judge Saris explicitly states that the Sentencing Commission has formally adopted the concept of "intended loss" as expressed by the Tenth Circuit in *United States v. Manatau*, 647 F.3d 1048 (10th Cir 2011). Therefore, since I repaid the Exchangors $15 million on their $8 million loss **BEFORE** my second trial began in June of 2008, the "actual" loss in my case was zero and the "intended" loss was also zero because as Your Honor has often stated, I always intended to repay the Exchangors back their money, and I certainly never intended to lose the money or harm the Exchangors in the first place. Thus, my case is totally within the range of cases contemplated to have a sentence reduction under the new guidelines.

In fact, some of the cases cited by the government in its Opposition Brief specifically allow Your Honor to do exactly what I am asking the Court to do in my motion, which is to amend my judgment and commitment order and reduce my sentence pursuant to §3582(c) if, in fact, Your Honor does not grant my 2255 Petition (see Paragraph 4 of my Motion to Amend).

See, e.g., *United States v. Griffin*, 524 F.3d 71, 84 (1st Cir. 2008). The government also cites to *United States v. La Bonte*, 70 F.3d 139 (1st Cir. 1995), which clearly states that "a district judge is authorized to resentence a defendant when resentencing is consistent with the policies underlying the amendment", which is certainly the case in my situation with the recent change in the Sentencing Guidelines for economic fraud crimes.

In *La Bonte*, the defendant moved for a reduction in sentence and the judge in that case reduced his sentence from 188 to 151 months for a difference of 37 months, which is more than my entire sentence. The government appealed, and the First Circuit affirmed the sentence reduction in his case, saying that the district court clearly has the power to reduce a sentence at its discretion.

The First Circuit's decision in *La Bonte* also cites to several cases supporting this result, including *United States v. Connell*, 960 F.2d 191 (1st Cir. 1992), citing the district court's ability to modify a sentence pursuant to U.S.S.G. 1B1.10, and cites to *United States v. Miller*, 903 F.2d 341 (5th Cir. 1990) discussing amendments to the Sentencing Guidelines and the sentencing factors under §3553(a) and (b), and stating that the defendant "must first file his motion for modification of his sentence with the district court", which is exactly what I did in this case. See *Miller* at 349.

It is clear from the discussion in regards to modifying my sentence pursuant to §3582(c), that the government has forgotten all about its obligation under *Berger v. United States*, 295 U.S. 78, 88 (1935), that "innocence should not suffer."

Please amend my sentence under 18 U.S.C. §3582(c), and allow me to go home and properly defend myself in Connecticut for my ongoing trial there.

Respectfully Submitted,

<u>/s/ Daniel E. Carpenter</u>
Daniel E. Carpenter
*Pro Se Petitioner*
Reg. No. 90792-038
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

(Dictated, not read)