UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL E. CARPENTER )
) CIVIL NO. 15-cv-11895-GAO
v. ) CRIMINAL NO. 04-cr-10029-GAO
)
UNITED STATES OF AMERICA )

## PETITIONER DANIEL E. CARPENTER'S MEMORANDUM IN REPLY TO GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION FOR SUMMARY JUDGMENT

In its Omnibus Opposition Brief (Dkt. #526, "Op. Br."), the government makes three baseless and totally incorrect statements. "Arguments" is too strong a word for the less than a page of opposition which they asked for and received three separate extensions – and the Forfeitures Section of their brief, which they were not ordered to reply to, is several times longer than the section on Summary Judgment at the bottom of page 28 and top of page 29. See Op. Br. at 28.

The government, in its paltry response, first asserts that it had no duty to respond to my Summary Judgment Motion until ordered by the Court, citing Rule 5(a) of Rules Governing Section 2255 Proceedings. This rule, though, does not apply to Motions for Summary Judgment under Rule 56 of the FRCP, and Rule 56.1 of the Massachusetts Local Rules. See, also, Rule 7.1 of the Rules of the District of Massachusetts.

> As FRCP Rule 56 states: (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.
>
> As Local Rule 56.1 states: Opposition to motions for summary judgment must be filed, unless the court orders otherwise, *within 21 days* after the motion is served.

As Local Rule 7.1 states: (b) Submission of Motion and Opposition to Motion. (2) Submission of Opposition to a Motion. A party opposing a motion, shall file an opposition within 14 days after the motion is served, unless (1) the motion is for summary judgment, in which case the ***opposition shall be filed within 21 days*** after the motion is served....

If the government had filed a Motion for Summary Judgment, which *I neglected* to respond to giving as my excuse that "because the Court did not order me to respond to the motion", then the government would make the same argument that I am making, and I would have no defense for my lack of response within two months, much less the six months in this case, and the Court would rule against me and grant the government's motion for summary judgment.

Second, the government then asserts that I did not sign my original 2255 Petition, or any affidavit. Once again, this is totally untrue. Please see the signature page of my 2255 Petition attached as Exhibit One, where it clearly shows me signing an affidavit for these proceedings under the penalty of perjury. (See Exhibit One attached).

Third, it is not my rule that facts in a motion for summary judgment, unresponded to, become indisputable and irrefutable, it is the District of Massachusetts Rules 56.1 and 7.1, as well as Federal Rule 56. The Local Rules for the District of Massachusetts are dated January 6, 2015, so I did not have access to the new Rules on the prison law computer. But, also see Federal Rules 12(a)(1)(A), requiring a party to serve an answer in the same 21 days except that Rule 12(a)(2), if the party is the United States, the government has 60 days in which to respond. It is undisputed by the government that they did not reply within 60 days to my Motion for Summary Judgment, and therefore, Your Honor should grant my Motion for Summary Judgment as a matter of law. There can be no doubt that if someone was suing me in the District of Massachusetts, and I did not respond to a motion for summary judgment within the specified

amount of time, it would be granted in a matter of days after my adversary's filing. Here, the government has had six months to file a response to my Motion for Summary Judgment, and instead chose to file an inaccurate and legally baseless response of less than one page.

Finally, in my Motion for Summary Judgment, I point to substantial Constitutional issues, like the Supreme Court's recent decision in *Elonis v. United States*, 575 U.S. ___ (2015) and that I lacked any criminal *mens rea* necessary to commit a crime under American Jurisprudence; the fact that this Court lacked jurisdiction; Venue was improper in Massachusetts; my Indictment was constructively amended, and a host of other Constitutional claims, including Fact 44 where I suggest that Your Honor can make history by vacating my conviction due to the government's violation of Section 3731's Double Jeopardy Clause. Therefore, please grant my Summary Judgment Motion (Dkt. #505), as well as my 2255 Petition, and let the government appeal under Section 3731 to the Supreme Court. All of my 77 Facts are now indisputable and irrefutable as a matter of law.

Also, for the purposes of the Court's analysis of my Motion for Summary Judgment, I hereby incorporate by reference both my original 2255 Petition (Dkt. #496) and my recently submitted Reply Brief (Dkt. #531), for support and as an affidavit of facts on the record for the ease of Your Honor's perusal of the Constitutional issues mentioned in my Summary Judgment Motion.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
*Pro Se Petitioner*
Reg. No. 90792-038
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863
(Dictated, not read)