UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL E. CARPENTER ) | |
| ) | CIVIL NO. 15-cv-11895-GAO |
| v. ) | CRIMINAL NO. 04-cr-10029-GAO |
| ) | |
| UNITED STATES OF AMERICA ) | |

## PETITIONER DANIEL E. CARPENTER'S EMERGENCY MOTION FOR BAIL PENDING DECISION OF MY SECTION 2255 PETITION TO VACATE MY CONVICTION

As the Court is probably aware from other filings in my case, just after Christmas I was stripped, given paper pants and a t-shirt, shackled, and then sent in a bus to MDC Brooklyn in the middle of the night in freezing cold weather. Eight days later, I made the same stripped and shackled bus ride to the Wyatt Detention Facility in Rhode Island, where I have been since January 6th. I had no opportunity to take any of my legal papers with me from USP Canaan. Now at a private facility, I have no email or internet capabilities, and each day that I go to court in Hartford, Connecticut, I am awoken at 4:00am, wait downstairs until I am stripped and searched and then shackled and handcuffed and transported to Hartford for my trial, which goes from 9:00am to 4:30 or 5:00pm most days. The trip is two hours each way, and when I get back to Wyatt at 8:00pm or later, I am usually exhausted, miss dinner, and need to be locked in at 9:20pm, so I have little if any time to prepare for trial the next day. It did not need to be this way.

The Bureau of Prisons (BOP) Regulations 5980 provide for a 30 day furlough to prepare for and attend a criminal trial for an incarcerated inmate. The United States Code of Federal Regulations (CFR) §570.33 provides for the same thing. But, because a junior AUSA filed a detainer writ on me without consulting me or my attorneys, I was dragged without warning in the middle of the night from USP Canaan to Brooklyn MDC to Wyatt, which has caused an extreme

hardship in following up on my motions with Your Honor in Boston as well as with preparing for trial in Hartford, or even assisting my counsel for trial day to day because the US Marshals must handcuff me at every break and take me to the holding pen while other people talk or eat lunch. My attorneys prepared a motion signed and approved by my judge in Hartford, the Honorable Robert N. Chatigny, to allow me to be assigned to Watkinson House in Hartford, a reentry halfway house in Hartford that has space available for me. But, today we learned that the Warden of Canaan turned down my request because my home confinement date is October 10, 2016, and because of my Connecticut indictment, I am not eligible for a halfway house at this time due to the pending charges.

My trial started on February 16th, and we are now in Day 12 and Day 13 of the Trial, and the government feels that they will need perhaps another week to put on the remainder of their witnesses. Because I will be the lead, if not only, witness in my defense, I need to be rested and able to communicate daily with my attorneys and do my own legal research, which I cannot possibly do here at Wyatt. Being here deprives me of my Fifth Amendment right to research and prepare and put on my best defense, and my Sixth Amendment right to access to my legal counsel. I am not allowed to bring a pen in the prison van or even in the holding cell during breaks. Because of these extraordinary circumstances, and the fact that I would be in a halfway house now if not for the Connecticut indictment or I would be at home each day preparing for trial if not for the junior AUSA doing the detainer writ on me, because I would have been able to receive a 30-day furlough.

Because I have raised a dozen meritorious constitutional issues in my §2255 Petition, and the government has failed to counter **any** of the constitutional issues that I have raised, I respectfully ask Your Honor to grant me bail pending Your Honor's decision on my 2255

Petition and have Your Honor's Clerk send a copy of that order to Judge Chatigny in Hartford so that he can notify the Marshals that I have successfully obtained bail. The Marshals are on my side on this issue, as is Judge Chatigny, and the US Marshals are anxious to get rid of me and get back to taking care of "real criminals" and felons. Their words, not mine.

I would appreciate Your Honor reviewing and granting this request as expeditiously as possible so I can adequately prepare for my testimony that could begin as early as the end of next week or early the following week. Suffice it to say, I have not caught any breaks in either my Boston case or in my Connecticut case since Christmas, and I have meritorious arguments before both Your Honor and Judge Chatigny. I still believe with all of my heart that I am an innocent man who is the victim of egregious and vindictive prosecutorial misconduct in both cases. Therefore, I respectfully ask that Your Honor grant my request for bail pending decision on my §2255 Petition so I can properly defend myself in Connecticut. In the alternative, I would request that Your Honor grant me the 30-day furlough that is clearly allowed in the statutes, but bail in this case is appropriate because my wife and daughter have already posted their homes as a bond with Judge Chatigny.

## I. LEGAL STANDARD

A federal court's authority to release a prisoner on his own recognizance while a decision is pending on his writ of habeas corpus is beyond question and stems from the historical power of the Writ itself. There is abundant authority that federal district court judges in a Section 2255 habeas proceeding have the "inherent power" to admit applicants to bail pending the decision of their cases. See, e.g., *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985), citing numerous cases including *Ostrer v. United States*, 584 F.2d 594, 596 (2d Cir. 1978), and *Jago v. United States*, 570 F.2d 618 (6th Cir. 1978).

This tradition precedes AEDPA and goes back over 60 years. See, e.g., *Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1950), where the district court granted bail pending a decision on the inmate's 2255 and the Third Circuit affirmed the district court's ruling over the Warden's objections and appeal of the district court's awarding of bail. Also, the district court always has the ability to modify a prisoner's custody status. See, e.g., *Falconer v. Lane*, 905 F.2d 1129, 1137 (7 Cir. 1990). Many times a district court will allow an incarcerated inmate to have a furlough to attend the funeral for a deceased family member. Certainly my constitutional rights to defend myself at trial and have access to my counsel should be a greater priority than attending a funeral. But, funeral-type furloughs are granted all the time, and certainly bail pending the outcome of a §2255 petition should be more meritorious than attending a funeral.

Moreover, the Court **must** accept the truth of the allegations made in my 2255 Petition unless they are clearly frivolous based on the record. See *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). Therefore, I should be allowed to be at home on bail because I qualified for bail in my Connecticut case and both my wife and daughter have posted their homes as security for bond in that case.

## II. BAIL PENDING DECISION ON MY 2255 PETITION IS APPROPRIATE

If Ouimette could qualify for "instant release" based on his 2255 petition, after confessing to and pleading guilty to robbing a bank just because the government tried to hide the criminal background of his co-conspirator, I feel that I am definitely entitled to have my conviction immediately vacated as well. See *Ouimette v. Moran*, 942 F.2d 1 (1st Cir. 1991), mentioned in my 2255 Reply Brief. Additionally, Your Honor has the ability to commute my sentence to time served under 18 U.S.C. §3582(c), which clearly I deserve as well. At the very

least, I deserve to have thoughtful consideration of the dozen or so major and substantive constitutional issues raised in my 2255 Petition.

Therefore, Your Honor should order my immediate release from custody and send a copy of that order to Judge Chatigny so he, in turn, can give it to the Marshals here in Hartford and they can notify the two Marshals that drive me in from Wyatt each morning. In fact, one of the inmates I traveled with this morning is receiving a 5-day furlough to attend his mother's funeral. I deserve at least a furlough to prepare for my testimony in my defense that could take three days if not a whole week. My wife and daughter have already posted a bond for my bail in the Connecticut case. Additionally, Your Honor knows better than anyone that I am not a "danger to society" and I am certainly not a flight risk. As Your Honor stated about my multiple filings, I am "more prone to fight than flight." And, I asked Your Honor to take judicial notice of the fact that 90% of the allegations in the Connecticut indictment happened before my second trial in 2008 and 100% happened before my second New Trial Order in 2011.

Even more significant is the fact that my "imminent and impending" indictment in Wisconsin that has been used against me since 2010 in Your Honor's Court and even at my sentencing has never materialized, despite the fact that the unlawful raid on my office happened six years ago. Additionally, the judgment that the government quoted from at my sentencing from a judge in New York was overturned and vacated by the Second Circuit. The nasty email between my attorneys and the Exchangors' attorneys was not authored by me or sent by me, but it was used against me at sentencing to suggest that I showed no remorse. And, in December of 2015, the Exchangors signed a Full Release and Settlement Agreement with BPETCO and other unrelated entities acknowledging that they have received over $50 million from my victories over PaineWebber and Merrill Lynch for their $8 million loss. Attorneys for the Exchangors

volunteered to send a letter to Your Honor, but my wife and her attorney politely said "No thanks."

The last thing used against me at my sentencing was the issue of my Connecticut indictment, which was the **only** exhibit the government attached to its Omnibus Opposition Brief as if the allegations in an indictment are proof of anything. I would have much preferred that the government at this late date show even one knowingly false or fraudulent "oral or written statement" made by me to the Exchangors, and not hide behind the Paley PowerPoint presentation or the word "half-truth" when discussing contractual agreements that did not mention the word "safety", and had a merger and integration clause that was meant to bar the insertion of made-up words and parol evidence as has happened to me.

Everyone has the right to be sentenced on information that is truthful and not blatantly false as it was in my case. See *Townsend v. Burke*, 334 U.S 736 (1948). For that reason alone, Your Honor should grant my request for bail pending Your Honor's decision on my §2255 Petition because the government continues to make up stories about my alleged conduct with people that I never met and never communicated with. It was no coincidence that I was indicted in Connecticut two weeks after the First Circuit erroneously overturned my second New Trial Order in November 2013.

Finally, Your Honor, I wish to bring to the Court's attention the Supreme Court case of *Betterman v. Montana*, No. 14-1457 (certiorari granted December 4, 2015), where the Supreme Court has accepted the case dealing with a post-trial delay of only 14 months before sentencing. As Your Honor knows, there is a delay of over three years in my case from June 2008 to September 2011, and then another two and a half year delay while the government not-so-diligently pursued their second bite at the apple under §3731, which should not have been

allowed by the First Circuit. It is interesting that the brief in Betterman, which was accepted by the Supreme Court, mentions my case which was denied by the Supreme Court in October. See for example the following from Betterman's Petition for a Writ of Certiorari, where his attorneys cite the First Circuit in my case, stating that Speedy Trial rights are protected from post-trial delay under the Speedy Trial Act:

> Earlier this year, for example, the First Circuit explicitly "decline[d] to adopt" the Second Circuit's reasoning in *Ray. Carpenter*, 781 F.3d at 609-10. In electing to continue to retain its precedent, the court explained that it saw "no reason to depart from the majority view that assumes that the Sixth Amendment also protects against post-trial delay." *Ibid*. This reflects the view taken by "the lower federal courts" that *Pollard* provides "'strong indication' that the sixth amendment has application to the time between conviction and sentencing." *McLellan*, 498 A.2d at 740 (Souter, J.).

Under the Supreme Court's doctrine in *Schriro v. Summerlin*, 542 U.S. 348 (2004):

> "When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).... New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, see *Bousley v. United States*, 523 U.S. 614, 620-621 (1998), as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, see *Saffle v. Parks*, 494 U.S. 484, 494-495 (1990); *Teague v. Lane*, 489 U.S. 288, 311 (1989). Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. *Bousley, supra*, at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974))." *Id.* at 351-52.

Additionally, as I dictate this over the phone, I am shivering and shaking and clearly exhibiting classic flu symptoms. I have body aches all over, and feel nauseous as I dictate this. I have told numerous Correctional Officers (CO's) about my problem, as I feel like I'm in a deep freeze, but a friend of mine says I actually have a fever because I am burning up. When I asked the person that distributes medicine if she could refer or bring me to the medical center, she informed me that she could not even give me an Advil without a medical form, and to get one from the CO. When I asked the CO, though, he told me to get it from the lady that distributes

medicine; the very same person that referred me to the CO. Needless to say, I will be filing motion to dismiss based on violations of my Sixth, Seventh, and Eighth Amendment rights because not only am I being denied my right to defend myself, I am now being denied medical treatment from the people at Wyatt. I hope Your Honor can take this under consideration when you are reviewing this Motion for Bail Pending Decision.

I did not receive a fair trial in Boston, and I am not receiving a fair trial in Connecticut due to the burdens and the prejudice of being incarcerated at Wyatt, two hours away from the courthouse in Hartford. I have no internet access at Wyatt, limited phone service, and only weekly access to visits by my wife and attorneys. This is no way to prepare for my best defense.

## CONCLUSION

Therefore, I respectfully ask Your Honor to issue an order for my immediate release on bail pending Your Honor's decision on my §2255 Petition for the reasons stated above, and for the issues raised in my various briefs, and for the relief requested in my §2255 Petition and my Motion for an Amended Judgment and Commitment Order.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
*Pro Se Petitioner*
*Incarcerated Inmate*
Reg. No. 90792-038
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863
(Dictated, not read)