UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER, ) | |
| Defendant ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BAIL**

The government opposes defendant Daniel E. Carpenter's "Emergency Motion for Bail," (D.534), for the following reason:

**Background.**

A decision on Carpenter's §2255 petition and related pleadings is currently pending before this Court.

On February 16, 2016, a bench trial began in *United States v. Carpenter*, Cr. No. 13-226 (D. Conn.) before U.S. District Judge Robert N. Chatigny.  *See* Connecticut docket excerpt at D.175 (Exhibit 1 attached).  Two weeks before that trial began, Carpenter filed a motion in Connecticut seeking to be released either to home confinement or a halfway house in Hartford, CT.  *Id*. at D.162; (Motion attached as Exhibit 2).  The government opposed that motion for release, but stated that it would not oppose a transfer to a state correctional facility closer to the courthouse.  *See* Government's opposition attached as Exhibit 3.  Among the government's reasons for opposing Carpenter's motion was that all of the time that Carpenter would be on furlough would be credited towards his prison sentence, thus effectively reducing the 36 month term imposed by this Court.  *Id*. at 6-7.

On February 16, 2016, Judge Chatigny held a hearing on Carpenter's motion.  *See* transcript of relevant proceedings, attached as Exhibit 4.  Judge Chatigny stated that Carpenter's

1

request was "reasonable," and that it would help the trial process if he were housed locally, but that he understood his authority was limited to making a non-binding request of the warden. *Id*. at 4-5. He also stated that he "would not be inclined to make that recommendation if it meant that [he] would be asking the warden to in effect commute Mr. Carpenter's sentence." *Id*. at 5. Judge Chatigny concluded that "*[o]n the assumption that Mr. Carpenter's sentence makes him eligible for release to a halfway house now*, I would be inclined to recommend that the BOP exercise its discretion to designate him to a halfway house in order to facilitate this trial." *Id*. at 7 (emphasis added). At the conclusion of the hearing, Judge Chatigny confirmed that he was not ordering or recommending a furlough, but instead supporting Carpenter's request to the BOP that he be transferred to a halfway house in Hartford. *Id*. at 9-10. On February 22, 2016, the BOP denied Carpenter's request for a transfer to a halfway house, stating that his pending criminal case in Connecticut makes him ineligible. *See* letter, attached as Exhibit 5.

On March 8, 2016, Judge Chatigny allowed Carpenter's motion for a private U.S. Marshal's van to transport him to trial. Exhibit 1 at D.194.

**Carpenter's Bail Motion.**

In his present motion for bail, Carpenter makes essentially the same arguments that he made in Connecticut about the burdens of travelling from Wyatt Detention Center to Hartford for trial every day.[1] He also argues the merits of his §2255 petition. Neither supports granting him bail.[2]

While "there is abundant authority that federal district judges in habeas corpus and

---

1 Carpenter fails to explain why he waited until March 7 to file his "emergency" motion. His motion asserts that "they" only just learned that his halfway house request had been denied. However, the letter from BOP is dated February 22, 2016 and, according to the Assistant U.S. Attorneys assigned to Carpenter's case in Connecticut, they received a copy of the BOP letter from Carpenter's defense attorney on March 1, 2016.
2 As noted above, after Carpenter filed the present motion, Judge Chatigny ordered that a private U.S. Marshal's van

section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases," that is "a power to be exercised very sparingly."  *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (Posner, J.) (collecting cases).  "The reasons for parsimonious exercise of the power should be obvious.  A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal."  *Id.*; *see Glynn v. Donnelly*, 470 F.2d 95, 97 (1st Cir. 1972) (denying bail, and noting that after conviction and appeal, the government's "substantial interest in executing its judgment . . . dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies").  The Court of Appeals stated the standard as follows:

> Both in the district court, and on appeal, in the absence of exceptional circumstances – whatever that may include – the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts.  Merely to find that there is a substantial question is far from enough.

*Glynn v. Donnelly*, 470 F.2d at 98.

This Court previously rejected Carpenter's motion for bail pending appeal, finding that none of the issues Carpenter intended to raise on appeal presented a "close" question, and that Carpenter had not shown by clear and convincing evidence that he does not pose a danger to the safety of the community.  D.471 at 7-8.[3]  The Court of Appeals similarly rejected Carpenter's

---

be used to transport him to court each day.
3 With respect to the "danger to the safety of the community" prong, one of the factors the Court cited was a Southern District of New York decision concluding that Carpenter had engaged in fraudulent acts involving a life insurance policy.  Carpenter now claims that the judgment in the New York case "was overturned and vacated by the Second Circuit."  Motion at 5.  That is untrue.  The judgment in that case was affirmed on appeal.  *Universitas Education, LLC v. Nova Group, Inc. et al.*, 513 Fed. App'x 62 (2d Cir. 2013).  The Second Circuit recently reversed just the *sanctions* imposed by the district court.  *Universitas Education, LLC v. Nova Group, Inc.*, 784 F.3d 99, 104 (2d Cir. 2015).  In doing so, however, the Court of Appeals noted that "there is no disagreement that a sanction aimed at deterring Nova's persistent and abusive litigation conduct is appropriate and necessary," leaving the district

request for bail pending appeal.  *United States v. Carpenter* (App. No. 15-1286), June 16, 2014 Order.

Since Carpenter's conviction and sentence have been affirmed on appeal, the grounds for granting bail are even weaker than they were when it was previously denied.  *Glynn v. Donnelly*, 470 F.2d at 97.  Since Carpenter could not bring himself within the terms of 18 U.S.C. §3143(b) for bail pending appeal, he "is not entitled to bail pending . . . decision of his postconviction motion."  *Cherek v. United States*, 767 F.2d at 335.

For all the above reasons, Carpenter's motion for bail pending resolution of his §2255 petition should be denied.

                                            Respectfully submitted

                                            CARMEN M. ORTIZ
                                            UNITED STATES ATTORNEY

Date:   March 14, 2016        By:    /s/ Mark J. Balthazard
                                              MARK J. BALTHAZARD
                                              BBO #544463
                                              Mark.balthazard@usdoj.gov
                                              Assistant U.S. Attorney
                                              U.S. Attorney's Office
                                              1 Courthouse Way
                                              Boston, MA 02210
                                              617-748-3100

---

court "free to craft a sanction that comports with both Rule 11 and this opinion."  *Id*.  The district court docket in that case, *Universitas Education, LLC v. Nova Group, Inc.*, 11-CV-1590 (S.D.N.Y.), reflects that a Certification of Judgment entered on December 21, 2015 against Carpenter in the amount of $30,000.000.  *See* docket excerpt (Exhibit 6).

Case 1:04-cr-10029-GAO   Document 538   Filed 03/14/16   Page 5 of 5

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participant as identified on the Notice of Electronic Filing (NEF), and a paper copy mailed to the Defendant at the following address: Daniel E. Carpenter, No. 90792-038, Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863.

Date:  March 14, 2016                  /s/ Mark J. Balthazard
                                                      MARK J. BALTHAZARD
                                                      Assistant United States Attorney

5