UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10029-GAO

UNITED STATES OF AMERICA

v.

DANIEL E. CARPENTER,
Defendant.

ORDER
March 22, 2016

O'TOOLE, D.J.

      The defendant was convicted by a jury of nineteen counts of mail and wire fraud. After those convictions were affirmed on direct appeal, the defendant since challenged them under 28 U.S.C. § 2255. That motion is still pending. He now seeks an order granting him bail during the pendency of his post-conviction motion. As grounds therefore, he argues that bail is necessary for his defense in an ongoing federal criminal trial in the District of Connecticut. The defendant is currently housed at the Wyatt Detention Facility in Rhode Island. He complains that the long daily ride from Wyatt to the courthouse in Hartford, Connecticut interferes with his ability to prepare his defense.

      Federal courts have the power to grant bail during the pendency of post-conviction motions, but only in "exceptional circumstances." Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). I have previously analyzed the defendant's suitability for bail, albeit in the context of a pending appeal. (See Opinion and Order (dkt. no. 471).) For essentially the same reasons as those discussed in that opinion, I find that bail is inappropriate here.

2

However, I sympathize with the defendant's situation that he is required to traverse the distance between Hartford and Wyatt twice each day. The Bureau of Prisons would not be remiss in affording the defendant some type of accommodation if possible. See, e.g., 28 C.F.R. 570.33(h).

The defendant's Emergency Motion for Bail Pending Decision of the Section 2255 Petition to Vacate the Conviction (dkt. no. 534) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge