UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) ) | CRIMINAL NO. 04-10029-GAO |
| DANIEL E. CARPENTER | ) ) | |

**SUPPLEMENT TO MOTION FOR RECONSIDERATION
OF FORFEITURE (DOC. 471)**

On June 3, 2014, the defendant Daniel Carpenter filed his Motion for Reconsideration of Forfeiture (Doc. 477), in which he contends that this Court should eliminate the forfeiture judgment against him because the direct costs of BPETCO's business, as defined in 18 U.S.C. §981(a)(2)(b), exceed the amount of the forfeiture ordered. That motion remains pending before the Court. Mr. Carpenter now files this Supplement to apprise the Court of three developments in forfeiture law which have, or may have, a bearing on the validity of the Court's forfeiture order.

First, in *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), the Supreme Court considered whether the imposition of joint and several forfeiture liability was permitted under 21 U.S.C. §853. The Court held that it was not, and that '[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself *actually acquired* as the result of the crime." *Id.* at 1635 (emphasis added). While *Honeycutt* dealt with a different forfeiture statute and a different issue than that presented here, its reasoning is nevertheless instructive in the present context. In reaching its conclusion, the Court, among other bases, focused on the meaning of the word "obtain":

In addition to limiting forfeiture to tainted property, § 853(a) defines forfeitable property solely in terms of personal possession or use. This is most clear in the specific text of § 853(a)(1)—the provision under which the Government sought forfeiture in this case. Section 853(a)(1) limits forfeiture to property the defendant "obtained ... as the result of" the crime. At the time Congress enacted § 853(a)(1), the verb "obtain" was defined as "to come into possession of" or to "get or acquire." Random House Dictionary of the English Language 995 (1966); see also 7 Oxford English Dictionary 37 (1933) (defining "obtain" as "[t]o come into the possession or enjoyment of (something) by one's own effort, or by request; to procure or gain, as the result of purpose and effort"). That definition persists today.

*Id.* at 1632. Section 981(a)(2)(B) uses the word "acquire" rather than "obtain," but the *Honeycutt* Court obviously regarded the two as synonymous. To "acquire" something is to "[b]uy or obtain (an asset or object for oneself." https://en.oxforddictionaries.com/definition/acquire. *See* http://www.dictionary.com/browse/acquire (defining "acquire" as "to come into possession or ownership of; get as one's own"); https://www.merriam-webster.com/dictionary/acquire (defining "acquire" as "to get as one's own"). Here, although the issue is not, as in *Honeycutt*, whether a defendant can be required to forfeit monies that were obtained by someone else, the defendant must nonetheless have acquired or obtained the monies he has been ordered to forfeit. *Honeycutt*, therefore, underscores the proposition that forfeiture cannot be ordered in this case because the defendant did not "acquire" the funds that were returned to the exchangors.

Second, in *United States v. Gorski*, No. 16-2471, a case pending in the First Circuit, the defendant has argued, relying in part on *Honeycutt*, that because §981(a)(2) does not authorize money judgments, they are impermissible. The case was scheduled for oral argument on July 24, 2017, but was removed from the calendar at the government's urging because the government was not prepared to address the implications of *Honeycutt*, as the First Circuit had instructed it to be prepared to do, because the Department of Justice is still in the process of formulating

guidance regarding the application of *Honeycutt*.[1] The First Circuit expects to hear oral argument in *Gorski* in October 2017.

Third, pending before the Supreme Court is a petition for certiorari in *Lo v. United States*, No. 16-8327, which presents the question whether the government can permissibly obtain money judgments, which are not authorized by statute. The Court has requested a response from the government, which generally signals that the Court is seriously considering a grant of certiorari. The government's response is currently due to be filed on August 7, 2017.

Based on the pendency of *Gorski* and *Lo*, Mr. Carpenter requests that the Court not rule on the pending motion for reconsideration until those cases are decided (assuming that certiorari is granted in *Lo*) and further requests the he be permitted to further supplement his Motion for Reconsideration should the First Circuit hold in *Gorski* that money judgments are impermissible and/or the Supreme Court grants certiorari in *Lo* and holds that money judgments are impermissible.

Mr. Carpenter reserves the right to separately file another motion contending that, based on the Supreme Court's decision in *Honeycutt*, his conviction should be vacated as he had no intent to deceive anyone to "obtain" property as the word "obtain" is defined in Honeycutt

Respectfully submitted,

By his Attorney,

**/s/ Martin G. Weinberg**

---

[1] As Gorski noted in his reply brief, two Supreme Court justices raised concerns during the *Honeycutt* oral argument that forfeiture money judgments are not authorized by statute. *See* Reply Brief of Defendant-Appellant, No. 16-2471, at 18 n.5.

        Martin G. Weinberg, Esq.
        20 Park Plaza, Suite 1000
        Boston, MA  02116
        (617) 227-3700
        owlmgw@att.net

## **CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on July 31, 2017, this Supplement was served on all registered participants through its filing with this Court's CM/ECF system.

        **/s/ Martin G. Weinberg**
        Martin G. Weinberg