UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL E. CARPENTER )<br>) | CRIMINAL NO. 04-10029-GAO |

**RENEWED MOTION TO DISMISS MR. CARPENTER'S INDICTMENT
BASED ON VIOLATIONS OF THE DUE PROCESS CLAUSE AND
SPEEDY TRIAL CLAUSE OF THE CONSTITUTION**

I.  **PRELIMINARY STATEMENT**

While many people complain that they were born at the wrong time, Mr. Carpenter's misfortune was being indicted in September of 2004 for allegedly fraudulent conduct by Marty Paley, who created a PowerPoint slide in 1998 that stated clients should ask their Qualified Intermediary about "safety" – a word that is nowhere to be found in the BPETCO Exchange Agreements themselves, yet it is that PowerPoint slide on which the First Circuit based its November 2013 decision to overturn Mr. Carpenter's Second New Trial Order that was granted on September 1, 2011. Mr. Carpenter is perhaps the only person in America to have had two New Trial Orders appealed by the government, but this Motion is not about the Double Jeopardy provision in 18 U.S.C. §3731, because Mr. Carpenter has already served his "time" yet is still fighting the government over his fines, forfeitures, and freedom. Mr. Carpenter respectfully suggests to the Court that if he was indicted now for conduct alleged in 1998, he would bring a Due Process Clause motion to dismiss the indictment, as opposed to the several Speedy Trial Motions that Mr. Carpenter brought over the years from 2005 through 2014, and the Court would probably grant that motion as Judge Zobel recently did in *United States v. Handa*, 2017 WL 3082657 (D. Mass. 2017), which interestingly enough cites Mr. Carpenter's case *United States v.*

1

*Carpenter*, 781 F.3d 599 (1st Cir. 2015) for an analysis of the *Barker v. Wingo*, 407 U.S. 514 (1972) factors.

Unlike Mr. Carpenter, the defendant in *Handa* could rely on recent decisions by the Supreme Court such as *Betterman v. Montana*, 136 S.Ct. 1609 (2016), where the Supreme Court established that there was no "Speedy Sentencing" right in the Speedy Trial Clause of the Constitution, but Justice Sotomayor suggested in her opinion that the standard for "Due Process delay" in sentencing should be the familiar *Barker* factors: (1) the "[l]ength of the delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." *See, e.g., United States v. Irizarry-Colon*, 848 F.3d 61, 67 (1st Cir. 2017), *citing Barker* at 530. A delay of one year or more crosses the threshold and triggers the analysis of the remaining *Barker* factors, but no one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant. In Mr. Carpenter's case, all four factors point to a dismissal of the Indictment with prejudice.

First, the "length of total delay" in this case has been well over 14 years, and conceivably as long as 19 years, so the first factor favors Mr. Carpenter. Second, the "reason for the delay" for over 12 years has been the government's unwarranted §3731 appeals as well as this Court's delays for over 38 months. *See Carpenter* at 612. Therefore, the second factor favors Mr. Carpenter. Third, Mr. Carpenter has submitted no less than six separate motions laying out the various speedy trial violations that have occurred in this case since it began, so the third factor obviously favors Mr. Carpenter. No defendant in the history of the First Circuit has done more Speedy Trial motions than Mr. Carpenter. Fourth, and most importantly, not only has this nearly 20-year nightmare resulted in the worst forms of prejudice against Mr. Carpenter in not only lost business opportunities and public obloquy, but also by separate litigations being poisoned against

2

him due to a presumption of guilt and "negative inferences." As the Court knows well, both the Court and the First Circuit have already ruled that Mr. Carpenter suffered "actual" prejudice in addition to "presumptive" prejudice under the Speedy Trial standard of *Barker v. Wingo*, which is the standard that Justice Sotomayor suggests should be used in the post-trial Due Process analysis after *Betterman*.

There is no denying that "substantial prejudice" has resulted from the delay in this case. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," of which there are three: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker* at 532. As stated in *Barker*, the effect delay has on a defendant's ability to mount a defense is "the most serious" of the interests protected by the right, as "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker* at 532. The other three *Barker* prongs clearly favor Mr. Carpenter, so that his Indictment should be dismissed forthwith with prejudice in the interests of justice. Once the delay is over three years, it should be deemed "presumptive prejudice." See Judge Lipez's decision in the Third Circuit case of *United States v. Velazquez*, 749 F.3d 161 (3d Cir. 2014).

Surprisingly, the First Circuit's decision in *Irizarry-Colon* vacating his conviction in February of 2017 for Due Process and Speedy Trial violations came just after Mr. Carpenter's release from prison for a non-crime that he certainly did not commit based on recent famous cases such as *United States v. Countrywide*, 822 F.3d 650 (2d Cir. 2016), *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016), and *United States v. Weimert*, 819 F.3d 351 (7th Cir. 2016); not to mention the recent First Circuit cases like *United States v. Tavares*, 844 F.3d 46

3

(1st Cir. 2016) (mailings were not in furtherance of the scheme to defraud), and *United States v. Berroa*, 856 F.3d 141 (1st Cir. 2017), where the convictions of Puerto Rican doctors were reversed because "under the government's theory, any false statement in an application...could constitute a federal crime." *Berroa* at 150.

As the Court knows better than anyone, at this late date, no one has shown Mr. Carpenter lying to anyone, about anything, at any time. No one. None of the government's filings in this case point out a lie or a misrepresentation by Mr. Carpenter to anyone in writing or otherwise. Yet the First Circuit had no problem reversing the conviction of the doctors in *Berroa* who admittedly lied as well as the fraudsters in *Tavares* who really did commit a fraud, but did not cause mailings in furtherance of the fraud (neither did Mr. Carpenter). In *Irizarry-Colon*, the First Circuit reversed his conviction on Due Process and Speedy Trial grounds in February of 2017 and the District Court in Puerto Rico dismissed his indictment in August 2017 citing that all four *Barker* factors weighed in his favor. Respectfully, the same can be said about Mr. Carpenter, but Mr. Carpenter is basing this Motion on the concept of "presumptive prejudice" so that what happened to Mr. Carpenter in Boston does not happen to anyone else in America again. Mr. Carpenter respectfully submits to the Court that he was a victim of pre-indictment delay, Constitutional Speedy Trial delay, §3161 Speedy Trial delay, and *Betterman* post-verdict Due Process delay caused by the government not once, but twice. In the Supreme Court's unanimous decision in *Moore v. Arizona*, 414 U.S. 25 (1973), the "speedy trial" delay was only 28 months, yet the "speedy trial – due process" delay after my second trial was 38 months (*see Carpenter* at 612), and Rocky Moore was a convicted killer in a California prison, yet this was what the Supreme Court had to say in *Moore*:

> Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Inordinate delay,

4

"wholly aside from possible prejudice to a defense on the merits, may `seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty." *Moore* at 27 (internal citations omitted).

Therefore, Mr. Carpenter respectfully asks this Court to dismiss his Indictment based on the Due Process and Speedy Trial implications of this case due to the 19 year delay from the alleged criminal conduct in this case (the Paley PowerPoint marketing material), to the date of this brief, with virtually all of this delay being attributable to the government.

## II. THE FIRST CIRCUIT'S DECISION IN *IRIZARRY-COLON* IN 2017 REQUIRES THE DISMISSAL OF MR. CARPENTER'S INDICTMENT

Like Mr. Carpenter, the defendant's conduct in *Irizarry-Colon* happened between September 1998 and September 2000 based on Hurricane George in 1998. Like Mr. Carpenter, the defendant in *Irizarry-Colon* had more than one indictment. Unlike Mr. Carpenter, the defendant in *Irizarry-Colon* was able to take advantage of *Bloate v. United States*, 559 U.S. 196 (2010) and had his indictment dismissed on Speedy Trial grounds. Both the government and the defendant agreed that the length of the delay had to be measured across all four indictments and therefore was "presumptively prejudicial" and triggered the full *Barker* analysis. Irizarry-Colon had his conviction overturned in February of 2017 and had his indictment dismissed by the District Court in August of 2017. Mr. Carpenter's Second New Trial Order was overturned in November 2013, more than eight years after his first trial ended in July of 2005. Clearly a detailed side-by-side analysis of Mr. Carpenter's case to *Irizarry-Colon* warrants the dismissal of his Indictment in 2017 as well.

5

## CONCLUSION

Mr. Carpenter bears no ill will against anyone at this point, but the old saying "justice delayed is justice denied" is painfully true in Mr. Carpenter's case. Based on *Irizarry-Colon* and *Bloate*, Mr. Carpenter should have had his Indictment dismissed twice – December 15, 2005 to January 9, 2006 is 24 days plus the 58 days that all agree upon. The second delay that the First Circuit does not mention in its 2015 decision is from September 1, 2011 to September 29, 2011, when the government did its second appeal under §3731. Those 28 days plus the agreed 58 days is 86 days. So, under §3161, the Speedy Trial Clause, and under the Due Process Clause and *Irizarry-Colon*, Mr. Carpenter is entitled to an immediate dismissal of his September 2004 Indictment.

## <u>ORAL ARGUMENT REQUESTED</u>

Mr. Carpenter respectfully requests oral argument on this Motion at the Court's earliest convenience, as a favorable decision here will clear up a significant portion of the Court's Docket pertaining to Mr. Carpenter. Upon notice from the Court, Mr. Carpenter will retain counsel to argue the case in front of this Court.

Respectfully Submitted,

<u>/s/ Daniel E. Carpenter</u>
Daniel E. Carpenter
Petitioner, *pro-se*
18 Pond Side Lane
West Simsbury, CT 06092