UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 04-10029-GAO |
| DANIEL E. CARPENTER,<br>            Defendant. | ) ) ) ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### "EMERGENCY MOTION PETITION FOR A WRIT OF CORAM NOBIS"

The United States of America opposes defendant Daniel E. Carpenter's so-called "emergency" motion for a writ of coram nobis (D. 562).[1]  Carpenter's motion should be denied because he is still serving his term of supervised release and has a §2255 petition pending before this Court.  Thus, as a matter of law, the extraordinary remedy of coram nobis is not available to him.

As for the substance of Carpenter's motion, it consists of little more than a nearly-verbatim regurgitation of prior failed pleadings and, even if the motion were properly before this Court, nothing in it compels the "extraordinary remedy" of coram nobis.

**Coram Nobis may not be used when habeas relief is available**

"As an extraordinary remedy, coram nobis may not issue when other remedies, including habeas corpus, are available." *Murray v. United States*, 704 F.3d 23, 28 (1st Cir. 2013).  A defendant who remains under supervised release or probation is still sufficiently "in custody" to pursue federal habeas relief under 28 U.S.C. §2255.  *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015); *Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003).

---

[1] Carpenter offers no explanation for not filing this motion earlier.

After being convicted at his second trial in 2008, Carpenter was sentenced to 36 months of imprisonment, to be followed by 36 months of supervised release.  D. 437, 438.  Carpenter's conviction and sentence were affirmed by the Court of Appeals.  *United States v. Carpenter*, 781 F.3d 599 (1st Cir. 2015).

On May 18, 2015, Carpenter filed a Motion to Vacate, Set Aside or Correct Sentence (28 U.S.C. §2255) (D. 496), including a Memorandum in Support of that Motion (D. 497).  The government's Consolidated Opposition addressed the issues raised in Carpenter's §2255 petition and several other outstanding motions.  (D. 526).  To date, the Court has not ruled on the §2255 petition or the other pending motions.

Carpenter was released from prison on January 26, 2017.  *See* Bureau of Prisons online locator, attached as Exhibit 1.  Thus, Carpenter's 36-month supervised release term does not expire until January 25, 2020.  Because Carpenter is still on supervised release, his §2255 petition remains pending before this Court and he is ineligible for coram nobis relief.  For that reason alone, his motion should be denied

**Carpenter otherwise fails to establish basis for coram nobis relief**

However, even if the Court determines that it should assess the merits of Carpenter's motion, the motion should be denied.

**Applicable Law**

Courts in this Circuit are guided by a "tripartite test" in assessing a coram nobis petition. *United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012).  "Under it, a coram nobis petitioner must explain his failure to seek earlier relief from the judgment, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental character." *Id*.  However, even if the test is

satisfied, it is the petitioner's burden "to convince the court that the ends of justice will be served by granting such extraordinary relief." *Id*. "The Supreme Court has always envisioned coram nobis as strong medicine, not profligately to be dispensed," noting that "the Justices have stressed that there will rarely be situations warranting the deployment of the writ." *Id*. at 254.

### Carpenter Fails to Establish a Basis for Coram Nobis Relief

Carpenter's motion raises five claims: 1) ineffective assistance of counsel; 2) lack of jurisdiction; 3) improper venue; 4) "*Brady*, Jencks, *Giglio*, and *Napue*" violations (including the government's alleged use of perjured trial testimony); and 5) due process delay. Carpenter previously addressed issues 1, 3, 4, and 5 in his §2255 petition (D. 496-97), and issue 2 in his Motion to Amend the §2255 Petition (D. 503). Carpenter's present motion contains no new claims, evidence, or arguments, but instead offers nothing more than a rehash of his earlier pleadings.[2]

The government's Consolidated Opposition (D. 526) fully addressed all of those claims raised by Carpenter in his §2255 petition and related pleadings. In sum, the government argued that Carpenter was precluded from prevailing on every issue raised, except ineffective assistance of counsel, because each had been previously addressed and rejected, either by this Court and/or by the Court of Appeals. The government also detailed in that pleading why Carpenter had failed to establish his claim of ineffective assistance under the *Strickland* standard. Rather than repeat all of those arguments here, the government instead incorporates by reference its Consolidated Opposition (D. 526) in its entirety.

---

[2] Carpenter's ineffective assistance argument at pages 7-13 of the present motion, for example, is nearly identical to that found at pages 17-23 of his §2255 petition.

**Conclusion**

Carpenter's motion should be dismissed because he is still serving a term of supervised release, is eligible to press his claims in a §2255 petition, and is thus ineligible for coram nobis relief.  As for the substance of his claims, Carpenter has failed to demonstrate that the judgment resulted from an error of the most fundamental character, nor "that justice demands the extraordinary balm of coram nobis relief."  *George*, 676 F.3d at 255.  His motion should be denied in its entirety.

                                              Respectfully submitted,

                                              ANDREW E. LELLING
                                              United States Attorney

                                  By: /s/ Mark J. Balthazard
                                        MARK J. BALTHAZARD
                                        Assistant U.S. Attorney
                                        John Joseph Moakley United States Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        Mark.balthazard@usdoj.gov
                                        BBO #544463
                                        (617) 748-3208

Date:   June 12, 2018

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy mailed to the Defendant at the following address: Daniel E. Carpenter, 18 Pond Side Lane, West Simsbury, CT 06092.

June 12, 2018                                    /s/ Mark J. Balthazard  
                                                    MARK J. BALTHAZARD  
                                                    Assistant U.S. Attorney