UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL E. CARPENTER<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 04-10029-GAO |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
## PURSUANT TO TITLE 18 U.S.C. §3583(e)(1)

### PRELIMINARY STATEMENT

Daniel Carpenter (the Petitioner, Mr. Carpenter), hereby respectfully requests that this Court terminate his supervised release pursuant to 18 U.S.C. §3583(e)(1) for the reasons discussed below. As of July, Mr. Carpenter will have served 18 of his 36 months of Supervised Release, and pursuant to §3583(e)(1), is allowed to petition this Court to modify, reduce, or terminate his term of supervised release after the period of one year. Mr. Carpenter had a spotless record as an inmate at USP Canaan, where he received no Halfway House time or any Home Confinement time as required by the Second Chance Act and §3624(c). Mr. Carpenter has demonstrated exemplary post-conviction conduct, and as the Court is aware, Mr. Carpenter has been instrumental in securing the early release of over 70 other inmates by helping them with their §3582 filings, 2255 Petitions, Appeals, and Petitions for Clemency and Compassionate Release. Mr. Carpenter has had no violations on Probation and Supervised Release. He has informed his Connecticut Probation Officer, Ms. Kristin Moran, of his intention to file this Motion with the Court.

As the Court is also aware, Mr. Carpenter has been under the direct supervision of this Court since his indictment in February of 2004. He was also under the supervision of Pretrial

Services Officer Basil Cronin for 10 years from 2004-2014 when he was sentenced by this Court

to a term of 36 months.  At no time from 2004 through 2018 has Mr. Carpenter been cited for

any violation of Bail, Pretrial Release, or Probation in front of this Court.

## LEGAL STANDARD

Under 18 U.S.C. §3583(e), the Court has authority to grant early termination of a

previously imposed term of supervised release. Section 3583(e)(1) provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors
> set forth in 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),
> and (a)(7).
>
> > (1)      terminate a term of supervised release and discharge the defendant
> > released at any time after the expiration of one year of supervised
> > release, pursuant to the provisions of the Federal Rules of Criminal
> > Procedure relating to the modification of probation, if it is satisfied that
> > such action is warranted by the conduct of the defendant released and
> > the interest of justice. 18 U.S.C. Section 3583(e)(1).

To be eligible for termination of supervised release the defendant must meet a two prong

test establishing that termination is warranted by (1) "the conduct of the defendant"; and (2) "the

interest of justice." 18 U.S.C. §3583(e)(1). The factors to be considered by the Court for early

termination under §3583(e)(1) mirror the sentencing factors in §3553(a), with one exception, 18

U.S.C. §3553(a)2(A) is excluded. Section 3553(a)(2)(A) is a sentencing factor intended to

"reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense." The exclusion of this subsection as a factor for early termination

indicates that supervised release is not intended to be further punishment, and therefore,

retribution as a factor is eliminated and should not be considered by the Court. The terms of

incarceration and Halfway House are meant to satisfy the retributive goal of the sentencing

scheme.  In this case, Mr. Carpenter served his full sentence because the Warden at USP Canaan

did not grant him any Halfway House or Home Confinement as required by the Second Chance

Act. This is an important factor for the Court to take into account since the Court noted that Mr. Carpenter's sentence of 36 months was 12 months longer than the national average, as well as the average for the District of Massachusetts and the First Circuit.

However the Court chooses to view the situation, Mr. Carpenter's conduct both inside prison and after prison has been exemplary, and he was clearly "over-punished" for a non-crime that he did not commit. As the Court is well aware, Mr. Carpenter has pending a 2255 Petition and a Writ of Coram Nobis to vacate his conviction, along with a dozen other motions that remain pending with this Court that would obviously terminate his time of Supervised Release, as well as vacating his conviction. Mr. Carpenter respectfully asks the Court to take those motions into consideration as well as incorporating them by reference into this Motion.

Mr. Carpenter is the perfect candidate for the early termination of supervised release. As the U.S. Supreme Court has interpreted the purpose of supervised release:

> Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends distinct from those served by incarceration. *See* §3553(a)(2)(D); U.S. Sentencing Commission, Guidelines Manual Section 5D1.3(c), (d), (e) (Nov. 1998); see also S. Rep No. 98-225, p.124 (1983) declaring that the primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release... *Johnson v. United States*, 529 U.S. 694 (2000).

Although 18 U.S.C. §3583(e)(1) refers the Court generally to a consideration of the §3553(a) sentencing factors when adjudicating an early termination motion, a more perceptive and pragmatic list of criteria to be applied by the Court in the context of an early termination proceeding is available and comports with the statutory requirements of §3553(a). With input from Probation Officers, the Judicial Conference Committee on Criminal Law, chaired by Chief

3

Judge William Wilkins promulgated a list of criteria for the court's consideration in the context

of early termination of supervised release. The criteria promulgated by the Committee were:

1. Stable community reintegration (e.g. residence, family, employment);
2. Progressive strides toward supervision objectives and compliance with all conditions of supervision;
3. No aggravated role in the offense of conviction, particularly drug or fraud offenses;
4. No history of violence (e.g. sexual assault, predatory behavior, or domestic violence);
5. No recent arrests or convictions (including unresolved pending charges) or ongoing uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index.

Obviously, Mr. Carpenter qualifies for relief under all of the above, as well as the

applicable §3553 criteria. Moreover, Chief Judge Wilkins, on behalf of the Judicial Conference

Committee, asserted that "The committee believes that when the conditions of supervision

imposed have been met, and the offender has successfully reintegrated into the community and

does not pose a foreseeable risk to public safety in general or to any individual third party, the

probation officer should request the court to consider early termination."

While Section 3583(e)(1) and the interest of justice require at least one year of supervised

release after incarceration before the supervision can be terminated early, and specify that early

termination may occur only when warranted by the conduct of the defendant and in the interest

of justice, the Committee also noted that it makes little policy or financial sense to keep worthy

people under continued supervision, and therefore the Committee recommended that the Judicial

Conference seek legislation that permits the early termination of supervision terms, without

regard to the limitations in 18 U.S.C. §3583(e)(1). The Conference adopted the Committee's

recommendation. Moreover, in 2016, the Committee shared with all chief district judges a report

on the early termination of probation and supervised release that confirmed that the Judiciary's

policies on early termination allowed probation officers to make responsible decisions about which offenders to recommend for early termination. More than 7,000 offenders were terminated early from supervision in fiscal year 2012, saving the Judiciary Department more than $7.7 million. If for no other reason than financial reasons, it is a waste of scarce judicial resources to keep a family man like Mr. Carpenter under Supervised Release, when it prevents him from getting gainful employment and re-entering Society.

<strong>ARGUMENT</strong>

## I. THE PETITIONER MEETS THE CRITERIA FOR EARLY TERMINATION PROMULGATED BY THE JUDICIAL CONFERENCE COMMITTEE ON CRIMINAL LAW AND IS DESERVING OF EARLY TERMINATION

As the Court knows well, Mr. Carpenter comes from a good family and has been compliant with all orders of this Court during the past 14 years. He has no evidence of alcohol or drug abuse, or any history of violence. He is certainly not a danger to the safety of anyone, or public safety as a whole. In short, he meets all the criteria under §3553 for early termination of supervised release. The Petitioner's history of compliance and need for minimal supervision reflects the type of conduct called for by Section 3583(e)(1).

The first prong of the two prong test for early termination under §3583(e)(1) calls for the Court to determine whether "the conduct of the defendant" is such as to warrant a grant of relief. Mr. Carpenter has at all times been compliant with the rules and requirements of his supervised release, once again reaffirming his penchant for compliance, a lack of need for supervision, and evincing the sort of conduct called for by the first prong of §3583(e)(1).

## II.     THE INTERESTS OF JUSTICE WILL BE SERVED BY THE EARLY TERMINATION OF THE PETITIONER'S TERM OF SUPERVISED RELEASE

The second prong for early termination under Section 3583(e)(1) calls for the Court to determine whether "the interest of justice" would be served by the early termination of supervised release. As the Court is well aware, Mr. Carpenter has spent every day of the 21st Century being investigated, prosecuted, incarcerated, and under the supervision of the United States Government. This has effectively destroyed Mr. Carpenter's reputation and business opportunities. It has also drained his financial resources and the resources of his family. In fact, as Mr. Carpenter has quoted numerous times before in other filings dealing with Speedy Trial and Due Process delay violations of this case, he has experienced the Founders' worst nightmare as described in the Supreme Court's unanimous decision in *Moore v. Arizona*, 414 U.S. 25 (1973):

> Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Inordinate delay, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty. *Moore* at 27, *citing United States v. Marion*, 404 U.S. 307, 320-21 (1971).

There is no good reason for keeping Mr. Carpenter under Supervised Release any longer, and as the Judiciary Committee recognized, it was Congress' intent to put Section 3583(e)(1) into the Law to give courts the discretion to reduce the time of supervised release that someone must serve after they have paid their debt to Society by doing their time in prison. Supervised Release was never intended to be an additional form of punishment, and now the government is trying to use this period of Supervised Release as a device to prevent Mr. Carpenter from

proceeding with his Writ of Coram Nobis to vacate his conviction. Therefore, in Mr. Carpenter's case, granting Mr. Carpenter's early release from the terms of his Probation would not only satisfy the interest of justice, but also prevent the government from using his Supervised Release as a means of depriving him of his constitutional rights. The Court should not countenance the government's conduct in this case, and should therefore grant Mr. Carpenter's Motion in the interest of justice.

## CONCLUSION

The combination of Mr. Carpenter's exemplary compliant conduct while in prison and since he has been home, militate for the favorable exercise of discretion by this Court in granting the Petitioner's motion for early termination of his supervised release pursuant to Section 3583(e)(1). Accordingly, Mr. Carpenter respectfully moves this Court for early termination of the remainder of his term of supervised release.


Respectfully submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, *pro se*
18 Pond Side Lane
West Simsbury, CT 06092