UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 04-10029-GAO |
| DANIEL E. CARPENTER,<br>    Defendant. | ) ) ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The defendant Daniel E. Carpenter ("Carpenter") has moved to terminate his supervised release after serving less than half of his 36-month term, while more than $260,000 in restitution and $100,000 criminal fine remain unpaid, and after having been convicted two years ago of a second, multi-year fraud and money laundering scheme and conspiracy committed while on release and after his conviction in the present case.   The government opposes this motion.

Carpenter was indicted in 2004 (D.1) and convicted at his first trial in July 2005 (D.149). After the Court allowed his motion for a new trial, he was convicted again in June 2008 (D.285). The Court sentenced Carpenter to 36 months of imprisonment, to be followed by 36 months of supervised release.   D. 437, 438.   The Court of Appeals affirmed his conviction and sentence. *United States v. Carpenter*, 781 F.3d 599 (1st Cir. 2015).   Carpenter's §2255 petition is pending before the Court.

In December 2013, Carpenter was indicted in the District of Connecticut on multiple counts of mail and wire fraud, conspiracy, and money laundering, all in connection with a separate fraudulent scheme committed from about 2006 through 2013.   Cr. No. 13-226-RNC (D. CT) (D.1).   On June 6, 2016, Carpenter was convicted on all 57 counts in the Superseding

Indictment. *Id*., D.213. The Connecticut conviction establishes that Carpenter committed serious federal crimes both before and after his 2008 conviction in Massachusetts. Committing such crimes was also a direct violation of his release conditions in this case.

Carpenter's current 36-month supervised release term began when he was released from prison on January 26, 2017, and so he has served less than half of the term ordered. *See* Bureau of Prisons online locator, attached as Exhibit 1. Moreover, Carpenter still owes $261,764.56 in restitution, as well as the entire $100,000 fine. See redacted Case Inquiry Report dated 6/21/2018 obtained from the District of Massachusetts Clerk's Office, attached as Exhibit 2.

### **Applicable Law**

A Court may terminate a term of supervised release at any time after one year, if the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice, after considering several of the factors set forth in 18 U.S.C. §3553(a). 18 U.S.C. §3583(e). Among the factors that a Court must consider are the need to protect the public from further crimes of the defendant, and the need to provide restitution to victims of the offense. *Id*.

### **The Court should deny early termination of Carpenter's supervised release**

Carpenter has twice been convicted of serious federal crimes. He committed the second lengthy fraudulent scheme while awaiting trial in this case, and continuing for years afterward. In doing so, he violated this Court's release conditions that prohibited him from committing any other local, state or federal offense. D. 7. The Court imposed the 36-month supervised release term, even while acknowledging that the Connecticut indictment only established probable cause that Carpenter had committed the charged offenses. D. 438 at pg. 17 (excerpt of sentencing transcript, attached to Judgment). Now that Carpenter's guilt has been proven beyond a reasonable doubt at trial, there is even more reason for Carpenter to remain under supervision for

the full 36 months. Carpenter's willingness to commit additional serious federal crimes while on release in this case, and even after having been convicted for the second time in 2008, underscores the need for continued supervision to protect the public from any further crimes he might commit.

Moreover, the Court should deny the motion because Carpenter has failed to pay more than $260,000 in restitution in this case, although, according to the docket in the Connecticut case, he apparently has sufficient financial resources to retain counsel, including lawyers from the Washington firm Sidley Austin LLP. *See, e.g.*, *United States v. Bania*, 562 Fed. Appx. 528, 529 (7th Cir. 2014) ("The district court was statutorily bound to consider, among other things, the need to provide restitution to the victims, 18 U.S.C. §§3583(e); 3553(a)(7), and a conclusion that further supervision was needed to ensure repayments to [defendant]'s victims was not plain error"); *United States v. Oak*, 398 Fed. Appx. 274, 274-75 (9th Cir. 2010) ("The district court properly based its decision [to deny early termination of supervised release] upon the finding that [defendant] still owes more than $200,000 in restitution").

For all the above reasons, the Court should deny Carpenter's motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Mark J. Balthazard
    MARK J. BALTHAZARD
    Assistant U.S. Attorney
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    Mark.balthazard@usdoj.gov
    BBO #544463
    (617) 748-3208

Date: July 3, 2018

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy mailed to the Defendant at the following address: Daniel E. Carpenter, 18 Pond Side Lane, West Simsbury, CT 06092.

July 3, 2018                                        /s/ Mark J. Balthazard
                                                    MARK J. BALTHAZARD
                                                    Assistant U.S. Attorney