No. 04-10029-GAO

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**DANIEL E. CARPENTER,**
Petitioner,

v.

**UNITED STATES OF AMERICA**
Respondent.

## EMERGENCY MOTION FOR ADJUSTMENT AND MODIFICATION OF PETITIONER'S RESTITUTION PAYMENT SCHEDULE

FILED IN CLERKS OFFICE

1

FILED
IN CLERKS OFFICE

2019 OCT -4 AM 10: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10029-GAO |
| ) | |
| DANIEL E. CARPENTER ) | |

### Emergency Motion for Adjustment and Modification of
### Petitioner's Restitution Payment Schedule

NOW COMES the Petitioner, Daniel E. Carpenter ("Petitioner"), to respectfully move this Court for an immediate order modifying his restitution payment schedule while in prison to $25 per quarter under the Inmate Financial Responsibility Program (IFRP) payment plan, pursuant to 18 U.S.C. §3664(k) and other applicable sections of the Code, in the interests of justice.

## I.  Background

As the Court is well aware, Petitioner was sentenced in February 2014 to 36 months, which he has already served, plus a fine of $100,000 and over $300,000 in Restitution. While at USP Canaan, Petitioner paid $25 per month and then $50 per month upon his release, and because Petitioner had no income during 2017 and 2018, Petitioner's Wife dutifully paid and continues to pay into this Court $50 each month as instructed by Probation as part of Petitioner's Supervised Release. Petitioner's Appeal of this Court's order for forfeiture is being heard next week by the First Circuit on October 7th. Even a cursory glance at Petitioner's filings in his Appeal would show that the Exchangors who lost $8 million have now received a judicial windfall of over $50 million based on Petitioner's legal victories over PaineWebber and Merrill Lynch. In fact, the Exchangors released Petitioner from any and all claims in a global settlement in 2015 while

2

Petitioner was at Canaan serving his sentence. See Global BPETCO Settlement and Release Agreement attached as Exhibit One.

The Court also clearly realizes that Petitioner is committed to vacating his Boston conviction as he has been for over five years now. Short of that, Petitioner is entitled to file a motion in the Boston case that his restitution has been fully paid, and he is also entitled pursuant to §3572(d)(3) to have his fine payment schedule reduced as well. At this time, Petitioner is at FMC Devens for his Connecticut case, where the oral argument in his appeal to the Second Circuit is set for December 12th, 2019. Importantly, though, Petitioner is not paying anything for restitution in the Connecticut case, nor does he have any fines or forfeitures in that case. So, while the Petitioner is at the Camp at Devens for the Connecticut case, the management at Devens seeks to "double charge" Petitioner's Wife for restitution allegedly owed in the Boston case; despite the fact that Petitioner's Wife is his sole means of support while incarcerated.

While at Devens, Petitioner was paying $35 per quarter until he was notified just last week that his IFRP payment would be increased by management to $1,542 per quarter, simply because Petitioner's Wife had contributed $3,000 to his Commissary Account over the past six months that he has been at Devens. This unconscionable change in restitution payments for Petitioner's previous case is why Petitioner seeks this Court's immediate help to reduce his restitution schedule to $25 per quarter as he continues to seek to vacate his Boston conviction.

## II. Legal Standard

The adjustment or modification of an inmate's restitution payment schedule by the Court is specifically authorized under 18 U.S.C. §3664(k), which provides for adjustments of a restitution payment schedule on "the motion of any party.....as the interests of justice require." *See United States v. Armstrong*, 2018 WL 5923913 at *4 (D. D.C. Nov. 13, 2018), *quoting United States v. Bikundi*, 2017 WL 10439588 at *3 (D. D.C. June 28, 2017) (finding that defendant's motion for reduction in the amount of restitution she must pay each month during incarceration was expressly contemplated by §3664(k)); *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009) (acknowledging that if the defendant were "challenging a court-ordered repayment schedule ... suit could be brought under § 3664(k).").

In fact, the Mandatory Victims Restitution Act of 1996 ("MVRA") expressly anticipates the possibility that the "*court*, not the Executive branch, may "correct[,]" "amend[,]" "modif[y,]" or "adjust[ ]" restitution, notwithstanding the fact that an order of restitution is a final judgment. 18 U.S.C. § 3664(o)." *Bikundi* at *7. *See, also, Paroline v. United States*, 572 U.S. 434, 462 (2014) ("District courts routinely exercise wide discretion both in sentencing as a general matter and more specifically in fashioning restitution orders."). Furthermore, in *Bikundi*, the Court stated:

> As already noted, ***BOP is bound by the court-ordered restitution payment schedule and may not seek an amount greater than ordered***....18 U.S.C. § 3664(n)...***does not provide BOP with any independent statutory authority to vary the terms of the defendant's payment schedule***. *Id.* at *7 (emphasis added).

Therefore, the Court is authorized "on its own motion or the motion of any party....to adjust the payment schedule...as the interests of justice require." *Id.*

4

### III. An Immediate Order from this Court is Necessary to Prevent a Grave Injustice to Petitioner's Wife

The Court knows better than anyone that Petitioner has steadfastly proclaimed his innocence in this case for over 15 years. There have been a myriad of injustices committed against Petitioner in that time, but now the BOP wants to unjustly inflict unnecessary harm on his innocent Wife who has been Petitioner's sole source of support both at Canaan and now at Devens. Since this Court's judgment in February 2014, Petitioner's Wife has been his sole source of support because prison wages are usually calculated at 11 cents an hour, and an inmate must pay for everything. Just as at Canaan, at Devens, Petitioner works at the Power House and earns between $16 and $20 per month. Because of Petitioner's two appeals, he spends 600 Trulinks minutes ($30) on the computer every two to three days, or about $300 per month. The 300 minutes of phone time costs another $63. Add to those costs the basic needs of food, snacks, cosmetics, etc., and that brings Petitioner's monthly expenditures to $600 per month, which explains the $3,000 that Petitioner's Wife has contributed to his Commissary Account since he got to Devens at the end of March.

As Judge Naomi Buchwald said in *United States v. Ivy Woolf-Turk*, 2011 WL 3628892 (S.D.N.Y. Aug. 17, 2011), where the defendant's restitution payment schedule was reduced to $25 per quarter despite the fact that her restitution judgment was calculated at over $29 million:

> Moreover, contrary to what might be commonly assumed, inmates in Federal prisons are required to pay for everything from sneakers to socks, shower shoes to soap, toothpaste to tissues, paper to photocopying, and cough medicine to aspirin. Thus, her limited income cannot be wholly allocated toward repayment of her restitution obligations. Additionally, it was never this Court's intention in ordering restitution that such restitution be paid by defendant's relatives. *Id.* at *2.

5

Similarly in *Bikundi*, where the defendant was ordered to pay over $86 million in restitution, Judge Beryl Hall ordered the defendant's payment schedule reduced to $25 per quarter and stated that:

> "The defendant notes that because she has been unable to make restitution payments, "she has been sanctioned" by BOP, which includes "restrictions" on the "amount of money [the defendant] can have on her account each month." According to the defendant, "should she secure employment while on restriction, she will only be given $5.25 per month and the rest will be put towards the restitution payment." Further, the defendant claims she has "applied for a job through BOP, but has not been able to secure employment"; that "should she secure employment, it is [her] understanding that under BOP policies and procedures [the defendant] will only earn approximately $21 per month"; that the defendant "needs the money she earns from any potential employment to pay for her normal hygiene needs through the commissary"; that during her incarceration over the last three years, she "has not been employed"; and finally, that "her bank accounts were seized and property forfeited as a result of her convictions," and thus she has "no means to pay the restitution amount that has been ordered." The government does not dispute any of these claims. Given the defendant's account of her financial situation and the sanctions imposed by BOP, contrary to the government's characterization, her motion does not "rest[] solely on a bald allegation that she is unable to pay." Unlike the defendant in *Locke,* who "d[id] not contend that she [wa]s unable to pay her restitution[,]" *United States v. Locke,* 2012 WL 1154084, at *2, the defendant here has fully articulated reasons why there has been a "material change in the defendant's economic circumstances" such that adjustment of the defendant's payment schedule during incarceration is warranted due to the concomitant sanctions arising from her inability to make payments on her restitution, 18 U.S.C. §3664(k)." *Id.* at *4.

Therefore, Petitioner is respectfully asking this Court for the same immediate relief that was given in *Woolf-Turk* and *Bikundi*, despite the fact that the defendants in those cases had astronomically higher restitution amounts. Whereas the defendant in *Bikundi* pleaded guilty and owed over $86 million in restitution, and the defendant in *Woolf-Turk* pleaded guilty and owed $29 million, Petitioner believes he has literally already paid off his restitution several times over and is still appealing his conviction in the Boston case, as well as the Connecticut case. It is a terrible miscarriage of justice that Petitioner's Wife should be made to pay an additional $1,542 per quarter when she is already dutifully paying $50 per month for Petitioner for a case that is still on appeal. Petitioner is at FMC Devens for the Connecticut case, but there is no restitution being

6

charged in that case which is still on appeal as well. It is not right for the staff at Devens to be charging restitution for a case that has already been settled, and where Petitioner has served his time and paid his debts.

## IV. Conclusion

For the reasons stated above, Petitioner respectfully moves this Court to issue an immediate order reducing his restitution payment schedule to $25 per quarter, thereby preventing the unjust double-charging by the BOP as its attempt to adjust the restitution order is against both statute and the interests of justice.


Respectfully submitted,

/s/ Daniel E. Carpenter
Petitioner *pro se*
Incarcerated Inmate
Reg. No. 90792-038
FMC Devens, Satellite Camp
P.O. Box 879
Ayer, MA 01432