FILED
IN CLERKS OFFICE

2019 NOV -8 AM 10: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

No. 04-CR-10029

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

---

**DANIEL E. CARPENTER,**
Petitioner,

v.

**UNITED STATES OF AMERICA**
Respondent.

---

# REPLY IN FAVOR OF PETITIONER'S EMERGENCY MOTION FOR ADJUSTMENT AND MODIFICATION OF HIS RESTITUTION PAYMENT SCHEDULE

---

FILED
IN CLERKS OFFICE
2018 NOV -8 AM 10:34
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 04-CR-10029
)
DANIEL E. CARPENTER )

**Reply in Favor of Petitioner's Emergency Motion for Adjustment and Modification of His Restitution Payment Schedule**

Once again, in this 16 year-long saga, the Government is completely wrong. Petitioner filed his Motion for Adjustment under 18 U.S.C. §3664(k); not the Prison Litigation Reform Act (PLRA). The adjustment or modification of an inmate's restitution payment schedule by the Court is specifically authorized under 18 U.S.C. §3664(k), which provides for adjustments of a restitution payment schedule on "the motion of any party.....as the interests of justice require." *See United States v. Armstrong*, 2018 WL 5923913 at *4 (D.D.C. Nov. 13, 2018), *quoting United States v. Bikundi*, 2017 U.S. Dist. LEXIS 222083, at *3 (D.D.C. June 28, 2017) (finding that defendant's motion for reduction in the amount of restitution she must pay each month during incarceration was expressly contemplated by §3664(k)); *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009) (acknowledging that if the defendant were "challenging a court-ordered repayment schedule ... suit could be brought under §3664(k).").

The Government Opposition (Gov. Opp.) nowhere mentions §3664(k), and as the distinguished jurist and former Chair of the Sentencing Commission, Judge Patti B Saris, stated in *Putnam v. Winn*, 441 F.Supp.2d 253 (D. Mass. 2006), the PLRA "exhaustion requirement" does not apply to motions under §1441 and §703 or any requests for collateral relief that are rooted in habeas. Therefore, the Court may waive the exhaustion requirement if an APA challenge is rooted

2

in habeas." *Putnam* at 255. Furthermore, the First Step Act allows a Court to hear a motion such as this after sending a letter to the Warden. Mr. Carpenter has sent no less than five letters to the Warden, none of which have been responded to, so this Court also has jurisdiction under the First Step Act.

### I. Adjustment of Restitution Payment Obligation Is Authorized Under 18 U.S.C. §3664(k)

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (*citing* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")). The premise of the government's request to dismiss Petitioner's motion is that he is trying to petition the Court to modify the payment schedule that was arbitrarily increased by the BOP without "exhausting all administrative remedies", but this is incorrect. While the actions taken by the BOP in confiscating funds contributed by Petitioner's Wife to apply to his restitution payments due under his IFRP plan may have prompted Petitioner to seek relief from this Court, the relief he seeks is not directed at the conditions of confinement imposed by the BOP, which would appropriately be addressed in a petition under 28 U.S.C. §2241.

Instead, Petitioner is seeking modification of the restitution payment order against Petitioner and his Wife that has recently been egregiously increased by the BOP from $35 per quarter to $1,542 per quarter, despite the fact that Petitioner's Wife has been dutifully paying $50 per month directly to this Court. Petitioner is at FMC Devens on a different case, and that case has no payments due. As such, Petitioner is seeking relief that is authorized under 18 U.S.C. §3664(k), which the distinguished jurist Judge Beryl A. Hamilton stated in *United States v. Armstrong*, 2018 WL 5923913 (D.D.C. Nov. 13, 2018):

3

"[P]rovides for adjust[ments] of a restitution payment schedule on the motion of any party...as the interests of justice require. *See, e.g., United States v. Bikundi*, 2017 U.S. Dist. LEXIS 222083, at *10-11 (D.D.C. June 28, 2017) (finding that defendant's motion for reduction in the amount of restitution she must pay each month during incarceration was expressly contemplated by §3664(k)...without requiring a petition under §2241). *Motions seeking adjustments of a restitution payment obligation are appropriately considered by the Court that originally entered the judgment since that jurisdiction has more familiarity with the underlying facts in the case as well as viable ties to any victim to whom restitution is owed.*" *Armstrong* at *4 (emphasis added).

Importantly, this case presents no claim for modification of an original restitution order under §3664(k), since the claim instead seeks relief from BOP's non-compliance with the Court's judgment of $50 per month paid by his Wife in accordance with Probation since February 2017. *See McGee v. Martinez*, 2011 WL 5599338, at *4 (M.D. Pa. Nov. 17, 2011) (finding BOP in violation of judgment terms and ordering "the BOP to recalculate McGee's IFRP payment contract in complete accordance with the directives of the sentencing court"). Contrary to the government's view, the court in *Armstrong* expressly recognized the authority to do so under §3664(k). In sum, Petitioner's motion should be properly construed as seeking adjustment of his restitution payment obligation, under §3664(k), rather than a petition for relief under 28 U.S.C. §2241.

## II. Adjustment of Restitution Order During Incarceration is Warranted

In evaluating Petitioner's requested relief for imposition of a restitution payment schedule during his period of incarceration, the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§3663A, 3664, which applies here, provides guidance. Although the MVRA restricts discretion in setting the amount of restitution, the statute expressly authorizes discretion in "fashioning" how a defendant is required to pay that amount. *See Armstrong* at *10. The MVRA also expressly anticipates the possibility that the court may "correct[,]" "amend[,]" "modif[y,]" or "adjust[]" restitution, notwithstanding the fact that an order of restitution is a final judgment. §3664(o)(1)(A)-(D). *Bikundi* at *7, *quoting Paroline v. United States*, 572 U.S. 434, 462 (2014)

4

("District courts routinely exercise wide discretion both in sentencing as a general matter and more specifically in fashioning restitution orders.").

Thus, the Court is authorized, "on its own motion, or the motion of any party, including the victim," to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require," when notified "of a material change in the defendant's economic circumstances." *Id.* §3664(k). As already concluded, the MVRA provides a clear statutory basis to provide the relief the defendant requests, without requiring a petition under §2241 to modify the IFRP. Furthermore, in *Bikundi*, the Court stated:

> As already noted, ***BOP is bound by the court-ordered restitution payment schedule and may not seek an amount greater than ordered....*** 18 U.S.C. §3664(n)...***does not provide BOP with any independent statutory authority to vary the terms of the defendant's payment schedule.*** *Id.* at *7 (emphasis added).

Therefore, the Court is authorized "on its own motion or the motion of any party....to adjust the payment schedule...as the interests of justice require." *Id.*

### III. An Immediate Order from this Court is Necessary to Prevent a Grave Injustice to Petitioner's Wife

As Judge Naomi Buchwald said in *United States v. Ivy Woolf-Turk*, 2011 WL 3628892 (S.D.N.Y. Aug. 17, 2011), where the defendant's restitution payment schedule was reduced to $25 per quarter despite the fact that her restitution judgment was calculated at over $29 million:

> Moreover, contrary to what might be commonly assumed, inmates in Federal prisons are required to pay for everything from sneakers to socks, shower shoes to soap, toothpaste to tissues, paper to photocopying, and cough medicine to aspirin. Thus, her limited income cannot be wholly allocated toward repayment of her restitution obligations. Additionally, it was never this Court's intention in ordering restitution that such restitution be paid by defendant's relatives. *Id.* at *2.

Similarly in *Bikundi*, where the defendant was ordered to pay over $86 million in restitution, Judge Beryl Hall ordered the defendant's payment schedule reduced to $25 per quarter and stated that:

5

"The defendant notes that because she has been unable to make restitution payments, "she has been sanctioned" by BOP, which includes "restrictions" on the "amount of money [the defendant] can have on her account each month." According to the defendant, "should she secure employment while on restriction, she will only be given $5.25 per month and the rest will be put towards the restitution payment." Further, the defendant claims she has "applied for a job through BOP, but has not been able to secure employment"; that "should she secure employment, it is [her] understanding that under BOP policies and procedures [the defendant] will only earn approximately $21 per month"; that the defendant "needs the money she earns from any potential employment to pay for her normal hygiene needs through the commissary"; that during her incarceration over the last three years, she "has not been employed"; and finally, that "her bank accounts were seized and property forfeited as a result of her convictions," and thus she has "no means to pay the restitution amount that has been ordered." The government does not dispute any of these claims. Given the defendant's account of her financial situation and the sanctions imposed by BOP, contrary to the government's characterization, her motion does not "rest[] solely on a bald allegation that she is unable to pay." The defendant here has fully articulated reasons why there has been a "material change in the defendant's economic circumstances" such that adjustment of the defendant's payment schedule during incarceration is warranted due to the concomitant sanctions arising from her inability to make payments on her restitution, 18 U.S.C. §3664(k)." *Id.* at *4.

Therefore, Petitioner is respectfully asking this Court for the same immediate relief that was given in *Woolf-Turk* and *Bikundi*, despite the fact that the defendants in those cases had astronomically higher restitution amounts. Whereas the defendant in *Bikundi* pleaded guilty and owed over $86 million in restitution, and the defendant in *Woolf-Turk* pleaded guilty and owed $29 million, Petitioner believes he has been dutifully paying off his restitution in this case. It is a terrible miscarriage of justice that Petitioner's Wife should be made to pay an additional $1,500 per quarter when the restitution schedule was first determined at USP Canaan to be $25 month, and then adjusted to $50 month upon Petitioner's release in February 2017, when it became an order of this Court through Probation.

Furthermore, Petitioner was paying voluntarily $35 per quarter while his Wife was dutifully paying $50 per month. But, he is at Devens because of the Connecticut case, so the BOP has no right to charge restitution on this case that was set by Probation in February of 2017. That setting of monthly restitution by Probation is the equivalent of a court's order in this case.

6

Moreover, the government ignores the fact that the Exchangors have all been paid off several times over in the $50 Million judicial windfall from Petitioner's victories over Merrill Lynch and Paine Webber, so charging any more restitution is unjust as well.

The BOP is in violation of a standing order of restitution in this case, and as Petitioner works in the Power House at Devens which earns him a mere $20 per month, he respectfully requests a modification of his restitution to $25 per quarter as was done in *Bikundi* and *Woolf-Turk*, who both owed substantially more than Petitioner does in this case. Therefore the Court may waive the exhaustion requirement if a challenge to a BOP ruling is rooted in habeas, so the Government is wrong on both counts. Petitioner need not exhaust his remedies under §3664(k), and if this was a §2241 action, the exhaustion rules would not apply according to several of Massachusetts' most eminent jurists and the First Circuit.

## IV. Conclusion

For the reasons stated above, Petitioner respectfully moves this Court to issue an immediate order reducing his restitution payment schedule to $25 per quarter, thereby preventing the unjust increase by the BOP as its attempt to adjust the restitution order is against both statute and the interests of justice.

Respectfully submitted,

/s/ Daniel E. Carpenter
Petitioner *pro se*
Incarcerated Inmate
Reg. No. 90792-038
FMC Devens, Satellite Camp
P.O. Box 879
Ayer, MA 01432