UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA )
)
)
)
v. )            Crim. No. 1:04-10029-GAO
)
)
DANIEL E. CARPENTER, )
)
                          Defendant )
_____)

## OPPOSITION TO DEFENDANT'S MOTION TO VACATE HIS CONVICTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)

The government respectfully submits this response in opposition to defendant Daniel E. Carpenter's latest motion seeking to vacate his convictions for mail and wire fraud (Dkt. No. 613). Invoking Rule 60(b)(4) of the Federal Rules of Civil Procedure, Carpenter claims that the judgment in this case is void because the Court lacked jurisdiction and deprived him of due process. Carpenter is not entitled to relief under Rule 60(b)(4), and the claims he raises have already been considered and rejected by this Court, the First Circuit, or both. For these reasons, and those set forth below, the motion should be denied.

## BACKGROUND

As the Court is well-aware, this case has a lengthy and voluminous procedural history. The government summarizes that history herein as briefly as possible, and with a focus on those matters that bear on the pending motion.

In July 2005, a jury convicted Carpenter on all 19 counts of a superseding indictment charging him with mail and wire fraud. *See* Dkt. No. 149. This Court granted a new trial on the ground that the government's closing argument was improper, and the First Circuit affirmed. *See*

Dkt. Nos. 192, 220. A retrial commenced in June 2008, and a jury again convicted Carpenter on all counts. *See* Dkt. No. 285. In September 2011, this Court ruled that improper remarks made during the government's closing argument in the retrial warranted another new trial. *See* Dkt. No. 377. The First Circuit reversed that new trial order in November 2013 and remanded for sentencing. *See* Dkt. Nos. 401, 402. In February 2014, this Court sentenced Carpenter to concurrent terms of 36 months of imprisonment and three years of supervised release. *See* Dkt. No. 437. The First Circuit affirmed Carpenter's convictions and sentence in March 2015. *See* Dkt. No. 491.

Throughout the proceedings before this Court, Carpenter filed numerous unsuccessful motions for relief, including multiple motions to dismiss the initial and superseding indictments on the bases of, among other claims, violation of the Speedy Trial Act, lack of subject matter jurisdiction, improper venue, and failure to provide fair notice of the crimes charged. *See, e.g.*, Dkt. Nos. 13, 27, 229, 277, 387. During the retrial, Carpenter filed a motion for a mistrial based on what he asserted was the government's knowing failure to correct false testimony in violation of his due process rights. *See* Dkt. No. 283.

In his direct appeal, Carpenter raised the following claims, among others: (1) the duration of the proceedings violated his Sixth Amendment right to a speedy trial; and (2) this Court should have dismissed the superseding indictment for violation of the Speedy Trial Act during the period of time between the first grant of a new trial and setting the date for the second trial. In affirming Carpenter's convictions and sentence, the First Circuit found that he had not established a violation of either the Sixth Amendment's Speedy Trial Clause or the Speedy Trial Act. *See* Dkt. No. 490.

Following the affirmance of his convictions and sentence, Carpenter filed a slew of post-conviction motions, including a motion to dismiss all counts of conviction on the ground that the

superseding indictment failed to allege facts that constituted a federal crime, and failed to charge mail and wire fraud with the particularity required to invoke this Court's jurisdiction. *See* Dkt. No. 492. This Court denied the motion "substantially for the reasons set forth in the government['s] opposition." *See* Dkt. No. 500. Those reasons included that Carpenter's claim was barred by the law of the case and that, to the extent he was challenging this Court's subject matter jurisdiction, the challenge was meritless. *See* Dkt. No. 495. Carpenter also filed a motion to vacate his convictions under 28 U.S.C. § 2255, raising claims of improper venue and prosecutorial misconduct, among others. *See* Dkt. Nos. 496, 497. He later moved *pro se* to amend his § 2255 motion and add the claim that the superseding indictment "failed to state the facts necessary and in the detail necessary to make out a case of federal mail and wire fraud, and the district court therefore lacked subject matter jurisdiction over the case." Dkt. No. 504. Thereafter, Carpenter filed a *pro se* "emergency" motion for a writ of coram nobis, arguing, in part, that the Supreme Court had "redefined" fraud in *Skilling v. United States*, 561 U.S. 358 (2010), and that the government had constructively amended the superseding indictment to resemble a scheme that *Skilling* held was "outside the bounds" of the fraud statutes. *See* Dkt. No. 562.

In February 2019, this Court entered an omnibus opinion and order resolving several of Carpenter's post-conviction motions. *See* Dkt. No. 572. With respect to his § 2255 motion, the Court began by noting that "[g]iven the lengthy history of this litigation, it should be unsurprising that many, if not all, of the issues raised by the defendant now have already been addressed by this Court or by the First Circuit," and that "[g]enerally speaking, issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Id.* at 3 (internal quotation omitted). Applying these principles, and as relevant here, the Court rejected Carpenter's claim of improper venue on the ground that it had been "extensively litigated" and was "addressed in

previous decisions by this Court," and because Carpenter had "put forward no new reason to reexamine this issue." *Id.* at 4. The Court likewise rejected Carpenter's claim that the government failed to provide him with fair warning that his conduct constituted mail or wire fraud, as well as his claim that the Court lacked subject matter jurisdiction because the superseding indictment did not adequately plead a federal crime, on the ground that those claims had already been raised or "substantially raised" and rejected. *Id.* at 10, 12-13. In addition, the Court rejected Carpenter's argument that he was convicted without any showing of *mens rea*, noting that the Court had "specifically instructed the jury that in order to convict, 'the government must prove that the defendant acted with the specific intent to defraud.'" *Id.* at 12 n.4. Finding that Carpenter had not made a substantial showing of the denial of a constitutional right, the Court declined to issue a certificate of appealability. *Id.* at 14.

In denying several of Carpenter's other post-conviction motions, the Court found, as it had in prior decisions, that the superseding indictment "adequately alleged crimes under the wire fraud and mail fraud statutes," *id.* at 13, and also noted that speedy trial issues "[had] been dealt with extensively by this Court and by the First Circuit," *id.* at 12. The Court stated that the motions not expressly addressed in its order – including Carpenter's "emergency" motion for a writ of coram nobis (referenced above), renewed motion to dismiss the superseding indictment based on alleged violations of the Due Process Clause and Speedy Trial Clause, and motion to vacate his convictions and dismiss the superseding indictment based on alleged violations of "Brady, Jencks, Bagley, Giglio, and Napue" and the government's purported knowing use of perjury and false evidence – were "essentially redundant of motions discussed and disposed of," did "not require separate address," and were therefore denied. *Id.* at 13.

Carpenter noticed an appeal from this Court's February 2019 order and also moved in the First Circuit for a certificate of appealability to appeal the denial of his § 2255 motion, raising numerous claims, including the following:

- This Court lacked subject matter jurisdiction;

- The superseding indictment should be dismissed for failure to specifically allege all of the elements of the offense;

- His convictions should be vacated and the superseding indictment dismissed in the interests of justice due to the government's purported knowing use of perjury and false evidence;

- His convictions should be vacated and the superseding indictment dismissed because Massachusetts was not the proper venue for any of the counts; and

- The alleged due process and Speedy Trial violations in the case were extraordinary.

In September 2019, the First Circuit denied Carpenter's request for a certificate of appealability, stating as follows:

> Petitioner Daniel Carpenter seeks a certificate of appealability in relation to the district court's denial of his 28 U.S.C. § 2255 motion. We have considered carefully the arguments sufficiently developed by Carpenter in his voluminous COA application. We reject Carpenter's attempts to relitigate certain claims already resolved by this court on direct appeal.

> After careful consideration of those claims suitable for consideration, we conclude that the district court's ultimate denial of Carpenter's § 2255 claims was neither debatable nor wrong and that Carpenter "has [not] made a substantial showing of the denial of a constitutional right."

Dkt. No. 577 (internal citations omitted). The First Circuit later denied rehearing of its declination to issue a certificate of appealability,[1] affirmed this Court's forfeiture order, and dismissed other subsequent appeals as untimely. *See* Dkt. Nos. 581, 582, 599, 600.

---

[1] In seeking rehearing, Carpenter argued that (1) the superseding indictment failed to invoke the jurisdiction of this Court; (2) the alleged due process and Speedy Trial delays in the case were extraordinary; (3) the government's purported knowing use of perjured testimony

In February 2021, Carpenter filed a petition for a writ of audita querela to vacate and set aside his convictions under the All Writs Act, 28 U.S.C, § 1651, or, in the alternative, for a writ of coram nobis, or, in the further alternative, to dismiss the indictment for lack of subject matter jurisdiction under Rule 12(b)(3)(B). *See* Dkt. No. 597. Carpenter again made the following claims: (1) this Court lacked subject matter jurisdiction; (2) his convictions must be vacated based on *Skilling*; (3) improper venue; (4) the indictment was untimely and did not provide fair warning; and (5) the alleged due process violations in this case were extraordinary. *See* Dkt. No. 598. This Court denied the petition, *see* Dkt. No. 604, and Carpenter appealed. In June 2022, the First Circuit granted the government's motion for summary disposition of the appeal, noting that many of Carpenter's claims "already had been rejected by the district court and this court" and "seemingly all of [them] could have been presented in at least some form during previous proceedings." Dkt. No. 611. The First Circuit further stated as follows: "This matter has been fully adjudicated over the course of many district court, appellate, mandamus, habeas, and miscellaneous proceedings. Further attempts to repackage claims already rejected by the district court and this court will not succeed." *Id.*

## ARGUMENT

In the present motion, Carpenter seeks yet again to vacate his convictions. Invoking Federal Rule of Civil Procedure 60(b)(4), he argues that the judgment in this case is void because this Court (1) lacked proper jurisdiction; and (2) acted in a manner inconsistent with due process of law. The motion should be denied because Carpenter is not entitled to relief under Rule 60(b)(4), and because the motion is based on claims that have already been considered and rejected by this Court, the First Circuit, or both.

---

required vacating his convictions; (4) the First Circuit's "nutshell" description of the case proved there was no crime; and (5) the rule of lenity mandated vacating his convictions.

First, it is well established that "the Federal Rules of Civil Procedure (including Rule 60(b) do not apply to criminal cases." *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (citing Fed. R. Civ. P. 1, and *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam)). As this Court stated when a defendant in a different case likewise sought to challenge his judgment based on Fed. R. Civ. P. 60(b)(4) and (6), "[t]he Civil Rules obviously provide no authority for relief in a criminal case." *Carmichael v. United States*, No. 06-cv-11651-GAO, 2008 WL 4186278, at *1 n.1 (D. Mass. Sept. 11, 2008). While Rule 60(b) may be invoked to challenge a judgment denying § 2255 relief, that is only where the challenge is to irregularities in the § 2255 proceedings. *See Boyd v. United States*, No. C.A. 00-612-ML, 2009 WL 559930, at *4 (D.R.I. Mar. 3, 2009) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005) and *Munoz v. United States,* 331 F.3d 151, 152-53 (1st Cir.2003)). Where a post-conviction motion instead challenges the underlying criminal judgment, Rule 60(b) provides no relief, and the motion is treated as a second or successive § 2255 petition, which this Court lacks jurisdiction to consider absent court of appeals certification. *See id.* at *4-5.

In any event, the instant motion is plainly a "[f]urther attempt[] to repackage claims already rejected," and the First Circuit has made clear that such attempts "will not succeed." Dkt. No. 611. First, Carpenter claims that the judgment is void under Rule 60(b)(4) because this Court lacked subject matter jurisdiction. Specifically, he argues that the Court lacked jurisdiction because the superseding indictment was defective – for various reasons he has articulated multiple times before that essentially boil down to this: it failed to properly allege mail and wire fraud. The claim that the superseding indictment failed to invoke the jurisdiction of this Court is not new. Carpenter raised it in more than one motion to dismiss and in support of his § 2255 motion. He later raised it in his request for a certificate of appealability regarding the denial of his § 2255 motion, as well

as in his petition for rehearing from the denial of that request, and again in his petition for a writ of audita querela. In short, Carpenter's lack of subject matter jurisdiction claim has been thoroughly adjudicated and there is no basis for reconsidering it. Moreover, as noted above, this Court has consistently found that the superseding indictment adequately alleged crimes under the mail and wire fraud statutes.

In a variation of the same claim, Carpenter argues that his convictions must be vacated because the charges in the superseding indictment, or the government's purported constructive amendment thereof, do not constitute a crime under *Skilling* (a case that involved the honest services fraud statute, not the mail and wire fraud statutes). Carpenter made this argument in his "emergency" motion for a writ of coram nobis and again in his petition for a writ of audita querela, both of which this Court denied. In the present motion, Carpenter argues that the Supreme Court's more recent decision in *Kelly v. United States*, 140 S. Ct. 1565 (2020), further changed the requirements of mail and wire fraud such that his conduct was not criminal under either statute. It did not. The holding in *Kelly* that a wire fraud conviction cannot stand when the loss of money or property is only an incidental byproduct of the scheme – as opposed to the object of the scheme – has no bearing on Carpenter's convictions given the nature of his criminal conduct.

Carpenter's reliance on *Ruan v. United States*, 142 S. Ct. 2370 (2022), is even further misplaced. That case addressed the interplay of the "knowingly or intentionally" element of a provision of the Controlled Substances Act that makes it a federal crime to dispense controlled substances except as authorized, 21 U.S.C. § 841(a)(1), and a regulation stating that a prescription is only authorized when a doctor issues it "for a legitimate medical purpose . . . acting in the usual course of his professional practice, 21 C.F.R. § 1306.04(a). *See Ruan* at 2374-75. The Supreme Court held that § 841's "knowingly or intentionally" *mens rea* requirement applies to the "except

as authorized" clause, meaning that if a defendant produces evidence that his or her conduct was "authorized," the government must prove that the defendant knowingly or intentionally acted in an unauthorized manner. *Id.* at 2376. The case has nothing to say about the *mens rea* elements of the mail and wire fraud statutes, which are well established. Further, as noted above, this Court has previously rejected Carpenter's argument that he was convicted without any showing of *mens rea*. In sum, Carpenter incorrectly relies on *Kelly* and *Ruan* to support his argument that the superseding indictment did not properly allege all the elements of mail and wire fraud, which, as discussed, has already been thoroughly rejected.

Carpenter next argues that the judgment is void because he was deprived of due process. He claims the following as due process violations: (1) venue was not proper in the District of Massachusetts; (2) the superseding indictment was untimely and did not provide fair warning; (3) delay in the proceedings violated the Speedy Trial Act and the Sixth Amendment's Speedy Trial Clause; and (4) there were "dozens" of *Brady,* Jencks, and *Giglio* violations.[2] None of these alleged violations is new. As set forth above, Carpenter has repeatedly argued – to this Court and the First Circuit – that venue was improper. The same is true of his claim of unconstitutional delay. As noted, speedy trial issues "have been dealt with extensively by this Court and by the First Circuit." Dkt. No. 572 at 12. In his petition for a writ of audit querela, Carpenter argued (word for word) that the superseding indictment was untimely and did not provide fair warning. This Court denied the petition, and it was in granting the government's motion for summary disposition of the appeal of that denial that the First Circuit warned against further attempts to repackage previously rejected claims. Finally, Carpenter claimed prosecutorial misconduct in his § 2255 motion and has

---

[2] Carpenter also claims that he was denied due process because the superseding indictment failed to state a federal crime and therefore did not invoke or establish the jurisdiction of this Court, and was also defective in that it was missing all five essential elements of the mail and wire fraud statutes. *See* Dkt. 614 at 8. As discussed, those claims have already been considered and rejected.

also done so in repeatedly contending that the due process violations in this case were "extraordinary." He also alleged violations of *Brady,* Jencks, and *Giglio* in a separate post-conviction motion, which this Court denied as redundant.

In an apparent effort to overcome the fact that his claims have been raised previously and are therefore barred, Carpenter argues that the "fundamental miscarriage of justice exception" allows him to pursue them upon a proper showing of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993). Even if that exception applied here, Carpenter has presented no credible claim of actual innocence.

## CONCLUSION

All of the claims Carpenter raises in his motion have been previously considered and rejected in one form or another. They are therefore barred, and Federal Rule of Civil Procedure 60(b)(4) provides no exception. As the First Circuit so aptly put it: "This matter has been fully adjudicated over the course of many district court, appellate, mandamus, habeas, and miscellaneous proceedings." In light of that order, and for all the reasons set forth above, Carpenter's current "attempt[] to repackage claims already rejected by" this Court and the First Circuit cannot succeed. Accordingly, the government respectfully requests that the Court deny his motion in its entirety.

Respectfully submitted,

RACHAEL S. ROLLINS
UNITED STATES ATTORNEY

Dated:  March 1, 2023          By:    */s/ Leslie A. Wright*
                                      LESLIE A. WRIGHT
                                      Assistant United States Attorney

10

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  March 1, 2023                       By:    <u>*/s/ Leslie A. Wright*</u>
                                                   LESLIE A. WRIGHT
                                                   Assistant United States Attorney