UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) ) |
| v. | ) Crim. No. 1:04-10029-GAO ) ) |
| DANIEL E. CARPENTER, | ) ) ) |
| Defendant | ) ) |

**OPPOSITION TO DEFENDANT'S MOTION TO VACATE HIS CONVICTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**

The government respectfully submits this response in opposition to defendant Daniel E. Carpenter's latest motion seeking to vacate his convictions for mail and wire fraud (Dkt. No. 620). Now invoking Rule 60(b)(6) of the Federal Rules of Civil Procedure, Carpenter claims that recent Supreme Court and First Circuit decisions require that his convictions be vacated for improper venue, unconstitutional delay, and because, according to Carpenter, his conduct was not criminal under narrowed interpretations of the mail and wire fraud statutes. Carpenter has raised each of these claims before (including in his pending motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(4), Dkt. No. 613), and each has been considered and rejected by this Court, the First Circuit, or both.[1] Even if he were entitled to relief under Rule 60(b)(6) – which he is not – the recently decided cases Carpenter cites provide no basis for reexamining these fully adjudicated claims.

---

[1] The government summarized the lengthy and voluminous procedural history of this case in its opposition to Carpenter's motion to vacate his convictions pursuant to Rule 60(b)(4). *See* Dkt. No. 618 at 1–6.

First, like Rule 60(b)(4), Rule 60(b)(6) provides no authority for relief where a post-conviction motion challenges the underlying criminal judgment. While Rule 60(b) may be invoked to challenge a judgment denying § 2255 relief, that is only where the challenge is to the manner in which the habeas petition was decided. *See Gonzalez v. Crosby,* 545 U.S. 524, 531–32 (2005). Where the movant instead seeks to revisit the court's denial of a claim on the merits, the motion is treated as a successive habeas petition. *See id. See also Munoz v. United States,* 331 F.3d 151, 152–53 (1st Cir. 2003). Because the instant motion presents challenges to the substantive validity of Carpenter's convictions and sentence, it should be treated as a successive § 2255 motion and summarily denied because this Court is without jurisdiction to consider such a motion absent authorization from the First Circuit. *See, e.g., United States v. Ruvalcaba*, No. CR 05-10037-GAO, 2016 WL 4197576, at *1 (D. Mass. Aug. 8, 2016); *Spinney v. United States*, No. CIV.A.05-11796-DPW, 2005 WL 2901893, at *1 (D. Mass. Nov. 4, 2005); *United States v. Martinez*, No. CRIM. 00-10172-PBS, 2013 WL 951277, at *2 (D. Mass. Mar. 8, 2013). Even if not treated as a successive § 2255 motion, Carpenter presents no ground for reconsidering his previously rejected claims, as "[c]hanges in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief." *Martinez*, 2013 WL 951277, at *3.

The cases Carpenter relies upon do not support his arguments in any event. In *Smith v. United States*, 599 U.S. ----, 143 S. Ct. 1594 (2023), the Supreme Court held that the appropriate remedy for violations of the Venue and Vicinage Clauses is the award of a retrial, not a judgment barring reprosecution (finding no basis for departing from the general "retrial rule" applicable to constitutional violations – except for violations of the Speedy Trial Clause, which preclude retrial). That decision has no bearing here, where this Court and the First Circuit have rejected Carpenter's

repeated claims of improper venue (and unconstitutional delay). In short, where there is no violation, there is no remedy.

Likewise, to the extent the Supreme Court's decision in *Ciminelli v. United States*, 598 U.S. 306 (2023) (rejecting the "right to control" theory of property fraud), and the First Circuit's decision in *United States v. Abdelaziz*, 68 F.4th 1 (1st Cir. 2023) (finding error in instruction to jury that admissions slots are the property of universities for purposes of the mail and wire fraud statutes) limited the types of property interests implicated by §§ 1341 and 1343, such limitation has no bearing here, where the property at issue was millions of dollars in lost client funds.

In sum, like his prior motion invoking Rule 60(b), the instant motion is yet another "attempt[] to repackage claims already rejected" by this Court and the First Circuit. Dkt. No. 611. The First Circuit has made clear that such attempts "will not succeed." *Id.* In light of that admonition, and for the reasons set forth above, the government respectfully requests that the Court deny Carpenter's motion.

                                            Respectfully submitted,

                                            JOSHUA S. LEVY
                                            ACTING UNITED STATES ATTORNEY

By:   */s/ Leslie A. Wright*
       LESLIE A. WRIGHT
       Assistant United States Attorney

CERTIFICATE OF SERVICE

      I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

Dated:  August 18, 2023        By:    */s/ Leslie A. Wright*
                                                                         LESLIE A. WRIGHT
                                                                         Assistant United States Attorney