UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. CARPENTER )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA )<br>Respondent. )<br> ) | CRIMINAL NO. 04-10029-GAO |

## MOTION TO ALTER OR AMEND UNDER RULE 59(e)

NOW COMES THE PETITIONER, DANIEL E. CARPENTER, to respectfully request that this Court amends its decision (ECF 623) and vacate Petitioner's conviction pursuant to Rule 59(e), as this Honorable Court has committed Plain Error in either disregarding or ignoring the Supreme Court's clear directive in *Smith v. United States,* 143 S. Ct. 1594, 1604–06, (2023). Clearly the Vicinage Clause of the Constitution was violated in both of Petitioner's trials in 2005 and 2008. Moreover, the Supreme Court also made clear that the Speedy Trial delays in this case would be the only reason to not permit a third trial. But to be clear, this Court should amend the decision (ECF 623) and grant Petitioner's Motion to Vacate, based on what the Petitioner submitted, because what the Government submitted was total nonsense suggesting that the provisions of Rule 60(b) do not apply to criminal cases, despite Chief Justice Roberts writing an Opinion that granted relief pursuant to Rule 60(b)(6) to a convicted killer who shot and killed his ex-girlfriend and who shot his own sister. See Chief Justice Robert's Opinion in *Buck v. Davis,* 137 S. Ct. 759, (2017).

1

Similarly, the Supreme Court reviewed all six sections of Rule 60(b) in its recent decision in *Kemp v. United* States, 142 S. Ct. 1856, (2022), which is also mentioned in great detail in Petitioner's filings.

It is Plain Error for the Court to credit the Government's filings, when the Government chose not to respond to Petitioner's Writ of Coram Nobis (See ECF 605), chose to ignore the defects in the Indictment described by Justice Breyer in *Ruan v. United States, 142* S. Ct. 2370, 2377 (2022*)* (See ECF 613), and chose to ignore *Buck v. Davis* and *Kemp v. United States* in lying to this Court stating that Rule 60(b) does not apply to criminal cases (See ECF 620 and ECF 621).

Petitioner is the "Innocent Person" this Court and the Constitution were meant to protect from "over-zealous prosecutors" (See Justice Brandeis quotes all over the John Joseph Moakley United States Courthouse). Based on recent opinions by the Supreme Court and the First Circuit, there was no crime committed here. (See e.g., *Ciminelli v. United States*, 143 S. Ct. 1121, (2023) and *United States v. Abdelaziz*, 68 F.4th, (1st Cir. 2023)). Therefore, no crime in Massachusetts means that the jury pool should not have been drawn from Massachusetts, regardless.

Contrary to the claims of certain Government prosecutors, Venue has not been argued in this case since 2005, and certainly there were no "Vicinage Clause" arguments for Petitioner to "repackage", which suggests that this Court should alter or amend its short and dismissive judgment (ECF 623) pursuant to Rule 59(e), and recent Supreme Court decisions of the past year.

This Court knows better than anyone that Petitioner would welcome a new trial to argue Venue in the District of Connecticut as required by the Constitution and by the Supreme Court's clear directive in *Smith v. United States* dealing with a computer being in the wrong District of Florida. There will not be a third trial in Connecticut, however, because the Speedy Trial Clause violations in this case are the longest and worst violations of the Speedy Trial Clause in the history

of this Nation, not just for the First Circuit where *United States v. Carpenter*, 781 F. 3d 599 (1st Cir. 2015) is mentioned in every single Speedy Trial case, but for the entire Country.

Therefore, Petitioner respectfully asks this Court to simply alter and amend its judgment, vacate the Petitioner's conviction in 10 Words or less, and then let the Government appeal the Vicinage Clause to the First Circuit and the Supreme Court for the benefit of other inmates falsely tried by other "over-zealous" prosecutors across the Country. Petitioner will, of course, point out that Judge Lipez and Judge Lynch of *United States v. Abdelaziz* in 2023 were also the authors of *United States v. Carpenter* in 2007 (See ECF 220). Moreover, the Court will probably recall Petitioner's Motions in 2008 to have the new trial transferred to Connecticut or Springfield at the very least, but the Government wanted to use the lying witness Marty Paley in Boston – a second time to lie in violation of its obligations under *Napue-Giglio-Bagley* and *Agurs* (please see ECF 227 for the Court's edification).

Respectfully Submitted,

*/s/ Daniel E. Carpenter*
Daniel E. Carpenter
Petitioner, *pro se*
18 Pondside Lane
West Simsbury, CT. 06092

**NO ORAL ARGUMENT REQUESTED**